ACCEPTED
14-15-00991-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/25/2015 5:20:55 PM
CHRISTOPHER PRINE
CLERK

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
11/25/2015 5:20:55 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE FOURTEENTH COURT OF APPEALS**

*In re: Denbury Resources Inc. and Denbury Onshore, LLC*

**PETITION FOR WRIT OF MANDAMUS**

On Petition for a Writ of Mandamus from the 157th Judicial District Court
For the County of Harris, Texas
Honorable Randy Wilson, Presiding
Case No. 15-CV-9546

Respectfully Submitted by:

CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
Philip D. Nizialek (Texas Bar No. 15045250)
Sarah E. Stogner (Texas Bar No. 24091139)
Jacqueline M. Brettner (pending *pro hac vice*)
1100 Poydras Street, Ste. 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3800
Facsimile: (504) 585-3801

Attorneys for Relators, DENBURY RESOURCE INC.
AND DENBURY ONSHORE, LLC

# TRIAL COURT RECORD – VOLUME 2

CAUSE NO. 2015-09546

| | |
|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | IN THE DISTRICT COURT |
| Plaintiffs, | |
| v. | HARRIS COUNTY, TEXAS |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, AND MARSH USA INC. | 157TH JUDICIAL DISTRICT |
| Defendants | |

## DENBURY'S CONSOLIDATED RESPONSE TO IRONSHORE'S MOTIONS FOR PROTECTIVE ORDERS

Ironshore requests entry of protective orders.[1] If granted, Denbury will be prevented from obtaining information relevant to its allegations and Ironshore's defenses in this case. Texas law prohibits this.[2] Further, Ironshore has the burden of proving its objections and asserted privileges. Ironshore cites no law, provides no facts, and attaches only self-serving, conclusory affidavits.[3] Its motions should be denied.

Additionally, and as fully articulated in Denbury's Motion to Compel, Ironshore's

---

[1] Ironshore filed two separate Motions for Protective Order. One for the Ironshore corporate notice and one for the FARA corporate notice. Denbury files this combined response for purposes of judicial efficiency. FARA is the third-party claims administrator for Ironshore and under Ironshore's control for all purposes under applicable Texas rules.

[2] *See* Tex. R. Civ. P. 192.3(a); *see also Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 664 (Tex. 2009) ("The phrase 'relevant to the subject matter' is to be 'liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial.'") (internal citations omitted).

[3] Denbury had requested Ironshore provided it with a Rule 193.3(b) compliant privilege log for its discovery responses since, at least, August 5, 2015. Ironshore refused to do so for over 45 days. Now, in response to Denbury's motion to compel, Ironshore has produced the third iteration of its privilege log, an "Amended Privilege Log," dated September 25, 2015, attached hereto as Exhibit T.

1

Certified Document Number: 67238727 - Page 1 of 22

objections and asserted privileges are unfounded.[4] This is an insurance coverage lawsuit between Denbury and its excess insurers. The crux of this coverage dispute is whether the parties intended to cover damages to third-party property that Denbury leases in its oil and gas operations. Denbury's position is that it does. The Umbrella policy's blended pollution endorsement was specifically added to provide this coverage.[5] AGLIC's $25 million payment suggests Denbury's interpretation reflects the parties' actual intent when the policies issued. Ironshore's position is that its follow-form policy excludes this coverage.[6]

Relevant to this discovery dispute, Denbury seeks a declaratory judgment that the Ironshore Policy provides coverage. Denbury requests damages for Ironshore's breach of contract, bad faith, and unfair trade practices. Denbury also alleges that certain terms and conditions of Denbury's policies are ambiguous and/or provide illusory coverage. Denbury's deposition notices seek basic information relevant to these allegations.[7] While Denbury's notices are exhaustive,[8] the number of topics is driven entirely by Ironshore's refusal to provide

---

[4] *See* Tex. R. Civ. P. 192.6(a) and 215.1; *see also Pace v. Jordan*, 999 S.W.2d 615, 622 (Tex. App.-Houston [1st Dist.] 1999, *pet. denied*) (if a party moves for protective order, the party seeking the discovery should file a motion to compel).

[5] *See* Blended Pollution Endorsement, attached as Exhibit 5 to Denbury's Second Supp. and Am. Pet.

[6] *See* Ironshore letter denying coverage, dated June 16, 2015, attached to Denbury's Mot. to Compel, as Exhibit M.

[7] *See* ¶¶87-88 (declaratory judgment of coverage), 89-94 (breach of contract), 105-113 (bad faith), Denbury's 2nd Supp. Am. Pet., filed of record June 9, 2015. Denbury also alleges that Ironshore's marketing of the policy to oil and gas operators (and then denial because portions of the damaged property are subject to mineral leases) constitutes an unfair trade practice. *Id.* at ¶¶98-104. Texas courts have allowed discovery of extrinsic materials in the interpretation of a breach of contract claim. *See, e.g., Ford Motor Co. v. Castillo*, 279 S.W.3d at 663 (Tex. 2009) (internal citations omitted) ("Like any other breach of contract claim, a claim for breach of settlement agreement is subject to established procedures of pleading and proof... "it cannot be determined without "full resolution of the surrounding facts and circumstances."); *see also id.* at 664 ("...a party is not required to demonstrate the viability of defenses before it is entitled to conduct discovery."). Here too, the allegations of Denbury's well-pled claims are sufficient to trigger the discoverability of materials and testimony responsive to Denbury's tailored requests.

[8] *See* Denbury's Notice of Corporate Dep. to Ironshore, attached hereto as Exhibit P; *see also* Denbury's Notice of Corporate Dep. to FARA, attached hereto as Exhibit Q. Unless otherwise noted, Denbury's reference or citation to "Exhibits A-O" herein refer to the exhibits attached to Denbury's Mot. to Compel, filed of record on September 22, 2015. Denbury attaches an Appendix detailing all Exhibits to its Motion to Compel and this Response for the Court's ease of reference. *See* attached Exhibit V.

2

meaningful responses to discovery.[9]

Ironshore, as the party resisting discovery, bears the burden of proving Denbury's requests seek irrelevant information.[10] Ironshore must also present facts showing a particular, specific, and demonstrable injury.[11] Ironshore cannot simply make conclusory allegations.[12] Some evidence must be produced in support of its requested protective order.[13] If this evidentiary burden is not satisfied, then the trial court abuses its discretion by entering the protective order to limit otherwise proper discovery.[14] Denbury asks the Court deny Ironshore's motions.

---

[9] *See generally* Denbury's Mot. to Compel; *see also* Tex. R. Civ. P. 193.2(e) ("an objection . . . that is obscured by numerous unfounded objections, is waived unless the court excuses the waiver for good cause shown."); *Garcia v. Peeples*, 734 S.W.2d 343, 347 (Tex. 1987) (*orig. proceeding*) ("...th[e] goal of the discovery process is often frustrated by the adversarial approach to discovery. The 'rules of the game' encourage parties to hinder opponents by forcing them to utilize repetitive and expensive methods to find out the facts. The truth about relevant matters is often kept submerged beneath the surface of glossy denials and formal challenges to requests until an opponent unknowingly utters some magic phrase to cause the facts to rise. Courts across the nation have commented on the lack of candor during discovery in complicated litigation...."). The cost-effective, reasonable sharing of discoverable information is all Denbury's notices and written requests seek.

[10] *See In re Waste Management of Texas, Inc.*, 2011 WL 3855745 at *5, n. 5 (Tex. App.-Corpus Christi, 2011) ("We note that this Court and others have placed the burden of proof regarding relevance, or lack thereof, on the party seeking to avoid discovery."). And note Denbury fully addresses Ironshore's unsupported relevance objections in its separately filed Mot. to Compel.

[11] *See Garcia v. Peeples*, 734 S.W.2d at 345.

[12] *Id.* (requiring affidavits in support of protective order to identify specific documents and information responsive to requests, and specific facts supporting bases for shielding same from discovery together with specifics relative to likely harm absent requested protection). Of note, while the *Peeples* court found the details of the subject affidavits sufficient, not only are Ironshore's affidavits lacking the factual specificity relied upon by the Court, but the solution reached there involved production of responsive documents subject to protective order. Denbury has not objection to such a remedy here and, indeed, has voluntarily offered to execute a confidentiality agreement on numerous occasions. *See* Exhibits A and B, Denbury's Mot. to Compel.

[13] *Id.* ("In *United States v. Garrett*, 571 F.2d 1323 (5th Cir. 1978), the court noted that a movant *must show "a particular and specific demonstration of fact as distinguished from stereotyped conclusory statements*. Sweeping predictions of injury and '[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not justify a protective order.") (internal citations omitted). Tex. R. Civ. P. 192.6 is analogous to its federal counterpart.

[14] *Id* at 345-48.

3

I.  **Pertinent Factual Background**

| | |
|---|---|
| 5/18/15 | • Denbury propounds Interrogatories and First Set of Requests for Production of Documents to Ironshore. |
| 6/14/15 | • Ironshore requests extension to respond and, in exchange for additional 30 days, agrees to hold week of 8/10/15 for Ironshore/FARA corporate depositions. |
| 7/17/15 | • Ironshore provides incomplete responses to Denbury's 5/18/15 discovery.<br>• Ironshore's responsive production is limited to copies of Denbury's policies and correspondence exchanged between counsel. |
| 7/20/15 | • Denbury again requests available deposition dates for corporate Ironshore/FARA depositions and fact witness depositions of employees identified in discovery responses.<br>• Denbury sends email notice of discovery deficiencies. |
| 8/5/15 | • Denbury notices corporate depositions for 9/29-30/15 because Ironshore refused to honor 8/10 "save the date" and refused to respond to requests for alternative dates. Denbury's correspondence includes additional available dates in September and October, together with an offer to "reset" noticed depositions as necessary.<br>• Denbury sends formal letter detailing substantive bases of discovery deficiencies in Ironshore's 7/17/15 responses.<br>• Denbury requests Rule 193.3(b) privilege log for documents withheld/redacted from Ironshore's 7/17/15 responses.<br>• Denbury propounds Second Request for Production of Documents and First Set of Requests for Admission.<br>• Denbury sends proposed confidentiality agreement to address Ironshore's confidential/proprietary/trade secret objections to producing documents. Ironshore ignores proposal. |
| 8/10/15 | • Without any advance notice to Denbury, Ironshore files motion to quash corporate depositions noticed for September 29-30, 2015. |
| 8/13/15 | • Denbury calls and emails Ironshore requesting available dates to resolve Ironshore's motion to quash. |
| 8/17/15 | • Ironshore responds that it "may" be able to produce witnesses in October but does not confirm availability.<br>• Denbury responds with October availability for requested corporate depositions and reiterates 7/20/15 request for dates available to depose fact witnesses. |
| 8/20/15 | • Ironshore produces withholding statement entitled "privilege log." |
| 8/27/15 | • Ironshore "sets aside" 10/20-22/15 for corporate and to-be-confirmed fact depositions |
| 9/2/15 | • Ironshore confirms date and time for Ironshore representative, certain fact witnesses, and "to be determined" FARA representative.<br>• Denbury sends revised notices of deposition reflecting October dates. |
| 9/3/15 | • Ironshore summarily objects to Denbury's Areas of Inquiry without providing any written response or basis for asserted objections/privileges in response to Denbury's notices.<br>• Denbury requests Ironshore provide specific, written objections to any disputed corporate notice Areas of Inquiry so parties can undertake discovery conference. |
| 9/4/15 | • Ironshore provides incomplete responses to Denbury's second set of discovery, and supplemental, but still insufficient, responses to Denbury's original requests.<br>• Denbury again sends proposed confidentiality agreement to address Ironshore's confidential/proprietary/trade secret objections to producing documents. Ironshore again ignores Denbury's proposal. |

4

Certified Document Number: 67238727 - Page 5 of 22

| 9/9/15 | • Denbury sends another notice detailing substantive deficiencies present in Ironshore's 9/4/15 discovery responses and 8/20/15 "privilege log." <br> • Ironshore's "Responsive production" includes heavily redacted "Claim Note files" and "Claim Document files," without corresponding privilege log. |
|---|---|
| 9/10/15 | • Ironshore serves "draft" objections to Areas of Inquiry in Ironshore/FARA corp. depos |
| 9/15/15 | • Parties conduct 3 hour discovery in an effort to resolve respective objections to outstanding discovery requests. <br> • Ironshore orally raises new objections to the Areas of Inquiry not included in "draft" 9/10/15 written objections. <br> • The parties fundamentally disagree on scope of discovery. <br> • Denbury requests Ironshore agree to produce any court-ordered documents within 15 days of hearing on discovery motions to avoid additional discovery delays. Ironshore orally refuses. |
| 9/16/15 | • Denbury re-iterates request that Ironshore agree to produce any court-ordered documents within 15 days of hearing on discovery motions to avoid additional discovery delays. Ironshore refuses. |
| 9/18/15 | • Ironshore files Motions for Protective Orders seeking to avoid the majority of Denbury's noticed areas of inquiry for Ironshore and FARA designees. Ironshore's motion includes previously unserved objections. |
| 9/22/15 | • Denbury files a Motion to Compel responses to its written discovery requests and responsive testimony by Ironshore's and FARA's designees to all noticed areas of inquiry. |
| 9/25/15 | • Ironshore files conclusory affidavits of Lee Sheriden and Randell Treadaway in support of its pending Motions for Protective Orders. <br> • Ironshore's affidavits rely on Ironshore's "Amended Privilege Log" which Ironshore simultaneously serves on Denbury for the 1st time on this date. <br> • Ironshore again "supplements" its responses to Denbury's first set of requests for production with amended substantive redactions. |
| 9/27/15 | • Denbury requests Ironshore identify list of specific changes within Ironshore's "amended production." Ironshore again ignores Denbury's request. |
| 9/29/15 | • Denbury files response to Ironshore's Motion to Compel. |
| 10/2/15 | • Hearing set on Denbury's Motion to Compel and Ironshore's Motions for Protective Orders. |
| 10/17/15 | • Proposed deadline for parties to comply with Court's 10/2/15 discovery order. |
| 10/20/15 - 10/22/15 | • Corporate depositions of Ironshore and FARA set in Manhattan at Ironshore's request. |

## II.   Law & Argument

### a. Denbury's Deposition Topics are Reasonably Tailored to Include Only Relevant Matters

The purpose of discovery is to allow the parties to obtain knowledge of the issues and the facts prior to trial. Texas courts recognize "the ultimate purpose of discovery is to seek the truth

5

so that disputes may be decided by what the facts reveal, not by what is concealed."[15] Rule 192.3(a) entitles Denbury to seek discovery "regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." The information sought need not be admissible in evidence so long as it "appears reasonably calculated to lead to the discovery of admissible evidence."[16] These rules regarding the scope of discovery apply regardless of the discovery method at issue.

Texas law requires discovery requests be reasonably tailored to avoid including tenuous information, while still obtaining the necessary, pertinent information.[17] Denbury satisfies this requirement by seeking 3 basic categories of information:

1. Ironshore/FARA's adjustment of Denbury's Claim;[18]

2. Denbury's Policies, including the underwriting of the policies at issue;[19] and

3. Ironshore/FARA's adjustment of on-lease pollution damages claimed by similarly-situated oil and gas operators under identical policy forms.[20]

---

[15] *See Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984) *overruled in part on other grounds Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992).

[16] *See In re Liberty Mut. Ins. Co.*, 2009 WL 441897 (Tex. App.-Houston [14th Dist.] Feb. 24, 2009, *(orig. proceeding)* (mem. op.) (evidence pertaining to the parties' understanding of insurance policy provisions is relevant to the insurer's defense that it acted reasonably and in good faith).

[17] *See e.g. In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex. 2003) ("A request to identify *all* safety employees who worked for Relators *over a 30–year period*, even though [plaintiff] *never worked* for Relators or for their parent company *for that length of time*, qualifies as the kind of 'fishing expedition' this Court has repeatedly struck down." (emphasis added)). Denbury's requests are much narrower in scope and time.

[18] For example, *See* Ironshore Topic Nos. 4, 7, 8-10, 11-15, 21-23, 25, 74, 77-78, 85, 96-98, and 101-02, Exhibit P; *see also* FARA Topic Nos. 4, 8-11, 13, 15, 17-18, 28-30, 32-37, 39-40, 54-59, 84, 100-103, 114-15, 131-33, and 135-37, Exhibit Q.

[19] For example, *See* Ironshore Topic Nos. 1-3, 7, 21, 24, 26-29, and 36, Exhibit P; *see also* FARA Topic Nos. 1-3, 8-10, 28, 33, 38-40, and 50-51, Exhibit Q.

[20] For example, *See* Ironshore Topic Nos. 8-13, 34, 39-40, 61, 82, 85-92, and 101, Exhibit P; *see also* FARA Topic Nos. 8-10, 12, 14, 16-18, 28-30, 32-35, 37, 39-40, 54-59, 84, 100-03, 114-15, 131-33, and 135-37, Exhibit Q.

6

Based on Denbury's pled claims,[21] Ironshore's adjustment and underwriting of Denbury's policy, as well as its handling of identical claims by similarly-situated policyholders are all necessary, pertinent information. Denbury properly limits its requests to relevant time periods and only Ironshore's handling of analogous claims.[22, 23]

Additionally, Ironshore publicly represents that it has "designed a more efficient system to address and process claims."[24] Ironshore's website states that "**Our claims and underwriting departments work as one unit under the same leadership team**. So when timing is critical, you're not working with an unfamiliar claims representative; you're working with experts who

---

[21] *See* ¶¶87-88 (declaratory judgment of coverage), 89-94 (breach of contract), 105-113 (bad faith), Denbury's 2nd Supp. Am. Pet., filed of record June 9, 2015. Denbury also alleges that Ironshore's marketing of the policy to oil and gas operators (and then denial because portions of the damaged property are subject to mineral leases) constitutes an unfair trade practice. *Id.* at ¶¶98-104.

[22] *See In re Waste Management of Texas, Inc.*, 2011 WL 3855745 *9 (Tex. App.-Corpus Christi, 2011) (internal citations omitted) ("In examining the appropriate breadth of discovery, it is fundamental that each lawsuit concerns a specific claim arising from a specific set of facts. Those seeking discovery, however, are often interested in learning about related accidents, products, or claims... such requests might be appropriate... depending on the relationship between the request for production and the claims at issue in the lawsuit."); *see also Allen v. Humphreys*, 559 S.W.2d 798, 803 (Tex. 1977) *overruled on other grounds*, *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (approving a request for the production of "all complaints, lawsuits, or inquiries, including all correspondence, documents, investigative reports, or any paper by which the defendant responded to these complaints, claiming that persons have contracted cancer as a result of breathing fumes," because party could establish pattern of disease and because that information was "unavailable from any other source").

[23] *Cf., e.g., In re Allstate County Mut. Ins. Co.*, 227 S.W.3d at 670 (holding that requests for transcripts of *all* testimony *ever given* by any Allstate agent on the topic of insurance; **every court order** finding Allstate wrongfully adjusted the value of a damaged vehicle; **personnel files** *of every* **Allstate employee** a Texas court has determined wrongfully assessed the value of a damaged vehicle; **and legal instruments documenting** Allstate's status as a corporation and its **net worth were overbroad**) (emphasis added); *In re CSX Corp.*, 124 S.W.3d at 153 (stating that request to identify **all safety employees who worked for defendant over a thirty-year period** qualifies as a "**fishing expedition**") (emphasis added); *In re Am. Optical Corp.*, 988 S.W.2d at 713 (stating that request for production of **all documents the defendant had ever produced on** *any* **of its products over the course of its fifty years** in business was overbroad and of questionable relevance) (emphasis added); *In re Lowe's Cos.*, 134 S.W.3d 876, 880 (Tex.App.-Houston [14th Dist.] 2004, orig. proceeding) (holding that discovery order was overbroad where it allowed plaintiffs to access computer data *without any limitation* as to time, place, or subject matter and print data concerning falling merchandise accidents **for an** *unlimited* **period of time preceding the accident in this case and for an** *unlimited* **geographic area**) (emphasis added).

[24] Ironshore "U.S. Claim Brochure" p. 2, available for download at http://www.ironshore.com/pdfs/general/IronshoreClaimsCollateral.pdf; *See also* www.ironshore.com ("Ironshore distinguishes itself in the industry *by closely aligning our claim professionals with members of the underwriting, actuarial* and finance *teams*. This is our way of ensuring that the people who make the promises, keep the promises and that our policyholder claims are handled in a professional and expeditious manner.") (emphasis added) (sites last visited 9/28/15).

7

know your policy."[25] Now, Ironshore has denied Denbury's claim and refuses to produce documents or testimony about how its claims and underwriting departments work, or how Ironshore's "experts who know [Denbury's] policy" actually adjusted Denbury's claim. Denbury is entitled to discover this relevant and potentially admissible information.

### b. Ironshore's Unsupported Privilege Assertions

Ironshore maintains it has produced all "responsive, non-privileged" information regarding Denbury's claim.[26] However, a review of the "Claim Notes file" and "Claim Documents file" show that relevant and discoverable information has been improperly redacted.[27] Additionally, Ironshore has withheld approximately 2,600 pages of Denbury's underwriting file as "irrelevant, confidential, proprietary, trade secrets."[28] Denbury asks the Court order Ironshore produce all withheld documents for *in camera* inspection to (i) confirm the accuracy of Ironshore's eleventh hour privilege log, and (ii) ensure Denbury is allowed to review and depose Ironshore regarding all non-privileged and responsive documents.

"Any party who seeks to deny the production of evidence must claim a specific privilege against such production. The burden is on the party asserting a privilege from discovery to

---

[25] *Id.*

[26] *See* Exhibit N, Denbury's Mot. to Compel; *see also* Exhibit U hereto. Of note, Ironshore has provided Denbury with "supplemental productions" dated September 4, 2015, September 18, 2015, and September 25, 2015. These productions are not "supplemental," but a calculated piecemeal production of information and materials Denbury is lawfully entitled to discovery under Texas law. This Court should grant Denbury's Motion to Compel and end Ironshore's improper discovery tactics.

[27] *See, e.g.*, FARA 4058 (Exhibit N) (first sentence of "Recommendations" section not redacted in September 4, 2015 production and then redacted in September 25, 2015 "amended" production (Exhibit U). Ironshore represents it has also produced its "Claims Document" file. However, Ironshore's production of these materials excludes large ranges of entire pages, and its privilege logs do not allow for an accurate assessment of date range, author, recipient, or any other identifying information necessary to determine application of privilege. Denbury has not included these records in this filing due to size, where nearly every page produced is a duplicate of pleadings, communications, and discovery exchanged between parties to this lawsuit.

[28] *See* Description of withheld documents bates labeled, FARA 4084-6608, Item No. 136, Ironshore "Amended Privilege Log" produced September 25, 2015, attached hereto as Exhibit T.

Certified Document Number: 67238727 - Page 8 of 22

produce evidence *concerning the applicability of a particular privilege.*[29] Ironshore's motions list privileges and objections without any legal or evidentiary support. On this basis alone, Ironshore's motions should be denied.

### i. Ironshore Cannot Shield Responsive Materials as Work Product

Ironshore asks this Court to prevent Denbury from eliciting testimony on the basis of "work product" privilege.[30] The disputed topics include the underwriting and interpretation of the policies at issue, as well as Ironshore/FARA's adjustment of Denbury's claim.[31] In support, Ironshore filed the conclusory, self-serving affidavit of its attorney Randell Treadaway on September 25, 2015.[32] This self-serving affidavit is insufficient under Texas law.[33]

"Work product" is defined as: (1) "materials prepared or mental impressions developed *in anticipation of litigation* or for trial by or for a party or a party's representative . . .;" or (2) "a communication made *in anticipation of litigation* or for trial between a party and the party's representatives or among a party's representatives . . ."[34] Work product only protects materials prepared in anticipation of litigation or trial prepared by an attorney, a party, or a party's agent.

---

[29] *See Peeples v. Honorable Fourth Supreme Judicial Dist.*, 701 S.W.2d 635, 637 (Tex. 1985) (internal citations omitted) (emphasis added).

[30] *See* Ironshore Topic Nos. 21, 22, 23, 24, and 25, attached as Exhibit P; *see also* FARA Topic Nos. 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, and 84 attached as Exhibit Q.

[31] *See* Ironshore Topic Nos. 1-3, 7, 21, 24, 26-29, and 36, Exhibit P; *see also* FARA Topic Nos. 1-3, 8-10, 28, 33, 38-40, and 50-51, Exhibit Q (underwriting); *see also* Ironshore Topic Nos. 4, 7, 8-10, 11-15, 21-23, 25, 74, 77-78, 85, 96-98, and 101-02, Exhibit P; *see also* FARA Topic Nos. 4, 8-11, 13, 15, 17-18, 28-30, 32-37, 39-40, 54-59, 84, 100-103, 114-15, 131-33, and 135-37, Exhibit Q (Denbury's Claim).

[32] *See* ¶¶ 3-4, R. Treadaway Affidavit, dated September 25, 2015, attached hereto as part of Exhibit S (merely listing elements of privilege and concluding certain undisclosed information and materials protected by work-product privilege). In particular, this affidavit fails to identify parties to anticipated litigation or dates such privilege should attach.

[33] *Cf. In re Monsanto Co.*, 998 S.W.2d 917 (Tex. App. Waco, 1999) (affidavits supported privilege claims because they specifically identified date litigation was anticipated and the parties to that anticipated litigation). Ironshore, as Denbury's insurer, has statutory obligations to adjust Denbury's claim and cannot shield its claims file information on the basis of privilege simply by employing an attorney to investigate Denbury's claim and then concluding it has satisfied its burden to avoid reasonable discovery.

[34] Tex. R. Civ. P. 192.5(a) (emphasis added).

9

Ironshore has the burden of proving that information sought in Denbury's deposition topics include Ironshore's work product.[35] Merely listing a specific privilege or exemption from discovery is insufficient.[36]

Moreover, Ironshore's reliance on the work product privilege to prevent disclosure of its underwriting documents is insufficient on its face.[37] Underwriting files, and an insurer's corresponding underwriting guidelines and manuals, constitute the criteria by which insurers determine whether the risk is acceptable, and if so, at what premium. There is no litigation or anticipated litigation when an insurer drafts and places a policy.[38] Rather, these materials directly evidence what Ironshore intended to cover when issuing Denbury's policy.[39]

Similarly, Texas law provides that the work product privilege does not attach to claims file information until after a claim is denied.[40] To qualify as work product under Texas law, material must have been prepared or mental impressions developed in anticipation of litigation or

---

[35] *State v. Lowry*, 802 S.W.2d 669, 671 (Tex. 1991).

[36] *See* Tex. R. Civ. P. 195.2(a); *see also In re Crestcare Nursing and Rehab. Ctr.*, 222 S.W.3d 68, 73 (Tex. App.-Tyler 2006, *orig. proceeding*) (internal citations omitted); *see also id.* at 74 *citing In re DuPont*, 136 S.W.3d , 224 (affidavit merely presenting global allegations that documents come within the asserted privilege has no probative value).

[37] Ironshore's Mot. for Protective Order claims that underwriting material is protected as work product (*See, e.g.* Ironshore Topic Nos., 21 and 24,Exhibit P; *see also* Topic Nos. 28 and 33, Exhibit Q). Ironshore's "Amended Privilege Log" also states Ironshore's underwriting file has been withheld as "irrelevant, confidential, proprietary, trade secrets." *See* ¶¶ 3-4, L. Sheriden Affidavit, dated September 25, 2015, attached hereto as part of Exhibit S (once again merely listing elements of the claimed privilege and concluding certain undisclosed information and materials are shielded from discovery). Notably, Ironshore has ignored Denbury's requests to enter into a confidentiality agreement, which would eliminate the need for the Court to enter a protective order. *See* Denbury's August 5, 2015 and September 9, 2015 offers, included in Exhibits A and B to Denbury's Mot. to Comp.; respectively; *see also Jampole v. Tourchy*, 673 S.W.2d 569, 574–75 (Tex. 1984) (*orig. proceeding*), disapproved of on other grounds by *Walker v. Parker*, 827 S.W.2d 833, 842 (Tex. 1992) (*orig. proceeding*) (contemplating entry of protective order that allows production, not one that relieves obligation to produce).

[38] Rule 192.5(c) provides, in pertinent part, that the following information is not work protect protected from discovery, even if made or prepared in anticipation of litigation or trial: (1) information discoverable under Rule 192.3 concerning witness statements and contentions; (3) the name, address, and telephone number of any person with knowledge of relevant facts; and (5) any work product created under circumstances within an exception to the attorney-client privilege in Evidence Rule 503(d).

[39] *Supra* fn. 24.

[40] *See Jackson v. Downey*, 817 S.W.2d 858, 859 (Tex. App. Houston 1991). Ironshore did not deny coverage to Denbury for the subject claim until June 16, 2015. *See* Exhibit M, Denbury's Mot. to Comp.

10

for trial—that is, after the occurrence or transaction on which the suit is based.[41] In a breach of insurance contract, the occurrence (for purposes of work product protection) is the date the insurance company denied coverage, not the date of loss or claim. **"None of the documents generated by the company *or its agents* prior to [denying coverage] are privileged. . . [because] the date of the occurrence or transaction upon which suit is based could not predate the communication of the denial of coverage to the plaintiff."**[42] "To hold otherwise would allow a party to choose at will a 'decision date' far in advance of its communication of a controversial decision to another party. Thus it would be possible to effectively shield virtually all internal communication from discovery."[43]

Ironshore denied coverage to Denbury on June 16, 2015 – five months after Denbury initiated this litigation and seven months after Denbury's formal demand for payment under the Policy.[44] While Ironshore has now produced a privilege log purportedly compliant with Rule 193.3(b),[45] this document shows Ironshore has improperly redacted or withheld information and/or documents properly discoverable by Denbury. The September 25th log reflects that materials created between July 8, 2013 and June 16, 2015 have been redacted or withheld. Based on Ironshore's original and amended "productions,"[46] Ironshore either 1) did not review any facts or specific policy provisions before denying Denbury's claim, or 2) Ironshore redacted all such information.[47] Either way – Denbury is entitled to learn the redacted and/or withheld

---

[41] *See* Tex. R. Civ. P. 192.5(a).

[42] *Jackson v. Downey*, 817 S.W.2d 858, 859 (Tex. App.-Houston 1991)(emphasis added).

[43] *Id.*

[44] *See* Ironshore's objections and responses to Request for Admission Nos. 12, 16, and 17, dated September 4, 2015, attached as Exhibit K to Denbury's Mot. to Compel.

[45] *See generally* Ironshore's "Amended Privilege Log," dated September 25, 2015, attached hereto as Exhibit T.

[46] *See* Exhibit N to Denbury's Mot. to Compel; *see also* Exhibit U attached hereto.

[47] *See, e.g.,* Ironshore's produced "Claim Notes file" (FARA 003943 - 004083) attached is Exhibit N to Denbury's Mot. to Comp. This information is reflected as withheld on the basis of "irrelevant," work product, and/or

information Ironshore employed to adjust Denbury's claim between July 8, 2013 through June 16, 2015. By definition, this information is not work product under Texas law.

Alternatively, Denbury asks for an order compelling Ironshore to produce for an *in camera* inspection, all documentation associated with the testimony upon which its work product privilege is claimed. Then, the Court may determine the applicability of Ironshore's asserted privilege and order Ironshore to produce properly discoverable documents and testimony accordingly.

### 1. Alternatively, Denbury is Entitled to all Responsive Non-Core Work Product Information

Testimony discussing Ironshore's underwriting of the Policy, and adjustment of Denbury's claim, is indispensable to prove Ironshore's understanding of the ambiguous policy provisions at issue, and whether Ironshore acted in bad faith in its adjustment of Denbury's claim.[48] As one federal court noted, deposition testimony about the insurer's underwriting file is relevant to coverage litigation:[49]

> Defendant asserts that a Rule 30(b)(6) request for testimony regarding the underwriting file amounts to a "fishing expedition" because the information contained in the underwriting file is not relevant to Plaintiff's claims for denial of coverage and bad faith. The Court disagrees. Not only is information in the underwriting file relevant to Plaintiff's claims for denial of coverage but it is also discoverable because it appears reasonable that the information contained in the file may lead to the discovery of other admissible evidence.

---

anticipation of litigation privileges.

[48] Denbury's claim file is also relevant for Denbury to refute Ironshore's contention that Denbury failed to timely notify Ironshore of its settlement discussions with third parties, such as ANR and Loutre Land & Timber Company. *See e.g. FC Bruckner Associates, L.P. v. Fireman's Fund Ins. Co.*, 114 A.D.3d 542 (N.Y.A.D. 1 Dept., 2014) (insurer's claims files were material and necessary where excess insurer claimed it would have been more involved with underlying action had it received earlier notice). Ironshore claims it did not timely receive information from Denbury. *See e.g.* Ironshore's objections and responses to Request for Admission No. 7, attached as part of Exhibit K.

[49] *Bayley Const. v. Wausau Business Ins. Co.*, 2012 WL 6553790, *2 (W.D. Wash., 2012) (decided, in relevant part, under Federal Rules of Civil Procedure); *see also Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987) (*orig. proceeding*) (Texas Supreme Court citing federal jurisprudence relative to interpretation of evidence sufficient to satisfy Texas requirements for protective order).

Here too, Denbury reads the Policy differently than Ironshore. Because Denbury alleges the policies are ambiguous and/or illusory, Ironshore's underwriting guidelines and files are relevant to determine the intent of the parties when entering into the insuring agreement.[50] Ironshore's underwriting materials and claims file are also the only means available to Denbury to discover Ironshore's understanding of the ambiguous policy provisions at issue.[51]

Only core work product is exempt from disclosure.[52] The doctrine protects against compelled disclosure of information and materials prepared in anticipation of litigation or for trial.[53] However, the doctrine permits discovery of other work product when the party seeking discovery has substantial need for the materials and that party is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.[54] Denbury is unable to obtain the substantial equivalent of the materials located in the claims and underwriting files by any other means. Thus, even if the Court finds certain materials protected as work product, Denbury is entitled to all non-core work product documentation and testimony. For these reasons, and further in the alternative, Denbury asks the Court order Ironshore to produce a witness to testify as to, and to produce, all non-core work product documents responsive to Denbury's noticed areas of inquiry.

---

[50] *See Beazer Homes Corp. v. Hartford Fire Ins. Co., et al.*, 2012 WL 6210323, *4 (D.S.C. Dec. 13, 2012) *citing Penn. Nat'l Mut. Cas. Ins. Co. v. Doscher's Dorchester Road, Inc.*, 2012 WL 652638, *5-6 (D.S.C. Feb. 28, 2012).

[51] *See also Siligan Containers v. Nat'l Union Fire Ins.*, 2011 WL 2198141 * 1 (N.D. Cal. June 6, 2011) (allowing discovery of underwriting materials in coverage action involving allegation of ambiguous terms within subject insurance policy.); *Lanham v. Blue Cross and Blue Shield of So. Carolina, Inc.*, 563 S.E.2d 331, 333-34 (S.C. 2002) (while not expressly holding underwriting materials discoverable, Court denied insurer summary judgment as improper where insured had not been allowed to compel discovery of underwriting standards, policies, and procedures); *Beazer Homes Corp. v. Hartford Fire Ins. Co., et al.*, 2012 WL 6210323, *4 (D.S.C. Dec. 13, 2012) (court ordered production of documents, including underwriting guidelines, as evidence of insurer's intent and purpose of policy provisions, forms, and coverage).

[52] *See* Tex. R. Civ. P. 192.5(b)(1). The work product privilege protects "core work product," which includes the attorney's mental impressions, opinions, conclusions, and legal theories.

[53] *Id.*

[54] *See* Tex. R. Civ. P. 192.5(b)(2).

13

### b. **Ironshore Fails to Meet Its Burden of Proving Attorney-Client Privilege**

Ironshore also asks this Court to prevent Denbury from eliciting testimony on the basis of "attorney-client" privilege.[55] The disputed topics again include Ironshore's underwriting and interpretation of the policies at issue, as well as Ironshore/FARA's adjustment of Denbury's claim. And again, Ironshore fails to meet its burden of proof.[56] Because Ironshore cannot shield these materials based on an unsubstantiated privilege, the Court should deny Ironshore's requested relief without further inquiry.

Still, Tex. R. Ev. 503 only shields confidential communications between the attorney and client when those communications are *made for the purpose of rendering legal services.* Not all statements made between a client and an attorney are privileged.[57] Texas courts have specifically found that communications with an attorney investigating an insurance claim are not privileged.[58] Because the attorney-client privilege does not apply where the attorney acts in a capacity other than that of an attorney, Ironshore's employment of counsel to investigate or adjust Denbury's claim does not "cloak with privilege matters that would otherwise be discoverable."[59] Instead, Ironshore most satisfy its burden of proving that specific documents were properly withheld on the basis of attorney-client privilege by pleading specific facts to demonstrate that the communications and materials at issue were prepared in Ironshore's

---

[55] *See* Ironshore Topic Nos. 21, 22, 23, 24, 25, 77, 78, 95, 96, 97, and 98 attached as Exhibit P; *see also* FARA Topic Nos. 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 84, 100, 101, 102, 103, 128, 129, 130, 131, 132, 133, 134, 135, 136, and 137, attached as Exhibit Q.

[56] *State v. Lowry*, 802 S.W.2d 669, 671 (Tex. 1991).

[57] *See e.g. Borden, Inc. v. Valdez*, 773 S.W.2d 718, 720-21 (Tex. App.-Corpus Christi 1989) ("For instance, the attorney-client privilege certainly does not encompass such nonconfidential matters as the terms and conditions of an attorney's employment and the purpose for which an attorney has been engaged.").

[58] *See, e.g., In re Texas Farmers Ins. Exch.*, 990 S.W. 2d 337, 341 (Tex. App.-Texarkana 1999).

[59] *See Merrin* Jewelry *Co. v. St. Paul Fire & Marine Ins. co.*, 49 F.R.D. 54 (S.D.N.Y. 1970); *see also* Exhibit R, *in globo* (Ironshore's corporate designation and fact witness response dated September 24, 2015, which includes curriculum vitaes for attorneys to testify regarding Ironshore/FARA claims handling).

14

Certified Document Number: 67238727 - Page 14 of 22

attorneys' rendering of legal services.[60] Ironshore's September 25th privilege log identifies attorney, Randell Treadaway, as "defense counsel" as early as April 2014 – six months before Denbury's umbrella policy limits were exhausted and formal demand made under the Ironshore policy.[61] Either Mr. Treadaway was not Ironshore's defense counsel or Ironshore never intended to adjust Denbury's claim in earnest. If this Court accepts Ironshore's self-serving affidavit to prevent Denbury's discovery, then Texas's test for proper invocation of the attorney-client privilege is meaningless.

Moreover, an insurer's denial of a policyholder's claim must be based on objective and reliable expert information.[62] Ironshore denied coverage to Denbury on June 16, 2015.[63] Yet Ironshore's written discovery responses leave Denbury guessing as to whose expertise Ironshore relied upon to reach its coverage decision.[64]

> **Request for Admission No. 38**: Admit Ironshore relied on AGLIC's Adjuster to Adjust Denbury's Claim for the Delhi Incident under the Umbrella Policy between June 17, 2013 and August 14, 2014.
>
> **Response:** Denied
>
> **Request for Admission No. 39**: Admit Ironshore relied on AGLIC's Adjuster to Adjust Denbury's Claim for the Delhi Incident under the Ironshore Policy between June 17, 2013 and August 14, 2014.
>
> **Response:** Denied

---

[60] *Supra* fn. 57.

[61] *See* Ironshore's "Amended Privilege Log," dated September 25, 2015, Item No. 130, attached hereto as Exhibit T.

[62] *See generally Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165 (Tex. 1987) (recognizing an insurer's duty of good faith and fair dealing to its insured and requiring a reasonable basis for denial of a claim or delay in payment, among other things); *see also Lyons v. Millers Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex. 1993).

[63] *See* Exhibit M, attached to Denbury's Mot. to Comp.; *see also* Ironshore's objections and responses to Request for Admission No. 16, dated September 4, 2015, attached as Exhibit K to Denbury's Mot. to Comp.

[64] *See* Ironshore's objections and responses to Request for Admission Nos. 38-41, dated September 4, 2015, attached as Exhibit K to Denbury's Mot. to Comp.

**Request for Admission No. 40**: Admit Ironshore hired FARA to Adjust Denbury's Claim under the Ironshore Policy.[65]

Response: Denied

**Request for Admission No. 41**: Admit Ironshore hired FARA to Adjust Denbury's Claim under the Umbrella Policy.

Response: Denied

Thus, Ironshore is either using the advice of counsel/experts as a sword in support of its coverage determination, or has no objective and reliable basis for its denial of coverage in violation of Texas law. Whichever the case, this information is vital to Denbury's pled claims against Ironshore. Denbury is, therefore, entitled to discover the withheld materials and question Ironshore's and FARA's designees as to the bases of Ironshore's evaluation, adjustment, and denial of Denbury's claim.

As the *Texas Farmers* court noted, the attorney-client privilege "does not operate as a blanket privilege covering all of the communications between" the investigating attorney and the insurer.[66] "For instance, **the privilege would not apply to those communications concerning bare facts.**"[67] Importantly, the court went on to note the problems associated with allowing insurers to hire attorneys as investigators "If we were to so hold, **insurance companies could simply hire attorneys as investigators at the beginning of a claim investigation and claim privilege as to all the information gathered. This is not the intent of the privilege.**"[68] This is

---

[65] Note that Ironshore withholds as "irrelevant" FARA's invoice to Ironshore for its claims handling services. *See, e.g.,* Item Nos. 106, 107, and 109-111, Ironshore's "Amended Privilege Log," attached hereto as Exhibit T.

[66] *See In re Texas Farmers Ins. Exch.*, 990 S.W. 2d 337, 341 (Tex. App.-Texarkana 1999).

[67] *Id.* (emphasis added).

[68] *See In re Texas Farmers Ins. Exch.*, 990 S.W. 2d 337, 341 (Tex. App.-Texarkana 1999) (emphasis added) (The court went on to hold that it was proper to depose the attorney hired to investigate the claim because he "could answer questions in a deposition concerning facts gathered during the course of his investigation while he was acting as an investigator, but could claim the attorney-client privilege if asked to divulge his legal conclusions based upon those facts.").

16

precisely what Ironshore seeks here, and Texas law forbids it.[69]

Denbury is entitled to discover all materials prepared, reviewed, or relied upon in connection with Ironshore's adjustment and denial of Denbury's claim. At a minimum, this Court should order Ironshore to produce all documents withheld as "attorney-client" privileged for *in camera* inspection such that thorough evaluation can be made of Ironshore's asserted privileges given its refusal to comply with Rule 193.3(b). And if Ironshore relied on an attorney to conduct, or assist in, an investigation that could have been conducted by an adjuster, investigator, or engineer, the Court should order Ironshore's production of those records, and a witness to testify as to their contents (including, but not limited to, a complete unredacted copy of Ironshore's investigation and claims file).[70]

### c. Ironshore Fails to Establish Joint Defense Privilege

Ironshore seeks to preclude Denbury from obtaining testimony relative to the underwriting, and Ironshore/FARA's interpretation, of the policies on the basis of "joint defense" privilege.[71] Ironshore equally fails to satisfy its burden of proving that any materials withheld

---

[69]*See In re Carbo Ceramics*, 81 S.W.3d 369, 378 (Tex. App.-Houston 2002) ("Texas courts apply the offensive use doctrine when the advice of counsel defense is raised."); *see also Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993) ("In an instance in which the [attorney-client] privilege is being used as a sword rather than a shield, the privilege may be waived.").

[70] The doctrine applies because Ironshore (i) seeks affirmative relief by raising affirmative defenses to Denbury's coverage claim; (ii) the allegedly privileged information sought, if believed by the fact finder, in all probability will be outcome determinative of Denbury's claims in this litigation; and (iii) the withheld documents are the only means by which Denbury may obtain the basis for Ironshore's denial of Denbury's claim. *Id.* at 163. *See also Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994), explaining when a client places its attorney's advice "at issue:"

> Finding a waiver of the attorney client privilege when the client puts the attorney's advice in issue is consistent with the essential elements of the privilege. That is, in leaving to the client the decision whether or not to waive the privilege by putting the attorney's advice in issue, we provide certainty that the client's confidential communications will not be disclosed unless the client takes an affirmative step to waive the privilege, and we provide predictability for the client concerning the circumstances by which the client will waive that privilege. This certainty and predictability as to the circumstances of a waiver encourage clients to consult with counsel free from the apprehension that the communications will be disclosed without their consent.

[71] *See* Ironshore Topic Nos. 14, 15, 21, 22, 23, 24, 25, 77, 78, 96, 97, and 98, attached as Ex. P; FARA Topic Nos. 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 100, 101, 102, 103, 131, 132, 133, 135, 136, and 137, attached as Ex. Q.

17

Certified Document Number: 67238727 - Page 17 of 22

under the joint defense privilege are shielded from discovery.[72] Texas's joint defense privilege is narrower than that recognized in other jurisdictions because it requires that "the communication be made to a *lawyer or her representative* representing another party in a *pending action.*"[73] In order for Ironshore to successfully limit Denbury's questioning by virtue of the joint defense rule, it must establish that: (1) the communication was made "between a client, or the client's lawyer, to another party's lawyer, not the other party itself,[74] and (2) the communication was made "in the context of a *pending* action."[75] Ironshore has done neither.

Ironshore's written objections and responses to date are insufficient to establish it is entitled to withhold the requested information based on privilege. What they do show, however, is that Ironshore has withheld, or otherwise redacted, claim notes predating Denbury's demand for payment under the Ironshore policy and Ironshore's denial as "joint defense privilege."[76] Ironshore's withholding of these materials contradicts basic tenants of Texas law.

The joint defense privilege is not an independent privilege, but an extension of the attorney-client or work product privileges that creates "an exception to the general rule that no attorney-client privilege attaches to communications that are made in the presence of or

---

[72] *See State v. Lowry*, 802 S.W.2d 669, 671 (Tex. 1991). *See also* Item 138 on Ironshore's "Amended Privilege Log" (attached as Exhibit T) withholding documents bates labeled, JDA001-011, as the "Joint Defense Agreement." No date or recipient is provided for the withheld materials. As such, Denbury is unable to determine who is a party to the agreement and when it was executed. Ironshore also withholds numerous documents on the basis of "joint defense" privilege from before both Denbury's filing of the instant litigation on February 18, 2015 and Ironshore's June 16, 2015 denial of coverage. For joint defense privilege to attach, Ironshore must first substantiate a privilege of either work product or attorney-client. Denbury believes Ironshore has failed to satisfy either burden as detailed above; however, to the extent Ironshore's joint defense claims are related to alleged work product, Denbury is entitled to discover those materials exchanged before June 16, 2015. And to the extent, Ironshore invokes attorney-client privilege, Denbury is entitled to discovery all materials through the February 2015 filing of this litigation. *See, e.g., id.* at Item Nos. 83, 88, 89, and 90.

[73] *See In re XL Specialty Ins. Co.,* 373 S.W.3d 46, 54 (Tex. 2012) (emphasis in original).

[74] *Id.* at 52-53

[75] *See id.* at 52 ("Thus, in jurisdictions like Texas, which have a pending action requirement, no commonality of interest exists absent *actual litigation.*" (emphasis added)).

[76] *See* Category 4, p. 2, Ironshore's "privilege log" dated August 20, 2015, attached as Exhibit H to Denbury's Mot. to Comp; *see also* Item Nos. 83, 87, 88, 89, 90

18

disclosed to third-parties."[77] This means Ironshore "must establish initially that the subject communications fall within the ambit of" another privilege.[78] As detailed in the preceding sections, Ironshore has to support its claims of work product or attorney-client privileges. Thus, Ironshore's attempts to circumvent Denbury's proper discovery under the "joint defense" rule must also be denied.

Alternatively, Denbury asks for an order compelling Ironshore/FARA to produce for an *in camera* inspection, the documentation associated with the testimony upon which the joint defense privilege is claimed. Then, the Court may determine the applicability of Ironshore's asserted privileges and order Ironshore to produce documents and testify accordingly.

## II.     Ironshore's Unsubstantiated Procedural Objections

In addition to the work product, attorney-client, and joint defense privilege assertions, Ironshore also objects to 52 areas of inquiry in the Ironshore notice, and 83 in the FARA notice on procedural grounds.[79] Of those combined 135 topics, Ironshore replies that it "will provide a witness to testify as to this topic" for 1 area. Ironshore also responds that "no employee of FARA is familiar with this topic" for 3 areas, [80] and states "Defendant will provide a witness to testify as to non-privileged information pertaining to this topic" for 5 areas.[81] Denbury interprets Ironshore's responses to mean Ironshore/FARA will refuse to answer any deposition questions

---

[77] *See In re Seigel,* 198 S.W.3d 21, 27 (Tex. App.-El Paso 2006) *citing In re Skiles,* 102 S.W.3d 323, 326 n. 2 (Tex. App.–Beaumont 2003); *see also* Robert W. Higgason, *The Attorney-Client Privilege in Joint Defense and Common Interest Cases,* 34 HOUS. LAW. 20, 21 (1996) ("The joint defense-common interest privilege must rest upon an underlying privilege such as the attorney-client privilege or the attorney work product privilege.").

[78] *Id.*

[79] *See generally* Exhibits P and Q; respectively. Ironshore asserts seven different procedural objections: 1) overly broad, 2) irrelevant, 3) insufficient particularity, 4) legal conclusion, 5) fishing expedition, 6) redundant/harassing, and 7) speculation. Denbury responds to these objections in its motion to compel, filed of record on September 22, 2015 and its pre-motion correspondence with Ironshore's counsel, attached to Denbury's Mot. to Comp. as Exhibits A and B.

[80] *See* FARA Topic Nos. 52, 53, and 134, Exhibit Q.

[81] *See* FARA Topic Nos. 84, and 100-103, Exhibit Q.

19

pertaining to the remaining 126 combined areas of inquiry for which Ironshore/FARA did not include such a qualifying statement.

Denbury has provided comprehensive areas of inquiry.[82] It is not required to provide advanced questions. All of Ironshore's procedural objections can be preserved by proper objections at the depositions. Denbury urges the Court to deny Ironshore's motions, and compel Ironshore's and FARA's corporate designees to provide testimony responsive to all noticed areas of inquiry .

## III. Conclusion

Denbury has a limited amount of time to conduct these depositions. It does not intend to waste resources on irrelevant or duplicative testimony. Denbury is entitled to question Ironshore/FARA on the rationale of its denial, its understanding of Denbury's policies, and the application of those policies to the facts here. Denbury is also allowed to discover Ironshore's treatment, and payment, of analogous claims for on-lease damages by similarly situated oil and gas policyholders conducting operations on leased property – policyholders to which Ironshore markets the policy at issue. Ironshore fails to prove any privilege sufficient to strike Denbury's areas of inquiry. Ironshore also fails to prove any procedural deficiencies that cannot be corrected by objections during the deposition. Because Ironshore bears the burden of proof, its motions fail.

---

[82] *See* James C. Winton and Farrel A. Hochmuth, CORPORATE REPRESENTATIVE DEPOSITIONS IN TEXAS, Preparing and Taking the Deposition, The Advocate, Fall, 2004, 28 The Advocate (Texas) 34, *34 *citing Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000) (for the proposition that, "the requesting party must take care to designate, with *painstaking specificity*, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute" when noticing a corporate deposition.) (emphasis added).

Certified Document Number: 67238727 - Page 20 of 22

Respectfully submitted,

_____

PHILIP D. NIZIALEK, T.A. (#15045250)
SARAH E. STOGNER (#24091139)
JACQUELINE M. BRETTNER (admitted *pro hac vice*)
CARVER, DARDEN, KORETZKY, TESSIER,
 FINN, BLOSSMAN & AREAUX, LLC
1100 POYDRAS ST., STE. 3100
NEW ORLEANS, LA 70163
TELEPHONE: (504) 585-3800
FACSIMILE: (504) 585-3801
EMAIL: NIZIALEK@CARVERDARDEN.COM
        BRETTNER@CARVERDARDEN.COM
        STOGNER@CARVERDARDEN.COM
ATTORNEYS FOR PLAINTIFFS, DENBURY ENTITIES

21

Certified Document Number: 67238727 - Page 21 of 22

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the *Denbury's Consolidated Response to Motions for Protective Orders* by Defendant, Ironshore Specialty Insurance Company has been served on the following:

Mr. Randell E. Treadaway
Ms. Michelle O'Daniels
Mr. Brad D. Ferrand
*Zaunbrecher Treadaway, LLC*
406 N. Florida Street, Suite 2
Covington, LA 70433
randy@ztlalaw.com
modlegal@gmail.com
brad@ztlalaw.com

Mr. Christopher C. Frost
Mr. Michael Mulvaney
Mr. Joshua B. Baker
*Maynard, Cooper, Gale*
1901 Sixth Avenue, Suite 2400
Birmingham, AL 35203
cfrost@maynardcooper.com
mmulvaney@maynardcooper.com
jbaker@maynardcooper.com

Mr. Michael Knippen
Mr. David Rock
Mr. James M. Eastham
*Traub Lieberman Straus & Shrewsberry, LLP*
303 West Madison St., Ste. 1200
Chicago, IL 60606
mknippen@traublieberman.com
jeastham@traublieberman.com
drock@traublieberman.com

Mr. Mark C. Clemer
Mr. James Johnson
*Brown Sims*
1177 West Loop South, 10th Floor
Houston, Texas 77027
mclemer@brownsims.com
jjohnson@brownsims.com

Ms. Mindy Riseden
Mr. Henry Kollenberg
*Crain, Caton & James*
Five Houston Center
1401 McKinney Street, Suite 1700
Houston, TX 77010
mriseden@craincaton.com
hkollenberg@craincaton.com

Mr. Marc J. Wojciechowski
*Wojciechowski & Associates, PC*
17447 Kuykendahl Rd. Ste. 200
Spring, Texas 77379
marc@wojolaw.com

via U.S. Mail and/or electronic service on September 29, 2015 at or before 5:00 p.m., and the electronic transmission was reported as complete.

_____
JACQUELINE M. BRETTNER

4830-9568-6697, v. 1

22



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 22, 2015

Certified Document Number:       67238727

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2015-09546

| | |
|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | IN THE DISTRICT COURT |
| Plaintiffs, | |
| v. | HARRIS COUNTY, TEXAS |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, AND MARSH USA INC. | 157th JUDICIAL DISTRICT |
| Defendants | |

---

**NOTICE OF ORAL AND VIDEOTAPED DEPOSITION AND REQUEST FOR DOCUMENTS OF SANFORD OSTER AS THE DESIGNATED CORPORATE REPRESENTATIVE(S) OF IRONSHORE SPECIALTY INSURANCE COMPANY**

---

TO:   Ironshore Specialty Insurance Company
through its attorneys of record,
Mark C. Clemer
James D. Johnson
Brown Sims, P.C.
1177 West Loop South
Tenth Floor
Houston, Texas 77027

-And-

Randell E. Treadaway
Brad D. Ferrand
Michelle O'Daniels
Zaunbrecher Treadaway, LLC
406 N. Florida Street, Suite 2
Covington, Louisiana 70443

I.

**PLEASE TAKE NOTICE** that, pursuant to Texas Rule of Civil Procedure 199.2(b)(1) and

Certified Document Number: 67238728 - Page 1 of 18

Exhibit "P"

199.2(b)(5), Denbury Resources Inc. and Denbury Onshore, LLC, will take the oral and videotaped deposition of the Mr. Sanford Oster as the designated Corporate Representative of Ironshore Specialty Insurance Company ("Ironshore"), on **October 20, 2015**, commencing at **9:00 a.m.** at the law offices of Pillsbury Winthrop Shaw Pittman, LLP, 1540 Broadway Avenue, New York, New York 10036, by agreement of the parties.

II.

Ironshore's designee(s) is further directed to produce responsive documents to the requests listed in *Exhibit "A"* within thirty (30) days of service of this notice.

III.

The deposition will continue from day to day until completed.

IV.

The deposition will be recorded stenographically and on videotape. The stenographic and video recordings will be conducted by Kay E. Donelly & Associates.

Respectfully submitted,

PHILIP D. NIZIALEK, T.A. (#15045250)
SARAH E. STOGNER (#24091139)
JACQUELINE M. BRETTNER (*pro hac vice*)
Carver, Darden, Koretzky, Tessier, Finn,
Blossman, & Areaux, L.L.C.
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3800
Facsimile: (504) 585-3801
Email: nizialek@carverdarden.com
        stogner@carverdarden.com
        brettner@carverdarden.com
*Counsel for Plaintiffs*

Certified Document Number: 67238728 - Page 2 of 18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Denbury's Notice of Oral and Videotaped Deposition of Corporate Representative(s) of Ironshore Specialty Insurance Company has been served on the following:

Mr. Randell E. Treadaway
Ms. Michelle O'Daniels
Mr. Brad D. Ferrand
*Zaunbrecher Treadaway, LLC*
406 N. Florida Street, Suite 2
Covington, LA 70433
randy@ztlalaw.com
modlegal@gmail.com
brad@ztlalaw.com

Mr. Christopher C. Frost
Mr. Michael Mulvaney
Mr. Joshua B. Baker
*Maynard, Cooper, Gale*
1901 Sixth Avenue, Suite 2400
Birmingham, AL 35203
cfrost@maynardcooper.com
mmulvaney@mayndardcooper.com
jbaker@maynardcooper.com

Mr. Michael Knippen
Mr. David Rock
Mr. James M. Eastham
*Traub Lieberman Straus & Shrewsberry, LLP*
303 West Madison St., Ste. 1200
Chicago, IL 60606
mknippen@traublieberman.com
jeastham@traublieberman.com
drock@traublieberman.com

Mr. Mark C. Clemer
Mr. James Johnson
*Brown Sims*
1177 West Loop South, 10th Floor
Houston, Texas 77027
mclemer@brownsims.com
jjohnson@brownsims.com

Ms. Mindy Riseden
Mr. Henry Kollenberg
*Crain, Caton & James*
Five Houston Center
1401 McKinney Street, Suite 1700
Houston, TX 77010
mriseden@craincaton.com
hkollenberg@craincaton.com

Mr. Marc J. Wojciechowski
*Wojciechowski & Associates, PC*
17447 Kuykendahl Rd. Ste. 200
Spring, Texas 77379
marc@wojolaw.com

via U.S. Mail and/or electronic service on September 2, 2015 at or before 5:00 p.m., and the electronic transmission was reported as complete.

PHILIP D. NIZIALEK

Certified Document Number: 67238728 - Page 3 of 18

## I. Instructions

1.    You are requested to produce all documents electronically. Pursuant to Rule 196.4, You are requested to produce electronic data responsive to these Requests in tiff or pdf searchable format, including e-mail.

2.    Answer each request for documents separately by listing the documents and including in each response information that identifies the document and its bates number.

3.    For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a.    When identifying the document, you must state the following:

        i.    The nature of the document (e.g. letter, handwritten note).

        ii.    The title or heading that appears on the document.

        iii.    The date of the document and the date of each addendum, supplement, or other addition or change.

        iv.    The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    b.    When identifying the Person, you must state the following:

        i.    The full name.

Certified Document Number: 67238728 - Page 4 of 18

ii. The present or last known residential address and telephone number.

iii. The present or last known office address and telephone number.

iv. The present occupation, job title, employer, and employer's address.

4. If You claim all or part of any responsive document or communication is privileged, then You are requested to provide the appropriate information regarding such assertion of privilege, as set forth in Tex. R. Civ. P. § 193.3.

## II. Definitions

a. "Ironshore," "You" and "Your", as used herein, shall refer to Ironshore Specialty Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

b. "Marsh" shall refer to Marsh USA, Inc. and shall include, without limitation, any and all of its parents, subsidiaries, employees, agents, broker, and attorneys.

c. "Zurich" shall refer to Zurich American Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

d. "AGLIC" shall refer to American Guarantee & Liability Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

e. "Alterra" shall refer to Alterra Excess & Surplus Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

Certified Document Number: 67238728 - Page 5 of 18

Certified Document Number: 67238728 - Page 6 of 18

f. "Axis" shall refer to Axis Surplus Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

g. "Denbury" shall refer to Denbury Resources Inc. and Denbury Onshore, LLC, or any other Denbury entity for which Marsh procured insurance.

h. "FARA" shall refer to FARA Insurance Services, and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

i. "CGL Policy" shall refer to the commercial general liability policy number 9242578-00, issued to Denbury by Zurich American Insurance Company, with the effective dates of April 1, 2013 to April 1, 2014.

j. "Umbrella Policy" shall refer to policy number AUC 924673-00, issued to Denbury by AGLIC, with effective dates of April 1, 2013 to April 1, 2014.

k. "Ironshore Policy" shall refer to policy number 000988602, issued to Denbury by Ironshore, with the effective dates of April 1, 2013 to April 1, 2014.

l. "Alterra Policy" shall refer to policy number MAX6XL0000443, issued to Denbury Alterra, with the effective dates of April 1, 2013 to April 1, 2014.

m. "Axis Policy" shall refer to policy number EAU766369/01/2013, issued to Denbury by Axis, with the effective dates of April 1, 2013 to April 1, 2014.

n. "Policies" shall collectively refer to the CGL Policy, the Umbrella Policy, the Ironshore Policy, the Alterra Policy and the Axis Policy, as defined above, and shall include any and all policy registers, policy logs, schedules, forms, and endorsements.

o. "Other Insurance" shall mean any other insurance policy issued to Denbury other than the Policies.

p. "Litigation" shall mean *Denbury Resources Inc. et al v. Ironshore Specialty Ins. Co., et al.* Case No. 2015-09546 currently pending in the 157th Judicial District Court in Harris County, Texas.

q. "Delhi Incident" shall mean the control of well and pollution incident commencing on or about June 13, 2013 in the Delhi Field Unit located in the state of Louisiana.

r. "Denbury's Claim" shall mean all insurance claims, notices, demands for defense, indemnity, or any other claim for insurance coverage related to the Delhi Incident.

s. "Blended Pollution Endorsement" shall refer to endorsements bearing the form number U-UMB-200-A CW (7/99) and/or form number U-EXS-200-A-CW (4/99) that were included in and made a part of the Umbrella Policy.

t. "Insurers" shall collectively refer to Zurich American Insurance Company, American Guarantee & Liability Insurance Company, Ironshore Specialty Insurance Company, Alterra Excess & Surplus Insurance Company, and Axis Surplus Insurance Company.

u. "Underwriting" or "Underwrites" shall mean the process of determining the acceptability of a particular submission for insurance through evaluation and analysis of the nature and extent of the risk presented, and of determining the amount, price, and conditions under which the submission is acceptable. Underwriting and Underwrites shall further mean the process of drafting an insurance policy to cover the accepted submission.

v. "Submission" shall mean a proposal for insurance, including but not limited to an application, submitted for Underwriting.

w. "Adjusting" or "Adjust" or "Adjustment" shall mean administration, handling, evaluation, analysis, investigation, review, quantification, interpretation, verification, expert consultation, negotiation, or assessment of coverage, damages, quantum, exclusions, warranties, or conditions related to any Claim by any Person, including but not limited to third party administrators.

x. "On-Lease" shall refer to any surface location covered by a mineral lease where an Energy Market policyholder is a lessee.

y. "Claim" shall mean demand to recover, under a policy of insurance, for loss that may come within the coverage provided by that policy, including but not limited to demands for defense, demands for indemnity, or any other request for insurance coverage under any insurance policy. "Claim" shall also refer to the meaning of "claim" contemplated by Texas Insurance Code § 542.051.

z. "Claims Adjuster" shall mean any Person who performs Adjusting of a Claim, and includes Your employees and the employees of any third parties performing Adjusting of a Claim for You .

aa. "Reserve" shall mean an estimate of the value of a Claim or group of Claims not yet paid, including but not limited to an estimate of the amount for which a particular Claim will ultimately be settled or adjudicated.

bb. "Reinsurance" shall mean a transaction in which one party, the "reinsurer," in consideration of a premium paid to it, agrees to indemnify another party, the "reinsured," for part or all of the liability assumed by the reinsured under a policy of insurance that it has issued.

cc. "Energy Market" shall mean Your policyholders or potential policyholders engaged in oil, gas, and petroleum exploration and production operations.

Certified Document Number: 67238728 - Page 8 of 18

dd.    "Good Faith and Fair Dealing" shall mean the duties imposed by Texas Insurance Code Chapters 541 and 542.

ee.    "Original Proof of Loss" shall refer to Denbury's October 14, 2014 correspondence addressed to Ironshore's attorney, Randell E. Treadaway, and all accompanying attachments thereto including Denbury's Sworn Proof of Loss to AGLIC executed September 29, 2014, Zurich's October 6, 2014 correspondence to Denbury tendering payment of its $25 million policy limits, and Denbury's Sworn Proof of Loss to Ironshore executed October 14, 2014.

ff.    "Roberts Litigation" shall refer to the lawsuit captioned *Sunflower Cemetery, Inc., et al. v. Denbury Onshore, LLC, et al.*, identified with Civil Action No. 43629A, pending in the 5th Judicial District Court for the Parish of Franklin, Louisiana.

gg.    "Voluntary Payment Clause" shall refer to the provision in Ironshore's Policy that states "The Insured shall not, except at its own expense, settle any claim or suit or incur any defense costs for any an amount to which this Policy applies without the Insurer's written consent."

hh.    "Updated Proof of Loss" shall refer to Denbury's February 27, 2015 correspondence addressed to Ironshore's attorney, Randell E. Treadaway, and all accompanying attachments thereto including Denbury's updated Sworn Proof of Loss to Ironshore executed February 27, 2015.

ii.    "Owned, Rented, or Occupied Exclusion" shall refer to the provision within the Blended Pollution Endorsement of the Umbrella Policy stating "Clean up, removal, containment, treatment, detoxification or neutralization of "pollutants" existing at, or under or within the boundaries of any premises, site or location owned, rented or occupied by any insured."

Certified Document Number: 67238728 - Page 9 of 18

jj.   "ANR" shall refer to ANR Pipeline Company, and shall include, without limitation, any and all of its parents, subsidiaries, employees, agents and attorneys.

kk.   "ANR Initial Costs Settlement" shall refer to the Agreement between ANR and Denbury dated December 11, 2013 and identified as DRI-SD-5525-5534.

ll.   "ANR Cut and Cap Settlement" shall refer to the Agreement between ANR and Denbury dated September 25, 2013 and identified as DRI-SD-5535-5545.

mm.   "ANR Tariff Settlement" shall refer to shall refer to the Agreement between ANR and Denbury dated February 9, 2015 and identified as DRI-SD-5717-5726.

nn.   "Loutre Land Settlement" shall refer to the Agreement between Loutre Land and Timber Company and Denbury dated June 3, 2014 and identified as DRI-SD-5593-5612.

oo.   "Impacted Areas" shall refer to any premises, site or location with any discharge, dispersal, seepage, migration, release or escape of any man-made or naturally occurring solid, liquid, gaseous or thermal irritant or contaminant, including but not limited to: smoke; vapor; soot; fumes; acids; alkalis; chemicals; and waste.

pp.   "Communications" shall mean the transmission, sending, and/or receipt of information of any kind by and/or through any means, whether face-to-face or otherwise, including, but not limited to, speech, writings, language (machine, foreign, or otherwise), or recording.

qq.   "Document" means all written, typed, or printed matter and all electronic, magnetic, digital, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you. "Document" includes, but is not limited to, the

following: Communications, policies, schedules, calendars, spreadsheets, letters, reports, charts, diagrams, correspondence, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, intraoffice communications, e-mail, voicemail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, recordings, computer printouts, drafts, résumés, logs, and worksheets.

rr. "Electronic" or "magnetic" data means electronic or digital information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, thumb drive), microfiche, or punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

Certified Document Number: 67238728 - Page 11 of 18

ss.    "E-mail" or "Electronic Mail" shall mean any method of electronic messaging, including any text message and instant-messaging method or service.

tt.    The term "each" includes the word "every" and "every" includes the word "each."

uu.    The term "and" includes the word "or" and "or" includes the word "and."

vv.    The term "including" shall be construed as broadly as possible and shall mean "without limitation."

ww.    "Person" shall mean any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, governmental agency, or any other organization, business, or legal entity, and all predecessors or successors in interest.

xx.    The phrase "related to or discussing," as used herein, shall mean all information and all facts and/or Documents that directly, indirectly or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which a request is being made.

## DOCUMENTS

1.    A copy of deponent's current résumé or curriculum vitae;

2.    A copy of deponent's current driver's license or government-issued photo identification;

3.    A copy of each and every document reviewed in preparation for Your testimony at the scheduled deposition; and

4.    All Documents responsive to Denbury's First and Second Sets of Requests for Production served on May 18, 2015 and August 5, 2015; and

5.    All Documents responsive to the Examination Topics listed below.

## EXAMINATION TOPICS

1.    Denbury.

2.    Denbury's operations.

3.    The risks presented by Denbury's operations.

4.    The Delhi Incident.

5.    The Policies.

6.    Reserves under the Policies.

7.    The Blended Pollution Endorsement.

8.    The case *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010).

9.    The case *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013).

10.   The case *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014).

11.   Ironshore's application of the *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010) decision to its liability policies.

12.   Ironshore's application of the *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013) decision to its liability policies.

13.   Ironshore's application of the *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) decision to its liability policies.

14.   Ironshore's relationship with Denbury's Insurers.

15.   Ironshore's Communications with Denbury's Insurers.

16.   Ironshore's review of any Adjustment of Denbury's Claim.

17.   Ironshore's relationship with Marsh.

18.   Ironshore's Communications with Marsh.

19.   Ironshore's relationship with Denbury.

20.   Ironshore's Communications with Denbury.

21.   All Documents exchanged between Ironshore and any Person related to Denbury.

22.   All Documents exchanged between Ironshore and any Person related to Denbury's Claim.

23.   All Documents exchanged between Ironshore and any Person related to the Delhi Incident.

24.  All Documents exchanged between Ironshore and any Person related to the Policies.

25.  All Documents exchanged between Ironshore and any Person related to the Litigation.

26.  Ironshore's Underwriting.

27.  Ironshore's Underwriting of Denbury.

28.  Ironshore's Underwriting for the Energy Market.

29.  Ironshore's Underwriting of the Ironshore Policy forms.

30.  Ironshore's understanding of AGLIC's Underwriting of the Umbrella Policy.

31.  All Communications between Ironshore and AGLIC regarding AGLIC's Underwriting of the Umbrella Policy

32.  Ironshore's understanding of Blended Pollution Endorsement Form U-UMB-200-A CW (7/99).

33.  Ironshore's understanding of Blended Pollution Endorsement Form U-EXS-200-A-CW (4/99).

34.  Ironshore's Adjustment of Claims under its liability policies.

35.  Ironshore's Adjustment of Denbury's Claim.

36.  Ironshore's review of any Submission for the Policies.

37.  Ironshore's Reinsurance of Energy Market risks.

38.  Ironshore's Reinsurance of the Ironshore Policy.

39.  Ironshore's selection of Claims Adjusters.

40.  Ironshore's training of Claims Adjusters.

41.  Ironshore's selection of Claims Adjusters for Denbury's Claim.

42.  Ironshore's denial of Denbury's Claim.

43.  FARA.

44.  Ironshore's employment of FARA relative to Denbury's Claim.

Certified Document Number: 67238728 - Page 15 of 18

45. Denbury's Original Proof of Loss.

46. Denbury's Updated Proof of Loss.

47. Ironshore's evaluation of Denbury's Original Proof of Loss.

48. Ironshore's evaluation of Denbury's Updated Proof of Loss.

49. The Roberts Litigation.

50. Ironshore's evaluation of the Roberts Litigation.

51. Ironshore's decision to deny Denbury defense and indemnity for the Roberts Litigation.

52. The ANR Initial Costs Settlement.

53. Ironshore's evaluation of the ANR Initial Costs Settlement.

54. Ironshore's determination that AGLIC's payment of the ANR Initial Costs Settlement does not erode the limits of the Umbrella Policy.

55. The ANR Cut and Cap Settlement.

56. Ironshore's evaluation of the ANR Cut and Cap Settlement.

57. Ironshore's determination that AGLIC's payment of the ANR Cut and Cap Settlement does not erode the limits of the Umbrella Policy.

58. The ANR Tariff Settlement.

59. Ironshore's evaluation of the ANR Tariff Settlement.

60. Ironshore's decision to deny coverage for the ANR Tariff Settlement.

61. Ironshore's Adjustment of On-Lease costs claimed by other Energy Market policyholders against Other Liability Policies.

62. Ironshore's Adjustment of On-Lease costs in Denbury's Claim.

63. All Documents relied upon by Ironshore in its Adjustment of Denbury's Claim.

64. All Persons consulted by Ironshore in its Adjustment of Denbury's Claim.

65. The Loutre Land Settlement.

66. Ironshore's evaluation of the Loutre Land Settlement.

Certified Document Number: 67238728 - Page 16 of 18

67. Ironshore's determination that AGLIC's payment of the Loutre Land Settlement does not erode the limits of the Umbrella Policy.

68. The Impacted Areas related to the Delhi Incident.

69. Ironshore's notice of Denbury's Claim.

70. Ironshore's notice of AGLIC's tender of the policy limits of the Umbrella Policy.

71. The costs Denbury incurred as a result of the Delhi Incident.

72. Ironshore's efforts to communicate with AGLIC regarding Denbury's Claim.

73. Ironshore's efforts to communicate with AGLIC regarding the Delhi Incident.

74. All Documents Denbury produced in support of Denbury's Claim.

75. Ironshore's request for information to Denbury.

76. Ironshore's understanding of the status of Denbury's Claim against the Policies.

77. Ironshore's Communications with any Person regarding Denbury's Claim.

78. Ironshore's Communications with any Person regarding the Delhi Incident.

79. Ironshore's affirmative defenses in this Litigation.

80. Ironshore's objections and responses to discovery requests in this Litigation.

81. Ironshore's Reserves for Denbury's Claim.

82. Ironshore's marketing of the Ironshore Policy forms to the Energy Market.

83. Ironshore's documentation of Claims.

84. Ironshore's documentation of Denbury's Claim.
Any insurance policy Ironshore believes does or could provide coverage to Denbury for Denbury's Claim.

85. Ironshore's obligations as an Insurer under Texas law.

86. Ironshore's reporting of complaints under Tex. Ins. Code Sec. 542.006 *et seq.* over the last five years.

87. Ironshore's compliance with Texas Ins. Code Sec. 542.005 – 542.012 over the last five years.

88. All complaints filed against Ironshore under Texas Ins. Code Sec. 542.005 over the last five years.

89. All petitions filed against Ironshore in any Texas state or federal court by an Energy Market policyholder within the last five years.

90. All petitions filed by Ironshore in any Texas state or federal court against an Energy Market policyholder within the last five years.

91. All petitions filed against Ironshore in any Louisiana state or federal court by an Energy Market policyholder within the last five years.

92. All petitions filed by Ironshore in any Louisiana state or federal court against an Energy Market policyholder within the last five years.

93. Denbury's payments of premium to Ironshore.

94. Ironshore's premium invoices to Denbury.

95. Ironshore's payments to any Person related to the Policies.

96. Any agreements between Ironshore and any Person related to Denbury's Claim.

97. Any agreements between Ironshore and any Person related to the Litigation.

98. Any agreements between Ironshore and any Person related to the Delhi Incident.

99. Any insurance policy that may defend or indemnify Ironshore in the Litgation.

100. Denbury's termination of Marsh.

101. Ironshore's performance of its obligations as an insurer under Texas law.

102. Ironshore's performance of its obligations to Denbury.

103. Ironshore's organizational structure.

104. The identity of all Ironshore employees with knowledge of the Ironshore Policy.

105. The identity of all Ironshore employees with knowledge of Denbury's Claim.

106. The identity of all Ironshore employees with knowledge of the Delhi Incident.

107. The identity of all Ironshore employees with knowledge of the Litigation.

108.    Denbury's written discovery requests in this Litigation.

109.    Ironshore's initial disclosures in this Litigation.

110.    All Documents responsive to each and every written discovery request Denbury has served on Ironshore in this Litigation.

4824-2137-2455, v. 1

Certified Document Number: 67238728 - Page 18 of 18



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 22, 2015

Certified Document Number:    67238728

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

CAUSE NO. 2015-09546

| | |
|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | IN THE DISTRICT COURT |
| Plaintiffs, | |
| v. | HARRIS COUNTY, TEXAS |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, AND MARSH USA INC. | 157th JUDICIAL DISTRICT |
| Defendants | |

NOTICE OF ORAL AND VIDEOTAPED DEPOSITION AND REQUEST FOR
DOCUMENTS OF THE DESIGNATED CORPORATE REPRESENTATIVE(S) OF
F.A. RICHARD & ASSOCIATES, INC. ("FARA")

TO:   F.A. Richard & Associates, Inc.
      through its attorneys of record,
      Mark C. Clemer
      James D. Johnson
      Brown Sims, P.C.
      1177 West Loop South
      Tenth Floor
      Houston, Texas 77027

-And-

      Randell E. Treadaway
      Brad D. Ferrand
      Michelle O'Daniels
      Zaunbrecher Treadaway, LLC
      406 N. Florida Street, Suite 2
      Covington, Louisiana 70443

I.

**PLEASE TAKE NOTICE** that, pursuant to Texas Rule of Civil Procedure 199.2(b)(1) and

199.2(b)(5), Denbury Resources Inc. and Denbury Onshore, LLC, will take the oral and videotaped

Certified Document Number: 67238729 - Page 1 of 20

Exhibit "Q"

deposition of the designated Corporate Representative of F.A. Richard & Associates, Inc. ("FARA"), on **October 21, 2015**, commencing at **1:00 p.m.** at the law offices of Pillsbury Winthrop Shaw Pittman, LLP, 1540 Broadway Avenue, New York, New York 10036, by agreement of the parties.

## II.

FARA's designee(s) is further directed to produce responsive documents to the requests listed in *Exhibit "A"* within thirty (30) days of service of this notice.

## III.

The deposition will continue from day to day until completed.

## IV.

The deposition will be recorded stenographically and on videotape. The stenographic and video recordings will be conducted by Kay E. Donelly & Associates.

Respectfully submitted,

PHILIP D. NIZIALEK, T.A. (#15045250)
SARAH E. STOGNER (#24091139)
JACQUELINE M. BRETTNER (*pro hac vice*)
Carver, Darden, Koretzky, Tessier, Finn,
Blossman, & Areaux, L.L.C.
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3800
Facsimile: (504) 585-3801
Email: nizialek@carverdarden.com
        stogner@carverdarden.com
        brettner@carverdarden.com
*Counsel for Plaintiffs*

Certified Document Number: 67238729 - Page 2 of 20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Denbury's Notice of Oral and Videotaped Deposition of Corporate Representative(s) of F.A. Richard & Associates, Inc. has been served on the following:

Mr. Randell E. Treadaway
Ms. Michelle O'Daniels
Mr. Brad D. Ferrand
*Zaunbrecher Treadaway, LLC*
406 N. Florida Street, Suite 2
Covington, LA 70433
randy@ztlalaw.com
modlegal@gmail.com
brad@ztlalaw.com

Mr. Christopher C. Frost
Mr. Michael Mulvaney
Mr. Joshua B. Baker
*Maynard, Cooper, Gale*
1901 Sixth Avenue, Suite 2400
Birmingham, AL 35203
cfrost@maynardcooper.com
mmulvaney@mayndardcooper.com
jbaker@maynardcooper.com

Mr. Michael Knippen
Mr. David Rock
Mr. James M. Eastham
*Traub Lieberman Straus &*
*Shrewsberry, LLP*
303 West Madison St., Ste. 1200
Chicago, IL 60606
mknippen@traublieberman.com
jeastham@traublieberman.com
drock@traublieberman.com

Mr. Mark C. Clemer
Mr. James Johnson
*Brown Sims*
1177 West Loop South, 10th Floor
Houston, Texas 77027
mclemer@brownsims.com
jjohnson@brownsims.com

Ms. Mindy Riseden
Mr. Henry Kollenberg
*Crain, Caton & James*
Five Houston Center
1401 McKinney Street, Suite 1700
Houston, TX 77010
mriseden@craincaton.com
hkollenberg@craincaton.com

Mr. Marc J. Wojciechowski
*Wojciechowski & Associates, PC*
17447 Kuykendahl Rd. Ste. 200
Spring, Texas 77379
marc@wojolaw.com

via U.S. Mail and/or electronic service on September 3, 2015 at or before 5:00 p.m., and the electronic transmission was reported as complete.

PHILIP D. NIZIALEK

Certified Document Number: 67238729 - Page 3 of 20

Certified Document Number: 67238729 - Page 4 of 20

## EXHIBIT "A"

### I. Instructions

1.    You are requested to produce all documents electronically. Pursuant to Rule 196.4, You are requested to produce electronic data responsive to these Requests in tiff or pdf searchable format, including e-mail.

2.    Answer each request for documents separately by listing the documents and including in each response information that identifies the document and its bates number.

3.    For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

   a.    When identifying the document, you must state the following:

      i.    The nature of the document (e.g. letter, handwritten note).

      ii.    The title or heading that appears on the document.

      iii.    The date of the document and the date of each addendum, supplement, or other addition or change.

      iv.    The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

   b.    When identifying the Person, you must state the following:

      i.    The full name.

Certified Document Number: 67238729 - Page 5 of 20

ii. The present or last known residential address and telephone number.

iii. The present or last known office address and telephone number.

iv. The present occupation, job title, employer, and employer's address.

4. If You claim all or part of any responsive document or communication is privileged, then You are requested to provide the appropriate information regarding such assertion of privilege, as set forth in Tex. R. Civ. P. § 193.3.

## II. Definitions

a. "FARA," "You" and "Your", as used herein, shall refer to F.A. Richard & Associates, Inc. and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

b. "Marsh" shall refer to Marsh USA, Inc. and shall include, without limitation, any and all of its parents, subsidiaries, employees, agents, broker, and attorneys.

c. "Zurich" shall refer to Zurich American Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

d. "AGLIC" shall refer to American Guarantee & Liability Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

e. "Alterra" shall refer to Alterra Excess & Surplus Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

f. "Axis" shall refer to Axis Surplus Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

g. "Denbury" shall refer to Denbury Resources Inc. and Denbury Onshore, LLC, or any other Denbury entity for which Marsh procured insurance.

h. "Ironshore" shall refer to Ironshore Specialty Insurance Company, and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

i. "CGL Policy" shall refer to the commercial general liability policy number 9242578-00, issued to Denbury by Zurich American Insurance Company, with the effective dates of April 1, 2013 to April 1, 2014.

j. "Umbrella Policy" shall refer to policy number AUC 924673-00, issued to Denbury by AGLIC, with effective dates of April 1, 2013 to April 1, 2014.

k. "Ironshore Policy" shall refer to policy number 000988602, issued to Denbury by Ironshore, with the effective dates of April 1, 2013 to April 1, 2014.

l. "Alterra Policy" shall refer to policy number MAX6XL0000443, issued to Denbury Alterra, with the effective dates of April 1, 2013 to April 1, 2014.

m. "Axis Policy" shall refer to policy number EAU766369/01/2013, issued to Denbury by Axis, with the effective dates of April 1, 2013 to April 1, 2014.

n. "Policies" shall collectively refer to the CGL Policy, the Umbrella Policy, the Ironshore Policy, the Alterra Policy and the Axis Policy, as defined above, and shall include any and all policy registers, policy logs, schedules, forms, and endorsements.

Certified Document Number: 67238729 - Page 6 of 20

o.     "Other Insurance" shall mean any other insurance policy issued to Denbury other than the Policies.

p.     "Litigation" shall mean *Denbury Resources Inc. et al v. Ironshore Specialty Ins. Co., et al.* Case No. 2015-09546 currently pending in the 157th Judicial District Court in Harris County, Texas.

q.     "Delhi Incident" shall mean the control of well and pollution incident commencing on or about June 13, 2013 in the Delhi Field Unit located in the state of Louisiana.

r.     "Denbury's Claim" shall mean all insurance claims, notices, demands for defense, indemnity, or any other claim for insurance coverage related to the Delhi Incident.

s.     "Blended Pollution Endorsement" shall refer to endorsements bearing the form number U-UMB-200-A CW (7/99) and/or form number U-EXS-200-A-CW (4/99) that were included in and made a part of the Umbrella Policy.

t.     "Insurers" shall collectively refer to Zurich American Insurance Company, American Guarantee & Liability Insurance Company, Ironshore Specialty Insurance Company, Alterra Excess & Surplus Insurance Company, and Axis Surplus Insurance Company.

u.     "Underwriting" or "Underwrites" shall mean the process of determining the acceptability of a particular submission for insurance through evaluation and analysis of the nature and extent of the risk presented, and of determining the amount, price, and conditions under which the submission is acceptable. Underwriting and Underwrites shall further mean the process of drafting an insurance policy to cover the accepted submission.

v.     "Submission" shall mean a proposal for insurance, including but not limited to an application, submitted for Underwriting.

w. "Adjusting" or "Adjust" or "Adjustment" shall mean administration, handling, evaluation, analysis, investigation, review, quantification, interpretation, verification, expert consultation, negotiation, or assessment of coverage, damages, quantum, exclusions, warranties, or conditions related to any Claim by any Person, including but not limited to third party administrators.

x. "On-Lease" shall refer to any surface location covered by a mineral lease where an Energy Market policyholder is a lessee.

y. "Claim" shall mean demand to recover, under a policy of insurance, for loss that may come within the coverage provided by that policy, including but not limited to demands for defense, demands for indemnity, or any other request for insurance coverage under any insurance policy. "Claim" shall also refer tothe meaning of "claim" contemplated by Texas Insurance Code § 542.051.

z. "Claims Adjuster" shall mean any Person who performs Adjusting of a Claim, and includes Your employees and the employees of any third parties performing Adjusting of a Claim for You .

aa. "Reserve" shall mean an estimate of the value of a Claim or group of Claims not yet paid, including but not limited to an estimate of the amount for which a particular Claim will ultimately be settled or adjudicated.

bb. "Reinsurance" shall mean a transaction in which one party, the "reinsurer," in consideration of a premium paid to it, agrees to indemnify another party, the "reinsured," for part or all of the liability assumed by the reinsured under a policy of insurance that it has issued.

cc. "Energy Market" shall mean Your policyholders or potential policyholders engaged in oil, gas, and petroleum exploration and production operations.

Certified Document Number: 67238729 - Page 8 of 20

dd.     "Good Faith and Fair Dealing" shall mean the duties imposed by Texas Insurance Code Chapters 541 and 542.

ee.     "Original Proof of Loss" shall refer to Denbury's October 14, 2014 correspondence addressed to Ironshore's attorney, Randell E. Treadaway, and all accompanying attachments thereto including Denbury's Sworn Proof of Loss to AGLIC executed September 29, 2014, Zurich's October 6, 2014 correspondence to Denbury tendering payment of its $25 million policy limits, and Denbury's Sworn Proof of Loss to Ironshore executed October 14, 2014.

ff.     "Roberts Litigation" shall refer to the lawsuit captioned *Sunflower Cemetery, Inc., et al. v. Denbury Onshore, LLC, et al.*, identified with Civil Action No. 43629A, pending in the 5th Judicial District Court for the Parish of Franklin, Louisiana.

gg.     "Voluntary Payment Clause" shall refer to the provision in Ironshore's Policy that states "The Insured shall not, except at its own expense, settle any claim or suit or incur any defense costs for any an amount to which this Policy applies without the Insurer's written consent."

hh.     "Updated Proof of Loss" shall refer to Denbury's February 27, 2015 correspondence addressed to Ironshore's attorney, Randell E. Treadaway, and all accompanying attachments thereto including Denbury's updated Sworn Proof of Loss to Ironshore executed February 27, 2015.

ii.     "Owned, Rented, or Occupied Exclusion" shall refer to the provision within the Blended Pollution Endorsement of the Umbrella Policy stating "Clean up, removal, containment, treatment, detoxification or neutralization of "pollutants" existing at, or under or within the boundaries of any premises, site or location owned, rented or occupied by any insured."

Certified Document Number: 67238729 - Page 9 of 20

jj.     "ANR" shall refer to ANR Pipeline Company, and shall include, without limitation, any and all of its parents, subsidiaries, employees, agents and attorneys.

kk.     "ANR Initial Costs Settlement" shall refer to the Agreement between ANR and Denbury dated December 11, 2013 and identified as DRI-SD-5525-5534.

ll.     "ANR Cut and Cap Settlement" shall refer to the Agreement between ANR and Denbury dated September 25, 2013 and identified as DRI-SD-5535-5545.

mm.     "ANR Tariff Settlement" shall refer to shall refer to the Agreement between ANR and Denbury dated February 9, 2015 and identified as DRI-SD-5717-5726.

nn.     "Loutre Land Settlement" shall refer to the Agreement between Loutre Land and Timber Company and Denbury dated June 3, 2014 and identified as DRI-SD-5593-5612.

oo.     "Impacted Areas" shall refer to any premises, site or location with any discharge, dispersal, seepage, migration, release or escape of any man-made or naturally occurring solid, liquid, gaseous or thermal irritant or contaminant, including but not limited to: smoke; vapor; soot; fumes; acids; alkalis; chemicals; and waste.

pp.     "Communications" shall mean the transmission, sending, and/or receipt of information of any kind by and/or through any means, whether face-to-face or otherwise, including, but not limited to, speech, writings, language (machine, foreign, or otherwise), or recording.

qq.     "Document" means all written, typed, or printed matter and all electronic, magnetic, digital, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you. "Document" includes, but is not limited to, the

Certified Document Number: 67238729 - Page 10 of 20

following: Communications, policies, schedules, calendars, spreadsheets, letters, reports, charts, diagrams, correspondence, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, intraoffice communications, e-mail, voicemail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, recordings, computer printouts, drafts, résumés, logs, and worksheets.

rr.   "Electronic" or "magnetic" data means electronic or digital information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, thumb drive), microfiche, or punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

Certified Document Number: 67238729 - Page 11 of 20

ss.   "E-mail" or "Electronic Mail" shall mean any method of electronic messaging, including any text message and instant-messaging method or service.

tt.   The term "each" includes the word "every" and "every" includes the word "each."

uu.   The term "and" includes the word "or" and "or" includes the word "and."

vv.   The term "including" shall be construed as broadly as possible and shall mean "without limitation."

ww.   "Person" shall mean any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, governmental agency, or any other organization, business, or legal entity, and all predecessors or successors in interest.

xx.   The phrase "related to or discussing," as used herein, shall mean all information and all facts and/or Documents that directly, indirectly or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which a request is being made.

## DOCUMENTS

1.   A copy of deponent's current résumé or curriculum vitae;

2.   A copy of deponent's current driver's license or government-issued photo identification;

3.   A copy of each and every document reviewed in preparation for Your testimony at the scheduled deposition;

4.   All Documents responsive to Denbury's First and Second Sets of Requests for Production served on May 18, 2015 and August 5, 2015; and

5.   All Documents related to or discussing the Examination Topics listed below.

## EXAMINATION TOPICS

1.   Denbury.

2.   Denbury's operations.

Certified Document Number: 67238729 - Page 12 of 20

3. The risks presented by Denbury's operations.

4. The Delhi Incident.

5. The Policies.

6. Reserves under the Policies.

7. The Blended Pollution Endorsement.

8. The case *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010).

9. The case *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013).

10. The case *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014).

11. FARA's application of the *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010) decision to the Ironshore Policy.

12. FARA's application of the *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010) decision to Other Liability Policies.

13. FARA's application of the *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013) decision to the Ironshore Policy.

14. FARA's application of the *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013) decision to Other Liability Policies.

15. FARA's application of the *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) decision to the Ironshore Policy.

16. FARA's application of the *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) decision to the Other Liability Policies.

17. FARA's relationship with Denbury's Insurers.

18. FARA's Communications with Denbury's Insurers.

19. FARA's review of any Adjustment of Denbury's Claim.

20. Ironshore's relationship with Marsh.

21. Ironshore's Communications with Marsh.

22. FARA's relationship with Marsh.

Certified Document Number: 67238729 - Page 14 of 20

23. FARA's Communications with Marsh.

24. Ironshore's relationship with Denbury.

25. Ironshore's Communications with Denbury.

26. FARA's relationship with Denbury.

27. FARA's Communications with Denbury.

28. All Documents exchanged between Ironshore and any Person related to Denbury.

29. All Documents exchanged between Ironshore and any Person related to Denbury's Claim.

30. All Documents exchanged between Ironshore and any Person related to the Delhi Incident.

31. All Documents exchanged between Ironshore and any Person related to the Policies.

32. All Documents exchanged between Ironshore and any Person related to the Litigation.

33. All Documents exchanged between FARA and any Person related to Denbury.

34. All Documents exchanged between FARA and any Person related to Denbury's Claim.

35. All Documents exchanged between FARA and any Person related to the Delhi Incident.

36. All Documents exchanged between FARA and any Person related to the Policies.

37. All Documents exchanged between FARA and any Person related to the Litigation.

38. FARA's communications with Ironshore regarding the Underwriting of the Umbrella Policy.

39. Ironshore's understanding of Blended Pollution Endorsement Form U-UMB-200-A CW (7/99).

40. Ironshore's understanding of Blended Pollution Endorsement Form U-EXS-200-A-CW (4/99).

41. FARA's understanding of AGLIC's Underwriting of the Umbrella Policy.

42. FARA's understanding of Blended Pollution Endorsement Form U-UMB-200-A CW (7/99).

43. FARA's understanding of Blended Pollution Endorsement Form U-EXS-200-A-CW (4/99).

44. Ironshore's direction of the Adjustment of Claims under its liability policies.

45. Ironshore's direction of the Adjustment of Denbury's Claim.

46. Ironshore's Adjustment of Claims under its liability policies.

47. Ironshore's Adjustment of Denbury's Claim.

48. FARA's Adjustment of Claims under Other Liability Policies.

49. FARA's Adjustment of Denbury's Claim.

50. Ironshore's review of any Submission for the Policies.

51. FARA's review of any Submission for the Policies.

52. Ironshore's Reinsurance of Energy Market risks.

53. Ironshore's Reinsurance of the Ironshore Policy.

54. Ironshore's selection of Claims Adjusters.

55. Ironshore's training of Claims Adjusters.

56. Ironshore's selection of Claims Adjusters for Denbury's Claim.

57. FARA's selection of Claims Adjusters.

58. FARA's training of Claims Adjusters.

59. FARA's selection of Claims Adjusters for Denbury's Claim.

60. Ironshore's denial of Denbury's Claim.

61. FARA's recommendations to Ironshore relating to or discussing Denbury's Claim.

62. Ironshore's employment of FARA relative to Denbury's Claim.

63. Denbury's Original Proof of Loss.

64. Denbury's Updated Proof of Loss.

65. Ironshore's evaluation of Denbury's Original Proof of Loss.

66. Ironshore's evaluation of Denbury's Updated Proof of Loss.

67. FARA's evaluation of Denbury's Original Proof of Loss.

68. FARA's evaluation of Denbury's Updated Proof of Loss.

69. The Roberts Litigation.

70. Ironshore's evaluation of the Roberts Litigation.

71. Ironshore's decision to deny Denbury defense and indemnity for the Roberts Litigation.

72. The ANR Initial Costs Settlement.

73. Ironshore's evaluation of the ANR Initial Costs Settlement.

74. Ironshore's determination that AGLIC's payment of the ANR Initial Costs Settlement does not erode the limits of the Umbrella Policy.

75. The ANR Cut and Cap Settlement.

76. Ironshore's evaluation of the ANR Cut and Cap Settlement.

77. Ironshore's determination that AGLIC's payment of the ANR Cut and Cap Settlement does not erode the limits of the Umbrella Policy.

78. The ANR Tariff Settlement.

79. Ironshore's evaluation of the ANR Tariff Settlement.

80. Ironshore's decision to deny coverage for the ANR Tariff Settlement.

81. FARA's Adjustment of On-Lease costs claimed by other Energy Market policyholders against Other Liability Policies.

82. FARA's Adjustment of On-Lease costs in Denbury's Claim.

83. All Documents relied upon by FARA in its Adjustment of Denbury's Claim.

84. All Persons consulted by FARA in its Adjustment of Denbury's Claim.

85. The Loutre Land Settlement.

86. Ironshore's evaluation of the Loutre Land Settlement.

Certified Document Number: 67238729 - Page 17 of 20

87. Ironshore's determination that AGLIC's payment of the Loutre Land Settlement does not erode the limits of Umbrella Policy.

88. The Impacted Areas related to the Delhi Incident.

89. Ironshore's notice of Denbury's Claim.

90. Ironshore's notice of AGLIC's tender of the policy limits of the Umbrella Policy.

91. The costs Denbury incurred as a result of the Delhi Incident.

92. Ironshore's efforts to communicate with AGLIC regarding Denbury's Claim.

93. Ironshore's efforts to communicate with AGLIC regarding the Delhi Incident.

94. FARA's efforts to communicate with AGLIC regarding Denbury's Claim.

95. FARA's efforts to communicate with AGLIC regarding the Delhi Incident.

96. All Documents Denbury produced in support of Denbury's Claim.

97. Ironshore's requests for information to Denbury.

98. FARA's requests for information to Denbury.

99. FARA's understanding of the status of Denbury's Claim against the Policies.

100. Ironshore's Communications with any Person regarding Denbury's Claim.

101. Ironshore's Communications with any Person regarding the Delhi Incident.

102. FARA's Communications with any Person regarding Denbury's Claim.

103. FARA's Communications with any Person regarding the Delhi Incident.

104. Ironshore's affirmative defenses in this Litigation.

105. Ironshore's objections and responses to discovery requests in this Litigation.

106. Factual bases for all FARA objections and responses to this Notice.

107. Ironshore's Reserves for Denbury's Claim.

108. Ironshore's marketing of the Ironshore Policy forms to the Energy Market.

109. Ironshore's documentation of Claims.

110. FARA's documentation of Claims.

111. FARA's documentation of Denbury's Claim.

112. Ironshore's obligations as an Insurer under Texas law.

113. FARA's duties under Texas law.

114. Texas requirements for third-party administrators.

115. Federal requirements for third-party administrators.

116. Ironshore's reporting of complaints under Tex. Ins. Code Sec. 542.006 *et seq.* over the last five years.

117. Ironshore's compliance with Texas Ins. Code Sec. 542.005 – 542.012 over the last five years.

118. All complaints filed against Ironshore under Texas Ins. Code Sec. 542.005 over the last five years.

119. All complaints filed against other insurers under Texas Ins. Code Sec. 542.005 relating to or discussing FARA's Adjustment of a Claim over the last five years.

120. All petitions filed against Ironshore in any Texas state or federal court by an Energy Market policyholder within the last five years.

121. All petitions filed by Ironshore in any Texas state or federal court against an Energy Market policyholder within the last five years.

122. All petitions filed against Ironshore in any Louisiana state or federal court by an Energy Market policyholder within the last five years.

123. All petitions filed by Ironshore in any Louisiana state or federal court against an Energy Market policyholder within the last five years.

124. All petitions filed against FARA in any Texas state or federal court by an Energy Market policyholder within the last five years.

125. All petitions filed against FARA in any Louisiana state or federal court by an Energy Market policyholder within the last five years.

126. Ironshore's payments to FARA.

127. FARA's invoices to Ironshore.

128. Ironshore's payments to any Person related to the Policies.

129. FARA's payments from any Person related to the Policies.

130. FARA's payments to any Person related to the Policies.

131. Any agreements between Ironshore and any Person related to Denbury's Claim.

132. Any agreements between Ironshore and any Person related to the Litigation.

133. Any agreements between Ironshore and any Person related to the Delhi Incident.

134. Any insurance policy that may defend or indemnify Ironshore in the Litigation.

135. Any agreements between FARA and any Person related to Denbury's Claim.

136. Any agreements between FARA and any Person related to the Litigation.

137. Any agreements between FARA and any Person related to the Delhi Incident.

138. Any insurance policy that may defend or indemnify FARA in the Litigation.

139. Denbury's termination of Marsh.

140. Ironshore's performance of its obligations as an insurer under Texas law.

141. Ironshore's performance of its obligations to Denbury.

142. Ironshore's organizational structure.

143. FARA's organizational structure.

144. The identity of all Ironshore employees with knowledge of the Ironshore Policy.

145. The identity of all Ironshore employees with knowledge of Denbury's Claim.

146. The identity of all Ironshore employees with knowledge of the Delhi Incident.

147. The identity of all Ironshore employees with knowledge of the Litigation.

148. The identity of all FARA employees with knowledge of the Ironshore Policy.

149. The identity of all FARA employees with knowledge of Denbury's Claim.

150. The identity of all FARA employees with knowledge of the Delhi Incident.

Certified Document Number: 67238729 - Page 19 of 20

151.    The identity of all FARA employees with knowledge of the Litigation.

152.    Denbury's written discovery requests in this Litigation.

153.    Ironshore's initial disclosures in this Litigation.

154.    All Documents responsive to each and every written discovery request Denbury has served on Ironshore in this Litigation.

4848-2916-8424, v. 1

Certified Document Number: 67238729 - Page 20 of 20



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 22, 2015

Certified Document Number:      67238729

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

CAUSE NO. 2015-09546

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and | § | IN THE DISTRICT COURT |
| DENBURY ONSHORE, LLC | § | |
| | § | |
| *Plaintiffs* | § | |
| VS. | § | 157th JUDICIAL DISTRICT |
| | § | |
| IRONSHORE SPECIALTY INSURANCE | § | |
| COMPANY, ALTERRA EXCESS & | § | |
| SURPLUS INSURANCE COMPANY, | § | |
| AXIS SURPLUS INSURANCE | § | HARRIS COUNTY, TEXAS |
| COMPANY, and MARSH USA INC. | § | |
| | § | |
| *Defendants* | § | |

**DEFENDANT IRONSHORE SPECIALTY INSURANCE COMPANY AND NON-PARTY DEPONENTS F.A. RICHARD & ASSOCIATES, INC., SANFORD OSTER, LEE SHERIDAN AND THOMAS DEVINE'S RESPONSE TO PLAINTIFFS' REQUESTS FOR DOCUMENTS CONTAINED IN NOTICES OF DEPOSITION**

To:    Denbury Resources Inc. and Denbury Onshore, LLC by and through their counsel of record, Philip D. Nizialek, T.A.; Sarah E. Stogner; and Jacqueline M. Brettner, CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC, 1100 Poydras St., Suite 3100, New Orleans, LA 70163.

COMES NOW, Defendant, Ironshore Specialty Insurance Company (hereinafter "Defendant" or "Ironshore"), and Non-Party Deponents, F.A. Richard & Associates, Inc. (hereinafter "FARA"), Sanford Oster, Lee Sheridan and Thomas Devine, appearing by and through the assistance of undersigned counsel of record, and pursuant to Rules 193 and 196 of the Texas Rules of Civil Procedure serve their Objections and Responses to Plaintiffs Denbury Resources Inc. and Denbury Onshore, LLC's (hereinafter collectively "Denbury" or "Plaintiffs") Request for Documents contained in the notices of oral and videotaped deposition and request for documents of the designated corporate representative(s) of Ironshore and FARA, and contained in the notices of oral and videotaped fact deposition of Sanford Oster, Lee Sheridan and Thomas Devine.

Certified Document Number: 67238730 - Page 1 of 15

Exhibit "R"

Respectfully submitted,

**BROWN SIMS, P.C.**

By: *s/Randell E. Treadaway*
Mark C. Clemer
Texas Bar No. 04372300
James D. "J.D." Johnson
Texas Bar No. 24085918
Michelle Richard
Texas Bar No. 24093037
Tenth Floor
1177 West Loop South
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
mclemer@brownsims.com
jjohnson@brownsims.com
mrichard@brownsims.com

and

Randell E. Treadaway (admitted *pro hac vice*)
LA Bar No. 01624
Brad D. Ferrand (admitted *pro hac vice*)
LA Bar No. 29860
ZAUNBRECHER TREADAWAY, L.L.C.
406 N. Florida Street, Suite 2
Covington, Louisiana 70433-2907
Telephone: (985) 871-8787
Telefax: (985) 871-8788
randy@ztlalaw.com
brad@ztlalaw.com

**COUNSEL FOR DEFENDANT IRONSHORE SPECIALTY INSURANCE COMPANY**

2

Certified Document Number: 67238730 - Page 2 of 15

Certified Document Number: 67238730 - Page 3 of 15

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing pleading has been sent to all counsel of record via e-mail on this the 24th day of September, 2015:

Phillip D. Nizialek, T.A.
Sarah E. Stogner
Jacqueline M. Brettner
CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras St., Ste. 3100
New Orleans, LA 70163
Phone: (504) 585-3800
Fax: (504) 585-3801
nizialek@carverdarden.com
stogner@carverdarden.com
brettner@carverdarden.com
*Counsel for Plaintiffs*

Michael S. Knippen
Kimberly H. Petrina
David Rock
James M. Eastham
TRAUB, LIEBERMAN, STRAUS & SHREWSBERRY, LLP
303 W. Madison, Suite 1200
Chicago, Illinois 60606
Phone: (312) 332-3900
Fax: (312) 332-3908
mknippen@traublieberman.com
kpetrina@traublieberman.com
drock@traublieberman.com
jeastham@traublieberman.com
*Counsel for Defendant Axis Surplus Insurance Company*

C. Henry Kollenberg
Melinda M. Riseden
CRAIN, CATON & JAMES, P.C.
1401 McKinney Street
17th Floor, Five Houston Center
Houston, Texas 77010
Phone: (713) 658-2323
Fax: (713) 658-1921
hkollenberg@craincaton.com
mriseden@craincaton.com
*Counsel for Defendant Marsh USA, Inc.*

Marc J. Wojciechowski
WOJCIECHOWSKI & ASSOCIATES, P.C.
1747 Kuykendahl Road, Suite 200
Spring, Texas 77379
Phone: (281) 999-7774
Fax: (281) 999-1953
marc@wojolaw.com
          and
Michael D. Mulvaney
Christopher C. Frost
Josh B. Baker
MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
Fax: (205) 254-1999
mmulvaney@maynardcooper.com
cfrost@maynardcooper.com
jbaker@maynardcooper.com
*Counsel for Defendant Alterra Excess & Surplus Insurance Company*

*s/Randell E. Treadaway*

Certified Document Number: 67238730 - Page 4 of 15

## GLOBAL OBJECTIONS

1. Defendant and Non-Party Deponents object to the extent that any request may be construed as calling for documents subject to a claim of privilege or other protective doctrine, including without limitation the attorney-client privilege and the work product exception, and all responses and production shall exclude any such privileged or protected information and documentation. It is not Defendant's intention to waive any privileges, and to the extent any privileged or protected document or information is produced, that production is inadvertent.

2. Defendant and Non-Party Deponents object to the extent that any request is unreasonably cumulative and duplicative of other discovery requests propounded against Defendant.

3. Defendant and Non-Party Deponents object to the discovery requests as harassing to the extent that requests are unreasonably cumulative and duplicative of other discovery requests propounded to Defendant.

4. The objections and responses provided below are made subject to and without waiving the foregoing Objections.

## DOCUMENT REQUEST NO. 1:

A copy of deponent's current resume or curriculum vitae.

**RESPONSE:**

Copies of the current resume or curriculum vitae of Sanford Oster, Lee Sheridan, Shabbir Bengali and Thomas Devine are attached hereto.

## DOCUMENT REQUEST NO. 2:

A copy of deponent's current driver's license or government-issued photo identification.

**RESPONSE:**

Copies of the current driver's license or government-issued photo identification of Sanford Oster, Lee Sheridan, Shabbir Bengali and Thomas Devine are attached hereto.

5

Certified Document Number: 67238730 - Page 5 of 15

## DOCUMENT REQUEST NO. 3:

A copy of each and every document reviewed in preparation for Your testimony at the scheduled deposition.

**RESPONSE:**

Ironshore and the Non-Party Deponents object to this request as premature as they have not yet reviewed any documents in preparation for their testimony, which is scheduled to begin the week of October 20, 2015. This response will be supplemented if and when the deponents review any documents in preparation for their deposition testimony.

## DOCUMENT REQUEST NO. 4:

All Documents responsive to Denbury's First and Second sets of Requests for Production served on May 18, 2015 and August 5, 2015.

**RESPONSE:**

Ironshore and the Non-Party Deponents object to this request for the reasons set forth in Ironshore's motions for protective order, which are set for hearing on October 2, 2015. Without waiving said objections, all non-privileged documents, and documents to which there is no objection, have been produced by Ironshore in response to Denbury's First and Second sets of Requests for Production served on May 18, 2015 and August 5, 2015.

## DOCUMENT REQUEST NO. 5:

All documents responsive to the Examination Topics listed below.

**RESPONSE:**

Ironshore and the Non-Party Deponents object to this request for the reasons set forth in Ironshore's motions for protective order, which are set for hearing on October 2, 2015. Without waiving said objections, all non-privileged documents and documents responsive

Certified Document Number: 67238730 - Page 6 of 15

to the Examination Topics listed in the notices of deposition of Ironshore and the Non-Party Deponents have been produced by Ironshore in response to Denbury's First and Second sets of Requests for Production served on May 18, 2015 and August 5, 2015.

Certified Document Number: 67238730 - Page 7 of 15

# Shabbir Bengali Esq., CPCU

19 Bogart Drive ▪ Bridgewater, NJ 08807

(H) 908-393-6148 (W) 609-610-1080 (C) 973-432-8777 ▪ Sbengali@verizon.net

## Profile

Attorney with expertise in insurance law, including insurance defense, coverage, process, and claims with respect to standard General Liability, Commercial Auto, Pollution Liability and Medical Malpractice claims. Managed environmental claims unit which dealt with investigation and resolution of complex CGL, CA, GL and PL claims. Excellent analytical skills and ability to handle difficult situations effectively. Licensed to practice law in NY and NJ. Professional Chartered Property Casualty Underwriter.

## Experience

**FARA insurance Services, Princeton, NJ**
*Unit Manager*, January 2011 to Present
- Unit Manager of Environmental Claims Unit
- Handled complex General Liability claims including construction defect, commercial auto, environmental, security and fire suppression claims
- Granted settlement and reserve authority, reviewed coverage letters, audited files, and monitored trials.
- Received outstanding performance reviews.

**Everest National Insurance Company**, Liberty Corner, NJ
*Claims Manager*, January 2006– January 2011
- Direct all processes related to healthcare professional liability claims. Participate in recruitment and employment matters.
- Independently established and managed claims program within year.
- Interviewed and evaluated candidates, administered performance reviews, granted settlement and reserve authority, reviewed coverage letters, audited files, and monitored trials.
- Recruited representatives to handle daily claims.
- Received outstanding performance reviews.

**American International Group**, New York, NY
*Complex Claims Director*, February 2000–January 2006
- Determined coverage and conducted investigation, evaluation, negotiation, and disposition of complex healthcare professional liability claims.
- Independently resolved numerous medical malpractices cases, including case worth $3 million. Received defense verdicts for all but one.
- Traveled extensively to attend mediations and settlement conferences.
- Obtained outstanding reviews and promotions.

**St Paul Fire & Marine Insurance Company**, New York, NY
*Claims Adjuster II*, November 1996–February 2000
- Determined coverage and conducted investigation, evaluation negotiation, and disposition of premises liability and professional auto and construction claims within General Liability claims unit.
- Traveled throughout New York to investigate and resolve claims.
- Attended numerous mediations and settled cases directly with counsel.
- Received promotion and consistent outstanding performance reviews.

**State Farm Mutual Insurance Comp**, Paramus, NJ
*Claims Representative*, January 1995–November 1996
- Determined coverage and conducted investigation, evaluation, negotiation, and disposition of no-fault auto claims.

## Education

Certified Document Number: 67238730 - Page 8 of 15

AICPCU Curriculum- College of Insurance, New York, NY
*CPCU*, May 2003

Rutgers School of Law, Camden, NJ
*Juris Doctor*, May 1993

Rutgers College- Rutgers University, New Brunswick, NJ
*Bachelor of Arts in Political Science and Economics*, May 1990

## Affiliations

- New York State Bar Association; New York CPCU Society; Sigma Alpha Mu Fraternity
- Adjusters License: Texas, North Carolina, Florida, and New York

Certified Document Number: 67238730 - Page 9 of 15

 Advanced

Home    Profile    Connections    Jobs    Interests

Business Services    Try Premium for free

This is what your profile looks like to Agents in Industry Leading Insurance Lead Provider. Get 50% Off All Leads. Start Now. | Read More Return to your profile



# Tom Devine

1st

Litigation Adjuster

Greater New York City Area | Insurance

| | |
|---|---|
| Previous | Specialty Claims Management, Chubb Insurance, General Accident Insurance Company |
| Education | West Virginia Wesleyan College |

 

**45**
connections

https://www.linkedin.com/pub/tom-devine/28/331/b2a

Contact Info

Background

 Experience

### Senior Litigation Adjuster
Specialty Claims Management

August 2001 – April 2014 (12 years 9 months) | Saddle Brook/Secaucus, New Jersey

I handled litigated and non-litigated claims throughout the United States for National Accounts, Primary and Excess Insurance Companies, Risk Retention Groups, and Self-Insured clients. The types of claims I have handled include premises liability, environmental claims, excess umbrella claims, construction defect, as well as some New York State labor law litigation. Duties included account management, analyzing coverage issues, drafting coverage position letters, monitoring litigation, and preparing Large Loss Advisories. The position also entailed performing legal billing reviews for self insured clients. Attendance at trials and mediations is sometimes required. I am licensed in New York, Texas, and Florida

### Claims Officer/Litigation Examiner
Chubb Insurance

March 1989 – August 2001 (12 years 6 months) | New Providence/Florham Park/ Warren New Jersey

I handled and monitored litigated and non-litigated claims throughout the New Jersey/New York Metropolitan region . The types of claims I handled included general liability, excess/ umbrella, as well as some errors and omissions litigation. The position involved evaluating complex coverage issues, drafting coverage position letters, coordinating file investigations, evaluating liability and, negotiating settlements. My duties also included preparing cases for trial as well as attendance at settlement conferences, mediations, and trials.

### Suit Examiner
General Accident Insurance Company

March 1985 – March 1989 (4 years 1 month) | New York, New York

I Handled litigated general liability and labor law claims in New York, Bronx, Kings, Queens and Richmond Counties. Duties included coordinating file investigations; evaluating liability, and preparing cases for trial. In addition to negotiating settlements, the position entailed attending settlement conferences and monitoring ongoing trials.

 Certifications

**I possess an adjuster's license in New York, Texas, and Florida**



ARE YOUR OFFICE PHONES BUILT FOR BUSINESS?

COMCAST BUSINESS B4B  Find voice solutions for companies of all sizes

People Also Viewed

**Dj White**
Claim Analyst at AmTrust Financial Services, Inc. (AFSI)

**David Pearce**
Assistant Principal at Clark County School District

**Brian Davis**
Firefighter/Paramedic

**Kent Swartzlander**
Battalion Chief at Chester Fire Dept.

**Priscilla Tom**
Sr. Client Representative at Marsh Risk & Insurance Services

**Kevin Williams**
Unit Manager, Auto Liability Major Case at Travelers

**Jeffrey Petway**
Claims Representative at The Best Insurance Recruiting Specialist - State Farm

**Bob Gallucci**
Senior Consultant at Lombard Consulting

**Kirkland McKenzie**
Senior CD Specialist at QBE Insurance

**Paul Eilers**
Assistant Vice President at RLI Insurance Company



This is what your profile looks like to   Connections ⇅

Return to your profile

Top Skills

| 6 | Liability |
|---|---|
| 5 | Claim |
| 3 | Legal Liability |
| 3 | Litigation Management |
| 2 | Claims Management |
| 2 | Professional Liability |
| 2 | Excess |
| 1 | Casualty |
| 1 | Insurance |
|   | Property & Casualty... |

Tom also knows about...

Commercial Lines   Coverage   Environmental   Mediation

Product Liability   Trials   Litigation   Public Liability

Workers Compensation   Insurance Law   Property Damage

Legal Writing   Arbitration

## Education

**West Virginia Wesleyan College**
Bachelor's degree, Political Science and Government

Activities and Societies: DebateTeam

Additional Info

· **Advice for Contacting Tom**

please e-mail me at devine8@optonline.net

Recommendations

Tom, would you like to recommend Tom?
Recommend Tom ➤

Connections                                            All (45)

Pete Fowler                          Sal Bevivino

Certified Document Number: 67238730 - Page 11 of 15

 President, Pete Fowler Construction Services, Inc. and Construction Consultant

 Lead Recruiter/President at Questor Consultants, Inc. and Owner, Questor Consultants, Inc.

Advanced

Home  Profile  Connections  Jobs  Interests

 Florence Gerlitz
Attorney at Haight Brown & Bonesteel LLP

Firmwide Managing Partner, Gordon & Re

This is what your profile looks like to    Connections ⇕

Business Services    Try Premium for free

Return to your profile

 **Shannon Splaine**
Partner at Lincoln Gustafson & Cercos

 **Thomas Young, PE**
Helping Attorneys and Insurance Companies Understand Their Case-Expert Witness /Forensics/Baldrige Quality Award Examiner

 **Sam Hooper**
President, Sam Hooper & Associates, Inc., Multi-Line Claims Adjusters/Private Investigators

 **Ron Lauter**
AV rated Marketing Partner and Litigator at Fredrickson, Mazeika & Grant

 **Steven Lee**
Partner at Quirk and Bakalor, P.C.

 **Jim Glen**
Senior Claim Specialist at Hooper and Associates, Inc.

Previous                                                    Next

## Groups



**Construction Defect Claims & Coverage**
4,184 members
   Join

## Following



**Liberty Mutual Insurance**
Insurance
   Follow

## Schools



**West Virginia Wesleyan College**
Greater Pittsburgh Area
   Follow

Help Center  About  Careers  Advertising  Talent Solutions  Sales Solutions  Small Business  Mobile  Language  Upgrade Your Account
LinkedIn Corporation © 2015   User Agreement  Privacy Policy  Ad Choices  Community Guidelines  Cookie Policy  Copyright Policy  Send Feedback

Certified Document Number: 67238730 - Page 12 of 15

# Sanford Oster

Vice President -Casualty Claims at Ironshore Insurance

sanford.oster@ironshore.com

_____

## Experience

**Vice President Casualty Claims at Ironshore Insurance**
January 2012 - Present (3 years 9 months)

  Oversee Specialty Casualty claims handled by designated third party administrators.

**Claims Officer-Excess Casualty at Liberty International Underwriters**
July 2011 - December 2011 (6 months)

  Six months I'll never get back in my life......

**Vice President-General Liability Claim Manager at Valiant Insurance**
April 2009 - June 2011 (2 years 3 months)

  Valiant Insurance was a start-up Excess and Surplus Lines carrier and the US division of Ariel Holdings based in Bermuda. Duties consist of establishing all claims handling procedures for the general liability department. This task includes preparing formal claim reports for senior management, establishing and implementing claim handling procedures and diary system, creating panel counsel for various venues as well as preparing litigation guidelines. The G/L caseload at present time is predominately construction risk and to a lesser degree, product liability. The position requires close interaction with the underwriting staff in reviewing policy language along with assessing renewal criteria. I regularly attend account meetings presenting Valiant's claim handling philosophy in conjunction with our underwriters.
  _1 recommendation available upon request_

**Vice President at XL Insurance America, Inc**
September 2004 - April 2009 (4 years 8 months)

  Manager of Excess Casualty Claims Group based in New York City responsible for adjusting all US based domestic excess claims. Additionally, this excess group handled European produced coverage underwritten on the Bermuda policy form. Responsibilities include oversight of the team with respect to coverage analysis, evaluation, reserving and ultimate disposition. As claims manager I am was responsible for review and compilation of all management reports and statistical analysis including presentation(s) to executive claim management and excess underwriting staff. Other responsibilities involve working with underwriters in drafting manuscript policy language and regularly meeting with insured and brokers.

**Claim Director at AIG TECHNICAL SERVICES, INC**
October 1995 - September 2004 (9 years)

  Home office examiner in excess casualty claims department. Responsibilities consisted of handling complex high value claims involving all AIG member companies. These cases involved multi-jurisdictional matters

Certified Document Number: 67238730 - Page 13 of 15

requiring knowledge of various state laws pertaining to coverage analysis, evaluation and settlement. During tenure with AIGTS I was directly responsible for handling cases involving coverage disputes/ Advertising Injury, construction defects, products liability, municipalities and transportation. Due to diversity of jurisdictions and venue I obtained multiple state licenses as an adjuster. Job functions included drafting complex coverage position letters, attending mediations/settlement conferences and monitoring trials. In addition, as a member of the National Accounts group I regularly participated in underwriting and renewal meetings with insured and their risk management staff.

### Senior Claim Representative at Aetna Life and Casualty
March 1993 - October 1995 (2 years 8 months)

Review and manage a multi-line casualty desk of personal lines and commercial general liability files. Responsibilities consisted of investigation through ultimate disposition. General liability files include complex cases involving New York Labor Law and various aspects of contractual indemnification. Additionally, responsible for conducting training classes in technical claims handling and customer service within the claims office. Involved as a member of a select settlement task force during the Aetna- Travelers transition.

### Senior Staff Claim Representative at Allstate Insurance Co
December 1982 - February 1993 (10 years 3 months)

Management of a casualty pending of 250 + files in active litigation. These files consisted of personal auto and homeowner's liability cases primarily venued in Kings County, New York. The caseload was handled through to final disposition, either by a negotiated settlement or jury verdict. Supervised a unit of field investigators responsible for investigating litigated cases.

## Skills & Expertise
**Claims Management**
**Claim**
**Casualty**
**Legal Liability**
**Liability**
**Professional Liability**

## Education
**The Bernard Baruch College of the City University of New York**
Bachelor of Business Administration, Marketing Management, 1974 - 1979

Certified Document Number: 67238730 - Page 14 of 15

Certified Document Number: 67238730 - Page 15 of 15

**Lee T. Sheridan**
25 Perridale Court
Babylon, NY 11702
Cell: (917) 566-3020
lee.t.sheridan@gmail.com

**EXPERIENCE:** **STARR COMPANIES, NEW YORK, NY**
**Excess Casualty Claims Manager, April 2013 – April 2015**
Monitored over 500 active excess casualty, property damage and civil rights claims handled by a third party administrator involving municipal entities, mid-sized and multi-national corporations based across the United States and Canada. Directly handled approximately 100 excess casualty and property damage claims with varying limits and attachment points. Analyzed coverage and negotiated settlements in high exposure claims. Worked with Starr's reinsurers in the reporting and updating of claims and renewal of treaties. Reviewed large loss reports for all lines of business to assure quality and accuracy. Vetted defense counsel for inclusion on Starr's excess casualty panel.

**LIBERTY INTERNATIONAL UNDERWRITERS, NEW YORK, NY**
**Complex Claims Specialist, August 2011 – April 2013**
Directed and monitored over 150 claims with varying exposures. Performed in depth coverage evaluation and quickly determined potential exposure of third-party bodily injury, property damage and construction defect claims. Coordinated the defense of claims from the date of loss through the appellate process. Negotiated numerous settlements.

**CHARTIS INSURANCE, NEW YORK, NY**
**Complex Claims Director (Excess Claims Department), May 2008 – August 2011**
**Senior Analyst (Excess Claims Department), May 2006 – 2008**
Directed and monitored up to 150 claims with exposure of $1,000,000 or more. Evaluated coverage and potential exposure of third-party bodily injury and property damage cases occurring in the United States and Europe. Coordinated the defense of high profile cases from the date of loss through the appellate process. Negotiated with plaintiffs' counsel, primary and excess insurance carriers settling multi-million dollar claims.

**STERN & MONTANA, LLP, NEW YORK, NY**
**Associate, December 2003 – May, 2006**
Litigated complex commercial cases from inception through appeal involving premises liability, civil RICO actions and insurance fraud. Tried one case to verdict and second chaired several other trials and litigation efforts. Conducted depositions of and investigated medical providers suspected of fraudulent activities. Drafted arbitration submissions, motions and legal memoranda. Negotiated settlements.

**THE CENTER FOR NEW YORK CITY LAW, NEW YORK, NEW YORK**
**Fellow, August 2002 – October 2003**
Researched and wrote part of a report submitted to the 2003 New York City Charter Revision Commission; researched, summarized and edited judicial and administrative decisions and new legislation for publication in a bi-monthly journal and bi-weekly fax; met with City officials to discuss legal and regulatory developments; composed opinions interpreting New York State and City laws.

**EDUCATION:** **NEW YORK LAW SCHOOL, NEW YORK, NEW YORK**
JD, *cum laude*, 2002
**Honors:** ARTICLES EDITOR, Journal of *Media Law and Policy*;
MEMBER, New York Law School Moot Court Honors Association.

**BINGHAMTON UNIVERSITY, STATE UNIVERSITY OF NEW YORK**
BA, Political Science and Philosophy, 1996
**Honors:** Phi Alpha Sigma Honor Society, Dean's List.

**UNIVERSITY OF REGENSBURG, REGENSBURG, GERMANY**
Certificate in German language, economics and literature, June – August 1996.
**Awards:** DAAD (German Academic Exchange Service) scholarship.



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 22, 2015

Certified Document Number:      67238730

*Chris Daniel*

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

CAUSE NO. 2015-09546

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| VS. | § § | 157th JUDICIAL DISTRICT |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, and MARSH USA INC. | § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants* | § § | |

## AFFIDAVITS IN SUPPORT OF DEFENDANT IRONSHORE SPECIALTY INSURANCE COMPANY'S OBJECTIONS AND PRIVILEGES

To:     Plaintiffs, Denbury Resources Inc. and Denbury Onshore, LLC, by and through their attorneys of record, Philip D. Nizialek, Sarah E. Stogner, and Jacqueline M. Brettner, CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC, 1100 Poydras Street, Suite 3100, New Orleans, LA 70163.

COMES NOW, Defendant Ironshore Specialty Insurance Company and serves its

Affidavits in Support of its Objections and Privileges to Plaintiffs' discovery requests.

Attached hereto are the affidavits of Lee Sheridan and Randell E. Treadaway to be used

as evidentiary support to Defendant Ironshore's Specialty Insurance Company's asserted and

raised objections and privileges to Plaintiffs' discovery requests and all other purposes.

*[Signature block on next page]*

Certified Document Number: 67238731 - Page 1 of 8

Exhibit "S"

Respectfully submitted,

**BROWN SIMS, P.C.**


By: */s/Randell E. Treadawawy*
Mark C. Clemer
Texas Bar No. 04372300
James D. "J.D." Johnson
Texas Bar No. 24085918
Michelle Richard
Texas Bar No. 24093037
Tenth Floor
1177 West Loop South
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
mclemer@brownsims.com
jjohnson@brownsims.com
mrichard@brownsims.com

and

Randell E. Treadaway (admitted *pro hac vice*)
LA Bar No. 01624
Brad D. Ferrand (admitted *pro hac vice*)
LA Bar No. 29860
ZAUNBRECHER TREADAWAY, L.L.C.
406 N. Florida Street, Suite 2
Covington, Louisiana 70433-2907
Telephone: (985) 871-8787
Telefax: (985) 871-8788
randy@ztlalaw.com
brad@ztlalaw.com
**COUNSEL FOR DEFENDANT IRONSHORE
SPECIALTY INSURANCE COMPANY**

Certified Document Number: 67238731 - Page 2 of 8

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing pleading has been sent to all counsel of record via e-mail on this the 25th day of September 2015:

Phillip D. Nizialek, T.A.
Sarah E. Stogner
Jacqueline M. Brettner
CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras St., Ste. 3100
New Orleans, LA 70163
Phone: (504) 585-3800
Fax: (504) 585-3801
nizialek@carverdarden.com
stogner@carverdarden.com
brettner@carverdarden.com
*Counsel for Plaintiffs*

Michael S. Knippen
David Rock
James M. Eastham
Kimberly Hansen Petrina
TRAUB, LIEBERMAN, STRAUS & SHREWSBERRY, LLP
303 W. Madison, Suite 1200
Chicago, Illinois 60606
Phone: (312) 332-3900
Fax: (312) 332-3908
mknippen@traublieberman.com
drock@traublieberman.com
jeastham@traublieberman.com
kpetrina@traublieberman.com
*Counsel for Defendant Axis Surplus Insurance Company*

C. Henry Kollenberg
Melinda M. Riseden
CRAIN, CATON & JAMES, P.C.
1401 McKinney Street
17th Floor, Five Houston Center
Houston, Texas 77010
Phone: (713) 658-2323
Fax: (713) 658-1921
hkollenberg@craincaton.com
mriseden@craincaton.com
*Counsel for Defendant Marsh USA, Inc.*

Certified Document Number: 67238731 - Page 3 of 8

Marc J. Wojciechowski
WOJCIECHOWSKI & ASSOCIATES, P.C.
1747 Kuykendahl Road, Suite 200
Spring, Texas 77379
Phone: (281) 999-7774
Fax: (281) 999-1953
marc@wojolaw.com
        and
Michael D. Mulvaney
Christopher C. Frost
Josh B. Baker
MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
Fax: (205) 254-1999
mmulvaney@maynardcooper.com
cfrost@maynardcooper.com
jbaker@maynardcooper.com
*Counsel for Defendant Alterra Excess & Surplus Insurance Company*

                                        */s/Randell E. Treadaway*
                                        Randell E. Treadaway

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| VS. | § § | 157th JUDICIAL DISTRICT |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, and MARSH USA INC. | § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants* | § | |

## AFFIDAVIT OF LEE T. SHERIDAN

| | |
|---|---|
| STATE OF NEW YORK | § § |
| COUNTY OF NEW YORK | § |

BEFORE ME, the undersigned authority, on this day personally appeared

## LEE T. SHERIDAN

who being duly sworn by me, upon his oath, testified as follows:

1. My name is Lee T. Sheridan. I am Assistant Vice-President of Specialty Casualty Claims at Ironshore Specialty Insurance Company ("Ironshore"). I am over twenty-one (21) years of age, of sound mind, and otherwise competent to make this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

2. I have reviewed Denbury's Second Set of Requests For Production to Ironshore Specialty Insurance Company, including Requests for Production Nos. 7, 8, 14, 15, 16 and 51, which seek documents related to or discussing pollution clean-up Underwriting for the Energy Market; Underwriting for the Ironshore Policy at issue in this litigation; Underwriting of any Ironshore Policy provision that excludes coverage for Denbury's claim; any Submission for insurance under the Policies; documents related to or discussing Ironshore's reinsurance; and all documents related to or discussing how Ironshore underwrites Energy Market insurance for the last 5 years. Responding to these requests, whether through deposition testimony or document production, would require providing proprietary information consisting of trade secrets or confidential research, development, or commercial information. Part of

Certified Document Number: 67238731 - Page 5 of 8

Ironshore's business is underwriting and making insuring and indemnity decisions based on that information. Plaintiffs' requests seek information regarding Ironshore's underwriting files and reinsurance, which implicitly show Ironshore's underwriting process and risk management. Ironshore makes every effort to safeguard and protect its underwriting files and processes from persons outside of Ironshore. If this information were released in this litigation or through any means outside of this litigation, Ironshore would be irreparably harmed in the marketplace by disclosing the information Plaintiffs seek because it would allow competitors to determine the reasoning behind which Ironshore decides to issue certain policies to consumers. This harm substantially outweighs the benefits or relevancy of such disclosure to Plaintiffs.

3. An insurance company's competitive advantage may be preserved by its trade secrets related to underwriting and its risk management through reinsurance.

4. I am familiar with Ironshore's claim policies and procedures involved in the lawsuit above. I am familiar with Ironshore's preparation and use of those materials. Those materials have been developed to provide Ironshore's clients with claims handling services; to identify and prevent insurance fraud; to identify and prevent frivolous litigation; to compete with other claims handling providers in the insurance industry in Texas, across the United States of America, and in other countries outside of the United State of America and to facilitate the handling of insurance claims fairly and accurately. If those materials were disclosed in writing or by word of mouth to Ironshore's competitors, Ironshore's competitive advantage over other insurance companies, adjusting firms, and other third party administrators would be jeopardized. Those materials are the result of Ironshore's experience in handling Texas insurance claims and similar claims outside of Texas.

FURTHER THE AFFIANT SAYETH NOT.

_____
LEE T. SHERIDAN

SUBSCRIBED AND SWORN BEFORE ME on this 25th day of September, 2015, to certify which witness my hand and seal of office.

Adriana V. Di Stefano
Notary Public, State of New York
No. 01DI6270588
Qualified in Suffolk County
Commission Expires 02/23/16

_____
Notary Public, State of New York

2

Certified Document Number: 67238731 - Page 6 of 8

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| VS. | § § | 157th JUDICIAL DISTRICT |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, and MARSH USA INC. | § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants* | § § | |

## AFFIDAVIT OF RANDELL E. TREADAWAY

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

BEFORE ME, on this day, personally came and appeared **RANDELL E. TREADAWAY**, who after being duly sworn by me on his Oath, stated the following:

1.  My name is Randell E. Treadaway. I am over twenty-one (21) years of age, of sound mind, and capable of making this Affidavit. I have personal knowledge of the facts stated in this Affidavit because I am counsel of record representing Ironshore Specialty Insurance Company ("Ironshore"), and said facts are true and correct.

2.  I am a founding member of the law firm Zaunbrecher Treadaway, LLC, and a counsel of record, being admitted *pro hac vice*, for Defendant Ironshore in Cause No. 2015-09546; *Denbury Resources Inc., et al. v. Ironshore Specialty Insurance Company, et al.*; in the 157th Judicial District Court of Harris County, Texas.

3.  In response to Plaintiffs' written discovery, Defendant Ironshore issued a Privilege Log, a Supplemental Privilege Log and an Amended Privilege Log identifying several items it believes to be protected as work product under Texas Rule of Civil Procedure 192.5 and as attorney-client privilege under Texas Rules of Evidence 503. Ironshore believes the items to constitute work product because they contain information regarding material prepared by or mental impressions of counsel for Ironshore developed in anticipation of litigation by or for Ironshore; F.A. Richard & Associates, Inc. ("FARA"), which is Ironshore's Third-Party

Certified Document Number: 67238731 - Page 7 of 8

Admininstrator; or counsel for Ironshore, and they contain mental impressions, opinions, conclusions and/or legal theories.

4.    I have reviewed and am familiar with the definitions of "client," "representative of client," "lawyer," "representative of lawyer," and "confidential" as defined in Rule 503 of the Texas Rules of Evidence. Based on my review of the documents listed in Ironshore's privilege logs, as supplemented and amended, all the documents and correspondence exchanged between Ironshore; FARA, the authorized claims administrator for Ironshore; and Ironshore's attorneys, indicate a lawyer, or representative of lawyer engaging in confidential communications with their client, Ironshore, or representative of Ironshore regarding professional legal services, or a lawyer or representative of a lawyer rendering professional legal services or performing a requested task for Ironshore, or a representative of Ironshore, involving the rendering of legal services.

5.    I have read this affidavit and it is true and correct to the best of my personal knowledge.

Further Affiant sayeth not.

Randell E. Treadaway

SUBSCRIBED AND SWORN TO ME by **Randell E. Treadaway** on this 25th day of September, 2015, to certify which witness my hand and official seal of office.

Notary Public, State of Louisiana

My commission expires:



BRAD D. FERRAND
Notary Public
State of Louisiana
LSBA# 29860, Notary ID# 82462
My Commission Expires At Death

2



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 22, 2015

Certified Document Number:      67238731

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2015-09546

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| VS. | § § | 157th JUDICIAL DISTRICT |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, and MARSH USA INC. | § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants* | § § | |

## IRONSHORE SPECIALTY INSURANCE COMPANY'S
## AMENDED PRIVILEGE LOG

COMES NOW, Defendant Ironshore Specialty Insurance Company (hereinafter "Ironshore" or "Defendant"), pursuant to Rule 193.3 of the Texas Rules of Civil Procedure, and submits the following Amended Privilege Log describing information and/or material withheld from production; the date and a description of the material; and the privilege or privileges asserted:

| Item | FARA BATES | DATE | Description of Document | Privilege |
|---|---|---|---|---|
| 1 | 0001 | 08/04/15 | FARA Invoice to Ironshore | Irrelevant Atty. Client |
| 2 | 0002 - 0018 | 06/30/15 | Correspondence from Defense Counsel to FARA Re: Invoices | Work Product Atty. Client Irrelevant |
| 3 | 0019 | 07/06/15, 07/14/15 | Correspondence between FARA & Ironshore Re: Invoices | Work Product Atty. Client Irrelevant |
| 4 | 0020 - 0024 | 06/24/15, 07/06/15, 07/14/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: FARA file; Defense Counsel Memorandum | Work Product Atty. Client |
| 5 | 0047 - 0048 | 06/24/15 | Defense Counsel Litigation Budget to FARA & Ironshore | Work Product Atty. Client Irrelevant |

1

Exhibit "T"

Certified Document Number: 67238733 - Page 1 of 12

Certified Document Number: 67238733 - Page 2 of 12

| 6 | 0049 - 0050 | 06/24/15, 07/14/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Litigation Budget | Work Product Atty. Client Irrelevant |
| 7 | 0051 - 0069 | 06/24/15 | Legal Memorandum to FARA and Ironshore | Work Product Atty. Client |
| 8 | 0076 - 0184 | Undated | Legal Memorandum prepared by Defense Counsel | Work Product |
| 9 | 0241 - 0242 | 06/24/15, 07/14/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: File Materials; Legal Memorandum | Work Product Atty. Client |
| 10 | 0243 - 0249 | 06/16/15, 07/14/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 11 | 0255 - 0259 | 06/16/15 | Legal Memorandum prepared by Defense Counsel | Work Product |
| 12 | 0260 - 0262 | 06/16/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 13 | 0267 - 0285 | 06/24/15 | Legal Memorandum prepared by Defense Counsel | Work Product Atty. Client |
| 14 | 0308 - 0309 | 06/24/15 | Defense Counsel Litigation Budget | Work Product Atty. Client Irrelevant |
| 15 | 0310 | 06/24/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Exhibits attached to Legal Memorandum | Work Product Atty. Client |
| 16 | 0311 –0329 | 06/24/15 | Legal Memorandum prepared by Defense Counsel | Work Product Atty. Client |
| 17 | 0336 –0444 | Undated | Legal Memorandum prepared by Defense Counsel | Work Product |
| 18 | 0501 - 0505 | 06/16/15, 06/24/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 19 | 0511 - 0515 | 06/16/15 | Legal Memorandum prepared by Defense Counsel | Work Product |
| 20 | 0516 | 06/09/15 | FARA Invoice to Ironshore | Irrelevant Atty. Client |
| 21 | 0517 - 0520 | 05/04/15- 05/06/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Litigation update | Work Product Atty. Client |
| 22 | 0521 - 0523 | 05/08/15 | Legal Memorandum draft prepared by Defense Counsel | Work Product |
| 23 | 0601 - 0621 | 05/11/15 | Defense Counsel Invoice to FARA | Work Product Atty. Client Irrelevant |
| 24 | 0622 - 0623 | 05/27/15 | FARA Invoice to Ironshore | Irrelevant Atty. Client |

2

| | | | | |
|---|---|---|---|---|
| 25 | 0624 - 0660 | 03/09/15, 04/06/15 | Defense Counsel Invoices to FARA | Work Product Atty. Client Irrelevant |
| 26 | 0661 | 05/27/15 | FARA Invoice to Ironshore | Irrelevant Atty. Client |
| 27 | 0662 | 05/22/15 | Proposed Reserves | Irrelevant |
| 28 | 0663 - 0665 | 04/02/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Draft Pleadings | Work Product Atty. Client |
| 29 | 0683 - 0684 | 03/27/15 | Correspondence from Board of Law Examiners, TX Re: Non-resident acknowledgement letter | Irrelevant |
| 30 | 0685 - 0686 | 04/01/15 | Correspondence between Defense Counsel Re: Case Strategy; Draft Pleadings | Work Product |
| 31 | 0694 - 0696 | 04/01/15 | Correspondence between Defense Counsel and Ironshore Re: Case Strategy; Draft Pleadings | Work Product Atty. Client |
| 32 | 0704 - 0706 | 04/01/15 | Correspondence between Defense Counsel and Ironshore Re: Case Strategy; Draft Pleadings | Work Product Atty. Client |
| 33 | 0707 - 0714 | Undated | Draft Pleadings prepared by Defense Counsel | Work Product |
| 34 | 0741 - 0742 | 04/02/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Draft Pleadings | Work Product Atty. Client |
| 35 | 0751 - 0752 | 04/06/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Draft Pleadings; Defense Investigation | Work Product Atty. Client |
| 36 | 0753 - 0755 | 04/06/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Draft Pleadings | Work Product Atty. Client |
| 37 | 0756 - 0768 | Undated | Draft Pleadings prepared by Defense Counsel | Work Product |
| 38 | 0769 - 0771 | 05/04/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 39 | 0773 - 0775 | 03/16/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 40 | 0844 - 0847 | 10/21/14, 10/22/14 | Corresp. between Defense Counsel, FARA & Ironshore Re: Claim Investigation | Work Product Atty. Client |
| 41 | 0866 - 0867 | 03/19/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: File Handling; Pleadings | Work Product Atty. Client |
| 42 | 0958 | 03/09/15, 03/16/15 | Correspondence between Defense Counsel and FARA Re: Invoice | Work Product Atty. Client Irrelevant |
| 43 | 0959 - 0972 | 03/09/15 | Defense Counsel Invoice to FARA | Work Product Atty. Client |

3

| 44 | 0973 - 0974 | 03/10/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Draft Pleadings | Work Product Atty. Client |
| 45 | 0975 - 0980 | Undated | Draft Pleadings prepared by Defense Counsel | Work Product |
| 46 | 0985 - 0986 | 03/10/15 | FARA Invoice to Ironshore | Irrelevant Atty. Client |
| 47 | 0987 - 0989 | 02/27/15, 03/03/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Case Pleadings | Work Product Atty. Client |
| 48 | 1058 - 1061 | 10/21/14, 10/22/14 | Corresp. between Defense Counsel, FARA & Ironshore Re: Claim Investigation | Work Product Atty. Client |
| 49 | 1062 - 1064 | 02/27/15, 02/28/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 50 | 1069 - 1070 | 03/06/15 | Corresp. between Ironshore and FARA Re: Claim investigation | Work Product |
| 51 | 1071 | 03/05/15 | Ironshore Claim Summary | Work Product Atty. Client |
| 52 | 1099 | 02/27/15 | Proposed Reserves | Irrelevant |
| 53 | 1100 - 1106 | 02/20/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 54 | 1125 - 1126 | 02/11/15 | FARA Invoice to Ironshore | Irrelevant Atty. Client |
| 55 | 1127 | 02/11/15 | Correspondence from Defense Counsel to FARA Re: Defense Counsel Invoice | Work Product Atty. Client Irrelevant |
| 56 | 1128 - 1139 | 02/09/15 | Defense Counsel Invoice to FARA | Work Product Atty. Client Irrelevant |
| 57 | 1140 | 01/12/15 | Correspondence from Defense Counsel to FARA Re: Invoice | Work Product Atty. Client Irrelevant |
| 58 | 1141 - 1145 | 01/12/15 | Defense Counsel Invoice to FARA | Work Product Atty. Client Irrelevant |
| 59 | 1146 | 01/29/15 | Proposed Reserves | Irrelevant |
| 60 | 1147 - 1148 | 11/20/14 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 61 | 1161 | 01/06/15 | FARA Invoice to Ironshore | Irrelevant |

Certified Document Number: 67238733 - Page 4 of 12

Certified Document Number: 67238733 - Page 5 of 12

| 62 | 1162 | 12/09/14 | Correspondence from Defense Counsel to FARA Re: Invoice | Work Product Atty. Client Irrelevant |
| 63 | 1163 - 1168 | 12/09/14 | Defense Counsel Invoice to FARA | Work Product Atty. Client Irrelevant |
| 64 | 1169 | 12/02/14 | FARA Invoice to Ironshore | Irrelevant Atty. Client |
| 65 | 1170 | 11/17/14 | Correspondence from Defense Counsel to FARA Re: Invoice | Work Product Atty. Client Irrelevant |
| 66 | 1171 - 1188 | 12/09/14 | Defense Counsel Invoice to FARA | Work Product Atty. Client Irrelevant |
| 67 | 1189 - 1191 | 11/17/14 | FARA Invoice to Ironshore | Irrelevant Atty. Client |
| 68 | 1192 - 1193 | 10/29/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 69 | 1208 - 1264 | 10/06/14 | Claim Presentation by Defense Counsel to Ironshore | Work Product Atty. Client |
| 70 | 1279 | 10/23/14 | Corresp. from Defense Counsel to FARA & Ironshore Re: Information Request | Work Product Atty. Client |
| 71 | 1295 - 1296 | 10/23/14 | Corresp. from Defense Counsel to FARA & Ironshore Re: Draft Legal Memorandum | Work Product Atty. Client |
| 72 | 1302 - 1303 | 10/23/14 | Draft Legal Memorandum by Defense Counsel | Work Product |
| 73 | 1304 - 1305 | 10/14/14 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 74 | 1314 | 10/14/14 | Corresp. from Defense Counsel to FARA Re: Invoice | Work Product Atty. Client Irrelevant |
| 75 | 1315 - 1322 | 10/14/14 | Defense Counsel Invoice to FARA | Work Product Atty. Client Irrelevant |
| 76 | 1323 | 09/11/14 | Corresp. from Defense Counsel to FARA Re: Invoice | Work Product Atty. Client Irrelevant |
| 77 | 1324 - 1337 | 09/10/14 | Defense Counsel Invoice to FARA | Work Product Atty. Client |

5

Certified Document Number: 67238733 - Page 6 of 12

| | | | | Irrelevant |
|---|---|---|---|---|
| 78 | 1338 | 10/16/14 | Reserves | Irrelevant |
| 79 | 1339 - 1340 | 10/09/14 | FARA Invoice to Ironshore | Irrelevant<br>Atty. Client |
| 80 | 1347 - 1374 | 09/22/14 | Corresp. from Defense Counsel to FARA & Ironshore<br>Re: Legal Memorandum | Work Product<br>Atty. Client |
| 81 | 1375 - 1377 | 08/14/14 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Joint Defense Agreement; Legal Memorandum | Work Product<br>Atty. Client<br>Joint Defense |
| 82 | 1378 - 1386 | 08/14/14 | Draft of Legal Memorandum by Defense Counsel | Work Product |
| 83 | 1387 - 1397 | 08/14/14 | Joint Defense Agreement | Work Product<br>Atty. Client<br>Joint Defense<br>Irrelevant |
| 84 | 1398 - 1399 | 09/08/14 | FARA Invoice to Ironshore | Irrelevant<br>Atty. Client |
| 85 | 1401 | 08/12/14 | Corresp. from Defense Counsel to FARA & Ironshore<br>Re: Draft Legal Memorandum | Work Product<br>Atty. Client |
| 86 | 1402 - 1409 | Undated | Draft Legal Memorandum by Defense Counsel | Work Product |
| 87 | 1410 - 1412 | 08/13/14,<br>08/12/14 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Joint Defense Agreement | Work Product<br>Atty. Client<br>Joint Defense<br>Irrelevant |
| 88 | 1413 - 1420 | 08/11/14 | Joint Defense Agreement | Work Product<br>Atty. Client<br>Joint Defense<br>Irrelevant |
| 89 | 1421 | 08/12/14 | Corresp. from Defense Counsel to FARA & Ironshore<br>Re: Joint Defense Agreement | Work Product<br>Atty. Client<br>Joint Defense<br>Irrelevant |
| 90 | 1422 - 1429 | 08/11/14 | Joint Defense Agreement | Work Product<br>Atty. Client<br>Joint Defense<br>Irrelevant |
| 91 | 1430 - 1431 | 08/11/14, | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Legal Memorandum; and request for information | Work Product<br>Atty. Client |
| 92 | 1459 | 08/12/14 | Correspondence from Defense Counsel to FARA<br>Re: Invoice | Work Product<br>Atty. Client<br>Irrelevant |

6

| | | | | |
|---|---|---|---|---|
| 93 | 1460 - 1466 | 08/12/14 | Defense Counsel Invoice to FARA | Work Product<br>Atty. Client<br>Irrelevant |
| 94 | 1467 | 08/12/14 | Reserves | Irrelevant |
| 95 | 1468 | 08/07/14 | FARA Invoice to Ironshore | Irrelevant<br>Atty. Client |
| 96 | 1469 - 1471 | 07/09/14 | Corresp. from Defense Counsel to FARA & Ironshore<br>Re: Legal Memorandum | Work Product<br>Atty. Client |
| 97 | 1472 | 07/15/14 | Correspondence from Defense Counsel to FARA<br>Re: Invoice | Work Product<br>Atty. Client<br>Irrelevant |
| 98 | 1473 - 1484 | 07/15/14 | Defense Counsel Invoice to FARA | Work Product<br>Atty. Client<br>Irrelevant |
| 99 | 1485 | 07/17/14 | Reserves | Irrelevant |
| 100 | 1486 | 07/02/14 | FARA Invoice to Ironshore | Irrelevant<br>Atty. Client |
| 101 | 1764 | 06/10/14 | Correspondence from Defense Counsel to FARA<br>Re: Invoice | Work Product<br>Atty. Client<br>Irrelevant |
| 102 | 1765 - 1767 | 06/10/14 | Defense Counsel Invoice to FARA | Work Product<br>Atty. Client<br>Irrelevant |
| 103 | 1768 | 05/13/14 | Correspondence from Defense Counsel to FARA<br>Re: Invoice | Work Product<br>Atty. Client<br>Irrelevant |
| 104 | 1769 - 1771 | 05/12/14 | Defense Counsel Invoice to FARA | Work Product<br>Atty. Client<br>Irrelevant |
| 105 | 1772 | 06/18/14 | Reserves | Irrelevant |
| 106 | 1773 | 06/06/14 | FARA Invoice to Ironshore | Irrelevant |
| 107 | 1778 - 1780 | 03/11/14 | FARA Invoice to Ironshore | Irrelevant |
| 108 | 1781 - 1782 | 12/12/13 | Reserves | Irrelevant |

Certified Document Number: 67238733 - Page 7 of 12

| | | | | |
|---|---|---|---|---|
| 109 | 1783 | 12/11/13 | FARA Invoice to Ironshore | Irrelevant |
| 110 | 2868 - 2869 | 08/08/13 | FARA Invoice to Ironshore | Irrelevant |
| 111 | 3623 | 07/08/13 | FARA Invoice to Ironshore | Irrelevant |
| 112 | 3638 | 07/08/13 | Reserves | Irrelevant |
| 113 | 3943 - 3948 | 06/16/15-<br>07/23/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Draft Pleadings; Legal Memorandum; Budget | Work Product<br>Atty. Client |
| 114 | 3949 - 3950 | 06/22/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Invoices | Work Product<br>Atty. Client<br>Irrelevant |
| 115 | 3951 - 3952 | 06/16/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Legal Memorandum | Work Product<br>Atty. Client |
| 116 | 3952 - 3959 | 05/22/15-<br>06/22/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Invoices; Reserves | Work Product<br>Atty. Client<br>Irrelevant |
| 117 | 3954 - 3976 | 02/11/15-<br>05/29/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Legal Memorandum; Draft Pleadings and Corresp. | Work Product<br>Atty. Client |
| 118 | 3967 - 3968 | 03/16/15 | Correspondence from Defense Counsel to FARA<br>Re: Invoices | Work Product<br>Atty. Client<br>Irrelevant |
| 119 | 3971 - 3972 | 02/11/15-<br>03/06/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Invoices | Work Product<br>Atty. Client<br>Irrelevant |
| 120 | 3976 - 3979 | 02/27/15 | Correspondence between FARA and Ironshore<br>Re: Reserves | Irrelevant |
| 121 | 3979 - 4037 | 02/27/15-<br>02/24/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Legal Memo; information request; draft corresp. | Work Product<br>Atty. Client |
| 122 | 3990 - 3991 | 01/29/15 | Correspondence between FARA and Ironshore<br>Re: Reserves | Irrelevant |
| 123 | 3988 - 3991 | 01/29/15-<br>02/12/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Invoices | Work Product<br>Atty. Client<br>Irrelevant |
| 124 | 4012 - 4013 | 10/16/14 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Reserves; Invoices | Work Product<br>Atty. Client<br>Irrelevant |
| 125 | 4018 | 09/05/14 | Corresp. from Defense Counsel to FARA & Ironshore | Work Product<br>Atty. Client |

Certified Document Number: 67238733 - Page 8 of 12

|  |  |  |  | Joint Defense Irrelevant |
|---|---|---|---|---|
| 126 | 4026 - 4027 | 08/12/14 | Corresp. between Defense Counsel, FARA & Ironshore | Work Product Atty. Client Irrelevant |
| 127 | 4033 - 4034 | 07/14/14 | FARA Note Re: Reserves | Irrelevant |
| 128 | 4038 - 4039 | 06/18/14 | FARA Note Re: Reserves | Irrelevant |
| 129 | 4040 | 06/05/14 | Corresp. from FARA to Defense Counsel & Ironshore | Work Product Atty. Client |
| 130 | 4042 - 4043 | 04/24/14 | Corresp. between Defense Counsel, FARA & Ironshore | Work Product Atty. Client |
| 131 | 4044 | 02/11/14 | FARA Note Re: Reserves | Irrelevant |
| 132 | 4049 - 4050 | 12/12/13 | Correspondence between FARA and Ironshore Re: Reserves | Irrelevant |
| 133 | 4053 | 11/14/13 | FARA Note Re: Reserves | Irrelevant |
| 134 | 4058 | 08/06/13 | FARA Note Re: Reserves | Irrelevant |
| 135 | 4077 | 07/08/13 | FARA Note Re: Reserves | Irrelevant |
| 136 | 4080 | 07/08/13 | FARA Note Re: Reserves | Irrelevant |
| 137 | 4084-6608 |  | Ironshore Underwriting File | Irrelevant Confidential, Proprietary, Trade Secrets |
| **Item** | **JDA** |  | **Description of Document** | **Privilege** |
| 138 | 001 - 011 |  | Joint Defense Agreement | Work Product Joint Defense Irrelevant |

[SIGNATURE BLOCK ON FOLLOWING PAGE]

9

Certified Document Number: 67238733 - Page 9 of 12

Respectfully submitted,

**BROWN SIMS, P.C.**

By: *s/Randell E. Treadaway*
Mark C. Clemer
Texas Bar No. 04372300
James D. "J.D." Johnson
Texas Bar No. 24085918
Michelle Richard
Texas Bar No. 24093037
Tenth Floor
1177 West Loop South
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
mclemer@brownsims.com
jjohnson@brownsims.com
mrichard@brownsims.com

and

Randell E. Treadaway (admitted *pro hac vice*)
LA Bar No. 01624
Brad D. Ferrand (admitted *pro hac vice*)
LA Bar No. 29860
ZAUNBRECHER TREADAWAY, L.L.C.
406 N. Florida Street, Suite 2
Covington, Louisiana 70433-2907
Telephone: (985) 871-8787
Telefax: (985) 871-8788
randy@ztlalaw.com
brad@ztlalaw.com

**COUNSEL FOR DEFENDANT IRONSHORE SPECIALTY INSURANCE COMPANY**

10

Certified Document Number: 67238733 - Page 10 of 12

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing pleading has been sent to all counsel of record via e-mail on this the 25th day of September, 2015:

Phillip D. Nizialek, T.A.
Sarah E. Stogner
Jacqueline M. Brettner
CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras St., Ste. 3100
New Orleans, LA 70163
Phone: (504) 585-3800
Fax: (504) 585-3801
nizialek@carverdarden.com
stogner@carverdarden.com
brettner@carverdarden.com
*Counsel for Plaintiffs*

Michael S. Knippen
Kimberly H. Petrina
David Rock
James M. Eastham
TRAUB, LIEBERMAN, STRAUS & SHREWSBERRY, LLP
303 W. Madison, Suite 1200
Chicago, Illinois 60606
Phone: (312) 332-3900
Fax: (312) 332-3908
mknippen@traublieberman.com
kpetrina@traublieberman.com
drock@traublieberman.com
jeastham@traublieberman.com
*Counsel for Defendant Axis Surplus Insurance Company*
C. Henry Kollenberg
Melinda M. Riseden
CRAIN, CATON & JAMES, P.C.
1401 McKinney Street
17th Floor, Five Houston Center
Houston, Texas 77010
Phone: (713) 658-2323
Fax: (713) 658-1921
hkollenberg@craincaton.com
mriseden@craincaton.com
*Counsel for Defendant Marsh USA, Inc.*

11

Marc J. Wojciechowski
WOJCIECHOWSKI & ASSOCIATES, P.C.
1747 Kuykendahl Road, Suite 200
Spring, Texas 77379
Phone: (281) 999-7774
Fax: (281) 999-1953
marc@wojolaw.com
          and
Michael D. Mulvaney
Christopher C. Frost
Josh B. Baker
MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
Fax: (205) 254-1999
mmulvaney@maynardcooper.com
cfrost@maynardcooper.com
jbaker@maynardcooper.com
*Counsel for Defendant Alterra Excess & Surplus Insurance Company*

*s/Randell E. Treadaway*

12



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 22, 2015

Certified Document Number:        67238733

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Date: 08/06/2015
Time: 14:09:28                    F.A. Richard & Associates, Inc.
  For: Tom Devine
Claim: South Delhi Field, LA Spill,
                              * C l a i m   N o t e s *

    ID: 3927045
Client Claim No:
  DOL: 06/14/2013

---

Date    : 08/03/2015          Type: General
By      : Tom Devine
Subject: EM FROM COVERAGE COUNSEL

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, July 23, 2015 4:52 PM
To: Alan Zaunbrecher; Brett Bollinger; Michelle O'Daniels; Brad Ferrand; Jeff McDonald; Peter Englande
Cc: Bonnie Champagne; Patricia Musso; Devine, Tom
Subject: ▓▓▓▓▓▓▓

All,

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
</xmp>

---

Date    : 08/03/2015          Type: General
By      : Tom Devine
Subject: EM FROM CLIENT TO COVERAGE COUNSEL

<xmp>

From: Lee T. Sheridan [mailto:Lee.Sheridan@ironshore.com]
Sent: Thursday, July 23, 2015 3:40 PM
To: Randy Treadaway
Cc: Mark C. Clemer (mclemer@brownsims.com); James D. Johnson; Michelle O'Daniels; Brad Ferrand; Stephanie Cochran; Devine, Tom
Subject: RE: 07-23-15 Sheridan re Claim #3927045 South Delhi Field/Denbury Resources▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓  ▓▓▓▓▓▓▓▓

LEE SHERIDAN
Assistant Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.6638 | Cell: 646.599.7122
</xmp>

---

Date    : 08/03/2015          Type: General
By      : Tom Devine
Subject: EM FROM COVERAGE COUNSEL

<xmp>
From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, July 23, 2015 3:38 PM
To: Lee T. Sheridan
Cc: Mark C. Clemer (mclemer@brownsims.com); James D. Johnson; Michelle O'Daniels; Brad Ferrand; Stephanie Cochran; Devine, Tom
Subject: 07-23-15 Sheridan re Claim #3927045 South Delhi Field/Denbury Resources▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓

Hi Lee.  Hope all is well.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Certified Document Number: 67238734 - Page 1 of 141

Certified Document Number: 67238734 - Page 2 of 141

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
</xmp>

---

Date    : 08/03/2015         Type: General
By      : Tom Devine
Subject: EM FROM COVERAGE COUNSEL

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, July 17, 2015 10:32 AM
To: Lee T. Sheridan
Cc: Mark C. Clemer (mclemer@brownsims.com); James D. Johnson; Devine, Tom;
Michelle O'Daniels; Stephanie Cochran
Subject: 07-17-15 Sheriidan re Claim #3927045 South Delhi Field/Denbury
Resources-█████████████

Good morning again Lee.

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-
</xmp>

---

Date    : 07/14/2015         Type: General
By      : Tom Devine
Subject: EM TO CLIENT RE: ██████████

<xmp>

From: Devine, Tom
Sent: Tuesday, July 14, 2015 12:12 PM
To: 'Lee T. Sheridan'
Cc: 'OSCeast@yorkrsg.com'
Subject: FW: 06-24-15 Oster-Devine re Denbury Resources, et al. v. Ironshore, et
al.-FARA Claim #3927045-███████████

Lee:

Tom Devine
</xmp>

---

Date    : 07/14/2015         Type: General
By      : Tom Devine
Subject: EM TO CLIENT

<xmp>

From: Devine, Tom
Sent: Tuesday, July 14, 2015 11:01 AM
To: 'Lee T. Sheridan'
Subject: RE: 06-24-15 Oster-Devine re Denbury Resources, et al. v. Ironshore, et
al.-FARA Claim #3927045-Interim Report-███████████

FARA003944

Lee:

██████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
                                                    Tom Devine

</xmp>

---

Date    : 07/14/2015          Type: General
By      : Tom Devine
Subject: EM FROM CLIENT

<xmp>From: Lee T. Sheridan [mailto:Lee.Sheridan@ironshore.com]
Sent: Monday, July 06, 2015 4:26 PM
To: Devine, Tom
Subject: RE: 06-24-15 Oster-Devine re Denbury Resources, et al. v. Ironshore, et
al.-FARA Claim #3927045-Interim Report-████████████████████████
Importance: High

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

LEE SHERIDAN
Assistant Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.6638


</xmp>

---

Date    : 07/14/2015          Type: General
By      : Tom Devine
Subject: EM TO CLIENT

<xmp ████████████████████████████████████████████████
████████████████████████████████████ Tom Devine

</xmp>

---

Date    : 07/14/2015          Type: General
By      : Tom Devine
Subject: EM FROM CLIENT

<xmp>From: Lee T. Sheridan [mailto:Lee.Sheridan@ironshore.com]
Sent: Monday, July 06, 2015 3:25 PM
To: Devine, Tom
Subject: FW: 06-24-15 Oster-Devine re Denbury Resources, et al. v. Ironshore, et
al.-FARA Claim #3927045-Interim Report-████████████████████████

Tom,

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

LEE SHERIDAN
Assistant Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.6638
</xmp>

---

Date    : 07/14/2015          Type: General
By      : Tom Devine
Subject: EM FROM C/C

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, June 24, 2015 12:21 PM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Devine, Tom
Cc: Mark C. Clemer (mclemer@brownsims.com); James D. Johnson; Michelle O'Daniels;
Stephanie Cochran
Subject: 06-24-15 Oster-Devine re Denbury Resources, et al. v. Ironshore, et
al.-FARA Claim #3927045-████████████████████████████████████████

Certified Document Number: 67238734 - Page 3 of 141

Sandy/Tom,

████████████████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 07/14/2015          Type: General
By      : Tom Devine
Subject: EM FROM CLIENT RE: ████████████

<xmp>

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, June 24, 2015 12:52 PM
To: Lee T. Sheridan
Cc: John Reusch; Randy Treadaway; Mark C. Clemer; Devine, Tom
Subject: FW: 06-24-15 Oster-Devine re Denbury Resources, et al. v. Ironshore, et
al.-FARA Claim #3927045-Interim Report-████████████████████

Lee,

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

Sandy

SANFORD OSTER
Vice President
</xmp>

---

Date    : 07/14/2015          Type: General
By      : Tom Devine
Subject: EM FROM COVERAGE COUNSEL RE: STATUS REPORT

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, June 24, 2015 12:20 PM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Devine, Tom
Cc: Mark C. Clemer (mclemer@brownsims.com); Michelle O'Daniels; James D. Johnson;
Stephanie Cochran
Subject: 06-24-15 Oster-Devine re Denbury Resources, et al. v. Ironshore, et
al.-FARA Claim #3927045-Interim Report-████████████████████

Good afternoon Sandy and Tom.  Hope all is well.

████████████████████████████████████
████████████████████████████████████

████████████████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

Certified Document Number: 67238734 - Page 4 of 141

Certified Document Number: 67238734 - Page 5 of 141

Date    : 07/14/2015          Type: General
By      : Tom Devine
Subject: EM FROM COVERAGE COUNSEL [REDACTED]

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, June 16, 2015 2:59 PM
To: Sanford Oster; Devine, Tom
Cc: Mark C. Clemer (mclemer@brownsims.com); Michelle O'Daniels; Stephanie Cochran;
James D. Johnson
Subject: RE: 06-16-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc.
vs Ironshore Specialty Insurance Company-[REDACTED]

[REDACTED]

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>


Date    : 07/14/2015          Type: General
By      : Tom Devine
Subject: EM FROM CLIENT RE: [REDACTED]

<xmp>

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Tuesday, June 16, 2015 2:58 PM
To: Randy Treadaway; Devine, Tom
Cc: Mark C. Clemer (mclemer@brownsims.com); Michelle O'Daniels; Stephanie Cochran;
James D. Johnson
Subject: RE: 06-16-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc.
vs Ironshore Specialty Insurance Company-[REDACTED]

[REDACTED]

</xmp>


Date    : 07/14/2015          Type: General
By      : Tom Devine
Subject: EM FROM COVERAGE COUNSEL

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, June 16, 2015 2:16 PM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Devine, Tom
Cc: Mark C. Clemer (mclemer@brownsims.com); Michelle O'Daniels; Stephanie Cochran;
James D. Johnson
Subject: 06-16-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc. vs
Ironshore Specialty Insurance Company-[REDACTED]

Good afternoon Sandy and Tom.  Hope all is well.

[REDACTED]

FARA003947



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
</xmp>

Certified Document Number: 67238734 - Page 6 of 141

Date    : 06/22/2015          Type: General
By      : Ronnie Ronzello
Subject: EM to and from client re █████████████

<xmp>From: John Reusch [mailto:John.Reusch@ironshore.com]
Sent: Monday, June 22, 2015 4:26 PM
To: Ronzello, Ronald; Devine, Tom; Bill Gleason; Sanford Oster
Subject: RE: ███████████████    Claim 3927045

███████████    ████████

JOHN REUSCH
Senior Vice President ä¹ Chief Claims Officer - Property & Casualty
IRONSHORE CLAIMS
175 POWDER FOREST DRIVE | 2ND FL | WEATOGUE, CT 06089
Office: 860.408.7828| Mobile: 860.218.0698| VCARD

From: Ronzello, Ronald [mailto:ronald.ronzello@FARA.com]
Sent: Monday, June 22, 2015 5:25 PM
To: John Reusch; Devine, Tom; Bill Gleason; Sanford Oster
Subject: RE: ███████████████    Claim 3927045

Hi John,

███████████████████████████████████████████████

Thanks, Ron

Ronald L. Ronzello J.D.
Unit Manager - Claim Operations
Branch Claims
985.674.4680 office
800.259.8388 ext. 4680 toll free
985.624.8684 fax
ronald.ronzello@fara.com email
FARA, A York Risk Services Company
P.O. Box 183188
Columbus, OH 43218-3188

From: John Reusch [mailto:John.Reusch@ironshore.com]
Sent: Monday, June 22, 2015 4:21 PM
To: Devine, Tom; Bill Gleason; Sanford Oster
Cc: Ronzello, Ronald
Subject: RE: ███████████████    Claim 3927045

Hi Tom,

██████████████████████████████████████████████

John

JOHN REUSCH
Senior Vice President ä¹ Chief Claims Officer - Property & Casualty
IRONSHORE CLAIMS
175 POWDER FOREST DRIVE | 2ND FL | WEATOGUE, CT 06089
Office: 860.408.7828| Mobile: 860.218.0698| VCARD

From: Devine, Tom [mailto:Tom.Devine@FARA.com]
Sent: Monday, June 22, 2015 5:06 PM
To: John Reusch; Bill Gleason; Sanford Oster
Cc: Ronzello, Ronald
Subject: FW: ███████████████    Claim 3927045
Importance: High

John:

██████████████████████████████████████████████

Certified Document Number: 67238734 - Page 7 of 141

FARA003949



Thanks,

Alissa Moore
Client Treasury Associate
985.674.4760 office
clienttreasuryopsmandeville@yorkrsg.com
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

The information in this e-mail and in any attachments is confidential and may be
privileged. If you are not the intended recipient, please destroy this
communication and notify the sender immediately. You should not retain, copy or
use this e-mail for any purpose, nor disclose all or any part of its contents to
any other person or persons.

The information in this e-mail and in any attachments is confidential and may be
privileged. If you are not the intended recipient, please destroy this
communication and notify the sender immediately. You should not retain, copy or
use this e-mail for any purpose, nor disclose all or any part of its c
</xmp>

---

Date    : 06/22/2015          Type: General
By      : Tom Devine
Subject: EM TO CLIENT RE: ████

<xmp>

From: Devine, Tom
Sent: Monday, June 22, 2015 5:06 PM
To: 'John Reusch'; 'bill.gleason@ironshore.com'; Sanford Oster
Cc: Ronzello, Ronald
Subject: FW: ███████████    Claim 3927045
Importance: High

John:



Tom Devine

</xmp>

---

Date    : 06/22/2015          Type: General
By      : Tom Devine
Subject: EM FROM CLIENT TO C/C

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, June 16, 2015 2:59 PM
To: Sanford Oster; Devine, Tom
Cc: Mark C. Clemer (mclemer@brownsims.com); Michelle O'Daniels; Stephanie Cochran;
James D. Johnson

Certified Document Number: 67238734 - Page 8 of 141

Subject: RE: 06-16-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc.
vs Ironshore Specialty Insurance Company- ████████████████████

████████  ██████████████████████

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE
OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer
at the law firm of Zaunbrecher Treadaway, L.L.C. and is intended only for the use
of the individual or entity to whom it is addressed. This message contains
information and/or attachments that are privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the intended
recipient or is not the employee or agent responsible for delivering this message
to the intended recipient, please do not read, copy, use or disclose this
communication to others. If you have received this communication in error, please
notify us immediately by reply e-mail or by telephone (call us collect at
504-833-7300) and immediately delete this message and all of its attachments.
Thank you.

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Tuesday, June 16, 2015 1:58 PM
To: Randy Treadaway; Devine, Tom
Cc: Mark C. Clemer (mclemer@brownsims.com); Michelle O'Daniels; Stephanie Cochran;
James D. Johnson
Subject: RE: 06-16-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc.
vs Ironshore Specialty Insurance Company- ████████████████████

███████████████ .

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
</xmp>

---

Date    : 06/22/2015          Type: General
By      : Tom Devine
Subject: EM FROM COVERAGE COUNSEL

<xmp>Subject: 06-16-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc.
vs Ironshore Specialty Insurance Company- ████████████████████

Good afternoon Sandy and Tom.  Hope all is well.



FARA003951



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
</xmp>

Date    : 06/22/2015        Type: General
By      : Tom Devine
Subject: EM TO CLIENT RE: ██████████

<xmp>

From: Devine, Tom
Sent: Wednesday, June 17, 2015 2:11 PM
To: 'bill.gleason@ironshore.com'
Cc: 'John.Reusch@ironshore.com'; Sanford Oster
Subject: ████████████████-SOUTH DELHI FIELD-- FILE #3927045 ████████

FARA003952

Mr. Reusch:

[redacted]

Tom Devine

</xmp>

---

Date    : 06/22/2015          Type: General
By      : Tom Devine
Subject: em from [redacted]

<xmp>From: Winstead, Lori
Sent: Tuesday, June 09, 2015 5:28 PM
To: Devine, Tom
Cc: LossFund@Fara.com
Subject: FW: [redacted] Ironshore Holdings, Inc., 1581, South Delhi Field, LA
Spill, 3927045, [redacted]

Tom,

[redacted]

Thanks,

Lori Winstead
Client Treasury Associate
985.674.4716 office
ClientTreasuryOPSMandeville@yorkrsg.com email
FARA, A York Risk Services Company
1625 W. Causeway Approach
Mandeville, LA 70471

From: John Reusch [mailto:John.Reusch@ironshore.com]
Sent: Tuesday, June 09, 2015 4:23 PM
To: Winstead, Lori
Cc: Sanford Oster
Subject: RE: [redacted] Ironshore Holdings, Inc., 1581, South Delhi Field, LA
Spill, 3927045, [redacted]

Lori,

[redacted]

Thank you.
John

JOHN REUSCH
Senior Vice President »º Chief Claims Officer - Property & Casualty
IRONSHORE CLAIMS
175 POWDER FOREST DRIVE | 2ND FL | WEATOGUE, CT 06089
Office: 860.408.7828| Mobile: 860.218.0698| VCARD

From: Winstead, Lori [mailto:Lori.Winstead@FARA.com]
Sent: Tuesday, June 09, 2015 4:47 PM
To: Bill Gleason; John Reusch; IronshoremgatpaUS
Cc: LossFund@Fara.com
Subject: FW: [redacted] Ironshore Holdings, Inc., 1581, South Delhi Field, LA
Spill, 3927045, [redacted]
Importance: High

[redacted]

Thanks,

Lori Winstead
Client Treasury Associate
985.674.4716 office
ClientTreasuryOPSMandeville@yorkrsg.com email
FARA, A York Risk Services Company
1625 W. Causeway Approach
Mandeville, LA 70471

Certified Document Number: 67238734 - Page 11 of 141

From: Winstead, Lori [mailto:Lori.Winstead@FARA.com]
Sent: Wednesday, June 03, 2015 2:09 PM
To: Bill.Gleason@ironshore.com; John.Reusch@ironshore.com;
IronshoremgatpaUS@ironshore.com
Cc: LossFund@Fara.com
Subject: FW: ▓▓▓▓▓ Ironshore Holdings, Inc., 1581, South Delhi Field, LA
Spill, 3927045, ▓
Importance: High

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Thanks,

_____

Lori Winstead
Client Treasury Associate
985.674.4716 office
ClientTreasuryOPSMandeville@yorkrsg.com email
FARA, A York Risk Services Company
1625 W. Causeway Approach
Mandeville, LA 70471


From: info@iclaimsexpert.com [mailto:info@iclaimsexpert.com]
</xmp>


_____

Date    : 05/29/2015          Type: General
By      : Tom Devine
Subject: MAY 8TH E-MAIL FROM COVERAGE COUNSEL

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, May 08, 2015 1:55 PM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Devine, Tom
Cc: Michelle O'Daniels; Mark C. Clemer (mclemer@brownsims.com); James D. Johnson;
Brad Ferrand; Stephanie Cochran
Subject: 05-08-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc. vs
Ironshore Specialty Insurance Company-▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Good afternoon Sandy and Tom.    Hope all is well.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
</xmp>


_____

Date    : 05/29/2015          Type: General
By      : Tom Devine
Subject: EM TO COVERAGE COUNSEL

<xmp>

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, May 29, 2015 11:34 AM
To: Devine, Tom
Cc: John Reusch; Ronzello, Ronald
Subject: RE: 05-27-15 Devine re ▓▓▓▓▓▓▓▓▓▓

Tom,

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
</xmp>


_____

Date    : 05/29/2015          Type: General
By      : Tom Devine
Subject: EM FROM CLIENT RE: ▓▓▓▓▓▓▓▓▓▓

<xmp>

Certified Document Number: 67238734 - Page 12 of 141

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, May 29, 2015 11:34 AM
To: Devine, Tom
Cc: John Reusch; Ronzello, Ronald
Subject: RE: 05-27-15 Devine re ███████████████

Tom,

███████████████████████████████████████████████

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
</xmp>

---

Date    : 05/29/2015        Type: General
By      : Tom Devine
Subject: EM FROM COVERAGE COUNSEL

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, May 06, 2015 5:05 PM
To: Devine, Tom; Sanford Oster
Cc: mclemer@brownsims.com; Michelle O'Daniels; James D. Johnson; Brad Ferrand;
Stephanie Cochran
Subject: RE: 05-06-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc.
vs Ironshore Specialty Insurance Company-████████████████████

████████████████

Best

Randell E. Treadaway, Esq.
</xmp>

---

Date    : 05/29/2015        Type: General
By      : Tom Devine
Subject: EM TO COVERAGE COUNSEL

<xmp>
From: Devine, Tom [mailto:Tom.Devine@FARA.com]
Sent: Wednesday, May 06, 2015 4:05 PM
To: Randy Treadaway; Sanford Oster
Cc: mclemer@brownsims.com; Michelle O'Daniels; James D. Johnson; Brad Ferrand;
Stephanie Cochran
Subject: RE: 05-06-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc.
vs Ironshore Specialty Insurance Company ████████████████

████████████████

</xmp>

---

Date    : 05/29/2015        Type: General
By      : Tom Devine
Subject: EM FROM COVERAGE COUNSEL

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, May 06, 2015 4:41 PM
To: Sanford Oster; Devine, Tom
Cc: Mark C. Clemer (mclemer@brownsims.com); Michelle O'Daniels; James D. Johnson;
Brad Ferrand; Stephanie Cochran
Subject: 05-06-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc. vs
Ironshore Specialty Insurance Company-████████████████████

Good afternoon Sandy and Tom.  Hope all is well.

████████████████████████████████████████████████

████████████████████████████████████████████████

Best Regards,

FARA003955

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 05/29/2015        Type: General
By      : Tom Devine
Subject: EM FROM DENBURY

██████████████  ████████████████████████████

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE
OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer
at the law firm of Zaunbrecher Treadaway, L.L.C. and is intended only for the use
of the individual or entity to whom it is addressed. This message contains
information and/or attachments that are privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the intended
recipient or is not the employee or agent responsible for delivering this message
to the intended recipient, please do not read, copy, use or disclose this
communication to others. If you have received this communication in error, please
notify us immediately by reply e-mail or by telephone (call us collect at
504-833-7300) and immediately delete this message and all of its attachments.
Thank you.

From: Devine, Tom [mailto:Tom.Devine@FARA.com]
Sent: Tuesday, May 05, 2015 1:45 PM
To: Randy Treadaway
Cc: Sanford Oster
Subject: FW: ██████████████

Randy:

██████████████████████████████  Tom Devine
From: Jack Strother [mailto:jack.strother@denbury.com]
Sent: Tuesday, May 05, 2015 2:43 PM
To: Devine, Tom
Cc: randy@ztlalaw.com
Subject: Delhi excess claim

Tom,
Please see the attached response and accompanying documentation to your March 16,
2015 correspondence.  Please let me know if you have any questions.  Thank you.

Jack Strother
Chief Corporate Counsel -
Litigation & Risk Management
Office: 972.673.2617
Fax: 972-673-2460


5320 Legacy Drive
Plano, TX 75024

</xmp>

---

Date    : 05/29/2015        Type: General
By      : Tom Devine
Subject: EM TO CLIENT RE: ██████████████

<xmp>

From: Devine, Tom
Sent: Friday, May 29, 2015 11:09 AM

Certified Document Number: 67238734 - Page 14 of 141

To: Sanford Oster
Cc: 'John.Reusch@ironshore.com'; Ronzello, Ronald
Subject: FW: 05-27-15 Devine re ▇▇▇▇▇▇▇▇▇ 3927045

Sandy:

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Tom Devine
</xmp>

---

Date   : 05/28/2015          Type: General
By     : Tom Devine
Subject: EM TO COVERAGE COUNSEL

<xmp>

From: Devine, Tom
Sent: Thursday, May 28, 2015 8:09 AM
To: 'Randy Treadaway'
Cc: Bonnie Champagne
Subject: RE: 05-27-15 Devine ▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Tom Devine

</xmp>

---

Date   : 05/27/2015          Type: General
By     : Shirley A Fritch
Subject: ▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇   ▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇

---

Date   : 05/27/2015          Type: General
By     : Ronnie Ronzello
Subject: EM to Kelly re ▇▇▇▇

<xmp>From: Ronzello, Ronald
Sent: Wednesday, May 27, 2015 7:44 AM
To: Stewart, Kelly (Kelly.Stewart@FARA.com)
Cc: Devine, Tom
Subject: 3927045 ▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, May 22, 2015 1:09 PM
To: Devine, Tom
Cc: Ronzello, Ronald
Subject: Re: Denbury 3927045

▇▇▇▇▇▇▇▇▇▇▇

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Devine, Tom [mailto:Tom.Devine@FARA.com]
Sent: Friday, May 22, 2015 01:07 PM
To: Sanford Oster
Cc: Ronzello, Ronald <ronald.ronzello@FARA.com>
Subject: FW: Denbury 3927045

Sandy:

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Certified Document Number: 67238734 - Page 15 of 141

Tom Devine.
From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Tuesday, May 19, 2015 9:21 AM
To: Devine, Tom
Cc: John Reusch; Ronzello, Ronald
Subject: FW: Denbury 3927045

Tom,

Ronald L. Ronzello J.D.
Unit Manager - Claim Operations
Branch Claims
985.674.4680 office
800.259.8388 ext. 4680 toll free
985.624.8684 fax
ronald.ronzello@fara.com email
FARA, A York Risk Services Company
P.O. Box 183188
Columbus, OH 43218-3188


</xmp>

---

Date    : 05/27/2015          Type: General
By      : Tom Devine
Subject: em from client re: ████████████

<xmp>

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, May 22, 2015 1:09 PM
To: Devine, Tom
Cc: Ronzello, Ronald
Subject: Re: Denbury 3927045


Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Devine, Tom [mailto:Tom.Devine@FARA.com]
Sent: Friday, May 22, 2015 01:07 PM
To: Sanford Oster
Cc: Ronzello, Ronald <ronald.ronzello@FARA.com>
Subject: FW: Denbury 3927045


Sandy:

Tom Devine.
From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Tuesday, May 19, 2015 9:21 AM
To: Devine, Tom
Cc: John Reusch; Ronzello, Ronald
Subject: FW: Denbury 3927045

Tom,
</xmp>

---

Date    : 05/22/2015          Type: General
By      : Tom Devine
Subject: ████████████████████


████████████████████████


Claim Id:                        3927045

Claimant:                        South Delhi Field, LA Spill

Certified Document Number: 67238734 - Page 16 of 141

FARA003958

Accident Date:              06/14/2013

Description:                Excess Claim Insured had a spill of CO2,

Line Of Coverage:           Commercial Excess Liability (Umbrella) I

Sub Line:                   Liability - Property Damage

Reserved: ▆▆▆▆▆▆▆▆▆▆▆   ▆▆▆▆▆▆▆▆

Status:                     ▆▆▆▆

▆▆▆▆                        ▆▆▆▆▆▆

▆▆▆▆   ▆▆▆   ▆▆▆   ▆▆▆   ▆▆▆
▆▆▆▆   ▆▆▆   ▆▆▆   ▆▆▆   ▆▆▆

▆▆▆▆

▆▆▆▆▆

▆▆▆▆▆▆   ▆▆   ▆▆▆▆   ▆▆   ▆▆▆
▆▆▆▆▆▆▆▆▆▆   ▆▆   ▆▆▆▆   ▆▆   ▆▆▆
▆▆▆▆▆▆   ▆▆   ▆▆▆▆   ▆▆   ▆▆▆
▆▆

▆▆▆

▆▆▆▆▆

▆▆▆   ▆▆   ▆▆▆   ▆▆▆   ▆▆▆
▆▆▆▆

▆▆▆▆▆▆▆▆

▆▆   ▆▆   ▆▆▆   ▆▆   ▆▆▆
▆▆▆▆▆▆

▆▆▆   ▆▆▆   ▆▆▆   ▆▆▆   ▆▆▆

▆▆▆▆

▆▆▆

▆▆▆▆   ▆▆   ▆▆▆   ▆▆▆   ▆▆▆

</xmp>

---

Date   : 05/05/2015          Type: General
By     : Tom Devine
Subject: EM FROM CLIENT TO C/C

<xmp>

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Tuesday, May 05, 2015 9:16 AM
To: Randy Treadaway; Devine, Tom
Cc: Mark C. Clemer (mclemer@brownsims.com); Michelle O'Daniels; James D. Johnson;
Brad Ferrand; Stephanie Cochran
Subject: RE: 05-04-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc.
vs Ironshore Specialty Insurance Company-▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Randy, Mark, ▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Certified Document Number: 67238734 - Page 17 of 141

FARA003959

Thanks,
Sandy

SANFORD OSTER
Vice President
</xmp>

---

Date   : 05/05/2015        Type: General
By     : Tom Devine
Subject: EM FROM C/C RE: MEETING

<xmp>Good afternoon Sandy and Tom.  Hope all is well.



FARA003960



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
</xmp>

---

Date    : 05/05/2015          Type: General
By      : Tom Devine
Subject: EM FROM C/C

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, April 27, 2015 12:29 PM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Devine, Tom
Cc: Michelle O'Daniels; Mark C. Clemer (mclemer@brownsims.com); Brad Ferrand;
Stephanie Cochran
Subject: 04-27-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc. vs
Ironshore Specialty Insurance Company-███████████████

Good afternoon Sandy and Tom.  Hope all is well.



</xmp>

---

Date    : 05/05/2015          Type: General
By      : Tom Devine
Subject: EM FROM CLIENT TO D/C

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, April 02, 2015 4:23 PM
To: Sanford Oster; Devine, Tom
Cc: 'mclemer@brownsims.com'; 'modlegal@gmail.com'; 'jjohnson@brownsims.com'
Subject: RE: 04-02-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc.
vs Ironshore Specialty Insurance Company-███████████████

Certified Document Number: 67238734 - Page 19 of 141

FARA003961

Many thanks Sandy.

Mark, ███████████ █ ███████████████
████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
</xmp>

---

Date    : 05/05/2015        Type: General
By      : Tom Devine
Subject: EM FROM COVERAGE COUNSEL

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, April 02, 2015 3:41 PM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Devine, Tom
Cc: Mark C. Clemer (mclemer@brownsims.com); Michelle O'Daniels; James D. Johnson
Subject: 04-02-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc. vs
Ironshore Specialty Insurance Company-█████████████████████████
████████

Good afternoon Sandy and Tom.  Hope all is well.

████████████████████████████████████████

We await your instructions.

Best Regards,

Randell E. Treadaway, Esq.
</xmp>

---

Date    : 05/05/2015        Type: General
By      : Tom Devine
Subject: em from coverage counsel

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, April 01, 2015 5:39 PM
To: Mark C. Clemer
Cc: Michelle O'Daniels; Sanford Oster (Sanford.Oster@Ironshore.com); Devine, Tom;
Stephanie Cochran
Subject: RE: 04-01-15 Clemer re Denbury v. Ironshore, et al ████████████
██████████████████████

Many thanks Mark. ████████████████████████████
████████

Best

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Flordia Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Telefax: (985) 871-8788
Cell: (504) 583-3999
Email: Randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
</xmp>

---

Date    : 05/05/2015        Type: General
By      : Tom Devine
Subject: EM FROM D/C

<xmp>From: Mark C. Clemer [mailto:mclemer@brownsims.com]
Sent: Wednesday, April 01, 2015 4:08 PM
To: Randy Treadaway

Certified Document Number: 67238734 - Page 20 of 141

FARA003962

Cc: Michelle O'Daniels; Sanford Oster (Sanford.Oster@Ironshore.com); Devine, Tom;
Stephanie Cochran
Subject: RE: 04-01-15 Clemer re ████████████████████████████
████████████████████████████████████

Thanks Randy,

████████████████████████████████████████

Best regards,

Mark


Mark C. Clemer, Shareholder
mclemer@brownsims.com
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027
O 713.629.1580 F 713.629.5027
www.brownsims.com


From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, April 01, 2015 10:50 AM
To: Mark C. Clemer
Cc: Michelle O'Daniels; Sanford Oster (Sanford.Oster@Ironshore.com); Devine, Tom;
Stephanie Cochran
Subject: 04-01-15 Clemer re Denbury v. Ironshore, et al-████████████████
████████████████████████

</xmp>

---

Date    : 05/05/2015          Type: General
By      : Tom Devine
Subject: em from coverage counsel

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, April 01, 2015 11:50 AM
To: Mark C. Clemer (mclemer@brownsims.com)
Cc: Michelle O'Daniels; Sanford Oster (Sanford.Oster@Ironshore.com); Devine, Tom;
Stephanie Cochran
Subject: 04-01-15 Clemer re Denbury v. Ironshore, et al-████████████████
████████████████████████

Good morning Mark. ████████████████████████████████
████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

FARA003963



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
</xmp>

---

Date    : 04/07/2015         Type: General
By      : Kylie Miller
Subject: **OUTGOING MAIL CONFIRMATION**

<xmp>91 7199 9991 7035 6088 0777

**SENT AS DIRECTED**

From: Devine, Tom
Posted At: Tuesday, April 07, 2015 9:34 AM
Posted To: OSC EAST
Conversation: 3927045
Subject: FW: 3927045

Please attach theú Denbury original reservationú to the first attachment dated
March 16, 2015 and mail certified return receipt requested. Tom Devine

From: Devine, Tom
Sent: Monday, March 16, 2015 2:15 PM
To: 'OSCEASTRECOVERED@yorkrsg.com'
Cc: 'randy@ztlalaw.com'
Subject: 3927045

Please attach theú Denbury original reservationú to the first attachment dated
March 16, 2015 and mail certified return receipt requested. Tom Devine
Thomas Devine
Senior Environmental Adjuster
FARA
973.404.1119 office
tom.devine@FARA.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

</xmp>

---

Date    : 04/07/2015         Type: General
By      : Tom Devine
Subject: EM FROM COVERAGE COUNSEL

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, March 20, 2015 11:19 AM
To: Devine, Tom
Cc: Sanford Oster (Sanford.Oster@Ironshore.com)
Subject: FW: 03-20-15 Oster-Devine re FARA Claim 3927045- Denbury Resources Inc.
vs Ironshore Specialty Insurance Company-███████████████████

Certified Document Number: 67238734 - Page 22 of 141

FARA003964

Good morning Tom.



Please give us a call if you have any questions.  In the meantime, have a great weekend.

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
</xmp>

---

Date    : 04/07/2015         Type: General
By      : Tom Devine
Subject: EM FROM COVERAGE COUNSEL

<xmp>
From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, March 16, 2015 3:29 PM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Devine, Tom
Cc: Michelle O'Daniels; Brad Ferrand; Stephanie Cochran; Mark C. Clemer
(mclemer@brownsims.com)
Subject: 03-16-15 Oster-Devine re Denbury Resources FARA Claim 3927045-Interim
Report



Certified Document Number: 67238734 - Page 23 of 141



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
</xmp>

---

Date    : 04/07/2015        Type: General
By      : Tom Devine
Subject: EM FROM COVERAGE COUNSEL

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, March 16, 2015 2:01 PM
To: Springmann, Michael; Sanford Oster
Cc: Michelle O'Daniels; mclemer@brownsims.com; Brad Ferrand; Stephanie Cochran;
Devine, Tom
Subject: 03-16-15 Springmann re Denbury Resources FARA Claim 3927045-████████████

Good afternoon Mike and thanks for your email.

████████████████████████████████

Best Regards,

Certified Document Number: 67238734 - Page 24 of 141

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
</xmp>

---

Date    : 04/07/2015         Type: General
By      : Tom Devine
Subject: EM FROM C/C

<xmp>

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, March 16, 2015 2:01 PM
To: Springmann, Michael; Sanford Oster
Cc: Michelle O'Daniels; mclemer@brownsims.com; Brad Ferrand; Stephanie Cochran;
Devine, Tom
Subject: 03-16-15 Springmann re Denbury Resources FARA Claim 3927045- ███████████

Good afternoon Mike and thanks for your email.

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
</xmp>

---

Date    : 03/17/2015         Type: General
By      : Ryan Roads
Subject: "Outgoing Mail Confirmation"

<xmp>

**SENT AS DIRECTED**

91 7199 9991 7035 6099 0872

From: Devine, Tom
Posted At: Monday, March 16, 2015 2:15 PM
Posted To: OSC EAST
Conversation: 3927045
Subject: 3927045

Please attach theú Denbury original reservationú to the first attachment dated
March 16, 2015 and mail certified return receipt requested. Tom Devine
Thomas Devine
Senior Environmental Adjuster
FARA
973.404.1119 office
tom.devine@FARA.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


</xmp>

---

Date    : 03/16/2015         Type: General
By      : Michael Springmann
Subject: EM to Tom w/ CC ███████████

<xmp>From: Springmann, Michael
Sent: Monday, March 16, 2015 11:57 AM
To: Devine, Tom
Cc: claimattachments@fara.com
Subject: FW: 3927045 Denbury Resources

From: Bonnie Champagne [mailto:bonnie@ztlalaw.com]
Sent: Monday, March 09, 2015 2:41 PM
To: Springmann, Michael
Subject: Denbury Resources

Certified Document Number: 67238734 - Page 25 of 141

FARA003967

Certified Document Number: 67238734 - Page 26 of 141

Regards,
Bonnie Champagne

Bonnie Champagne
Legal Administrator
Zaunbrecher Treadaway, LLC
406 N. Florida Street, Suite 2
Covington, LA 70433
Direct Dial: 985-273-3129
Phone: 985-871-8787
Fax: 985-871-8788

</xmp>

---

Date    : 03/16/2015        Type: General
By      : Michael Springmann
Subject: EM to CC, DC and client re file transfer to Tom

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Monday, March 16, 2015 12:13 PM
To: Springmann, Michael; 'randy@ztlalaw.com'
Cc: 'modlegal@gmail.com'; 'mclemer@brownsims.com'; 'brad@ztlalaw.com';
'stephanie@ztlalaw.com'; Devine, Tom
Subject: Re: 03-10-15 Oster-Springmann re Denbury Resources FARA Claim
3927045-

Tom, Mike,
Thanks for the follow-up


Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Springmann, Michael
Sent: Monday, March 16, 2015 11:52 AM
To: 'Randy Treadaway'; Sanford Oster
Cc: Michelle O'Daniels; Mark C. Clemer (mclemer@brownsims.com); Brad Ferrand;
Stephanie Cochran; Devine, Tom
Subject: RE: 03-10-15 Oster-Springmann re Denbury Resources FARA Claim
3927045-

All, this file has been transferred to FARAüs Tom Devine (973) 404-1200;
tom.devine@fara.com. Tom will process the supplemental ROR letter today under his
signature. Thanks.
</xmp>

---

Date    : 03/16/2015        Type: General
By      : Michael Springmann
Subject: EM from client

<xmp>From: Springmann, Michael
Sent: Monday, March 16, 2015 11:49 AM
To: Devine, Tom
Subject: FW: 03-10-15 Oster-Springmann re Denbury Resources FARA Claim
3927045-

Tom, this is now yours.

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, March 10, 2015 2:16 PM
To: Sanford Oster; Springmann, Michael
Cc: Michelle O'Daniels; Mark C. Clemer (mclemer@brownsims.com); Brad Ferrand;
Stephanie Cochran
Subject: 03-10-15 Oster-Springmann re Denbury Resources FARA Claim
3927045-

Many thanks Sandy.

FARA003968

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE
OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer
at the law firm of Zaunbrecher Treadaway, L.L.C. and is intended only for the use
of the individual or entity to whom it is addressed. This message contains
information and/or attachments that are privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the intended
recipient or is not the employee or agent responsible for delivering this message
to the intended recipient, please do not read, copy, use or disclose this
communication to others. If you have received this communication in error, please
notify us immediately by reply e-mail or by telephone (call us collect at
504-833-7300) and immediately delete this message and all of its attachments.
Thank you.

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Tuesday, March 10, 2015 2:04 PM
To: Randy Treadaway; Springmann, Michael
Cc: Michelle O'Daniels; Mark C. Clemer (mclemer@brownsims.com); Brad Ferrand;
Stephanie Cochran
Subject: RE: 03-10-15 Oster-Springmann re Denbury Resources FARA Claim
3927045-

Randy, Mike,

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, March 10, 2015 10:56 AM
To: Sanford Oster; Springmann, Michael
Cc: Michelle O'Daniels; Mark C. Clemer (mclemer@brownsims.com); Brad Ferrand;
Stephanie Cochran
Subject: 03-10-15 Oster-Springmann re Denbury Resources FARA Claim 3927045-

Good morning Sandy and Mike. Hope all is well.

---

Date    : 03/16/2015          Type: General
By      : Michael Springmann
Subject: EM from DC

<xmp>From: Springmann, Michael
Sent: Monday, March 16, 2015 11:49 AM
To: Devine, Tom
Cc: claimattachments@fara.com
Subject: FW: 03-10-15 Oster-Springmann re Denbury Resources FARA Claim
3927045-

Importance: High

Tom, this is now yours.                                            . Thanks.

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, March 10, 2015 9:56 AM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael
Cc: Michelle O'Daniels; Mark C. Clemer (mclemer@brownsims.com); Brad Ferrand;
Stephanie Cochran
Subject: 03-10-15 Oster-Springmann re Denbury Resources FARA Claim 3927045-

Certified Document Number: 67238734 - Page 27 of 141



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 03/12/2015        Type: General
By      : Tom Devine
Subject: EM TO D/C

<xmp>

From: Devine, Tom
Sent: Thursday, March 12, 2015 4:34 PM
To: 'alan@ztlalaw.com'
Subject: OUR CLAIM #3927045 South Delhi Spill v. Denbury

Randy:

        The above captioned file has been transferred to me from Mike Springman.
Please forward any future correspondence to my attention. Thanks.   Tom Devine

Thomas Devine
Senior Environmental Adjuster
FARA
973.404.1119 office
tom.devine@FARA.com email
FARA, A York Risk Services Company
</xmp>

---

Date    : 03/10/2015        Type: Supervisory Claim Review
By      : Ronnie Ronzello
Subject: Supervisory Review

Certified Document Number: 67238734 - Page 28 of 141

<xmp>Tom,
Reassigning to you. Let DC know you are handling.

Email was sent to tom.devine@fara.com regarding these instructions.</xmp>

---

Date   : 03/06/2015          Type: General
By     : Michael Springmann
Subject: F/U to client █████████████████

<xmp>From: Springmann, Michael
Sent: Friday, March 06, 2015 1:51 PM
To: John Reusch (John.Reusch@ironshore.com)
Cc: Sanford Oster (Sanford.Oster@ironshore.com); Ronzello, Ronald
Subject: 3927045 South Delhi/Denbury

John,█████████████████████████████
███████████████████ Thanks.

From: Springmann, Michael
Sent: Thursday, February 12, 2015 7:49 AM
To: John Reusch (John.Reusch@ironshore.com; LossFund@Fara.com; Ronzello, Ronald
Subject: FW: █████████ Ironshore Holdings, Inc., 1581, South Delhi Field, LA
Spill, 3927045,█████████

John, ████████████████████████████████
████████ hanks.

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, February 11, 2015 11:41 AM
To: Springmann, Michael
Subject: RE: 3927045 Denbury Resources

███████████████████

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Springmann, Michael
Sent: Wednesday, February 11, 2015 11:32 AM
To: Sanford Oster (Sanford.Oster@ironshore.com)
Subject: FW: 3927045 Denbury Resources

Sandy, █████████████████████████████████
█████████████████████ Thanks.

From: Bonnie Champagne [mailto:bonnie@ztlalaw.com]
Sent: Wednesday, February 11, 2015 10:54 AM
To: Springmann, Michael
Subject: Denbury Resources

████████████████████████████     ████████████████

Many thanks,
Bonnie Champagne

Bonnie Champagne
Legal Administrator
Zaunbrecher Treadaway, LLC
406 N. Florida Street, Suite 2
Covington, LA  70433
Direct Dial:  985-273-3129
Phone:  985-871-8787
Fax:  985-871-8788

From: John Reusch [mailto:John.Reusch@ironshore.com]
Sent: Wednesday, February 11, 2015 9:27 AM
To: LossFund@Fara.com; Ronzello, Ronald; 'michael.springman@fara.com'
Subject: Re: ████████ Ironshore Holdings, Inc., 1581, South Delhi Field, LA
Spill, 3927045, ████████

Hi Mike and Ron,

█████████████████████████████████████████
████████████
Thank you.
John
John Reusch
Senior Vice President
Chief Claims Officer - P & C Claims
175 Powder Forest Drive, 1st Floor
Weatogue, CT 06089
D: (860) 408-7828

Certified Document Number: 67238734 - Page 29 of 141

FARA003971

C: (860) 218-0698
F: (860) 408-7801
E: john.reusch@ironshore.com


From: info@iclaimsexpert.com [mailto:info@iclaimsexpert.com]
Sent: Wednesday, February 11, 2015 01:28 PM
To: Bill Gleason; John Reusch; IronshoremgatpaUS; lossfund@fara.com
<lossfund@fara.com>
Subject: ███████ Ironshore Holdings, Inc., 1581, South Delhi Field, LA Spill,
3927045, ████████



Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax
michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


</xmp>


Date   : 03/06/2015          Type: General
By     : Michael Springmann
Subject: EM from client: local counsel Brown Sims

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, February 27, 2015 4:47 PM
To: Ronzello, Ronald; John Reusch; 'randy@ztlalaw.com'; Springmann, Michael
Subject: Re: Denbury Suit



Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Ronzello, Ronald [mailto:ronald.ronzello@FARA.com]
Sent: Friday, February 27, 2015 05:24 PM
To: John Reusch; Sanford Oster
Subject: Denbury Suit

John and Sandy,



Thanks, Ron
</xmp>


Date   : 03/06/2015          Type: General
By     : Michael Springmann
Subject: EM from CC: ████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, March 03, 2015 8:49 AM

Certified Document Number: 67238734 - Page 30 of 141

To: Sanford Oster; Ronzello, Ronald
Cc: Springmann, Michael; John Reusch
Subject: 03-03-15 Oster-Ronzello RE: Denbury Suit - ▮▮▮▮▮▮▮▮▮

Sandy/Ron,

[redacted]

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

</xmp>

---

Date    : 03/06/2015          Type: General
By      : Michael Springmann
Subject: EM exch CC and Superv re sched conf call

<xmp>From: Ronzello, Ronald
Sent: Saturday, February 28, 2015 11:19 AM
To: Randy Treadaway; Sanford Oster; John Reusch; Springmann, Michael
Cc: Michelle O'Daniels; Mark C. Clemer (mclemer@brownsims.com); Brad Ferrand;
Stephanie Cochran
Subject: RE: 02-28-15 Oster re Denbury v. Ironshore, et al-▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮

Randy,
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Ronald L. Ronzello J.D.
Unit Manager - Claim Operations
Branch Claims
985.674.4680 office
800.259.8388 ext. 4680 toll free
985.624.8684 fax
ronald.ronzello@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

</xmp>

---

Date    : 03/06/2015          Type: General
By      : Michael Springmann
Subject: EM from CC ▮▮▮▮▮▮▮▮

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Saturday, February 28, 2015 7:22 AM
To: Sanford Oster; Ronzello, Ronald; John Reusch; Springmann, Michael
Cc: Michelle O'Daniels; Mark C. Clemer (mclemer@brownsims.com); Brad Ferrand;
Stephanie Cochran
Subject: 02-28-15 Oster re Denbury v. Ironshore, et al-▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮

Good morning Sandy ▮▮▮▮▮▮▮▮▮▮▮
[redacted]

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 03/06/2015          Type: General
By      : Michael Springmann
Subject: EM from client ▆▆▆▆

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, March 06, 2015 10:51 AM
To: Springmann, Michael
Subject: FW: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Mike,

▆▆▆▆▆▆▆▆▆
Thank you.

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD


From: John Reusch
Sent: Friday, March 06, 2015 11:48 AM
To: ECS Corporate; Tim McAuliffe; Ben Beauvais; Jordan Gantz; Leonidas Nguyen
Cc: Kelly Salmon; Monika Geranio; Tiffany Soyack; Bill Gleason; Inpoint; Sanford
Oster; Glain Hendricks
Subject: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Group,

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆
Thank you.
John


JOHN REUSCH
Senior Vice President ä¹ Chief Claims Officer - Property & Casualty
IRONSHORE CLAIMS
175 POWDER FOREST DRIVE | 2ND FL | WEATOGUE, CT 06089
Office: 860.408.7828| Mobile: 860.218.0698| VCARD



</xmp>

---

Date    : 02/28/2015          Type: General
By      : Ronnie Ronzello
Subject: EM from and to DC

<xmp>From: Ronzello, Ronald
Sent: Saturday, February 28, 2015 11:19 AM
To: 'Randy Treadaway'; Sanford Oster; John Reusch; Springmann, Michael
Cc: Michelle O'Daniels; Mark C. Clemer (mclemer@brownsims.com); Brad Ferrand;
Stephanie Cochran

Certified Document Number: 67238734 - Page 32 of 141

FARA003974

Subject: RE: 02-28-15 Oster re Denbury v. Ironshore, et al ████████████
████████████

Randy,

████████████████████████████████████████

Ronald L. Ronzello J.D.
Unit Manager - Claim Operations
Branch Claims
985.674.4680 office
800.259.8388 ext. 4680 toll free
985.624.8684 fax
ronald.ronzello@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Saturday, February 28, 2015 7:22 AM
To: Sanford Oster; Ronzello, Ronald; John Reusch; Springmann, Michael
Cc: Michelle O'Daniels; Mark C. Clemer (mclemer@brownsims.com); Brad Ferrand;
Stephanie Cochran
Subject: 02-28-15 Oster re Denbury v. Ironshore, et al ██████████████
████████████



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE
OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer
at the law firm of Zaunbrecher Treadaway, L.L.C. and is intended only for the use
of the individual or entity to whom it is addressed. This message contains
information and/or attachments that are privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the intended
recipient or is not the employee or agent responsible for delivering this message
to the intended recipient, please do not read, copy, use or disclose this
communication to others. If you have received this communication in error, please
notify us immediately by reply e-mail or by telephone (call us collect at
504-833-7300) and immediately delete this message and all of its attachments.
Thank you.

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, February 27, 2015 4:47 PM
To: 'ronald.ronzello@FARA.com'; John Reusch; Randy Treadaway;
'Michael.Springmann@fara.com'
Subject: Re: Denbury Suit

██████████████████████████████████████

████████████████████

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office

Certified Document Number: 67238734 - Page 33 of 141

347 759-1976-Cell
Sanford.oster@ironshore.com

From: Ronzello, Ronald [mailto:ronald.ronzello@FARA.com]
Sent: Friday, February 27, 2015 05:24 PM
To: John Reusch; Sanford Oster
Subject: Denbury Suit

John and Sandy,

████████████████████████████████████

Thanks, Ron

Ronald L. Ronzello J.D.
Unit Manager - Claim Operations
Branch Claims
985.674.4680 office
800.259.8388 ext. 4680 toll free
985.624.8684 fax
ronald.ronzello@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


The information in this e-mail and in any attachments is confidential and may be
privileged. If you are not the intended recipient, please destroy this
communication and notify the sender immediately. You should not retain, copy or
use this e-mail for any purpose, nor disclose all or any part of its conten
</xmp>

---

Date    : 02/27/2015          Type: General
By      : Michael Springmann
Subject: ████████████████████

<xmp>From: John Reusch [mailto:John.Reusch@ironshore.com]
Sent: Friday, February 27, 2015 1:51 PM
To: Springmann, Michael; Sanford Oster; Ronzello, Ronald; Freyre, Carlos
Subject: Re: 3927045 Denbury

Thanks everyone. Enjoy the weekend.
John Reusch
Senior Vice President
Chief Claims Officer - P & C Claims
175 Powder Forest Drive, 1st Floor
Weatogue, CT 06089
D: (860) 408-7828
C: (860) 218-0698
F: (860) 408-7801
E: john.reusch@ironshore.com

From: Springmann, Michael
Sent: Friday, February 27, 2015 1:48 PM
To: 'John Reusch'; Sanford Oster; Ronzello, Ronald; Freyre, Carlos
Subject: RE: 3927045 Denbury

John, ████████████████████████████████
████████████████████ Thanks.


-----Original Message-----
From: John Reusch [mailto:John.Reusch@ironshore.com]
Sent: Friday, February 27, 2015 10:34 AM
To: Sanford Oster; Springmann, Michael; Ronzello, Ronald; Freyre, Carlos
Subject: Re: Denbury

Thanks Sandy.
Mike, Ron and Carlos, ████████████████████
████████████████████████████
Thanks again.
John
John Reusch
Senior Vice President
Chief Claims Officer - P & C Claims
175 Powder Forest Drive, 1st Floor
Weatogue, CT 06089
D: (860) 408-7828
C: (860) 218-0698
F: (860) 408-7801
E: john.reusch@ironshore.com

Certified Document Number: 67238734 - Page 34 of 141

FARA003976

</xmp>

---

Date    : 02/27/2015         Type: General
By      : Michael Springmann
Subject: EM from Shirley Fritch ████████████

<xmp>From: Fritch, Shirley
Sent: Friday, February 27, 2015 1:43 PM
To: Springmann, Michael
Cc: Ronzello, Ronald; Freyre, Carlos
Subject: RE: RUSH FW: Denbury 3927045

████████████████████████

Shirley Fritch
Regional Vice President
225.448.0355 office
877.570.3272 toll free
225.448.0026 fax
985.773.3034 cell
shirley.fritch@fara.com email
FARA, A York Risk Services Company
4041 Essen Lane, Suite 200
Baton Rouge, LA 70809

</xmp>

---

Date    : 02/27/2015         Type: General
By      : Shirley A Fritch
Subject: ████████████

████████████████████    ████████████

████████████

---

Date    : 02/27/2015         Type: General
By      : Michael Springmann
Subject: EM to Shirley Fritch ████████████

<xmp>From: Springmann, Michael
Sent: Friday, February 27, 2015 10:46 AM
To: Fritch, Shirley
Cc: Ronzello, Ronald; Freyre, Carlos (Carlos.Freyre@yorkrsg.com)
Subject: RUSH FW: Denbury 3927045
Importance: High

████████████████████████

-----Original Message-----
From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, February 27, 2015 10:30 AM
To: Springmann, Michael; Ronzello, Ronald; Freyre, Carlos; John Reusch
Subject: Fw: Denbury

Mike,

████████████████████████

Thanks,
Sandy

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

----- Original Message -----
From: John Reusch
Sent: Friday, February 27, 2015 10:58 AM
To: Sanford Oster; James Gannon; Tadzi Jones
Subject: Q1

████████████████████████

████████████████████████

Certified Document Number: 67238734 - Page 35 of 141

FARA003977

John
Thanks.
John Reusch
Senior Vice President
Chief Claims Officer - P & C Claims
175 Powder Forest Drive, 1st Floor
Weatogue, CT 06089
D: (860) 408-7828
C: (860) 218-0698
F: (860) 408-7801
E: john.reusch@ironshore.com
</xmp>

Date    : 02/27/2015        Type: General
By      : Michael Springmann
Subject: ████████████████████

███████████████████████████

Claim Id:               3927045

Claimant:               South Delhi Field, LA Spill

Accident Date:          06/14/2013

Description:            Excess Claim Insured had a spill of CO2,

Line Of Coverage:       Commercial Excess Liability (Umbrella) I

Sub Line:               Liability - Property Damage

Reserved:   ███████████   ██████████████

Status:     ███████       ████

</xmp>

---

Date    : 02/27/2015          Type: General
By      : Michael Springmann
Subject: EM (2) from client ████████████

<xmp>From: John Reusch [mailto:John.Reusch@ironshore.com]
Sent: Friday, February 27, 2015 10:34 AM
To: Sanford Oster; Springmann, Michael; Ronzello, Ronald; Freyre, Carlos
Subject: Re: Denbury

Thanks Sandy.
Mike, Ron and Carlos,

████████████████████████████████████████████████████

Thanks again.
John
John Reusch
Senior Vice President
Chief Claims Officer - P & C Claims
175 Powder Forest Drive, 1st Floor
Weatogue, CT 06089
D: (860) 408-7828
C: (860) 218-0698
F: (860) 408-7801
E: john.reusch@ironshore.com

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, February 27, 2015 10:30 AM
To: Springmann, Michael; Ronzello, Ronald; Freyre, Carlos; John Reusch
Subject: Fw: Denbury

Mike,

████████████████████████████████████████████ .   ████████████

Thanks,
Sandy


Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

</xmp>

---

Date    : 02/24/2015          Type: General
By      : Michael Springmann
Subject: EM to client ██████████████████████

<xmp>From: Springmann, Michael
Sent: Tuesday, February 24, 2015 12:02 PM
To: 'John Reusch'; Sanford Oster
Cc: Ronzello, Ronald; Freyre, Carlos
Subject: RE: 3927045 South Delhi Field/Denbury Resources

██████████████████████████████████████████████████████ Thanks.
</xmp>

---

Date    : 02/24/2015          Type: General
By      : Michael Springmann
Subject: EM from client ████████████████

<xmp>From: John Reusch [mailto:John.Reusch@ironshore.com]
Sent: Tuesday, February 24, 2015 11:20 AM
To: Springmann, Michael; Sanford Oster
Cc: Ronzello, Ronald; Freyre, Carlos
Subject: RE: 3927045 South Delhi Field/Denbury Resources

Hi Mike,

FARA003979

Thanks.

████████████████████████████  ███████ ███
████████████████████████████  █████ ███
████████████████

John

JOHN REUSCH
Senior Vice President ä¹ Chief Claims Officer - Property & Casualty
IRONSHORE CLAIMS
175 POWDER FOREST DRIVE | 2ND FL | WEATOGUE, CT 06089
Office: 860.408.7828| Mobile: 860.218.0698| VCARD

</xmp>

---

Date    : 02/24/2015          Type: General
By      : Michael Springmann
Subject: EM to client ███████████

<xmp>From: Freyre, Carlos [mailto:Carlos.Freyre@yorkrsg.com]
Sent: Tuesday, February 24, 2015 11:09 AM
To: Springmann, Michael
Subject: RE: 3927045 South Delhi Field/Denbury Resources

Mike-thank you

---

Carlos Freyre
AVP- Product Management, Casualty Practice Leader
973.404.1125 office
973.404.9052 fax
732.236.6143 cell
carlos.freyre@yorkrsg.com email
York Risk Services Group
99 Cherry Hill Rd
Suite 230
Parsippany NJ 07054

From: Springmann, Michael
Sent: Tuesday, February 24, 2015 11:02 AM
To: John Reusch (John.Reusch@ironshore.com); Sanford Oster
(Sanford.Oster@ironshore.com)
Cc: Ronzello, Ronald; Freyre, Carlos (Carlos.Freyre@yorkrsg.com)
Subject: 3927045 South Delhi Field/Denbury Resources

Sandy and John, ███████████████████████████████ Thanks.

---

Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax
michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

</xmp>

---

Date    : 02/24/2015          Type: General
By      : Michael Springmann
Subject: EM from CC to LA to sched call ███████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, February 23, 2015 9:20 AM
To: Mark C. Clemer
Cc: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael; Michelle
O'Daniels
Subject: RE: 02-23-15 Clemer FW: 02-20-15 Springmann-Oster re Denbury Resources
Holt Bryant Pollution Claim-FARA Claim 3927045-Interim Report

███████████████████████████████████

Best

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122

Certified Document Number: 67238734 - Page 38 of 141

Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

===
From: Mark C. Clemer [mailto:mclemer@brownsims.com]
Sent: Monday, February 23, 2015 9:17 AM
To: Randy Treadaway
Cc: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael; Michelle
O'Daniels
Subject: RE: 02-23-15 Clemer FW: 02-20-15 Springmann-Oster re Denbury Resources
Holt Bryant Pollution Claim-FARA Claim 3927045-Interim Report

███████  ██████████████

Mark C. Clemer, Shareholder
mclemer@brownsims.com
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027
O 713.629.1580 F 713.629.5027
www.brownsims.com

===
From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, February 23, 2015 8:49 AM
To: Mark C. Clemer
Cc: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael; Michelle
O'Daniels
Subject: 02-23-15 Clemer FW: 02-20-15 Springmann-Oster re Denbury Resources Holt
Bryant Pollution Claim-FARA Claim 3927045-Interim Report

Good morning Mark. ████████████████████

████████████████████████       ████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

===
From: Mark C. Clemer [mailto:mclemer@brownsims.com]
Sent: Saturday, February 21, 2015 11:14 AM
To: Randy Treadaway
Cc: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael; Michelle
O'Daniels
Subject: RE: 02-21-15 Clemer FW: 02-20-15 Springmann-Oster re Denbury Resources
Holt Bryant Pollution Claim-FARA Claim 3927045-Interim Report

Thanks Randy,

████████████████████████████
██████████████

Mark


Mark C. Clemer, Shareholder
mclemer@brownsims.com
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027
O 713.629.1580 F 713.629.5027
www.brownsims.com
===
Sent: Saturday, February 21, 2015 6:48 AM
To: Mark C. Clemer - Brown Sims (mclemer@brownsims.com)
Cc: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael; Michelle
O'Daniels
Subject: 02-21-15 Clemer FW: 02-20-15 Springmann-Oster re Denbury Resources Holt
Bryant Pollution Claim-FARA Claim 3927045-Interim Report

Good morning Mark. Hope all is well.

███████████████████████████████████████████

Certified Document Number: 67238734 - Page 39 of 141



Have a great weekend.

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Flordia Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Telefax: (985) 871-8788
Cell: (504) 583-3999
Email: Randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date   : 02/24/2015        Type: General
By     : Michael Springmann
Subject: CC Status Report

<xmp>February 20, 2015

VIA EMAIL ONLY
Michael K. Springmann, J.D.
Senior Environmental Adjuster
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

RE:   Denbury Resources, Inc. Holt-Bryant Pollution Claim
      Insured:        Denbury Resources, Inc.
      D/A:            June 4, 2013
      Ironshore Policy No.    000988602
      FARA Claim No.:   3927045
      Our File:        14-114/RET

Dear Mike:



Certified Document Number: 67238734 - Page 40 of 141

FARA003982

Certified Document Number: 67238734 - Page 41 of 141



Certified Document Number: 67238734 - Page 42 of 141



Very truly yours,

Randell E. Treadaway

Randell E. Treadaway

RET/sc (w/encls.)
</xmp>

---

Date    : 02/24/2015          Type: General
By      : Michael Springmann
Subject: EM from CC w/ status report

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, February 20, 2015 3:07 PM
To: Springmann, Michael; Sanford Oster (Sanford.Oster@Ironshore.com)
Cc: John Reusch; Michelle O'Daniels; Brad Ferrand; Stephanie Cochran
Subject: 02-20-15 Springmann-Oster re Denbury Resources Holt Bryant Pollution
Claim-FARA Claim 3927045-Interim Report





Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 02/23/2015          Type: General
By      : Michael Springmann
Subject: EM from J. Reusch re ▮

<xmp>From: John Reusch [mailto:John.Reusch@ironshore.com]
Sent: Friday, February 20, 2015 5:41 PM
To: Springmann, Michael; Sanford Oster; Ronzello, Ronald
Cc: Sanford Oster
Subject: RE: 3927045 ▮

Thanks Mike. ▮▮▮▮▮
▮▮▮
Peace.

JOHN REUSCH
Senior Vice President ä¹ Chief Claims Officer - Property & Casualty IRONSHORE
CLAIMS
175 POWDER FOREST DRIVE | 2ND FL | WEATOGUE, CT 06089
Office: 860.408.7828| Mobile: 860.218.0698| VCARD

</xmp>

---

Date    : 02/20/2015          Type: General
By      : Michael Springmann
Subject: EM from/to John Reusch re ▮

<xmp>From: Springmann, Michael
Sent: Friday, February 20, 2015 4:56 PM
To: 'John Reusch'; Sanford Oster; Ronzello, Ronald
Cc: Sanford Oster
Subject: RE: 3927045 ▮

Thanks.

-----Original Message-----
From: John Reusch [mailto:John.Reusch@ironshore.com]
Sent: Friday, February 20, 2015 12:44 PM
To: Springmann, Michael; Sanford Oster; Ronzello, Ronald
Cc: Sanford Oster
Subject: RE: 3927045 ▮

Hi Mike,

Certified Document Number: 67238734 - Page 43 of 141

Thanks.
John

JOHN REUSCH
Senior Vice President ä¹ Chief Claims Officer - Property & Casualty IRONSHORE
CLAIMS
175 POWDER FOREST DRIVE | 2ND FL | WEATOGUE, CT 06089
Office: 860.408.7828| Mobile: 860.218.0698| VCARD
</xmp>

E-mail regarding unrelated case

</xmp>

Date    : 02/19/2015          Type: General
By      : Michael Springmann
Subject: EM from client/to CC and DC

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, February 20, 2015 7:36 AM
To: Sanford Oster
Cc: Springmann, Michael; Ronzello, Ronald; John Reusch; Freyre, Carlos
Subject: 02-20-15 Oster-Springmann Re: 3927045

Good morning Sandy and Mike and thanks for your emails.

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 273-3122
Telefax: (985) 871-8788
Cell: (504) 583-3999
Email: Randy@ztlalaw.com
Website: www.ztlalaw.com

From: Springmann, Michael
Sent: Thursday, February 19, 2015 4:33 PM
To: 'Sanford Oster'; 'randy@ztlalaw.com'; 'mclemer@brownsims.com'
Subject: RE: 3927045 Denbury Claim

Randy and Mark,                                                    Thanks.

-----Original Message-----
From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, February 11, 2015 5:24 AM
To: 'randy@ztlalaw.com'; 'mclemer@brownsims.com'
Cc: Springmann, Michael

Certified Document Number: 67238734 - Page 44 of 141

Subject: Denbury Claim

Randy, Mark,

[REDACTED]

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com
</xmp>

---

Date    : 02/19/2015          Type: General
By      : Michael Springmann
Subject: EM from/to client [REDACTED]

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, February 19, 2015 5:05 PM
To: Springmann, Michael; Ronzello, Ronald
Cc: John Reusch; 'randy@ztlalaw.com'; Freyre, Carlos
Subject: Re: 3927045 [REDACTED]

[REDACTED]

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Springmann, Michael
Sent: Thursday, February 19, 2015 4:26 PM
To: 'Sanford Oster'; Ronzello, Ronald
Cc: John Reusch; 'randy@ztlalaw.com'
Subject: RE: 3927045 [REDACTED]

Sandy, [REDACTED]

[REDACTED]

-----Original Message-----
From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, February 19, 2015 4:18 PM
To: Springmann, Michael; Ronzello, Ronald
Cc: John Reusch; 'randy@ztlalaw.com'
Subject: [REDACTED]

Mike,

[REDACTED]

Certified Document Number: 67238734 - Page 45 of 141

Sandy

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com
</xmp>

---

Date    : 02/12/2015          Type: General
By      : Michael Springmann
Subject: EM from/to client ▇▇▇▇▇▇▇▇▇▇▇

<xmp>From: Springmann, Michael
Sent: Thursday, February 12, 2015 7:49 AM
To: John Reusch (John.Reusch@ironshore.com); LossFund@Fara.com; Ronzello, Ronald
Subject: FW: ▇▇▇▇  Ironshore Holdings, Inc., 1581, South Delhi Field, LA
Spill, 3927045,▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, February 11, 2015 11:41 AM
To: Springmann, Michael
Subject: RE: 3927045 Denbury Resources

▇▇▇▇▇▇▇▇▇▇▇▇▇▇

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Springmann, Michael
Sent: Wednesday, February 11, 2015 11:32 AM
To: Sanford Oster (Sanford.Oster@ironshore.com)
Subject: FW: 3927045 Denbury Resources

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

From: Bonnie Champagne [mailto:bonnie@ztlalaw.com]
Sent: Wednesday, February 11, 2015 10:54 AM
To: Springmann, Michael
Subject: Denbury Resources

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Many thanks,
Bonnie Champagne

Bonnie Champagne
Legal Administrator
Zaunbrecher Treadaway, LLC
406 N. Florida Street, Suite 2
Covington, LA  70433
Direct Dial:  985-273-3129
Phone:  985-871-8787
Fax:  985-871-8788

From: John Reusch [mailto:John.Reusch@ironshore.com]
Sent: Wednesday, February 11, 2015 9:27 PM
To: LossFund@Fara.com; Ronzello, Ronald; 'michael.springman@fara.com'
Subject: Re: ▇▇▇▇  Ironshore Holdings, Inc., 1581, South Delhi Field, LA
Spill, 3927045, ▇▇▇▇

Hi Mike and Ron,

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
Thank you.
John
John Reusch
Senior Vice President
Chief Claims Officer - P & C Claims
175 Powder Forest Drive, 1st Floor
Weatogue, CT 06089
D: (860) 408-7828
C: (860) 218-0698

Certified Document Number: 67238734 - Page 46 of 141

F: (860) 408-7801
E: john.reusch@ironshore.com

From: info@iclaimsexpert.com [mailto:info@iclaimsexpert.com]
Sent: Wednesday, February 11, 2015 01:28 PM
To: Bill Gleason; John Reusch; IronshoremgatpaUS; lossfund@fara.com
<lossfund@fara.com>
Subject: ██████████ Ironshore Holdings, Inc., 1581, South Delhi Field, LA Spill,
3927045, ██████



</xmp>

---

Date    : 02/11/2015        Type: General
By      : Michael Springmann
Subject: EM to/from client ████████████████████

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, February 11, 2015 11:41 AM
To: Springmann, Michael
Subject: RE: 3927045 Denbury Resources

████████████████

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Springmann, Michael
Sent: Wednesday, February 11, 2015 11:32 AM
To: Sanford Oster (Sanford.Oster@ironshore.com)
Subject: FW: 3927045 Denbury Resources

Sandy, ████████████████████████████████
██████████████████████████Thanks.

From: Bonnie Champagne [mailto:bonnie@ztlalaw.com]
Sent: Wednesday, February 11, 2015 10:54 AM
To: Springmann, Michael
Subject: Denbury Resources

████████████████████████████████

Many thanks,
Bonnie Champagne

Bonnie Champagne
Legal Administrator
Zaunbrecher Treadaway, LLC
406 N. Florida Street, Suite 2
Covington, LA  70433
Direct Dial:  985-273-3129
Phone:   985-871-8787
Fax:   985-871-8788

</xmp>

---

Date    : 02/11/2015        Type: General
By      : Michael Springmann
Subject: TC w/ CC; ████████████████████████

████████████████████████████████████████████

Certified Document Number: 67238734 - Page 47 of 141

FARA003989

Certified Document Number: 67238734 - Page 48 of 141

Date    : 01/29/2015          Type: General
By      : Michael Springmann
Subject: Reserves as of 01/29/15

<xmp>Reserves as of 01/29/2015


Claim Id:                     3927045

Claimant:                     South Delhi Field, LA Spill

Accident Date:                06/14/2013

Description:                  Excess Claim Insured had a spill of CO2,

Line Of Coverage:             Commercial Excess Liability (Umbrella) I

Sub Line:                     Liability - Property Damage

Reserved: 01/29/2015 10:00:20:AM       ███████████████

Status:                                █████████

███████                                ████████████████████████████████

       █████      ───      ██   █████████   █████████
     █████████   ███████   ███████   █████████   █████████


██████████████

█████████████████
       █████      █████      █████      █████      █████
████████████████████████████
       █████      █████      █████      █████      █████
██████
█████████
████████████████
     █████████   █████████   █████████   █████████   █████████
█████████████
     █████████   █████      █████████   █████      █████████
██████████████████████
     █████████   █████████   █████████   █████████   █████████


██████████████████████████████████

█████████████
     █████████   █████████   █████████   █████████   █████████

</xmp>


Date    : 01/29/2015          Type: General
By      : Michael Springmann
Subject: EM to/from client ███████████████████████

FARA003990

<xmp>From: Springmann, Michael
Sent: Thursday, January 29, 2015 9:49 AM
To: Sanford Oster (Sanford.Oster@ironshore.com)
Subject: 3927045 Denbury

Sandy, ██████████████████████████████
██████████ Thanks.

_____

Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax
michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

From: Springmann, Michael
Sent: Thursday, January 29, 2015 9:49 AM
To: Sanford Oster (Sanford.Oster@ironshore.com)
Subject: 3927045 Denbury

Sandy, ██████████████████████████████
██████████ Thanks.

_____

Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax
michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

</xmp>

_____

Date    : 01/29/2015          Type: General
By      : Michael Springmann
Subject: Conf call w/ CC

<xmp>Participants:
IS: Sandy Oster
CC: Randy Treadaway and Michelle O'Daniels
TX Local Atty: Mark Clemer
FARA: Mike Springmann



Certified Document Number: 67238734 - Page 49 of 141

Date    : 01/29/2015          Type: General
By      : Michael Springmann
Subject: EM exch w/ CC re ███████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, January 27, 2015 1:56 PM
To: Sanford Oster; Springmann, Michael; 'mclemer@brownsims.com'
Cc: Michelle O'Daniels; Brad Ferrand; Stephanie Cochran
Subject: 01-27-15 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-████████████████████████████
████

Hi Sandy. ████████████████████████████    ████████████

████████████████████████████████████████████
███████████████
████████████████████████████████████████████
████████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

===
From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, January 26, 2015 11:52 AM
To: Sanford Oster; Springmann, Michael; 'mclemer@brownsims.com'
Cc: 'modlegal@gmail.com'; Brad Ferrand; Stephanie Cochran
Subject: RE: 01-26-15 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-████████████████████████
████

██████   ████████████████

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com


===
From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Monday, January 26, 2015 11:52 AM
To: 'randy@ztlalaw.com'; Springmann, Michael; 'mclemer@brownsims.com'
Cc: 'modlegal@gmail.com'; 'brad@ztlalaw.com'; 'stephanie@ztlalaw.com'
Subject: Re: 01-26-15 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-████████████████████████
████

Randy,
████████████████████████████████████████████
████████████████████████████████

Sandy

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

===

Certified Document Number: 67238734 - Page 50 of 141

Certified Document Number: 67238734 - Page 51 of 141

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, January 26, 2015 11:44 AM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael; Mark C. Clemer (mclemer@brownsims.com)
Cc: Michelle O'Daniels; Brad Ferrand; Stephanie Cochran
Subject: 01-26-15 Oster-Springmann re FARA Claim #3927045 South Delhi Field/Denbury Resources-███████

Good afternoon Sandy and good morning Mike and Mark. ████████

████████████████████████████████████

████████████████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

</xmp>

---

Date    : 01/29/2015          Type: General
By      : Michael Springmann
Subject: EM from LA re ████████████

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Tuesday, December 23, 2014 1:58 PM
To: 'mclemer@brownsims.com'; 'randy@ztlalaw.com'; Springmann, Michael
Cc: 'modlegal@gmail.com'; 'stephanie@ztlalaw.com'; 'jmalik@brownsims.com'
Subject: Re: 11-20-14 Oster-Springmann re FARA Claim #3927045 South Delhi Field/Denbury Resources-████████

Mark,
████████████████████████████

████████████

Sandy

████████████

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Mark C. Clemer [mailto:mclemer@brownsims.com]
Sent: Tuesday, December 23, 2014 1:54 PM
To: Sanford Oster; Randy Treadaway; Springmann, Michael
Cc: Michelle O'Daniels; Stephanie Cochran; Jennifer L. Malik
Subject: RE: 11-20-14 Oster-Springmann re FARA Claim #3927045 South Delhi Field/Denbury Resources-████████

FARA003993



Mark

Mark C. Clemer, Shareholder
mclemer@brownsims.com
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027
O 713.629.1580 F 713.629.5027
www.brownsims.com

</xmp>

---

Date    : 01/29/2015          Type: General
By      : Michael Springmann
Subject: EM from CC re ▓▓▓▓▓▓▓▓▓

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, November 20, 2014 10:20 AM
To: Randy Treadaway; Springmann, Michael
Cc: Mark C. Clemer (mclemer@brownsims.com); Michelle O'Daniels; Stephanie Cochran
Subject: RE: 11-20-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, November 20, 2014 10:12 AM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael
Cc: Mark C. Clemer (mclemer@brownsims.com); Michelle O'Daniels; Stephanie Cochran
Subject: 11-20-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Good morning Sandy and Mike. ▓▓▓▓▓▓▓▓▓▓



FARA003994



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 11/18/2014           Type: General
By      : Michael Springmann
Subject: EM to CC req status ▮▮▮▮▮▮▮▮▮▮

<xmp>From: Springmann, Michael
Sent: Tuesday, November 18, 2014 9:22 AM
To: 'Randy Treadaway'
Subject: 3927045 South Delhi Field/Denbury

Randy, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax
michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


</xmp>

---

Date    : 11/04/2014           Type: General
By      : Michael Springmann
Subject: VMM for/EM to CC ▮▮▮▮▮▮▮▮▮▮

<xmp>From: Springmann, Michael
Sent: Tuesday, November 04, 2014 1:05 PM
To: 'Randy Treadaway'
Cc: Sanford Oster; mclemer@brownsims.com; modlegal@gmail.com

Certified Document Number: 67238734 - Page 53 of 141

Subject: RE: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-███████████████████████████████████████████████

Randy, ███████████████████████████████████████████

███████████████████████████████████████ ██ ██████████████████ Thanks.

</xmp>

---

Date     : 11/04/2014          Type: General
By       : Michael Springmann
Subject: EM from CC re 10/31 conf call

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, October 30, 2014 1:49 PM
To: Springmann, Michael
Cc: Sanford Oster; mclemer@brownsims.com; modlegal@gmail.com
Subject: Re: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-████████████████████████████████████████

Good afternoon All,

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 273-3122
Telefax: (985) 871-8788
Cell: (504) 583-3999
Email: Randy@ztlalaw.com
Website: www.ztlalaw.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, October 29, 2014 4:52 PM
To: Sanford Oster; 'mclemer@brownsims.com'; Springmann, Michael
Cc: 'modlegal@gmail.com'
Subject: RE: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-████████████████████████████████████████

Dear All,

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE
OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer
at the law firm of Zaunbrecher Treadaway, L.L.C. and is intended only for the use
of the individual or entity to whom it is addressed. This message contains
information and/or attachments that are privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the intended
recipient or is not the employee or agent responsible for delivering this message
to the intended recipient, please do not read, copy, use or disclose this
communication to others. If you have received this communication in error, please
notify us immediately by reply e-mail or by telephone (call us collect at
504-833-7300) and immediately delete this message and all of its attachments.
Thank you.

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, October 29, 2014 4:51 PM
To: Randy Treadaway; 'mclemer@brownsims.com'; 'Michael.Springmann@fara.com'
Cc: 'modlegal@gmail.com'
Subject: Re: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-████████████████████████████████████████

██████████████████

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004

Certified Document Number: 67238734 - Page 54 of 141

646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, October 29, 2014 05:37 PM
To: Sanford Oster; 'mclemer@brownsims.com' <mclemer@brownsims.com>;
'Michael.Springmann@fara.com' <Michael.Springmann@fara.com>
Cc: Michelle O'Daniels <modlegal@gmail.com>
Subject: RE: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-███████████████████████████████████████████████

Sandy/Mark,

███████████████████████████████████████████
██████ ▪ ████     █████████████████████████
██████████████████████████

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE
OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer
at the law firm of Zaunbrecher Treadaway, L.L.C. and is intended only for the use
of the individual or entity to whom it is addressed. This message contains
information and/or attachments that are privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the intended
recipient or is not the employee or agent responsible for delivering this message
to the intended recipient, please do not read, copy, use or disclose this
communication to others. If you have received this communication in error, please
notify us immediately by reply e-mail or by telephone (call us collect at
504-833-7300) and immediately delete this message and all of its attachments.
Thank you.

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, October 29, 2014 4:36 PM
To: 'mclemer@brownsims.com'; 'Michael.Springmann@fara.com'; Randy Treadaway;
'modlegal@gmail.com'
Subject: Re: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-███████████████████████████████████████████████

████████████████████████████████

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Mark C. Clemer [mailto:mclemer@brownsims.com]
Sent: Wednesday, October 29, 2014 05:30 PM
To: Springmann, Michael <Michael.Springmann@fara.com>; Sanford Oster;
randy@ztlalaw.com <randy@ztlalaw.com>; modlegal@gmail.com <modlegal@gmail.com>
Subject: RE: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-███████████████████████████████████████████████

█████████████████████████████████████████████████████████
████████████ ▪ ██████                █████████████

Mark C. Clemer, Shareholder
mclemer@brownsims.com
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027
O 713.629.1580 F 713.629.5027
www.brownsims.com

From: Springmann, Michael [mailto:Michael.Springmann@fara.com]
Sent: Monday, October 27, 2014 8:35 AM
To: Sanford Oster; randy@ztlalaw.com; Mark C. Clemer; modlegal@gmail.com
Subject: RE: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-███████████████████████████████████████████████

Certified Document Number: 67238734 - Page 55 of 141

Mark, ████████████████████████████████████████████

Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax
michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, October 23, 2014 1:17 PM
To: Mark C. Clemer
Cc: Randy Treadaway; Michael D. Williams; Springmann, Michael
Subject: RE: 10-22-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources ████████████████████████████

Mark,

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, October 24, 2014 12:57 PM
To: 'randy@ztlalaw.com'; 'mclemer@brownsims.com'; 'modlegal@gmail.com'
Cc: Springmann, Michael
Subject: Re: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-████████████████████████████

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, October 24, 2014 12:58 PM
To: Mark C. Clemer <mclemer@brownsims.com>; Michelle Odaniels-email
<modlegal@gmail.com>
Cc: Springmann, Michael <Michael.Springmann@fara.com>; Sanford Oster
Subject: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-████████████████████████████

Mark,

Michael K. Springmann, J.D.
Senior Environmental Adjuster
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471
Telephone:        985.674.4802
Telefax:                    985.624.8684
michael.springmann@fara.com email

Best Regards,

Certified Document Number: 67238734 - Page 56 of 141

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE
OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer
at the law firm of Zaunbrecher Treadaway, L.L.C. and is intended only for the use
of the individual or entity to whom it is addressed. This message contains
information and/or attachments that are privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the intended
recipient or is not the employee or agent responsible for delivering this message
to the intended recipient, please do not read, copy, use or disclose this
communication to others. If you have received this communication in error, please
notify us immediately by reply e-mail or by telephone (call us collect at
504-833-7300) and immediately delete this message and all of its attachments.
Thank you.

From: Mark C. Clemer [mailto:mclemer@brownsims.com]
Sent: Friday, October 24, 2014 11:53 AM
To: Randy Treadaway; Michelle Odaniels-email
Subject: FARA Claim #3927045 South Delhi Field/Denbury Resources-

Randy and Michelle,

Mark


Mark C. Clemer, Shareholder
mclemer@brownsims.com
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027
O 713.629.1580 F 713.629.5027
www.brownsims.com


</xmp>


Date    : 11/04/2014          Type: General
By      : Michael Springmann
Subject: EM from CC to IS Mitrovich-Walsh re

<xmp>From: Richard Walsh [mailto:Richard.Walsh@ironshore.com]
Sent: Wednesday, October 29, 2014 10:38 AM
To: 'randy@ztlalaw.com'; Mike Mitrovic
Cc: Sanford Oster; John Reusch; Springmann, Michael; 'modlegal@gmail.com';
'stephanie@ztlalaw.com'
Subject: Re: 10-29-14 Mitrovic-Walsh re FARA Claim #3927045 South Delhi
Field/Denbury Resources

Randy:

Best,

RTW

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, October 29, 2014 11:24 AM Eastern Standard Time
To: Mike Mitrovic; Richard Walsh
Cc: Sanford Oster; John Reusch; Springmann, Michael <Michael.Springmann@fara.com>;
Michelle O'Daniels <modlegal@gmail.com>; Stephanie Cochran <stephanie@ztlalaw.com>

Subject: 10-29-14 Mitrovic-Walsh re FARA Claim #3927045 South Delhi Field/Denbury
Resources-

Good morning again Mike and Richard.

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

</xmp>

---

Date   : 11/04/2014        Type: General
By     : Michael Springmann
Subject: EM from client re ███████████████

<xmp>From: Mark C. Clemer [mailto:mclemer@brownsims.com]
Sent: Wednesday, October 29, 2014 4:51 PM
To: Sanford Oster; 'randy@ztlalaw.com'; Springmann, Michael
Cc: 'modlegal@gmail.com'
Subject: RE: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-███████████████████████████████

██████████

Mark C. Clemer, Shareholder
mclemer@brownsims.com
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027
O 713.629.1580 F 713.629.5027
www.brownsims.com

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, October 29, 2014 4:51 PM
To: 'randy@ztlalaw.com'; 'mclemer@brownsims.com'; Springmann, Michael
Cc: 'modlegal@gmail.com'
Subject: Re: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-███████████████████████████████

██████████

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, October 29, 2014 05:37 PM
To: Sanford Oster; 'mclemer@brownsims.com' <mclemer@brownsims.com>;
'Michael.Springmann@fara.com' <Michael.Springmann@fara.com>
Cc: Michelle O'Daniels <modlegal@gmail.com>
Subject: RE: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-████████████████████████

Sandy/Mark,

████████████████████████████████████████

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787

Certified Document Number: 67238734 - Page 58 of 141

Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 10/29/2014          Type: General
By      : Michael Springmann
Subject: EM exch w/ LA, CC and client re ███████████

<xmp>From: Springmann, Michael
Sent: Wednesday, October 29, 2014 4:39 PM
To: 'Randy Treadaway'; Sanford Oster; 'mclemer@brownsims.com'
Cc: Michelle O'Daniels
Subject: RE: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-███████████████████████████████████████████

███████████████████████████

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, October 29, 2014 4:37 PM
To: Sanford Oster; 'mclemer@brownsims.com'; Springmann, Michael
Cc: Michelle O'Daniels
Subject: RE: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-████████████████████████████████████████████

Sandy/Mark,

███████████████████████████████████████████████████████████
███████████████████████████████████████████████

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE
OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer
at the law firm of Zaunbrecher Treadaway, L.L.C. and is intended only for the use
of the individual or entity to whom it is addressed. This message contains
information and/or attachments that are privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the intended
recipient or is not the employee or agent responsible for delivering this message
to the intended recipient, please do not read, copy, use or disclose this
communication to others. If you have received this communication in error, please
notify us immediately by reply e-mail or by telephone (call us collect at
504-833-7300) and immediately delete this message and all of its attachments.
Thank you.

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, October 29, 2014 4:36 PM
To: 'mclemer@brownsims.com'; 'Michael.Springmann@fara.com'; Randy Treadaway;
'modlegal@gmail.com'
Subject: Re: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-████████████████████████████████████████████

████████████████████████████

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Mark C. Clemer [mailto:mclemer@brownsims.com]
Sent: Wednesday, October 29, 2014 05:30 PM
To: Springmann, Michael <Michael.Springmann@fara.com>; Sanford Oster;
randy@ztlalaw.com <randy@ztlalaw.com>; modlegal@gmail.com <modlegal@gmail.com>
Subject: RE: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-████████████████████████████████████████████

Thanks Mike,███████████████████████████████████████████████
███████████████████████████████████████████████

FARA004001

Mark C. Clemer, Shareholder
mclemer@brownsims.com
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027
O 713.629.1580 F 713.629.5027
www.brownsims.com


From: Springmann, Michael [mailto:Michael.Springmann@fara.com]
Sent: Monday, October 27, 2014 8:35 AM
To: Sanford Oster; randy@ztlalaw.com; Mark C. Clemer; modlegal@gmail.com
Subject: RE: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-███████████████████████

Mark, ███████████████████████████████████████ Thanks.
_____

Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax
michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471



From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, October 23, 2014 1:17 PM
To: Mark C. Clemer
Cc: Randy Treadaway; Michael D. Williams; Springmann, Michael
Subject: RE: 10-22-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-██████████████

Mark,
████████████████████████████████████

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD


From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, October 24, 2014 12:57 PM
To: 'randy@ztlalaw.com'; 'mclemer@brownsims.com'; 'modlegal@gmail.com'
Cc: Springmann, Michael
Subject: Re: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-██████████████████████

████████████

████████████


Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, October 24, 2014 12:58 PM
To: Mark C. Clemer <mclemer@brownsims.com>; Michelle Odaniels-email
<modlegal@gmail.com>
Cc: Springmann, Michael <Michael.Springmann@fara.com>; Sanford Oster
Subject: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-██████████████████████

Mark,

████████████████████████████████████████

Certified Document Number: 67238734 - Page 60 of 141

FARA004002

Michael K. Springmann, J.D.
Senior Environmental Adjuster
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471
Telephone:      985.674.4802
Telefax:                985.624.8684
michael.springmann@fara.com email

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 10/27/2014          Type: General
By      : Michael Springmann
Subject: EM to LA Clemer re ▮▮▮▮▮▮▮▮▮▮

<xmp>From: Springmann, Michael
Sent: Monday, October 27, 2014 8:35 AM
To: 'Sanford Oster'; 'randy@ztlalaw.com'; 'mclemer@brownsims.com';
'modlegal@gmail.com'
Subject: RE: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-▮▮▮▮▮▮▮▮▮▮▮

Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax
michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, October 23, 2014 1:17 PM
To: Mark C. Clemer
Cc: Randy Treadaway; Michael D. Williams; Springmann, Michael
Subject: RE: 10-22-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-▮▮▮▮▮▮▮

Mark,

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, October 24, 2014 12:57 PM
To: 'randy@ztlalaw.com'; 'mclemer@brownsims.com'; 'modlegal@gmail.com'
Cc: Springmann, Michael
Subject: Re: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-▮▮▮▮▮▮▮▮▮

Certified Document Number: 67238734 - Page 61 of 141

████████████████

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, October 24, 2014 12:58 PM
To: Mark C. Clemer <mclemer@brownsims.com>; Michelle Odaniels-email
<modlegal@gmail.com>
Cc: Springmann, Michael <Michael.Springmann@fara.com>; Sanford Oster
Subject: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-██████████████████████████████████████

Mark,

████████████████████████████████████████
█████████████████

███████████████████████████████  ████████████

██████████████████████████████████████

Michael K. Springmann, J.D.
Senior Environmental Adjuster
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471
Telephone:      985.674.4802
Telefax:                    985.624.8684
michael.springmann@fara.com email

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

</xmp>

---

Date   : 10/27/2014          Type: General
By     : Michael Springmann
Subject: EM exch CC and local atty Clemer

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, October 24, 2014 12:57 PM
To: 'randy@ztlalaw.com'; 'mclemer@brownsims.com'; 'modlegal@gmail.com'
Cc: Springmann, Michael
Subject: Re: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-████████████████████████████████████████

███████████████████

████████████████

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, October 24, 2014 11:58 AM
To: Mark C. Clemer; Michelle Odaniels-email
Cc: Springmann, Michael; Sanford Oster (Sanford.Oster@Ironshore.com)
Subject: 10-24-14 Clemer RE: FARA Claim #3927045 South Delhi Field/Denbury
Resources-███████████████████████████████████████

FARA004004

Mark,

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

Michael K. Springmann, J.D.
Senior Environmental Adjuster
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471
Telephone:        985.674.4802
Telefax:                    985.624.8684
michael.springmann@fara.com email

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE
OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer
at the law firm of Zaunbrecher Treadaway, L.L.C. and is intended only for the use
of the individual or entity to whom it is addressed. This message contains
information and/or attachments that are privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the intended
recipient or is not the employee or agent responsible for delivering this message
to the intended recipient, please do not read, copy, use or disclose this
communication to others. If you have received this communication in error, please
notify us immediately by reply e-mail or by telephone (call us collect at
504-833-7300) and immediately delete this message and all of its attachments.
Thank you.

From: Mark C. Clemer [mailto:mclemer@brownsims.com]
Sent: Friday, October 24, 2014 11:53 AM
To: Randy Treadaway; Michelle Odaniels-email
Subject: FARA Claim #3927045 South Delhi Field/Denbury Resources-████████████████
███████████

Randy and Michelle,

████████████████████████████████████

Best regards,

Mark

Mark C. Clemer, Shareholder
mclemer@brownsims.com
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027
O 713.629.1580 F 713.629.5027
www.brownsims.com

</xmp>

---

Date    : 10/27/2014          Type: General
By      : Michael Springmann
Subject: EM from CC ██████████████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, October 23, 2014 3:33 PM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael
Cc: Michelle O'Daniels; Stephanie Cochran
Subject: 10-23-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-███████████████████

Certified Document Number: 67238734 - Page 63 of 141

FARA004005

Good afternoon again Sandy and Mike.

█████████████████████████████████████████

███████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 10/27/2014        Type: General
By      : Michael Springmann
Subject: EM from client █████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, October 23, 2014 2:33 PM
To: Sanford Oster; Springmann, Michael
Cc: Michelle O'Daniels; Stephanie Cochran
Subject: RE: 10-23-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-████████████████████████████

███████████        ██████████████████████

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, October 23, 2014 2:31 PM
To: Randy Treadaway; Springmann, Michael
Cc: Michelle O'Daniels; Stephanie Cochran
Subject: RE: 10-23-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-██████████████████████████
████████

Randy,
███████████████

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, October 23, 2014 3:25 PM
To: Sanford Oster; Springmann, Michael
Cc: Michelle O'Daniels; Stephanie Cochran
Subject: 10-23-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-████████████████████████████
████████

Good afternoon Sandy and Mike. █████████████████████████

█████████████████████████████████████████
███████████        ██████████████████████

---

Date    : 10/27/2014        Type: General
By      : Michael Springmann

Certified Document Number: 67238734 - Page 64 of 141

Subject: EM from CC ███████████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, October 23, 2014 2:25 PM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael
Cc: Michelle O'Daniels; Stephanie Cochran
Subject: 10-23-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-███████████████████████████
████

Good afternoon Sandy and Mike. ████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████

███████████████████████████████████████████

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date   : 10/27/2014          Type: General
By     : Michael Springmann
Subject: EM from client to Mark Clemer ████████████████████

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, October 23, 2014 1:17 PM
To: Mark C. Clemer
Cc: Randy Treadaway; Michael D. Williams; Springmann, Michael
Subject: RE: 10-22-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources ████████████████████████████

Mark,
███████████████████████████████████████████
███████████████████████████████████████████

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

</xmp>

---

Date   : 10/27/2014          Type: General
By     : Michael Springmann
Subject: EM from CC ████████████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, October 22, 2014 10:18 AM
To: Sanford Oster
Cc: John Reusch; Michelle O'Daniels; Springmann, Michael
Subject: 10-22-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources ████████████████████████████

Good morning Sandy.

Certified Document Number: 67238734 - Page 65 of 141



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 10/27/2014        Type: General
By      : Michael Springmann
Subject: EM from client to CC: ▮▮▮▮▮▮▮▮▮▮▮▮

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, October 21, 2014 10:36 AM
To: Sanford Oster; Springmann, Michael
Cc: John Reusch; Tadzi Jones; 'modlegal@gmail.com'; Stephanie Cochran
Subject: RE: 10-21-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Tuesday, October 21, 2014 10:28 AM
To: 'randy@ztlalaw.com'; Springmann, Michael
Cc: John Reusch; Tadzi Jones; 'modlegal@gmail.com'; 'stephanie@ztlalaw.com'
Subject: Re: 10-21-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-Draft Request for Information to Denbury-▮▮▮▮▮▮▮▮▮▮

Randy,

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

Sandy

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office

Certified Document Number: 67238734 - Page 66 of 141

347 759-1976-Cell
Sanford.oster@ironshore.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, October 21, 2014 10:21 AM
To: Sanford Oster; Springmann, Michael <Michael.Springmann@fara.com>
Cc: John Reusch; Tadzi Jones; Michelle O'Daniels <modlegal@gmail.com>; Stephanie
Cochran <stephanie@ztlalaw.com>
Subject: 10-21-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-Draft Request for Information to Denbury-███████████
███████████████████████████████████████████

Good morning Sandy and Mike.   I hope Sandy and John </xmp>

---

Date    : 10/27/2014          Type: General
By      : Michael Springmann
Subject: EM from CC re ███████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, October 21, 2014 10:22 AM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael
Cc: John Reusch; Tadzi Jones; Michelle O'Daniels; Stephanie Cochran
Subject: 10-21-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-Draft Request for Information to Denbury-███████████



Certified Document Number: 67238734 - Page 67 of 141

[REDACTED]

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 10/16/2014          Type: General
By      : Michael Springmann
Subject: EM from CC re [REDACTED]

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, October 14, 2014 6:49 PM
To: Sanford Oster
Cc: Springmann, Michael; modlegal@gmail.com; John Reusch; Tadzi Jones
Subject: Re: 10-14-14 Oster re Denbury Resources-Claim #3927045-[REDACTED]

Sandy,

[REDACTED]

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 273-3122
Telefax: (985) 871-8788
Cell: (504) 583-3999
Email: Randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 10/16/2014          Type: General
By      : Michael Springmann
Subject: EM from client to CC: POA re [REDACTED]

<xmp>Sent: Tuesday, October 14, 2014 6:41 PM
To: 'randy@ztlalaw.com'
Cc: Springmann, Michael; 'modlegal@gmail.com'; John Reusch; Tadzi Jones
Subject: Re: 10-14-14 Oster re Denbury Resources-Claim #3927045-[REDACTED]

Randy,

[REDACTED]

Certified Document Number: 67238734 - Page 68 of 141

Enjoy the evening.
Sandy

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com
</xmp>

---

Date    : 10/16/2014          Type: General
By      : Michael Springmann
Subject: EM from CC: ████████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, October 14, 2014 3:35 PM
To: Sanford Oster (Sanford.Oster@Ironshore.com)
Cc: Springmann, Michael; Michelle O'Daniels
Subject: 10-14-14 Oster re Denbury Resources-Claim #3927045-████████████
████████████████

Good afternoon Sandy and Mike. Hope all is well.



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999

Certified Document Number: 67238734 - Page 69 of 141

FARA004011

Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

</xmp>

Date    : 10/16/2014          Type: General
By      : Michael Springmann
Subject: Reserves as of 10/16/14

<xmp>Reserves as of 10/16/2014


Claim Id:                          3927045

Claimant:                          South Delhi Field, LA Spill

Accident Date:                     06/14/2013

Description:                       Excess Claim Insured had a spill of CO2,

Line Of Coverage:                  Commercial Excess Liability (Umbrella) I

Sub Line:                          Liability - Property Damage

Reserved: ▓▓▓▓ ▓▓▓▓              ▓▓▓▓▓▓▓▓

Status:                            ▓▓▓

▓▓▓                                ▓▓▓▓▓▓▓▓▓▓
Certified Document Number: 67238734 - Page 70 of 141

FARA004012

Date    : 10/16/2014         Type: General
By      : Michael Springmann
Subject: EM to/from client ████████████████

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, October 16, 2014 3:45 PM
To: Springmann, Michael
Subject: Re: 10-16-14 Springmann re 3927045 South Delhi Field/Denbury
Resources-████████████████

Mike,
████████████████████████

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Springmann, Michael
Sent: Thursday, October 16, 2014 3:44 PM
To: 'Sanford Oster'
Subject: RE: 10-16-14 Springmann re 3927045 South Delhi Field/Denbury
Resources-████████████████

Sandy, ████████████████████████████████████ Thanks.

</xmp>

---

Date    : 10/16/2014         Type: General
By      : Michael Springmann
Subject: EM exchange CC and client re ████████████████

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, October 16, 2014 3:41 PM
To: 'randy@ztlalaw.com'; Springmann, Michael
Cc: 'bonnie@ztlalaw.com'
Subject: Re: 10-16-14 Springmann re 3927045 South Delhi Field/Denbury
Resources-████████████████

Mike,
████████████████████████
Sandy

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, October 16, 2014 04:35 PM
To: Springmann, Michael <Michael.Springmann@fara.com>
Cc: Sanford Oster; Bonnie Champagne <bonnie@ztlalaw.com>
Subject: 10-16-14 Springmann re 3927045 South Delhi Field/Denbury Resources-████
████████████████

Hi Mike.  Hope all is well.

████████████████████████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

Certified Document Number: 67238734 - Page 71 of 141

</xmp>

---

Date    : 09/29/2014           Type: General
By      : Michael Springmann
Subject: EM from CC to Zurich atty req DVDs

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, September 29, 2014 10:11 AM
To: Philip D. Nizialek
Cc: Natalie Limber; Kevin Lahm; Mike Knippen; Springmann, Michael; Laborde,
Gibson; Michael Golding (Michael.Golding@starrcompanies.com); Michelle O'Daniels
Subject: 09-29-14 Niialek re Denbury Resources-Request for Video-DVS's of Surface
Damage Caused By Well Failure

Good morning Phil.

Please advise as to the status of Ironshoreüs requests for copies of the DVDs
depicting surface damage caused by the well failure, which Ironshore needs to
facilitate its analysis of Denburyüs claim.

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 09/29/2014           Type: General
By      : Michael Springmann
Subject: EM from CC to client ██████████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, September 29, 2014 10:04 AM
To: Sanford Oster; Springmann, Michael
Cc: Michelle O'Daniels
Subject: RE: 09-26-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-██████████████████████

Sandy,

███████████████████████████████████████
█████████████████████████

Best

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

</xmp>

---

Date    : 09/26/2014           Type: General
By      : Michael Springmann
Subject: EM exchange CC and client re ████████████████

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, September 26, 2014 4:26 PM
To: 'randy@ztlalaw.com'; Springmann, Michael
Cc: 'michelle@ztlalaw.com'
Subject: Re: 09-26-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-████████████████████████

██████████████

██████████████████████████████████████████████

Sanford Oster, VP
Casualty Claims

Certified Document Number: 67238734 - Page 72 of 141

FARA004014

Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, September 26, 2014 3:43 PM
To: Sanford Oster; Springmann, Michael
Cc: Michelle O'Daniels
Subject: 09-26-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-██████████████████████████████

Hi Sandy,

███████████████████████████████████████████████
███████████████████████████████  █  ██████████  █
███████████████████

Best

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com


From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, September 26, 2014 3:40 PM
To: Randy Treadaway; 'Michael.Springmann@fara.com'
Cc: Michelle O'Daniels
Subject: Re: 09-26-14 Springmann re FARA Claim #3927045 South Delhi Field/Denbury
Resources-███████████████████████████████████

Randy,

████████████████████████████████████████
██████████████████████
Sandy


Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, September 26, 2014 04:35 PM
To: Springmann, Michael <Michael.Springmann@fara.com>
Cc: Sanford Oster; Michelle O'Daniels <michelle@ztlalaw.com>
Subject: 09-26-14 Springmann re FARA Claim #3927045 South Delhi Field/Denbury
Resources-████████████████████████████████████

Mike,

█████████████████████████████████████████████████████
███████████████████████  █  ████████████████████████████
██████████████████████████████████
█████████████████████████████████████████████████

Best Regards and a great weekend to all.

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

</xmp>

Certified Document Number: 67238734 - Page 73 of 141

Date    : 09/26/2014           Type: General
By      : Michael Springmann
Subject: TC w/ CC █████████████████

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████

Date    : 09/23/2014           Type: General
By      : Michael Springmann
Subject: EM from CC re ████████████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, September 22, 2014 8:28 PM
To: Sanford Oster
Cc: Springmann, Michael; Michelle O'Daniels
Subject: Re: 9-22-14 Oster RE: Denbury Resources-File 3927045-████████
████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████

Best
Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 273-3122
Telefax: (985) 871-8788
Cell: (504) 583-3999
Email: Randy@ztlalaw.com
Website: www.ztlalaw.com


On Sep 22, 2014, at 8:24 PM, "Sanford Oster" <Sanford.Oster@ironshore.com> wrote:

██████████████████████████████████████████████████████
██████████████████████████

████████████████████████████████

Regards,
Sandy


Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, September 22, 2014 09:13 PM
To: Sanford Oster
Cc: Springmann, Michael <Michael.Springmann@fara.com>; Michelle O'Daniels
<michelle@ztlalaw.com>
Subject: 9-22-14 Oster RE: Denbury Resources-File 3927045-████████████

Good evening Sandy.

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████

Certified Document Number: 67238734 - Page 74 of 141



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Flordia Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Telefax: (985) 871-8788
Cell: (504) 583-3999
Email: Randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 09/12/2014          Type: General
By      : Michael Springmann
Subject: EM exch client and CC req detailed status report

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, September 12, 2014 9:58 AM
To: Randy Treadaway
Cc: Springmann, Michael; Michelle O'Daniels
Subject: RE: 09-12-14 Oster RE: Denbury Resources-File 3927045-Status of Claim



SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, September 12, 2014 10:46 AM
To: Sanford Oster
Cc: Michael K. Springmann (michael.springmann@fara.com); Michelle O'Daniels
Subject: 09-12-14 Oster RE: Denbury Resources-File 3927045-Status of Claim

Good morning Sandy and thanks for your email.

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE
OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer
at the law firm of Zaunbrecher Treadaway, L.L.C. and is intended only for the use
of the individual or entity to whom it is addressed. This message contains
information and/or attachments that are privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the intended
recipient or is not the employee or agent responsible for delivering this message
to the intended recipient, please do not read, copy, use or disclose this
communication to others. If you have received this communication in error, please
notify us immediately by reply e-mail or by telephone (call us collect at
504-833-7300) and immediately delete this message and all of its attachments.
Thank you.

Certified Document Number: 67238734 - Page 75 of 141

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Friday, September 12, 2014 8:29 AM
To: Randy Treadaway
Cc: Michael K. Springmann (michael.springmann@fara.com)
Subject: Denbury Resources-File 3927045

Randy,

████████████████████████████████████████

Thanks,
Sandy

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

</xmp>

---

Date    : 09/05/2014        Type: General
By      : Michael Springmann
Subject: EM from CC w/ ████████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, August 14, 2014 1:03 PM
To: Sanford Oster; Springmann, Michael
Cc: Michelle O'Daniels
Subject: 08-14-14 Oster-Springmann RE: 3927045 South Delhi/Denbury-████████████
████████████████

Good afternoon Sandy and Mike.

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 08/20/2014        Type: General
By      : Michael Springmann
Subject: conf call w/ CC and client re 8/15 meet w/ Id

<xmp>Present: CC Randy Treadaway and Michelle O'Daniels
Client: Sandy Oster
FARA: MKS

████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

Certified Document Number: 67238734 - Page 76 of 141

FARA004018



Date    : 08/20/2014        Type: General
By      : Michael Springmann
Subject: EM exch w/ CC and client re sched conf call

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, August 19, 2014 4:26 PM
To: Springmann, Michael; Sanford Oster
Cc: Michelle O'Daniels
Subject: RE: 08-19-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Sandy/Mike,

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Best

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Flordia Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Telefax: (985) 871-8788
Cell: (504) 583-3999
Email: Randy@ztlalaw.com
Website: www.ztlalaw.com

From: Springmann, Michael
Sent: Tuesday, August 19, 2014 4:04 PM
To: 'Sanford Oster'; 'randy@ztlalaw.com'
Cc: 'michelle@ztlalaw.com'
Subject: RE: 08-19-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Certified Document Number: 67238734 - Page 77 of 141

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Tuesday, August 19, 2014 4:02 PM
To: 'randy@ztlalaw.com'; Springmann, Michael
Cc: 'michelle@ztlalaw.com'
Subject: Re: 08-19-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources- ███████████████████████████████

███████████████

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, August 19, 2014 04:48 PM
To: Sanford Oster; Springmann, Michael <Michael.Springmann@fara.com>
Cc: Michelle O'Daniels <michelle@ztlalaw.com>
Subject: 08-19-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources- ██████████████████████████████

Good afternoon Sandy and Mike.  Hope all is well.



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 08/14/2014          Type: General
By      : Ryan Roads
Subject: "Outgoing Mail Confirmation"

<xmp>

**SENT AS DIRECTED**

91 7199 9991 7034 1620 1657

From: Springmann, Michael
Posted At: Thursday, August 14, 2014 10:44 AM
Posted To: OSC EAST
Conversation: iCE 3927045 South Delhi Field, LA Spill/Denbury Resources Inc. - ROR
Letter
Subject: iCE 3927045 South Delhi Field, LA Spill/Denbury Resources Inc. - ROR
Letter

Please send by Certified Mail, Return Receipt Requested and Regular Mail to:

Jack Strother
Denbury Resources, Inc.
5320 Legacy Drive
Plano, TX 75024

Thanks.

---

Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax

Certified Document Number: 67238734 - Page 78 of 141

michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

</xmp>

---

Date    : 08/14/2014          Type: General
By      : Michael Springmann
Subject: ROR Letter

<xmp>Attached to file
====
From: Springmann, Michael
Sent: Thursday, August 14, 2014 9:44 AM
To: 'OSCEast@yorkrsg.com'
Subject: iCE 3927045 South Delhi Field, LA Spill/Denbury Resources Inc. - ROR
Letter

Please send by Certified Mail, Return Receipt Requested and Regular Mail to:

Jack Strother
Denbury Resources, Inc.
5320 Legacy Drive
Plano, TX 75024

Thanks.

---

Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax
michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

</xmp>

---

Date    : 08/14/2014          Type: General
By      : Michael Springmann
Subject: EM to client and CC ███████████

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, August 14, 2014 9:58 AM
To: Randy Treadaway; Springmann, Michael
Subject: RE: 08-14-14 Springmann RE: 3927045 South Delhi/Denbury-███████████
███████

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, August 14, 2014 9:46 AM
To: Springmann, Michael; Sanford.Oster@Ironshore.com
Subject: 08-14-14 Springmann RE: 3927045 South Delhi/Denbury-███████████

Many thanks Mike.

███████████████████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com

Certified Document Number: 67238734 - Page 79 of 141

Website: www.ztlalaw.com

From: Springmann, Michael
Sent: Thursday, August 14, 2014 9:39 AM
To: 'Randy Treadaway'; Sanford Oster (Sanford.Oster@Ironshore.com)
Subject: 3927045 South Delhi/Denbury

Randy and Sandy, ████████████████████████ Thanks.

Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax
michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

</xmp>

---

Date    : 08/14/2014          Type: General
By      : Michael Springmann
Subject: EM to Id & Agent w/ ROR letter

<xmp>From: Springmann, Michael
Sent: Thursday, August 14, 2014 9:42 AM
To: 'jack.strother@denbury.com'
Cc: 'Mary.C.Paulson@march.com'
Subject: 3927045 South Delhi Field, LA Spill/Denbury Resources Inc.

Mr. Strother, please see the attached coverage letter. Thanks.

Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax
michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

</xmp>

---

Date    : 08/14/2014          Type: General
By      : Michael Springmann
Subject: EM exch w/ CC and Client: ████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, August 13, 2014 8:36 AM
To: Sanford Oster; Springmann, Michael
Cc: Michelle O'Daniels
Subject: 08-13-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-██████████████████

Good morning Sandy and thanks for your email.

████████████████████████████████████████
████████████████████████████████ ██ ████
████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

CONFIDENTIALITY NOTICE:
INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE
OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer
at the law firm of Zaunbrecher Treadaway, L.L.C. and is intended only for the use
of the individual or entity to whom it is addressed. This message contains
information and/or attachments that are privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the intended

Certified Document Number: 67238734 - Page 80 of 141

recipient or is not the employee or agent responsible for delivering this message
to the intended recipient, please do not read, copy, use or disclose this
communication to others. If you have received this communication in error, please
notify us immediately by reply e-mail or by telephone (call us collect at
504-833-7300) and immediately delete this message and all of its attachments.
Thank you.

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, August 13, 2014 8:27 AM
To: Randy Treadaway; Springmann, Michael
Cc: Michelle O'Daniels
Subject: RE: 08-12-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-███████████████████████

██████████████████████████████████████████ .

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, August 13, 2014 8:27 AM
To: Randy Treadaway; Springmann, Michael
Cc: Michelle O'Daniels
Subject: RE: 08-12-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-███████████████████████

██████████████████████████████████████████ .

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, August 12, 2014 3:22 PM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael
Cc: Michelle O'Daniels
Subject: 08-12-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-███████████████████████

Good afternoon Sandy and Mike.

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 08/14/2014          Type: General
By      : Michael Springmann
Subject: EM exch CC and Client re ███████████████████

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, August 13, 2014 8:40 AM
To: Randy Treadaway; Springmann, Michael
Cc: Michelle O'Daniels
Subject: RE: 08-12-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-███████████████████████

██████████

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS

Certified Document Number: 67238734 - Page 81 of 141

ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, August 13, 2014 8:37 AM
To: Sanford Oster; Springmann, Michael
Cc: Michelle O'Daniels
Subject: RE: 08-12-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-██████████████████████

Sandy,

███████████████████████████████████████
████████████████

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, August 13, 2014 8:02 AM
To: Randy Treadaway; Springmann, Michael
Cc: Michelle O'Daniels
Subject: RE: 08-12-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-████████████████████ -██████████████
███████████

██████████████████████████████████

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Tuesday, August 12, 2014 11:02 AM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael
Cc: Michelle O'Daniels
Subject: 08-12-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-████████████████████

Good morning Sandy and Mike.  Hope all is well.

█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

Date   : 08/14/2014          Type: General
By     : Michael Springmann
Subject: EM from CC to client ████████████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, August 11, 2014 10:11 AM
To: Sanford Oster
Cc: Springmann, Michael; Michelle O'Daniels
Subject: RE: 08-11-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-██████████████████████

Certified Document Number: 67238734 - Page 82 of 141

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Monday, August 11, 2014 10:10 AM
To: Randy Treadaway
Cc: Springmann, Michael; Michelle O'Daniels
Subject: RE: 08-11-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-███████████████████████████████████

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, August 11, 2014 10:04 AM
To: Sanford Oster
Cc: Springmann, Michael; Michelle O'Daniels
Subject: 08-11-14 Oster-Springmann re FARA Claim #3927045 South Delhi
Field/Denbury Resources-███████████████████████████████████

Good morning Sandy.  Hope you had an enjoyable weekend.



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 08/13/2014           Type: Supervisory Claim Review
By      : Ronnie Ronzello
Subject: Supervisory Review

<xmp>Claim being handled by coverage atty. Determining if damages will reach
Ironshore's layer.</xmp>

---

Date    : 08/13/2014           Type: General
By      : Michael Springmann
Subject: EM from Markel adjuister

<xmp>From: Nokomis Lemons [mailto:Nokomis.Lemons@markelcorp.com]
Sent: Tuesday, June 10, 2014 9:56 AM
To: Matthiessen, MaryAnn
Cc: Springmann, Michael
Subject: RE: South Delhi Field Incident - Your File #: FARA3927045 - Alterra File
#: MXUL25756

███████████████████████████████████████

Nokomis F. Lemons
Sr. Claims Examiner

Markel Corporation

Certified Document Number: 67238734 - Page 83 of 141

4521 Highwoods Parkway, Glen Allen, VA  23060
Direct: (804) 287-6979
Toll Free: (888) 629-8848 ext. 6979
Fax: (804) 287-6933
nokomis.lemons@markelcorp.com
www.markelcorp.com
From: Matthiessen, MaryAnn [mailto:MaryAnn.Matthiessen@FARA.com]
Sent: Monday, June 09, 2014 11:17 AM
To: Nokomis Lemons
Cc: Springmann, Michael
Subject: RE: South Delhi Field Incident - Your File #: FARA3927045 - Alterra File
#: MXUL25756

Hi Nokomis,

████████████████████████████████████████████████████

Thank you.

</xmp>

---

Date    : 08/12/2014          Type: General
By      : Michael Springmann
Subject: Reserves as of 08/12/14

<xmp>Reserves as of 08/12/2014


Claim Id:               3927045

Claimant:               South Delhi Field, LA Spill

Accident Date:          06/14/2013

Description:            Excess Claim Insured had a spill of CO2,

Line Of Coverage:       Commercial Excess Liability (Umbrella) I

Sub Line:               Liability - Property Damage

Reserved: ████ ████    ███████████

Status:                 ██████

</xmp>

Date    : 08/12/2014          Type: General
By      : Michael Springmann
Subject: EM to/from client ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Tuesday, August 12, 2014 4:24 PM
To: Springmann, Michael
Subject: Re: 3927045 South Delhi Field/Denbury

Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

From: Springmann, Michael
Sent: Tuesday, August 12, 2014 2:50 PM
To: Sanford Oster (Sanford.Oster@Ironshore.com)
Subject: 3927045 South Delhi Field/Denbury

</xmp>

---

Date    : 08/08/2014          Type: General
By      : Michael Springmann
Subject: Conf call w/ CC and client

<xmp>Attendees:

CC: Randy Treadaway
Client: Sandy Oster
FARA: MKS

</xmp>

---

Date    : 08/08/2014          Type: General
By      : Michael Springmann
Subject: EM exch CC and client re schedl conf call today

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, August 08, 2014 12:08 PM
To: Sanford Oster
Cc: Springmann, Michael; Michelle O'Daniels
Subject: Re: 08-08-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Randell E. Treadaway, Esq.

Zaunbrecher Treadaway, LLC
406 N. Florida Street, Suite 2
Covington, LA 70433
Office: (985) 871-8787
Direct: (985) 273-3122
Fax: (985) 871-8788
Email: Randy@ztlalaw.com
Website: www.ztlalaw.com
Sent from my I-Phone
(504) 583-3999

On Aug 8, 2014, at 12:07 PM, "Sanford Oster" <Sanford.Oster@ironshore.com> wrote:

███████████████

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

<image001.jpg>

From: Springmann, Michael [mailto:Michael.Springmann@fara.com]
Sent: Friday, August 08, 2014 12:59 PM
To: Randy Treadaway; Sanford Oster
Cc: Michelle O'Daniels
Subject: RE: 08-08-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-███████████████████████

Randy, ████████████████

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, August 08, 2014 11:54 AM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael
Cc: Michelle O'Daniels
Subject: 08-08-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-██████████████████████

Sandy/Mike,

██████████████████████████████████
██████████████████████████████████

██████████████████████████████████
████████████ ██ ██████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 08/04/2014          Type: General
By      : Michael Springmann
Subject: EM from CC: Id ███████████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, August 04, 2014 1:38 PM
To: Springmann, Michael; Sanford.Oster@Ironshore.com
Cc: Michelle O'Daniels
Subject: RE: 08-04-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-███████████████████████
██████

███████ ████████████████

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999

Certified Document Number: 67238734 - Page 86 of 141

Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

From: Springmann, Michael
Sent: Monday, August 04, 2014 1:37 PM
To: 'Randy Treadaway'; Sanford Oster (Sanford.Oster@Ironshore.com)
Cc: Michelle O'Daniels
Subject: RE: 08-04-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-█████

███████████████████████████████████
███████████████

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, August 04, 2014 8:59 AM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael
Cc: Michelle O'Daniels
Subject: 08-04-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-█████

Good morning Sandy and Mike.  Hope all is well.

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>


Date    : 07/24/2014         Type: General
By      : Michael Springmann
Subject: Conference call w/ Sandy and CC

<xmp

Certified Document Number: 67238734 - Page 87 of 141

FARA004029



</xmp>

---

Date    : 07/24/2014          Type: General
By      : Michael Springmann
Subject: EM from CC req teleconf w/ client

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, July 24, 2014 2:05 PM
To: Springmann, Michael; Sanford Oster
Cc: Michelle O'Daniels; James Gannon; John Reusch
Subject: RE: 07-24-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-███████████████████████

███████████████████

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, July 24, 2014 2:04 PM
To: Randy Treadaway; Springmann, Michael
Cc: Michelle O'Daniels; James Gannon; John Reusch
Subject: RE: 07-24-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-███████████████████

███████████████

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Springmann, Michael [mailto:Michael.Springmann@fara.com]
Sent: Thursday, July 24, 2014 2:02 PM
To: Randy Treadaway; Sanford Oster
Cc: Michelle O'Daniels; James Gannon; John Reusch
Subject: RE: 07-24-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-███████████████████

Certified Document Number: 67238734 - Page 88 of 141

Certified Document Number: 67238734 - Page 89 of 141

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, July 24, 2014 2:00 PM
To: Sanford Oster; Springmann, Michael
Cc: Michelle O'Daniels; James Gannon; John Reusch
Subject: RE: 07-24-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com


From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, July 24, 2014 1:59 PM
To: Randy Treadaway; Springmann, Michael
Cc: Michelle O'Daniels; James Gannon; John Reusch
Subject: RE: 07-24-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-

Randy,

Sandy

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD



From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, July 24, 2014 2:54 PM
To: Sanford Oster; Springmann, Michael
Cc: Michelle O'Daniels
Subject: 07-24-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-

Good afternoon Sandy and Mike.  Hope all is well.

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

</xmp>

---

Date    : 07/17/2014          Type: General
By      : Michael Springmann
Subject: EM exch client and CC re

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]

FARA004031

Sent: Wednesday, July 09, 2014 10:36 AM
To: Sanford Oster; Springmann, Michael
Subject: RE: 07-09-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-███████████████████████

███████████████████████████████████████████████

Best

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wednesday, July 09, 2014 10:17 AM
To: Randy Treadaway; Springmann, Michael
Subject: RE: 07-09-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-███████████████████

Randy, ████████████████████████████████████████

Sandy

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD


From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Wednesday, July 09, 2014 11:11 AM
To: Springmann, Michael; Sanford Oster
Subject: 07-09-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-█████████████████████

Good morning Mike and Sandy.  Hope all is well.

███████████████████████████████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com

</xmp>

---

Date   : 07/17/2014          Type: General
By     : Michael Springmann
Subject: EM from CC re ████████████████████

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Monday, June 30, 2014 4:27 PM
To: Sanford Oster (Sanford.Oster@Ironshore.com); Springmann, Michael
Cc: Michelle O'Daniels (modlegal@gmail.com)
Subject: 06-30-14 Oster-Springmann re 3927045 South Delhi Field/Denbury
Resources-Interim Report-████████████████████████

Good afternoon Sandy and Mike,

████████████████████████████████████████.

Certified Document Number: 67238734 - Page 90 of 141



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date   : 07/17/2014          Type: General
By     : Michael Springmann
Subject: Reserves as of 07/17/14

<xmp>Reserves as of 07/17/2014

Claim Id:                    3927045

Claimant:                    South Delhi Field, LA Spill

Accident Date:               06/14/2013

Description:                 Excess Claim Insured had a spill of $CO_2$,

Line Of Coverage:            Commercial Excess Liability (Umbrella) I

Sub Line:                    Liability - Property Damage

Reserved: ███ ███           ██████████

Status:                     █████

███████                     ███████████████████

███████   ███   █████ ████  ██████
██████  ██████  ██████ █████ █████



Certified Document Number: 67238734 - Page 91 of 141



</xmp>

---

Date    : 06/19/2014        Type: General
By      : Michael Springmann
Subject: EM to CC w/ Zurich policies; req info on pollution

<xmp>From: Springmann, Michael
Sent: Thursday, June 19, 2014 9:30 AM
To: 'Randy Treadaway'
Subject: FW: 3927045 South Deli Field, LA/Denbury Resources Inc.; Zurich claim No.
9120121113

Randy, ████████████████████████████████████████████████

██████████████████████████████ Thanks.

From: Dixon, Karen [mailto:karen.dixon@mbtlaw.com]
Sent: Thursday, June 19, 2014 9:22 AM
To: Springmann, Michael
Subject: RE: 3927045 South Deli Field, LA/Denbury Resources Inc.; Zurich claim No.
9120121113

Dear Michael,

Please see the attached Zurich policies that you requested.

Karen

-----------------------------------------------------------

Karen M. Dixon
(312) 474-7913
karen.dixon@mbtlaw.com

123 N. Wacker Dr. | Suite 1800 | Chicago, IL 60606
(312) 474-7900 | Fax (312) 474-7898
www.mbtlaw.com
</xmp>

---

Date    : 06/19/2014        Type: General
By      : Michael Springmann
Subject: EM from Zurich w/ policies

<xmp>From: Dixon, Karen [mailto:karen.dixon@mbtlaw.com]
Sent: Thursday, June 19, 2014 9:22 AM
To: Springmann, Michael
Subject: RE: 3927045 South Deli Field, LA/Denbury Resources Inc.; Zurich claim No.

FARA004034

9120121113

Dear Michael,

Please see the attached Zurich policies that you requested.

Karen

---------------------------------------------------------------

Karen M. Dixon
(312) 474-7913
karen.dixon@mbtlaw.com

123 N. Wacker Dr. | Suite 1800 | Chicago, IL 60606
(312) 474-7900 | Fax (312) 474-7898
www.mbtlaw.com
</xmp>

---

Date    : 06/18/2014        Type: General
By      : Michael Springmann
Subject: EM to CC to include FARA claim no.

<xmp>From: Springmann, Michael
Sent: Wednesday, June 18, 2014 12:00 PM
To: 'Randy Treadaway'
Subject: RE: 3927045 Insured: Denbury Resources, Inc. - Matter: South Delhi Field,
LA Spill - D/A: 6/14/13 - South Delhi Field Incident Action Plan & Cost Tracking

Randy, please include my claim no. 3927045 on all future correspondence. Thanks.
</xmp>

---

Date    : 06/18/2014        Type: General
By      : Michael Springmann
Subject: EM to Zurich counsel req policies

<xmp>From: Springmann, Michael
Sent: Wednesday, June 18, 2014 11:58 AM
To: 'karen.dixon@mbtlaw.com'
Subject: 3927045 South Deli Field, LA/Denbury Resources Inc.; Zurich claim No.
9120121113

Karen, FARA Insurance Services is a third party administrator for certain matters
involving Ironshore Specialty Insurance Company (Ironshore).  Ironshore provides
excess coverage to our mutual insured Denbury Resources Inc.

I am in receipt of a copy of your 4/22/14 coverage letter to Philip D. Nizialek.

Please favor me with copies of the following:
1.      The primary CGL policies Zurich issued to the insured that were in effect from
April 1, 2012 to April 1, 2014;
2.      The 2012-2013 Umbrella policy Zurich issued to the insured;
3.      Any pollution policies in effect from April 1, 2012 to April 1, 2013

Thanks.

Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax
michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

</xmp>

---

Date    : 06/18/2014        Type: General
By      : Michael Springmann
Subject: EM to CC w/ additional info

<xmp>From: Springmann, Michael
Sent: Wednesday, June 18, 2014 11:45 AM
To: 'Randy Treadaway'
Subject: RE: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/14/13 - South Delhi Field Incident Action Plan & Cost Tracking

Randy,

Certified Document Number: 67238734 - Page 93 of 141

</xmp>

---

Date    : 06/18/2014          Type: General
By      : Michael Springmann
Subject: EM (2) from CC req additional info

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, June 05, 2014 9:58 AM
To: Sanford Oster
Cc: Matthiessen, MaryAnn; Ronzello, Ronald; Springmann, Michael; Michelle
O'Daniels
Subject: Re: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/14/13 - South Delhi Field Incident Action Plan & Cost Tracking

Sandy,



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 273-3122
Telefax: (985) 871-8788
Cell: (504) 583-3999
Email: Randy@ztlalaw.com
Website: www.ztlalaw.com

From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Friday, April 25, 2014 8:56 AM
To: Springmann, Michael
Cc: sanford.oster@ironshore.com; Michelle O'Daniels (modlegal@gmail.com)
Subject: 04-25-14 Springmann re 3927045 South Delhi Field/Denbury
Resources-Request for Additional Policies

Good morning Mike,



Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>

---

Date    : 06/18/2014          Type: General
By      : Michael Springmann
Subject: EM from client: Zurich w/d its denial

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thursday, June 05, 2014 8:02 AM
To: Sanford Oster; Matthiessen, MaryAnn; Springmann, Michael
Cc: Ronzello, Ronald; Randy Treadaway
Subject: RE: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA

Certified Document Number: 67238734 - Page 94 of 141

Spill - D/A: 6/14/13 - South Delhi Field Incident Action Plan & Cost Tracking

Mike,

████████████████████████████ .

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD


From: Sanford Oster
Sent: Thursday, June 05, 2014 9:00 AM
To: 'Matthiessen, MaryAnn'
Cc: Ronzello, Ronald; 'Randy Treadaway'
Subject: RE: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/14/13 - South Delhi Field Incident Action Plan & Cost Tracking

MaryAnn,



Sandy

SANFORD OSTER
Vice President
IRONSHORE SPECIALTY CASUALTY CLAIMS
ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004
Office: 646.826.4944| Mobile: 347.759.1976| VCARD


From: Matthiessen, MaryAnn [mailto:MaryAnn.Matthiessen@FARA.com]
Sent: Thursday, June 05, 2014 8:28 AM
To: Sanford Oster
Cc: Ronzello, Ronald
Subject: FW: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/14/13 - South Delhi Field Incident Action Plan & Cost Tracking

Hi Sandy,
This is the old Denbury case, apparently Zurich sits below Ironshore and  has
reviewed and changed their coverage opinion, (as well as their policy?)
At this time, I think we need to discuss to see which counsel needs to handle and
evaluate this matter on behalf of Ironshore.
Thank you.

MaryAnn Matthiessen
Senior Environmental Adjuster
609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

---

From: Higgins, Jeff [mailto:JHiggins@lockton.com]
Sent: Tue 6/3/2014 4:25 PM
To: Matthiessen, MaryAnn; 'Regina.Francis@markelcorp.com';
'pamela.mitchell@axiscapital.com'; 'brandy.henderson@libertymutual.com';
'nokomis.lemons@alterra-us.com'; 'PStefanou@archinsurance.com'
Cc: 'Martha Balogh'; Jack Strother; Philip D. Nizialek
Subject: RE: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/14/13 - South Delhi Field Incident Action Plan & Cost Tracking
To:
Ironshore Specialty Insurance Company/FARA   $25,000,000 x/s $25,000,000
Adjuster:                     Mary Ann Matthiessen
Claim Number:          FARA  3927045

Alterra Excess & Surplus Insurance Co.   $25,000,000 x/s $50,000,000
Adjuster:                     Nokomis Lemons
Claim Number:          XUL25756

Certified Document Number: 67238734 - Page 95 of 141

Axis Surplus Insurance Company  $25,000,000 x/s $75,000,000
Adjuster:              Pamela Mitchell
Claim Number:          Unknown  (Please provide Claim Number)

Starr Surplus Lines Insurance Company/FARA       $25,000,000 x/s $100,000,000
Adjuster:              Mary Ann Matthiessen
Claim Number:          FARA 3927048

Arch Insurance Company      $25,000,000 x/s $125,000,000
Adjuster:              Paula Stefanou, Esq.
Claim Number:          000012573230

Liberty Surplus Insurance Corp    $25,000,000 x/s $150,000,000
Adjuster:              Brandy Henderson
Claim Number:          DALCAS0000038756

Per the attached correspondence from Zurich's coverage counsel, Zurich has
rescinded its coverage denial of the claims associated with the Delhi release.
Denbury is providing the requisite documentation to Zurich in order to collect its
policy limit of $25,000,000.  Denbury anticipates that it will have an additional
$50,000,000 in cleanup costs and third party property damages for which it will be
seeking reimbursement from its excess insurers.   Once Zurich exhausts, Denbury
will be looking to the upper layers of coverage to respond quickly to Denbury's
request for payment.   Thank you.


Jeff Higgins, CPCU
Senior Vice President, Claims Services
Lockton Companies
5847 San Felipe, Suite 320
Houston, TX 77057
Tel: 713.458.5270
Mobile: 832.563.9936
Fax: 713.430.5270
E-mail: jhiggins@lockton.com

</xmp>

---

Date   : 06/18/2014          Type: General
By     : Michael Springmann
Subject: Reserves as of 06/18/14

<xmp>Reserves as of 06/18/2014


Claim Id:              3927045

Claimant:              South Delhi Field, LA Spill

Accident Date:         06/14/2013

Description:           Excess Claim Insured had a spill of CO2,

Line Of Coverage:      Commercial Excess Liability (Umbrella) I

Sub Line:              Liability - Property Damage

Reserved:

Status:

Reason:





Certified Document Number: 67238734 - Page 96 of 141



</xmp>

---

Date    : 06/09/2014          Type: General
By      : Mary Ann Matthiessen
Subject: EM to/from Markel

<xmp>From: Matthiessen, MaryAnn
Sent: Mon 6/9/2014 11:17 AM
To: Nokomis Lemons
Cc: Springmann, Michael
Subject: RE: South Delhi Field Incident - Your File #: FARA3927045 - Alterra File
#: MXUL25756


Hi Nokomis,
There has been recent activity, Zurich has retracted their disclaimer.
This file has been referred to Mike Springmann for handling, I have copied him on
this email. I know he has been out of the office so please give him some time to
respond.
Thank you.


MaryAnn Matthiessen
Senior Environmental Adjuster
609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


--------------------------------------------------------------------------------
From: Nokomis Lemons [mailto:Nokomis.Lemons@markelcorp.com]
Sent: Fri 6/6/2014 12:12 PM
To: Matthiessen, MaryAnn
Subject: South Delhi Field Incident - Your File #: FARA392544 - Alterra File #:
MXUL25756


I am considering closing my file. Are there any updates that would indicate I
should not?


Nokomis


Nokomis F. Lemons

Sr. Claims Examiner

Certified Document Number: 67238734 - Page 97 of 141

Markel Corporation

4521 Highwoods Parkway, Glen Allen, VA  23060

Direct: (804) 287-6979

Toll Free: (888) 629-8848 ext. 6979

Fax: (804) 287-6933

nokomis.lemons@markelcorp.com

www.markelcorp.com


</xmp>

---

Date    : 06/05/2014          Type: General
By      : Mary Ann Matthiessen
Subject: EM from Ironshore.

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thu 6/5/2014 9:02 AM
To: Sanford Oster; Matthiessen, MaryAnn; Springmann, Michael
Cc: Ronzello, Ronald; Randy Treadaway
Subject: RE: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/14/13 - South Delhi Field Incident Action Plan & Cost Tracking


Mike,

I understand you now have this matter.


SANFORD OSTER

Vice President

IRONSHORE SPECIALTY CASUALTY CLAIMS

ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004

Office: 646.826.4944| Mobile: 347.759.1976| VCARD

..............
From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thu 6/5/2014 9:00 AM
To: Matthiessen, MaryAnn
Cc: Ronzello, Ronald; Randy Treadaway
Subject: RE: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/14/13 - South Delhi Field Incident Action Plan & Cost Tracking


MaryAnn,



Sandy


SANFORD OSTER

Vice President

IRONSHORE SPECIALTY CASUALTY CLAIMS

Certified Document Number: 67238734 - Page 98 of 141

ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004

Office: 646.826.4944| Mobile: 347.759.1976| VCARD


</xmp>

---

Date    : 06/05/2014          Type: General
By      : Mary Ann Matthiessen
Subject: Zurich withdraws coverage position

<xmp>From: Matthiessen, MaryAnn
Sent: Thu 6/5/2014 8:56 AM
To: Sanford.Oster@ironshore.com; Springmann, Michael
Subject: FW: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/14/13 - South Delhi Field Incident Action Plan & Cost Tracking


Hi Sandy,
I just realized this is now Mike Springmann's case.
Thank you.

MaryAnn Matthiessen
Senior Environmental Adjuster
609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


--------------------------------------------------------------------------------
From: Matthiessen, MaryAnn
Sent: Thu 6/5/2014 8:28 AM
To: Sanford.Oster@ironshore.com
Cc: Ronzello, Ronald
Subject: FW: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/14/13 - South Delhi Field Incident Action Plan & Cost Tracking


Hi Sandy,
This is the old Denbury case, apparently Zurich sits below Ironshore and  has
reviewed and changed their coverage opinion, (as well as their policy?)
At this time, I think we need to discuss to see which counsel needs to handle and
evaluate this matter on behalf of Ironshore.
Thank you.

MaryAnn Matthiessen
Senior Environmental Adjuster
609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


--------------------------------------------------------------------------------
From: Higgins, Jeff [mailto:JHiggins@lockton.com]
Sent: Tue 6/3/2014 4:25 PM
To: Matthiessen, MaryAnn; 'Regina.Francis@markelcorp.com';
'pamela.mitchell@axiscapital.com'; 'brandy.henderson@libertymutual.com';
'nokomis.lemons@alterra-us.com'; 'PStefanou@archinsurance.com'
Cc: 'Martha Balogh'; Jack Strother; Philip D. Nizialek
Subject: RE: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/14/13 - South Delhi Field Incident Action Plan & Cost Tracking


To:
Ironshore Specialty Insurance Company/FARA    $25,000,000 x/s $25,000,000
Adjuster:                      Mary Ann Matthiessen
Claim Number:          FARA  3927045

Alterra Excess & Surplus Insurance Co.      $25,000,000 x/s $50,000,000
Adjuster:                      Nokomis Lemons
Claim Number:          XUL25756

Axis Surplus Insurance Company  $25,000,000 x/s $75,000,000
Adjuster:                      Pamela Mitchell
Claim Number:          Unknown  (Please provide Claim Number)

Certified Document Number: 67238734 - Page 99 of 141

FARA004041

Starr Surplus Lines Insurance Company/FARA    $25,000,000 x/s $100,000,000
Adjuster:                  Mary Ann Matthiessen
Claim Number:              FARA 3927048

Arch Insurance Company      $25,000,000 x/s $125,000,000
Adjuster:                  Paula Stefanou, Esq.
Claim Number:              000012573230

Liberty Surplus Insurance Corp    $25,000,000 x/s $150,000,000
Adjuster:                  Brandy Henderson
Claim Number:              DALCAS0000038756

Per the attached correspondence from Zurich's coverage counsel, Zurich has
rescinded its coverage denial of the claims associated with the Delhi release.
Denbury is providing the requisite documentation to Zurich in order to collect its
policy limit of $25,000,000. Denbury anticipates that it will have an additional
$50,000,000 in cleanup costs and third party property damages for which it will be
seeking reimbursement from its excess insurers. Once Zurich exhausts, Denbury
will be looking to the upper layers of coverage to respond quickly to Denbury's
request for payment. Thank you.


Jeff Higgins, CPCU
Senior Vice President, Claims Services
Lockton Companies
5847 San Felipe, Suite 320
Houston, TX 77057
Tel: 713.458.5270
Mobile: 832.563.9936
Fax: 713.430.5270
E-mail: jhiggins@lockton.com




</xmp>


---

Date    : 04/24/2014         Type: General
By      : Michael Springmann
Subject: EM from CC acknowledg receipt of assignm

<xmp>From: Randy Treadaway [mailto:randy@ztlalaw.com]
Sent: Thursday, April 24, 2014 8:30 AM
To: Springmann, Michael
Cc: sanford.oster@ironshore.com
Subject: 04-24-14 Springmann-Oster RE: NEW ASSIGNMENT 3927045 South Delhi
Field/Denbury Resources

Good morning Mike and Sandy. ████████████████████████████████
████████


████████████████████████████████████████████████

Best Regards,

Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Direct Dial: (985) 273-3122
Mobile: (504) 583-3999
Telefax: (985) 871-8788
Email: randy@ztlalaw.com
Website: www.ztlalaw.com
</xmp>


---

Date    : 04/24/2014         Type: General
By      : Michael Springmann
Subject: EM to CC ████████████████████████

<xmp>Sent: Thursday, April 24, 2014 8:17 AM
To: Randy Treadaway
Cc: Sanford "Sandy" Oster (sanford.oster@ironshore.com)
Subject: NEW ASSIGNMENT 3927045 South Delhi Field/Denbury Resources

Randy, ████████████████████████████████

████████████████████████████████████████

Certified Document Number: 67238734 - Page 100 of 141

. Thanks.

Michael K. Springmann, J.D.
Senior Environmental Adjuster
Please send all attachments to: claimattachments@fara.com
985.674.4802 office
985.624.8684 fax
michael.springmann@fara.com email
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


</xmp>


Date   : 04/24/2014          Type: General
By     : Michael Springmann
Subject: EM from prior adj re Zurich info

<xmp>From: Matthiessen, MaryAnn
Sent: Friday, March 07, 2014 12:15 PM
To: Springmann, Michael
Subject: Re: 3927045 South Delhi Field/Denbury Resources

Mike
We have all updated info from Zurich in the file that is the only one. So ok to
send.
Thank you
MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

</xmp>


Date   : 03/07/2014          Type: General
By     : Michael Springmann
Subject: EM to prior adjuster: re Zurich denialfor cvg atty

<xmp>From: Springmann, Michael
Sent: Friday, March 07, 2014 10:00 AM
To: Matthiessen, MaryAnn
Subject: 3927045 South Delhi Field/Denbury Resources

MaryAnn, this file was discussed briefly during todayüs Monthly Call-In with
Ironshore.

Sandy and John want to refer this to Randy Treadaway, coverage counsel, for a
üme-tooú following form declination to be issued, if applicable, I note from your
claim review that same is your plan but that you are waiting for Zurichüs
disclaimer. I note that the file does contain one, attached to the file on
12/12/2013. Is that the document we were looking for? Are we still waiting for
anything from Zurich? Let me know so that the referral to Randy can be made.
Thanks.
</xmp>


Date   : 02/11/2014          Type: Plan To Conclude
By     : Mary Ann Matthiessen
Subject: Claim Review - Plan To Conclude

<xmp>Action Plan:
Follow for:
1.) Zurich coverage evaluation.
2.) further details of loss.
3.)If Zurich's disclaimer is straighforward then we might be able to send a simple
"me too" coverage letter to Denbury, as per Ironshore's advise of 8/6/2013.</xmp>


Date   : 02/11/2014          Type: Exposure Evaluation
By     : Mary Ann Matthiessen
Subject: Claim Review - Exposure Evaluation

<xmp>Upadated as of 2/11/2014:

Louisiana Environmental Exposure.

Certified Document Number: 67238734 - Page 101 of 141

We still do not have the underlying controlling Insurer's evaluation-
Zurich/American Guarantee & Liability Insurance Company- we have requested same
again from Carrie Hoff of Zurich.

We suspect that the Lloyds well policy is affording coverage for the remediation
on the Denbury site.


Damages and liability:
The cause of the spill has not yet been determined. At this time there does not
appear to be any other parties involved aside from Denbury, who is the operator of
a oil well located in Lousina involved, but this is as per Denbury and the facts
still are not developed.

The property is leased from private owners (unknown to us at this time) and is
private property.
Currently, As of July 30, 2013- the incurred for remediation is  $42,436,886.88.
They are only in the early stages of the cleanup as this loss just occurred on
June 14, 2013.


RESERVES: ███████████████████████████████████
██████████████████████████████████████

RECOMMENDATIONS:
████████████████████████████████Zurich as the lead had previously advised
that they disclaimed to Denbury. Lloyds appears to have the well policy.
Ironshore has authorized the use of Randy Treadway to evaluate the coverage if
needed once we get a copy of Zurich's position, (denial).
It seems that the Zurich policy may provide coverage for liability losses to
persons and or property, assuming that this incident meets the definition of an
occurrence, which Zurich appears to be disputing.

Denbury has a response team in place as provided by their Lloyds well policy, and
provides weekly reports to all carriers of their efforts and exposure. Initial
discussions with Denbury Martha Balogh- Risk Management Specialist Denbury
Resources Inc. indicates that Denbury will be responsible for this loss; however,
we suggest that there remains much investigation that is necessary before this
matter can be fully evaluated, as such we will be following with Denbury, Lockton
(formerly Marsh)  and Zurich to determine the cause.

Remediation costs now exceed 88 million.</xmp>


---

Date    : 02/11/2014          Type: Subrogation
By      : Mary Ann Matthiessen
Subject: Claim Review - Subrogation and SIF

<xmp>No subrogation identifiable at this time.</xmp>


---

Date    : 02/11/2014          Type: Facts Summary
By      : Mary Ann Matthiessen
Subject: Claim Review - Summary Of Facts

<xmp>Update 2/11/2013
At this time we await Zurich as the primary carrier's coverage opinion.We have
again requested from Carrie Hoff of Zurich.
The remediation costs are now at $88 million, but we suspect the Lloyds well
policy is paying for them.


THE IRONSHORE SPECIALTY ISURANCE COMPANY POLICY:
Policy Number:              000988602  RENEWAL OF: 000988601
Named Insured:      Denbury Resources Inc.
5320 Legacy Drive
Plano, TX 75024
Policy Period:          April 01, 2013 Expiration: April 01, 2014
Limits of Liability:    $25,000,000 per occurrence and in the aggregate.


UNDERLYING:
Ironshore Provides follow form on the underlying.
Coverage: Excess Policy- not certain as to coverage afforded by controlling
underlying at this time. Controlling policy has been requested.
Underlying Insurer:     American Guarantee & Liability Insurance Company (Zurich)
Policy Number:          AUC 9242673-01
Limits:                 $25,000,000 per occurrence limit
**Defense Expenses are outside the Limits.

There is a $500k SIR and a primary Zurich policy GLO9242578-01 of $500k.
Ironshore policy is in excess of $26,000,000 in underlying.

COVERAGE ANALYSIS: We have requested the American Guarantee & Liability Insurance

Certified Document Number: 67238734 - Page 102 of 141

Company (Zurich) controlling policy and have been advised that they have disclaimed.
After seeing the well policy and comparing it to the Zurich policy, it seems that the Lloyd's policy affords clean up coverage while the Zurich policy affords coverage under the "Blended Pollution" Endorsement, for claims of BI and PD as a result of certain pollution conditions, and one of the requirements must be that the occurrence must be "instantaneous" and having first commenced on a "specific date and time" which is noticed by the insured within 30 days of the event. This is apparently going to be Zurich's position, as explained via telephone, that this was no an instantaneous event as there have been slow leaks from this well over the past several months that have gone unnoticed.

My intent is to submit all documents to Randy once we have the coverage position from Zurich, which should be shortly.

LOSS FACTS: **MUCH IS STILL NOT KNOWN. WE ARE UNSURE OF THE CAUSE OF THE LOSS, THE DETAILS OF HOW MUCH PRODUCT HAS BEEN LOST AND WHO THE PROPERTY OWNERS ARE AND THE DETAILS OF THE WELL OPERATION.

Denbury is an oil and gas company who leases and operates wells from private landowners. At 3:10pm CT, Mr. Ryan Jacob, Denbury Onshore, LLC, received a call from US Environmental Services ûUSESú confirming that $CO_2$, oil, and saltwater was present on the TransCanada Right of Way. Large release of carbon-dioxide is a by product of the process at the source used to extract oil and bitumen (a sludgy form of petroleum) from the earth. Formal responsibilities for the South Delhi Field, LA Incident were transferred from TransCanada Pipeline to Denbury Onshore, LLC.

The cause of the spill has not yet been determined. At this time there does not appear to be any other parties involved aside from Denbury, who is the operator of a oil well located in northeast Louisiana. The property is leased from private owners and is private property.

Ms. Dawn Williams Louisiana Department of Environmental Quality briefed personnel that 17 residences had been evacuated on 6/13/2013, *(indicates prior to the June 14, date of loss as reported), which included 34 residents, (17 residences remain evacuated). Richland and Franklin Parish off-duty Sherriffüs deputies secured the scene, and road closures were active on Antley Road and Highway 132 in the region.

An initial air monitoring team was sent to Test Site 1 and all well location adjacent to the release and determined that the site was safe to access

ENVIRONMENTAL
USES personnel are monitoring chloride levels in Swamp Slough.

RECOVERY & CONTAINMENT
USES and Hancock personnel recovered, and will continue to recover, fluids from the Swamp Slough at Burke Road Bridge using vacuum trucks.
All recovered liquids are being placed in 500-barrel frac tanks for temporary storage.

.....................................................

Key contacts:
On 7/8/2013 at 11:15am I contacted Ms. Martha Balogh- Risk Management Specialist
Denbury Resources Inc.
5320 Legacy Drive
Plano, Texas 75024
Office: 972-673-2076 (number called)
Cell: 469-693-1132
Email: martha.balogh@denbury.com
</xmp>

---

Date   : 02/11/2014          Type: General
By     : Mary Ann Matthiessen
Subject: TC with Nokomis Lemons of Markel

<xmp>Discussed the matter today via telephone with adjuster Nokomis Lemons of Markel.
Markel bought out Alterra Excess & Surplus Insurance Company which is why we see Markel on the file now.

Alterra Excess & Surplus Insurance Company sits on top of the Ironshore layer.
We have confirmed with the lead excess, Carrie Von Hoff of Zurich today that Zurich is maintaining their denial but is evaluating the information submitted by Denbury.
Zurich's denial is based on the fact that the claims for cleanup are not covered under the policy; however, it is possible that third party claims for pollution may be covered, but as of now there are no third party claims.
Jeff Higgins of Lockton (insured broker) continually tries to advise us that Zurich is changing their coverage opinion. Von Hoff informs us that this is not so.
Below is an email sent by Lemons to/from Lockton.
.........................................................
From: Higgins, Jeff [mailto:JHiggins@lockton.com]
Sent: Tue 2/11/2014 3:28 PM
To: Nokomis Lemons

Certified Document Number: 67238734 - Page 103 of 141

Cc: carrie.vonhoff@zurichna.com; Matthiessen, MaryAnn
Subject: RE: Denbury Resources - South Delhi field, LA Spill - File #: MXUL25756 -
Zurich File #: York Risk Claim #FARA3925455


Denbury has recently provided an extensive amount of technical data to Zurichüs
consultant which Denbury believes will clearly identify the commencement of the
pollution event.


Jeff Higgins, CPCU
Senior Vice President, Claims Services

Lockton Companies
5847 San Felipe, Suite 320
Houston, TX 77057
Tel: 713.458.5270
Mobile: 832.563.9936
Fax: 713.430.5270
E-mail: jhiggins@lockton.com




From: Nokomis Lemons [mailto:Nokomis.Lemons@markelcorp.com]
Sent: Tuesday, February 11, 2014 2:08 PM
To: Higgins, Jeff
Cc: carrie.vonhoff@zurichna.com; Matthiessen, MaryAnn
Subject: Denbury Resources - South Delhi field, LA Spill - File #: MXUL25756 -
Zurich File #: York Risk Claim #FARA3925455


Jeff,


I have reached out to both Zurich and York regarding status of this case.  Do you
have any updates?  The last we spoke it was felt that Zurich might be rescinding
their coverage position.


Thank you,

Nokomis


Nokomis F. Lemons

Sr. Claims Examiner


Markel Corporation

4521 Highwoods Parkway

Glen Allen, VA  23060-6148

Direct: (804) 287-6979

Toll Free: (888) 629-8848 ext. 6979

Fax: (804) 287-6933

nokomis.lemons@markelcorp.com

</xmp>

---

Date    : 01/03/2014          Type: Supervisory Claim Review
By      : Ronnie Ronzello
Subject: Supervisory Review

<xmp>Mike,
Claim reassigned to you. Zurich has issued coverage denial letter. We may be able
to issue a "me too". See MaryAnn's claim review.
Thanks

Email was sent to michael.springmann@fara.com regarding these instructions.</xmp>

---

Date    : 12/12/2013          Type: General
By      : Mary Ann Matthiessen

Certified Document Number: 67238734 - Page 104 of 141

Subject: EM to Nokomis Lemons of Markel

<xmp>From: Matthiessen, MaryAnn
Sent: Thu 12/12/2013 11:55 AM
To: Nokomis.Lemons@markelcorp.com
Cc: Carrie.von.hoff@zurichna.com
Subject: Denbury Resources claim-south Delhi Field, LA Spill FARA 3927045


Nokomis,

We have learned that Zurich has disclaimed. They continue to investigate the
matter, but at this time their declination remains, as for other policies in
place, there was a Lloyds well policy, but I am not certain if it is paying for
the loss.

Since your policy follows form to Ironshore's I have attached a copy  of the
Zurich disclaimer that was obtained from Lockton.

MaryAnn Matthiessen
Senior Environmental Adjuster
609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


--------------------------------------------------------------------------------
From: Nokomis Lemons [mailto:Nokomis.Lemons@markelcorp.com]
Sent: Wed 12/11/2013 10:21 AM
To: 'brandy.henderson@libertymutual.com'; ''Carrie Von';
edmund.papazian@libertyIU.com; Matthiessen, MaryAnn; Nokomis Lemons;
'pamela.mitchell@axiscapital.com'; pamemla.mithcell@axiscapital.com;
psteanou@archinsurance.com; 'PStefanou@archinsurance.com'; Regina Francis;
regina.francis@markelcorp.com
Cc: martha.balogh@denbury.com
Subject: Denbury Resources claim-south Delhi Field, LA Spill


Please note confirmation of my email and contact information below and correct
file # to reflect MXUL25756.


I am looking for a status in update to Ms. Matthiessen's email dated November 15,
2013 regarding other potential coverage.

Thank you,
Nokomis


Nokomis F. Lemons
Sr. Claims Examiner
Markel Corporation
4521 Highwoods Parkway
Glen Allen, VA  23060-66148
D (804) 287-6979
nokomis.lemons@markelcorp.com
www.markelcorp.com


</xmp>


--------------------------------------------------------------------------------
Date    : 12/12/2013           Type: General
By      : Mary Ann Matthiessen
Subject: Report to Ironshore #2

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thu 12/12/2013 4:13 PM
To: Matthiessen, MaryAnn
Cc: Ronzello, Ronald
Subject: RE: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/14/13 Claim Number: FARA 3927045


MaryAnn: .

Sounds like you are very well versed in this drill and by all means proceed as
outlined and keep me in the loop.

Great file handling!

Certified Document Number: 67238734 - Page 105 of 141

SANFORD OSTER

Vice President

IRONSHORE SPECIALTY CASUALTY CLAIMS

ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004

Office: 646.826.4944| Mobile: 347.759.1976| VCARD

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
From: Matthiessen, MaryAnn
Sent: Thu 12/12/2013 11:37 AM
To: Sanford.Oster@ironshore.com
Subject: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill -
D/A: 6/14/13 Claim Number: FARA 3927045


Good Morning Sandy,


I wanted to bring you up to date on this file. Although I have attached a formal
report, below are just the  highlights.


Background:

Denbury Resources Inc. is an  independent oil and natural gas company, whose
primary emphasis is on carbon dioxide (ûCO2ú) enhanced oil recovery (ûEORú) and
the redevelopment of older, depleted oil fields to recover stranded reserves of
oil that cannot otherwise be recovered by conventional methods. This is an
extensive oil spill submitted by Denbury in which they claim cleanup costs nearly
$40mm, (the figures have varied widely). It appears that a well policy may be
paying as Denbury is not asking payment for the time being. As we previously
discussed it may be that third party claims, if presented, may not be covered
under the Denbury well policy issued through Lloyds, but for now, no-one is
pressing a third party claim that we know of.


Policy general info:

As you may recall, Ironshore sits above 26mm in excess an underlying (issued by
Zurich-attached). Ironshore also follows form to the Zurich excess policy. I have
received Zurich's coverage letter dated July 9, 2013, (attached) and I have spoken
with Carrie Von Hoff, the adjuster who penned the letter. As of today, 12/12/2013,
Zurich's coverage denial remains, largely based on the time element pollution
endorsement. Zurich is taking the position that this loss was not sudden, but
rather due to a failure in the ûZaplockú system which leaked over a significant
period of time. Zurich has retained Vertex Engineering to inspect the system
onsite; however, they are not expecting the engineer's report until January, and
will advise if there is any change to their July 2013 declination.


Clarification as to claims:

You will notice in Zurich's coverage letter that there were three incidents in the
Delhi Field, in Ascension Parish, Louisiana. It appears that Denbury may have
agreed with Zurich's position on this and therefore since the July 2013
disclaimer, Denbury has withdrawn the first two claims as. The third is the
largest and the subject of this file.


1.) Denbury discovered a leak at Delhi test site # 4 on March 20, 2013, which was
caused by the failure of a ûZaplockú connection. Approximately 75 barrels of
saltwater and 2 barrels of oil were released into the right of way and adjoining
property. Cleanup is under $200,000. (This claim has no been withdrawn).


2.) On March 26, 2013, Denburyüs foreman was notified of a leak at DFU 125-1. A
landowner reported an undetermined amount of saltwater on his property, caused by
a ûZaplockú flow line failure. Expenses are approximately $1.5 million. (This
claim has been withdrawn).


3.) On June 14, 2013, Denbury received a call that CO2, saltwater and oil were
present on the TransCanada right of way, which is an indicator that there was a
leak. Fluid containment and recovery continued at least until June 25, 2013.  (We
have been updated by Lockton, the new broker, who took the account over from
Marsh, and they suggest that the cleanup costs total approximately $49 million,
and source control efforts to stop the flow was $16 million.  Denbury is
evaluating other possible expenses as part of the claim and anticipate third party

Certified Document Number: 67238734 - Page 106 of 141

FARA004048

claims from TransCanada and possibly others, but to date we know of none.)


Recommendations:

Since Ironshore follows form to the Zurich excess policy, and a disclaimer has
been issued by Zurich, Ironshore may also follow the same terms as outlined by
Zurich. At this time no underlying carrier has tendered the matter, therefore
since Zurich has issued the denial, no response is currently pending from
Ironshore, unless you see some other reason to respond. We will follow with Carrie
Von Hoff of Zurich to see once their engineer constructs a report, if it may
change their coverage position. On June 18, 2013, Fara, on behalf of Ironshore,
acknowledged the claim to Denbury and expressly reserved all rights under the
Ironshore policy. Denbury had a response team in place and provided reports to all
carriers of their efforts and exposure. Initial discussions with Denbury Martha
Balogh- Risk Management Specialist Denbury Resources Inc., indicated that Denbury
will be responsible for this loss; however, we suggest that there remains much
investigation that is necessary before this matter can be fully evaluated, as such
we will be following with Denbury, Marsh and Zurich to determine the cause and see
if Zurichüs denial will be challenged.



Reserves:

████████████████████████████████████████████████████████

████████████████████████



 MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471
</xmp>


---

Date    : 12/12/2013            Type: General
By      : Mary Ann Matthiessen
Subject: TC with Carrie Von Hoff of Zurich

<xmp>Today I placed a call to Carrie Von Hoff who is the adjuster for Zurich.
Environmental Claims Specialist Carrie.von.hoff@zurichna.com
847-413-5465.
........................................................

She is handling the claim on the primary layer and the initial excess for Zurich,
in which Ironshore's excess policy follows form.
I spoke with her in detail about her disclaimer, and she advised that at this time
Zurich's disclaimer of coverage remains, based on the time element pollution
endorsement that this event was not sudden nor accidental.
She has sent an engineering firm to the site and if they find anything different,
she will re-evaluate her coveage poisiton, but for now it remains.
I advised that I probably would check back with her in January 2014, as she did
not expect a report from her engineer prior to then.

They are looking at a failure in the zaplock system which has caused multiple
leaks all along this same South Delhi field line.</xmp>


---

Date    : 12/12/2013            Type: General
By      : Mary Ann Matthiessen
Subject: Reserves as of 12/12/13

<xmp>Reserves as of 12/12/2013



Claim Id:                       3927045

Claimant:                       South Delhi Field, LA Spill

Accident Date:                  06/14/2013

Description:                     Excess Claim Insured had a spill of CO2,

Line Of Coverage:               Commercial Excess Liability (Umbrella) I

Sub Line:                    Liability - Property Damage

Reserved:

Status:

</xmp>

---

Date    : 12/12/2013          Type: General
By      : Mary Ann Matthiessen
Subject: EM from Jeff HIggins -Lockton- Zurich's disclaimer

<xmp>From: Higgins, Jeff [mailto:JHiggins@lockton.com]
Sent: Mon 11/25/2013 5:23 PM
To: Matthiessen, MaryAnn
Cc: 'Martha Balogh'
Subject: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill -
D/A: 6/14/13 Claim Number: FARA 3927045

Insured: Denbury Resources

Ironshore Specialty Insurance Company/FARA
Adjuster:                    Mary Ann Matthiessen
Claim Number:        FARA  3927045

Starr Surplus Lines Insurance Company/FARA
Claim Number:        FARA 3927048

MaryAnn,

Per your request, attached is the Zurich coverage letter pertaining to the Delhi
release.  We are working with Carrie now to resolve the reservations and coverage
questions she raised.   Please let me know if you have any questions about this.
Thank you.

Jeff Higgins, CPCU
Senior Vice President, Claims Services
Lockton Companies

Certified Document Number: 67238734 - Page 108 of 141

FARA004050

5847 San Felipe, Suite 320
Houston, TX 77057
Tel: 713.458.5270
Mobile: 832.563.9936
Fax: 713.430.5270
E-mail: jhiggins@lockton.com

</xmp>

---

Date    : 11/25/2013         Type: General
By      : Mary Ann Matthiessen
Subject: Call from Jeff Higgins of Lockton

<xmp>Rec'd a call this afternoon from Jeff Higgins, the new broker for Denbury, he
is with Lockton.Tel: 713.458.5270.
He wanted to be sure that I was aware of this claim as it has a potential to get
into Ironshore's layer.Although there will be some continuing expenses relating to
groundwater monitoring, these additional costs will not be tracked on a
spreadsheet going forward.   Cleanup costs totaled approximately $49 million and
source control efforts to stop the flow was $16 million.  Denbury is evaluating
other possible expenses as part of the claim and anticipate third party claims
from TransCanada and possibly others.


I advised him that Ironshore would not be issuing a coverage evaluation until such
time we were presented with Zurich's position.
He advised that Zurich disclaimed and that he thinks it was wrong and done too
prematurely.

The well policy was not affording coverage either accoring to him.

He will contact Denbury and see if he can forward to me a copy of the Zurich
coverage position.

Zurich has the primary layer of $1mm and then the primary excess layer, below the
Ironshore layer.</xmp>

---

Date    : 11/19/2013         Type: General
By      : Mary Ann Matthiessen
Subject: EM to/from Zurich -still need coverage opinion

<xmp>From: Matthiessen, MaryAnn
Sent: Tue 11/19/2013 1:35 PM
To: Carrie Von Hoff
Cc: Nokomis.Lemons@markelcorp.com
Subject: Denbury- South Delhi Field, LA Spill - D/A: 6/14/13 - FARA 3927045


Hi Carrie,
Thank you for the response.

Ironshore has  a follow form to the controlling Zurich policy, although we are not
certain why you need approval to release this coverage opinion to us, we will
await your further investigation, so that you can evaluate your coverage position
and then provide it to us at that time.

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


--------------------------------------------------------------------------------
From: Carrie Von Hoff [mailto:carrie.von.hoff@zurichna.com]
Sent: Tue 11/19/2013 1:16 PM
To: Matthiessen, MaryAnn
Subject: Re: Denbury- South Delhi Field, LA Spill - D/A: 6/14/13 - FARA 3927045


Hi MaryAnn,

Our consultant was just at the site last week, and I await his report so I
may review coverage. I do not have approval to release my coverage letter
at this time. I will continue to keep you advised.

Certified Document Number: 67238734 - Page 109 of 141

Sincerely,

Carrie A. Von Hoff, JD, SCLA
Zurich North America
Environmental Claims Specialist
Pollution Group
1400 American Lane, T2/F7
Schaumburg, Illinois 60196
847-413-5465


</xmp>


---

Date    : 11/19/2013         Type: General
By      : Mary Ann Matthiessen
Subject: EM to/from Alterra- carrier above Ironshore


<xmp>--------------------------------------------------------------------------
---
From: Matthiessen, MaryAnn
Sent: Tue 11/19/2013 7:53 AM
To: Nokomis Lemons
Subject: RE: South Delhi Field Incident - Your File #: FARA3927045 - Alterra File
#: MXUL25756


Hi Nokomis,

Will do. Please note I gave you the incorrect file number it is
3927045 for future reference.
Thank you.
MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


--------------------------------------------------------------------------
From: Nokomis Lemons [mailto:Nokomis.Lemons@markelcorp.com]
Sent: Fri 11/15/2013 8:34 AM
To: Matthiessen, MaryAnn
Subject: RE: South Delhi Field Incident - Your File #: FARA3925455 - Alterra File
#: MXUL25756


Thank you for the follow up.  From your email, it appears there is other coverage
available which may limit any potential exposure to Alterraüs excess policy.  Once
you have determined the other layers and their limits, as well as any coverage
letters obtained, please forward to my attention.


Nokomis F. Lemons

Sr. Claims Examiner


Markel Corporation

4521 Highwoods Parkway

Glen Allen, VA  23060-6148

Direct: (804) 287-6979

Toll Free: (888) 629-8848 ext. 6979

Fax: (804) 287-6933

nokomis.lemons@markelcorp.com

www.markelcorp.com

Certified Document Number: 67238734 - Page 110 of 141

From: Matthiessen, MaryAnn [mailto:MaryAnn.Matthiessen@FARA.com]
Sent: Friday, November 15, 2013 7:58 AM
To: Nokomis Lemons
Subject: Re: South Delhi Field Incident - Your File #: FARA3925455 - Alterra File
#: MXUL25756


Hi Nokomis,

Ironshore follows  Zurich.  We are waiting on their coverage letter issued to
Denbury which I have again requested from Carrie VonHoff. Additionally, I
understand there is a well site policy with other carriers that may be affording
coverage for the remediation although I am not certain that it has responded.

I do not know anymore  at this time.

Regards

MaryAnn Matthiessen
Sent from my iPhone

</xmp>

---

Date    : 11/14/2013          Type: Plan To Conclude
By      : Mary Ann Matthiessen
Subject: Claim Review - Plan To Conclude

<xmp>Action Plan:
Follow for:
1.) Zurich coverage evaluation.
2.) further details of loss.
3.)If Zurich's disclaimer is straighforward then we might be able to send a simple
"me too" coverage letter to Denbury, as per Ironshore's advise of 8/6/2013.</xmp>

---

Date    : 11/14/2013          Type: Exposure Evaluation
By      : Mary Ann Matthiessen
Subject: Claim Review - Exposure Evaluation

<xmp>Upadated as of 11/14/2014:

Louisiana Environmental Exposure.
We still do not have the underlying controlling Insurer's evaluation-
Zurich/American Guarantee & Liability Insurance Company- we have requested same
again from Carrie Hoff of Zurich.

We suspect that the Lloyds well policy is affording coverage for the remediation
on the Denbury site.


Damages and liability:
The cause of the spill has not yet been determined. At this time there does not
appear to be any other parties involved aside from Denbury, who is the operator of
a oil well located in Lousina involved, but this is as per Denbury and the facts
still are not developed.

The property is leased from private owners (unknown to us at this time) and is
private property.
Currently, As of July 30, 2013- the incurred for remediation is  $42,436,886.88.
They are only in the early stages of the cleanup as this loss just occurred on
June 14, 2013.

RESERVES: ███████████████████████████████████████████████
          █████████████████████████████████

RECOMMENDATIONS:
███████████████████████████████ Zurich as the lead had previously advised
that they disclaimed to Denbury. Lloyds appears to have the well policy.
Ironshore has authorized the use of Randy Treadway to evaluate the coverage if
needed once we get a copy of Zurich's position, (denial).
It seems that the Zurich policy may provide coverage for liability losses to
persons and or property, assuming that this incident meets the definition of an
occurrence, which Zurich appears to be disputing.

Denbury has a response team in place as provided by their Lloyds well policy, and
provides weekly reports to all carriers of their efforts and exposure. Initial
discussions with Denbury Martha Balogh- Risk Management Specialist Denbury
Resources Inc. indicates that Denbury will be responsible for this loss; however,
we suggest that there remains much investigation that is necessary before this
matter can be fully evaluated, as such we will be following with Denbury, Lockton
(formerly Marsh)  and Zurich to determine the cause.

Remediation costs now exceed 88 million.</xmp>

Certified Document Number: 67238734 - Page 111 of 141

FARA004053

Date    : 11/14/2013             Type: Subrogation
By      : Mary Ann Matthiessen
Subject: Claim Review - Subrogation and SIF

<xmp>No subrogation identifiable at this time.</xmp>

Date    : 11/14/2013             Type: Facts Summary
By      : Mary Ann Matthiessen
Subject: Claim Review - Summary Of Facts

<xmp>Update 11/14/2013
At this time we await Zurich as the primary carrier's coverage opinion.We have
again requested from Carrie Hoff of Zurich.
The remediation costs are now at $88 million, but we suspect the Lloyds well
policy is paying for them.

THE IRONSHORE SPECIALTY ISURANCE COMPANY POLICY:
Policy Number:          000988602  RENEWAL OF: 000988601
Named Insured:     Denbury Resources Inc.
5320 Legacy Drive
Plano, TX 75024
Policy Period:          April 01, 2013 Expiration: April 01, 2014
Limits of Liability:    $25,000,000 per occurrence and in the aggegate.

UNDERLYING:
Ironshore Provides follow form on the underlying.
Coverage: Excess Policy- not certain as to coverage afforded by controlling
underlying at this time. Controlling policy has been requested.
Underlying Insurer:     American Guarantee & Liability Insurance Company (Zurich)
Policy Number:          AUC 9242673-01
Limits:                 $25,000,000 per occurrence limit
**Defense Expenses are outside the Limits.

There is a $500k SIR and a primary Zurich policy GLO9242578-01 of $500k.
Ironshore policy is in excess of $26,000,000 in underlying.

COVERAGE ANALYSIS: We have requested the American Guarantee & Liability Insurance
Company (Zurich) controlling policy and have been advised that they have
disclaimed.
After seeing the well policy and comparing it to the  Zurich policy, it seems that
the Lloyd's policy affords clean up coverage while the Zurich policy  affords
coverage under the "Blended Pollution" Endorsement, for claims of BI and PD as a
result of certain pollution conditions, and one of the requirements must be that
the occurrence must be "instantaneous" and having first commenced on a "specific
date and time"  which is noticed by the insured within 30 days of the event.  This
is apparently going to be Zurich's position, as explained via telephone, that this
was no an instantaneous event as there have been slow leaks from this well over
the past several months that have gone unnoticed.

My intent is to submit all documents to Randy once we have the coverage position
from Zurich, which should be shortly.

LOSS FACTS:  **MUCH IS STILL NOT KNOWN. WE ARE UNSURE OF THE CAUSE OF THE LOSS,
THE DETAILS OF HOW MUCH PRODUCT HAS BEEN LOST AND WHO THE PROPERTY OWNERS ARE AND
THE DETAILS OF THE WELL OPERATION.

Denbury is an oil and gas company who leases and operates wells from private
landowners. At 3:10pm CT, Mr. Ryan Jacob, Denbury Onshore, LLC, received a call
from US Environmental Services ùUSESù confirming that CO2, oil, and saltwater was
present on the TransCanada Right of Way.  Large release of carbon-dioxide is a by
product of the process at the source used to extract oil and bitumen (a sludgy
form of petroleum) from the earth. Formal responsibilities for the South Delhi
Field, LA Incident were transferred from TransCanada Pipeline to Denbury Onshore,
LLC.

The cause of the spill has not yet been determined. At this time there does not
appear to be any other parties involved aside from Denbury, who is the operator of
a oil well located in northeast Louisiana. The property is leased from private
owners and is private property.

Ms. Dawn Williams Louisiana Department of Environmental Quality briefed personnel
that 17 residences had been evacuated on 6/13/2013, *(indicates prior to the June
14, date of loss as reported), which included 34 residents, (17 residences remain
evacuated). Richland and Franklin Parish off-duty Sherriffùs deputies secured the
scene, and road closures were active on Antley Road and Highway 132 in the region.

An initial air monitoring team was sent to Test Site 1 and all well location
adjacent to the release    and determined that the site was safe to access

ENVIRONMENTAL

Certified Document Number: 67238734 - Page 112 of 141

FARA004054

USES personnel are monitoring chloride levels in Swamp Slough.

RECOVERY & CONTAINMENT
USES and Hancock personnel recovered, and will continue to recover, fluids from
the Swamp Slough at Burke Road Bridge using vacuum trucks.
All recovered liquids are being placed in 500-barrel frac tanks for temporary
storage.

.....................................................

Key contacts:
On 7/8/2013 at 11:15am I contacted Ms. Martha Balogh- Risk Management Specialist
Denbury Resources Inc.
5320 Legacy Drive
Plano, Texas 75024
Office: 972-673-2076 (number called)
Cell: 469-693-1132
Email: martha.balogh@denbury.com
</xmp>

---

Date   : 11/14/2013          Type: General
By     : Mary Ann Matthiessen
Subject: EM to Carrie Voh Hoff of Zurich for coverage op,

<xmp>From: Matthiessen, MaryAnn
Sent: Thu 11/14/2013 4:46 PM
To: Carrie Von Hoff
Subject: Denbury- South Delhi Field, LA Spill - D/A: 6/14/13 - FARA 3927045


Ironshore INSURED:   DENBURY RESOURCES, INC.
DATE OF LOSS:   06/16/2013
TYPE OF COVERAGE:        *Umbrella, & Excess Liability Coverage
LOCATION OF LOSS:   SOUTH DELHI FIELD, LA SPILL
FILE NUMBER:   MARSH 13HOUS096165  FARA 3925455
..................................................................................
...........
Hi Carrie,

As you know FARA Insurance Services (ûFARAú) is the designated claims adjusting
service ("TPA")  for certain matters involving Ironshore Specialty Insurance
Company, (ûIronshoreú). We have acknowledged receipt of this loss ( June 16, 2013
spill incident in SOUTH DELHI FIELD, LA) to  Denbury Resources Inc.

Effective for the term of April 1, 2013 to April 1, 2014, Ironshore provides
Denbury Resources Inc., under policy number 000988602 , with excess liability
coverage in the amount of $25,000,000. This excess layer would apply only after
$25,000,000 of primary and underlying insurance has been exhausted.  As we
discussed previously, the Zurich policy # AUC 9242673-01 is the controlling policy
form to which the Ironshore policy follows form and we are awaiting Zurich's
coverage opinion.

It also appears that Denbury had an additional well policy issued by Lloyds,  that
may have afforded coverage for the remediation of this loss, we are concerned
because we see the costs projected near $80,000,000 for the remediation and want
to be certain that Denbury understands the position of the underlying carrier.
Please advise if Denbury has pressed Zurich for reimbursement of  remediation
costs.

Finally, You had been waiting for approval to issue me a copy of Zurich's coverage
opinion, at this time we again renew our request for Zurich's coverage opinion
issued to Denbury.


     Thank you,
MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


---------------------------------------------------------------------------
From: Carrie Von Hoff [mailto:carrie.von.hoff@zurichna.com]
Sent: Fri 10/11/2013 1:49 PM
To: Martha.Balogh@denbury.com
Cc: Matthiessen, MaryAnn; Richard Burgess; Higgins, Jeff
Subject: Re: FW: South Delhi Field Incident - Cost Tracking Spreadsheet

Certified Document Number: 67238734 - Page 113 of 141

FARA004055

Hi Martha,

Not at this point. I will keep in touch as David's investigation
progresses.

Sincerely,

Carrie A. Von Hoff, JD, SCLA
Zurich North America
Environmental Claims Specialist
Pollution Group
1400 American Lane, T2/F7
Schaumburg, Illinois 60196
847-413-5465


 MarthaBalogh
<Martha.Balogh@de
To
 Carrie Von Hoff
 10/08/2013 04:15          <carrie.von.hoff@zurichna.com>,      PM
      "MaryAnn.Matthiessen@FARA.com"
                                  Richard Burgess
                           <Richard_Burgess@gbtpa.com>

                                                Subject    South
Delhi Field Incident -  Cost Tracking



Carrie,

An update on the cost tracking sheet.  I understand most of the cleanup
should be completed by end of next week.  Also, David Codero has a call set
up with Ryan Jacob, our manager on the incident, tomorrow to discuss and
confirm a time to visit the field.


Is there anything else you need from me at this time?


Regards,

Martha
Martha Balogh

Risk Management Specialist

Denbury Resources Inc.


</xmp>


---

Date    : 11/14/2013          Type: General
By      : Mary Ann Matthiessen
Subject: EM to from Nokomis Lemons- Markel

<xmp>From: Matthiessen, MaryAnn
Sent: Thu 11/14/2013 4:21 PM
To: Nokomis Lemons
Subject: RE: South Delhi Field Incident - Your File #: FARA3925455 - Alterra File
#: MXUL25756


Dear Nokomis,
Please advise as to your relation to Denbury.


MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


--------------------------------------------------------------------------
From: Nokomis Lemons [mailto:Nokomis.Lemons@markelcorp.com]

Certified Document Number: 67238734 - Page 114 of 141

Sent: Tue 10/8/2013 7:21 PM
To: Matthiessen, MaryAnn
Subject: South Delhi Field Incident - Your File #: FARA3925455 - Alterra File #:
MXUL25756


Please provide a status of your claim investigation or what has been provided by
underlying carrier.  Have you been provided with defense counsel reports and/or
underlying carrier reports?  If so, please provide to my attention.


Thank you,

Nokomis


Nokomis F. Lemons

Sr. Claims Examiner


Markel Corporation

4521 Highwoods Parkway

Glen Allen, VA  23060-6148

Direct: (804) 287-6979

Toll Free: (888) 629-8848 ext. 6979

Fax: (804) 287-6933

nokomis.lemons@markelcorp.com

www.markelcorp.com




</xmp>

---

Date    : 08/06/2013          Type: General
By      : Mary Ann Matthiessen
Subject: EM from Zurich -awaiting copy of coverage opinion

<xmp>From: Carrie Von Hoff [mailto:carrie.von.hoff@zurichna.com]
Sent: Tue 8/6/2013 11:19 AM
To: Matthiessen, MaryAnn
Subject: RE: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A:
6/14/13 - FARA 3927045


I just received a note from Martha - she is heading into a meeting now and
will look at this and get back to me.

Sincerely,

Carrie A. Von Hoff, JD, SCLA
Zurich North America
Environmental Claims Specialist
Pollution Group
1400 American Lane, T2/F7
Schaumburg, Illinois 60196
847-413-5465


</xmp>

---

Date    : 08/06/2013          Type: Plan To Conclude
By      : Mary Ann Matthiessen
Subject: Claim Review - Plan To Conclude

<xmp>Action Plan:
Follow for:
1.) controlling policy form and coverage evaluation if and when one is complete.
2.) further details of loss.
3.)If Zurich's disclaimer is straighforward then we might be able to send a simple
"me too" coverage letter to Denbury, as per Ironshore's advise of 8/6/2013.</xmp>

Certified Document Number: 67238734 - Page 115 of 141

FARA004057

Date    : 08/06/2013        Type: Exposure Evaluation
By      : Mary Ann Matthiessen
Subject: Claim Review - Exposure Evaluation

<xmp>Louisiana Environmental Exposure.
We still do not have the underlying controlling policy form from American
Guarantee & Liability Insurance Company- we have requested same along with
coverage positions when completed.

Damages and liability:
The cause of the spill has not yet been determined. At this time there does not
appear to be any other parties involved aside from Denbury, who is the operator of
a oil well located in Lousina involved, but this is as per Denbury and the facts
still are not developed.

The property is leased from private owners (unknown to us at this time) and is
private property.
Currently, As of July 30, 2013- the incurred for remediation is  $42,436,886.88.
They are only in the early stages of the cleanup as this loss just occurred on
June 14, 2013.


RESERVES: ███████████████████████        ███████████
██████████████████████████████████████████████████


RECOMMENDATIONS:
████████████████████████████████Zurich as the lead as disclaimed to Denbury.
Lloyds appears to have the well policy.
Ironshore has authorized the use of Randy Treadway to evaluate the coverage if
needed once we get a copy of Zurich's position, (denial).
It seems that the Zurich policy may provide coverage for liability losses to
persons and or property, assuming that this incident meets the definition of an
occurrence, which Zurich appears to be disputing.

Denbury has a response team in place as provided by their Lloyds well policy, and
provides weekly reports to all carriers of their efforts and exposure. Initial
discussions with Denbury Martha Balogh- Risk Management Specialist Denbury
Resources Inc. indicates that Denbury will be responsible for this loss; however,
we suggest that there remains much investigation that is necessary before this
matter can be fully evaluated, as such we will be following with Denbury, Marsh
and Zurich to determine the cause.
</xmp>


Date    : 08/06/2013        Type: Subrogation
By      : Mary Ann Matthiessen
Subject: Claim Review - Subrogation and SIF

<xmp>No subrogation identifiable at this time.</xmp>


Date    : 08/06/2013        Type: Facts Summary
By      : Mary Ann Matthiessen
Subject: Claim Review - Summary Of Facts

<xmp>Update given to Sandy Oster on 8/6/2013

THE IRONSHORE SPECIALTY ISURANCE COMPANY POLICY:
Policy Number:           000988602  RENEWAL OF: 000988601
Named Insured:      Denbury Resources Inc.
5320 Legacy Drive
Plano, TX 75024
Policy Period:          April 01, 2013 Expiration: April 01, 2014
Limits of Liability:    $25,000,000 per occurrence and in the aggregate.


UNDERLYING:
Ironshore Provides follow form on the underlying.
Coverage: Excess Policy- not certain as to coverage afforded by controlling
underlying at this time. Controlling policy has been requested.
Underlying Insurer:     American Guarantee & Liability Insurance Company (Zurich)
Policy Number:          AUC 9242673-01
Limits:                 $25,000,000 per occurrence limit
**Defense Expenses are outside the Limits.

There is a $500k SIR and a primary Zurich policy GLO9242578-01 of $500k.
Ironshore policy is in excess of $26,000,000 in underlying.

COVERAGE ANALYSIS: We have requested the American Guarantee & Liability Insurance
Company (Zurich) controlling policy and have been advised that they have
disclaimed.
After seeing the well policy and comparing it to the  Zurich policy, it seems that

Certified Document Number: 67238734 - Page 116 of 141

the Lloyd's policy affords clean up coverage while the Zurich policy  affords
coverage under the "Blended Pollution" Endorsement, for claims of BI and PD as a
result of certain pollution conditions, and one of the requirements must be that
the occurrence must be "instantaneous" and having first commenced on a "specific
date and time"  which is noticed by the insured within 30 days of the event.  This
is apparently going to be Zurich's position, as explained via telephone, that this
was no an instantaneous event as there have been slow leaks from this well over
the past several months that have gone unnoticed.

My intent is to submit all documents to Randy once we have the coverage position
from Zurich, which should be shortly.

LOSS FACTS:  **MUCH IS STILL NOT KNOWN. WE ARE UNSURE OF THE CAUSE OF THE LOSS,
THE DETAILS OF HOW MUCH PRODUCT HAS BEEN LOST AND WHO THE PROPERTY OWNERS ARE AND
THE DETAILS OF THE WELL OPERATION.

Denbury is an oil and gas company who leases and operates wells from private
landowners. At 3:10pm CT, Mr. Ryan Jacob, Denbury Onshore, LLC, received a call
from US Environmental Services ûUSESû confirming that CO2, oil, and saltwater was
present on the TransCanada Right of Way.  Large release of carbon-dioxide is a by
product of the process at the source used to extract oil and bitumen (a sludgy
form of petroleum) from the earth. Formal responsibilities for the South Delhi
Field, LA Incident were transferred from TransCanada Pipeline to Denbury Onshore,
LLC.

The cause of the spill has not yet been determined. At this time there does not  .
appear to be any other parties involved aside from Denbury, who is the operator of
a oil well located in northeast Louisiana. The property is leased from private
owners and is private property.

Ms. Dawn Williams Louisiana Department of Environmental Quality briefed personnel
that 17 residences had been evacuated on 6/13/2013, *(indicates prior to the June
14, date of loss as reported), which included 34 residents, (17 residences remain
evacuated). Richland and Franklin Parish off-duty Sherriffûs deputies secured the
scene, and road closures were active on Antley Road and Highway 132 in the region.

An initial air monitoring team was sent to Test Site 1 and all well location
adjacent to the release   and determined that the site was safe to access

ENVIRONMENTAL
USES personnel are monitoring chloride levels in Swamp Slough.

RECOVERY & CONTAINMENT
USES and Hancock personnel recovered, and will continue to recover, fluids from
the Swamp Slough at Burke Road Bridge using vacuum trucks.
All recovered liquids are being placed in 500-barrel frac tanks for temporary
storage.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Key contacts:
On 7/8/2013 at 11:15am I contacted Ms. Martha Balogh- Risk Management Specialist
Denbury Resources Inc.
5320 Legacy Drive
Plano, Texas 75024
Office: 972-673-2076 (number called)
Cell: 469-693-1132
Email: martha.balogh@denbury.com
</xmp>

---

Date    : 08/06/2013          Type: General
By      : Mary Ann Matthiessen
Subject: TC with Sandy Oster

<xmp>Updated Sandy Oster of Ironshore on the status of this claim, it appears that
the well carrier- Lloyds will pick up the remediation of the spill, while Zurich
has disclaimed as the primary underlying.
I am awaiting a copy of Zurich's coverage evaluation, Sandy advised that if
Zurich's disclaimer is straighforward then we might be able to send a simple "me
too" coverage letter to Denbury.
Awaiting a copy of Zurich's letter.</xmp>

---

Date    : 08/06/2013          Type: General
By      : Mary Ann Matthiessen
Subject: EM to Carrie Von Hoff of Zurich underlying

<xmp>From: Matthiessen, MaryAnn
Sent: Tue 8/6/2013 11:03 AM
To: Carrie Von Hoff
Subject: RE: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A:
6/14/13 - FARA 3927045

Hi Carrie,

Certified Document Number: 67238734 - Page 117 of 141

Any word on getting Ironshore a copy of your coverage evaluation?

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

---------------------------------------------------------------------------
From: Matthiessen, MaryAnn
Sent: Mon 7/22/2013 10:22 AM
To: Carrie Von Hoff
Subject: RE: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A:
6/14/13 - FARA 3927045

Thank you Carrie.

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

---------------------------------------------------------------------------
From: Carrie Von Hoff [mailto:carrie.von.hoff@zurichna.com]
Sent: Mon 7/22/2013 9:57 AM
To: Matthiessen, MaryAnn
Subject: Re: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A:
6/14/13 - FARA 3927045

Good morning, MaryAnn,

Just wanted to let you know I am still waiting for Denbury's approval. I
hope to be able to respond soon.

Carrie

Carrie A. Von Hoff, JD, SCLA
Zurich North America
Environmental Claims Specialist
Pollution Group
1400 American Lane, T2/F7
Schaumburg, Illinois 60196
847-413-5465


</xmp>


_____
Date    : 07/22/2013           Type: General
By      : Mary Ann Matthiessen
Subject: EM from Zurich waiting on coverage opinion

<xmp>From: Matthiessen, MaryAnn
Sent: Mon 7/22/2013 10:22 AM
To: Carrie Von Hoff
Subject: RE: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A:
6/14/13 - FARA 3927045


Thank you Carrie.

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company

Certified Document Number: 67238734 - Page 118 of 141

1625 West Causeway Approach
Mandeville, LA 70471


--------------------------------------------------------------------------------
From: Carrie Von Hoff [mailto:carrie.von.hoff@zurichna.com]
Sent: Mon 7/22/2013 9:57 AM
To: Matthiessen, MaryAnn
Subject: Re: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A:
6/14/13 - FARA 3927045


Good morning, MaryAnn,

Just wanted to let you know I am still waiting for Denbury's approval. I
hope to be able to respond soon.

Carrie

Carrie A. Von Hoff, JD, SCLA
Zurich North America
Environmental Claims Specialist
Pollution Group
1400 American Lane, T2/F7
Schaumburg, Illinois 60196
847-413-5465


| "Matthiessen, MaryAnn" <MaryAnn.Matthiessen@FARA.com> | | To |
|---|---|---|
| | <carrie.von.hoff@zurichna.com> | cc |
| 07/17/2013 08:18 AM | | Subject |
| | Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A: 6/14/13 - FARA 3927045 | |


Hi Carrie,
I know you have been out of the office and advised that you were waiting on
Denbury's approval to issue us a copy of your coverage position. But as you
know, Ironshore follows form to Zurich's policy and would request that we
see your position as soon as possible.
When you can please send me a copy of Zurich's coverage position on the
South Delhi Field matter.


It appears that the Lloyds policy (well policy) may be the primary for the
cleanup of the site.
Recent reports indicate that the cleanup has now approached $29mm.
Please let me know if you have had a chance to review Lloyds well policy
issued to Denbury as well.

Regards,


MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

Certified Document Number: 67238734 - Page 119 of 141

</xmp>

---

Date    : 07/17/2013            Type: General
By      : Mary Ann Matthiessen
Subject: EM response from Sandy Oster- file direction

<xmp>From: Matthiessen, MaryAnn
Sent: Wed 7/17/2013 9:22 AM
To: Sanford Oster; Ronzello, Ronald
Cc: John Reusch
Subject: RE: South Delhi Field spill- Denbury Spill Claim FARA 3927045


Excellent. Thank you.

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


--------------------------------------------------------------------------
From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Wed 7/17/2013 9:21 AM
To: Matthiessen, MaryAnn; Ronzello, Ronald
Cc: John Reusch
Subject: Re: South Delhi Field spill- Denbury Spill Claim FARA 3927045


MaryAnn,
Fully concur.
I reviewed the Zurich lead umbrella and agree that the only coverage is for
consequential third party damage. There is no cleanup/remediation coverage.

The London policy clearly affords that cover as evidenced by the contractor
retention which is written into the policy.

Absent any stand alone language that is in our policy, I don't believe there is,
we look to be on solid footing.

Randy is a backstop in the event we have missed anything or there is pushback from
Denbury or an invite from Lloyd's to co-insure.

Sandy


Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com


From: Matthiessen, MaryAnn [mailto:MaryAnn.Matthiessen@FARA.com]
Sent: Wednesday, July 17, 2013 09:12 AM
To: Sanford Oster; Ronzello, Ronald <ronald.ronzello@FARA.com>
Cc: John Reusch
Subject: South Delhi Field spill- Denbury Spill Claim FARA 3927045


Good Morning Sandy,

I  wanted to give you an update, right now I am waiting for Zurich's coverage
position, as the examiner has been out of the office for the last week, she
returned yesterday and is waiting on approval from Denbury to issue us a copy of
her coverage position to us. However, based on the correspondence received, it
appears that Denbury is pursing Lloyds under the well policy for the cleanup.
Denbury has not provided us with much information with respect to this matter, I
have no contracts with the property owner, no other investigation. When I have
called Denbury, I can't figure if they are being evasive or if they truly don't
know. It appears that Boots and Coots is coordinating all cleanup as per the terms
of the Lloyds well policy.

After seeing the well policy and comparing it to the  Zurich policy, it seems that
the Lloyd's policy affords clean up coverage while the Zurich policy  affords

Certified Document Number: 67238734 - Page 120 of 141

FARA004062

coverage under the "Blended Pollution" Endorsement, for claims of BI and PD as a result of certain pollution conditions, and one of the requirements must be that the occurrence must be "instantaneous" and having first commenced on a "specific date and time"  which is noticed by the insured within 30 days of the event.  This is apparently going to be Zurich's position, as explained via telephone, that this was no an instantaneous event as there have been slow leaks from this well over the past several months that have gone unnoticed.

My intent is to submit all documents to Randy once we have the coverage position from Zurich, which should be shortly.

Regards,

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471
</xmp>

---

Date    : 07/17/2013          Type: General
By      : Mary Ann Matthiessen
Subject: EM to Carrie Von Hoff- Zurich Lead Umbrella

<xmp>------------------------------------------------------------------------------
---
From: Carrie Von Hoff [mailto:carrie.von.hoff@zurichna.com]
Sent: Wed 7/17/2013 3:56 PM
To: Matthiessen, MaryAnn
Subject: Carrie Von Hoff is out of the office.

I will be out of the office starting  07/17/2013 and will not return until 07/22/2013.

If you need immediate attention, please contact Brad Rausa (brad.rausa@zurichna.com; 847-605-3744) in our office for assistance.

From: Matthiessen, MaryAnn
Sent: Wed 7/17/2013 9:18 AM
To: carrie.von.hoff@zurichna.com
Subject: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A: 6/14/13 - FARA 3927045

Hi Carrie,
I know you have been out of the office and advised that you were waiting on Denbury's approval to issue us a copy of your coverage position. But as you know, Ironshore follows form to Zurich's policy and would request that we see your position as soon as possible.
When you can please send me a copy of Zurich's coverage position on the South Delhi Field matter.

It appears that the Lloyds policy (well policy) may be the primary for the cleanup of the site.
Recent reports indicate that the cleanup has now approached $29mm.
Please let me know if you have had a chance to review Lloyds well policy issued to Denbury as well.

Regards,

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471</xmp>

Certified Document Number: 67238734 - Page 121 of 141

FARA004063

Date   : 07/17/2013          Type: General
By     : Mary Ann Matthiessen
Subject: EM to Sandy Oster of file direction

<xmp>From: Matthiessen, MaryAnn
Sent: Wed 7/17/2013 9:12 AM
To: Sanford Oster; Ronzello, Ronald
Cc: John Reusch
Subject: South Delhi Field spill- Denbury Spill Claim FARA 3927045


Good Morning Sandy,

I wanted to give you an update, right now I am waiting for Zurich's coverage
position, as the examiner has been out of the office for the last week, she
returned yesterday and is waiting on approval from Denbury to issue us a copy of
her coverage position to us. However, based on the correspondence received, it
appears that Denbury is pursing Lloyds under the well policy for the cleanup.
Denbury has not provided us with much information with respect to this matter, I
have no contracts with the property owner, no other investigation. When I have
called Denbury, I can't figure if they are being evasive or if they truly don't
know. It appears that Boots and Coots is coordinating all cleanup as per the terms
of the Lloyds well policy.

After seeing the well policy and comparing it to the  Zurich policy, it seems that
the Lloyd's policy affords clean up coverage while the Zurich policy  affords
coverage under the "Blended Pollution" Endorsement, for claims of BI and PD as a
result of certain pollution conditions, and one of the requirements must be that
the occurrence must be "instantaneous" and having first commenced on a "specific
date and time"  which is noticed by the insured within 30 days of the event.  This
is apparently going to be Zurich's position, as explained via telephone, that this
was no an instantaneous event as there have been slow leaks from this well over
the past several months that have gone unnoticed.

My intent is to submit all documents to Randy once we have the coverage position
from Zurich, which should be shortly.

Regards,

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


--------------------------------------------------------------------------------
From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thu 7/11/2013 9:09 AM
To: Matthiessen, MaryAnn; Ronzello, Ronald
Cc: John Reusch
Subject: RE: Denbury Spill Claim FARA 3927045


MaryAnn, Ronnie,

I understand that there were discussions with Dawn Krigstin from our Environmental
group and I hope she was able to provide some additional guidance.

For now, Iüd like to stick with our original game plan of waiting for Zurich to
issue their coverage denial based upon the lack of a single episodic event.

Once that is received we can review and determine the efficacy of that
declination.

In the meantime, letüs have Randy Treadaway review the Zurich lead umbrella in
conjunction with our follow-form  and the GSR Policy. More specifically, the
following portion of the GSR policy-Section 1C-Cleanup Expenses and Seepage,
Pollution & Containment Insurance.

Randy neednüt issue a formal report and we can simply have a conference call after
heüs had a chance to look over all the coverage and the interplay amongst them.

Sorry for all the confusion but I was out of the office and everyone was trying to
pitch in.

Feel free to call with any concerns or questions.

Sandy


SANFORD OSTER

Vice President

IRONSHORE SPECIALTY CASUALTY CLAIMS

ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004

Office: 646.826.4944| Mobile: 347.759.1976| VCARD


</xmp>

---

Date    : 07/17/2013            Type: General
By      : Mary Ann Matthiessen
Subject: EM from Sandy Oster to assign to Randy Treadaway

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Thu 7/11/2013 9:09 AM
To: Matthiessen, MaryAnn; Ronzello, Ronald
Cc: John Reusch
Subject: RE: Denbury Spill Claim FARA 3927045


MaryAnn, Ronnie,

I understand that there were discussions with Dawn Krigstin from our Environmental
group and I hope she was able to provide some additional guidance.

For now, Iüd like to stick with our original game plan of waiting for Zurich to
issue their coverage denial based upon the lack of a single episodic event.

Once that is received we can review and determine the efficacy of that
declination.

In the meantime, letüs have Randy Treadaway review the Zurich lead umbrella in
conjunction with our follow-form  and the GSR Policy. More specifically, the
following portion of the GSR policy-Section 1C-Cleanup Expenses and Seepage,
Pollution & Containment Insurance.

Randy neednüt issue a formal report and we can simply have a conference call after
heüs had a chance to look over all the coverage and the interplay amongst them.

Sorry for all the confusion but I was out of the office and everyone was trying to
pitch in.

Feel free to call with any concerns or questions.

Sandy


SANFORD OSTER

Vice President

IRONSHORE SPECIALTY CASUALTY CLAIMS

ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004

Office: 646.826.4944| Mobile: 347.759.1976| VCARD




From: Matthiessen, MaryAnn [mailto:MaryAnn.Matthiessen@FARA.com]
Sent: Monday, July 08, 2013 1:42 PM
To: Sanford Oster; Ronzello, Ronald
Cc: John Reusch
Subject: Denbury Spill Claim FARA 3927045


Hello Sandy,


I have attached my preliminary report to you, along with Denbury's latest update.

While large remediation efforts have been underway, we still have limited details
as to the cause of the loss.

Certified Document Number: 67238734 - Page 123 of 141

MaryAnn Matthiessen
Senior Environmental Adjuster


609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com


FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

</xmp>


Date    : 07/09/2013         Type: General
By      : Mary Ann Matthiessen
Subject: EM fron Carrie Von Hoff of Zurich

<xmp>From: Carrie Von Hoff [mailto:carrie.von.hoff@zurichna.com]
Sent: Tue 7/9/2013 4:03 PM
To: Matthiessen, MaryAnn
Subject: Carrie Von Hoff is out of the office.



I will be out of the office starting  07/09/2013 and will not return until
07/15/2013.

I will have limited access to email during my absence. If you need
immediate attention, please contact Brad Rausa (brad.rausa@zurichnna.com;
847-605-3744) in our office for assistance.


</xmp>


Date    : 07/09/2013         Type: General
By      : Mary Ann Matthiessen
Subject: TC with Sandy Oster

<xmp>This afternoon, the details of the case were discussed with Sandy Oster of
Ironshore.

At this time it was decided that we would wait for the Zurich coverage opinion,
(should be received within the week), then evaluate the Well Policy(no exposure
for Ironshore) in conjunction with the Zurich umbrella controlling policy to
determine:
1.) who may be primary for remediation, for both the wellsite and offsite
properties.
2.) who may be exposed by any potential third party claims from nearby property
owners for PD or BI.(to date no claims have been made.)

An evaluation of the policies may help us to better understand the type of
coverage each policy affords.</xmp>


Date    : 07/09/2013         Type: General
By      : Mary Ann Matthiessen
Subject: Lloyds well Policy

<xmp>From: Matthiessen, MaryAnn
Sent: Tue 7/9/2013 1:47 PM
To: Sanford Oster
Cc: Ronzello, Ronald
Subject: RE: Denbury Spill Claim FARA 3927045


That is exactly what I was hoping they had. It was hard for me to believe that
Denbury only had the coverage as outlined.
I believe they  are triggering this policy, I see the carriers participating on
the London slip noticed in emails.

MaryAnn Matthiessen
Senior Environmental Adjuster

Certified Document Number: 67238734 - Page 124 of 141

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

--------------------------------------------------------------------------------
From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Tue 7/9/2013 1:43 PM
To: Matthiessen, MaryAnn
Cc: Ronzello, Ronald
Subject: Fw: Denbury Spill Claim FARA 3927045


Interesting second policy.


Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com


From: Jordan Gantz
Sent: Tuesday, July 09, 2013 12:31 PM
To: Sanford Oster
Cc: Paul Garrot; Tim McAuliffe; Ben Beauvais; Ron Gleason; Charles Schraeder
Subject: FW: Denbury Spill Claim FARA 3927045


Sandy:


I believe you have already received the lead umbrella policy attached but also
attached is a Control of Well Policy that is in force.  Perhaps there is
applicability for that policy in this situation.


JORDAN M. GANTZ

Chief Underwriting Officer

IRONSHORE SPECIALTY CASUALTY

ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004

Office: 646.826.4877| Mobile: 646.599.7122| VCARD




From: Charles Schraeder
Sent: Tuesday, July 09, 2013 12:27 PM
To: Jordan Gantz
Cc: Paul Garrot; Tim McAuliffe; Ben Beauvais; Ron Gleason
Subject: RE: Denbury Spill Claim FARA 3927045


Jordan,

In addition to an umbrella, the insured maintains a control of well policy.
Attached is a copy of the umbrella and the control of well policy.




CHARLES SCHRAEDER

Senior Production Specialist

IRONSHORE SPECIALTY CASUALTY

Certified Document Number: 67238734 - Page 125 of 141

FARA004067

ONE RIVERWAY | SUITE 1025 | HOUSTON, TX 77056

Office: 713.343.8960| Mobile: 281.202.5083| VCARD

From: Ron Gleason
Sent: Tuesday, July 09, 2013 8:45 AM
To: Jordan Gantz; Charles Schraeder
Cc: Paul Garrot; Tim McAuliffe; Ben Beauvais
Subject: RE: Denbury Spill Claim FARA 3927045

Copy of the lead umbrella from Zurich is attached.

Marsh has confirmed that Denbury does not buy stand alone Environmental cover.

Ronald A. Gleason

Ironshore Insurance

Regional Executive

One Riverway, Suite 1025

Houston, TX  77056

Office:  713 343-8956

Cell:  281 389-3293

ron.gleason@ironshore.com

</xmp>

---

Date    : 07/09/2013          Type: General
By      : Mary Ann Matthiessen
Subject: EM to Zurich requesting coverage position

<xmp>From: Matthiessen, MaryAnn
Sent: Tue 7/9/2013 2:27 PM
To: carrie.von.hoff@zurichna.com
Subject: Denbury Spill Claim - South Delhi Field, LA FARA 3927045

Hi Carrie,

It was nice speaking with you this afternoon.  FARA Insurance Services (üFARAú) is
the designated claims adjusting service for certain matters involving Ironshore
Specialty Insurance Company, (üIronshoreú). Ironshore previously acknowledged a
report of  a June 16, 2013 spill incident in SOUTH DELHI FIELD, LA  involving
Denbury Resources Inc.. FARA has set up a file  # FARA-3927045 and is
investigating the loss as reported. .
As you indicated Zurich is in the process of issuing a coverage letter to Denbury,
when you can, please provide me with your coverage position.
As you are aware Ironshore provides follow form coverage to the Zurich umbrella
policy.
Also, please find attached a Well Control Policy.

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

--------------------------------------------------------------------------
  </xmp>

Certified Document Number: 67238734 - Page 126 of 141

FARA004068

Date    : 07/09/2013          Type: General
By      : Mary Ann Matthiessen
Subject: TC to Carrie Von Hoff of Zurich 847 413 5465

<xmp>Placed a call at 2pm today to Carrie A. Von Hoff, JD, SCLA
Zurich North America
Environmental Claims Specialist
Pollution Group
1400 American Lane, T2/F7
Schaumburg, Illinois 60196
847-413-5465
E-mail: Carrie Von Hoff <carrie.von.hoff@zurichna.com>

She has denied the claim to Denbury, it is going out today, there are multiple
reports of spills throughout the month of May and June. For right now I am
concerned with the largest which is this South Delhi Field LA spill.
She advised that the loss was not sudden and accidental as defined in the timed
pollution endorsement.

She agreed to send me a copy of her denial, I will be sending her a copy of the
Lloyds well policy.
We discussed the potential of claims coming in from evacuated parties, currently
there are none, but this is a possibility. She informed me, if and when this
happens, Zurich will evaluate their position, but for right now this was not a
known spill that was sudden and accidental as per the terms of the Zurich policy.
She did advise me that Denbury was sending her in more information in which she
will further evaluate.</xmp>


Date    : 07/09/2013          Type: General
By      : Mary Ann Matthiessen
Subject: EM from Marsh with Zurich info

<xmp>From: Lawrence, Jerry W [mailto:Jerry.W.Lawrence@marsh.com]
Sent: Tue 7/9/2013 1:57 PM
To: Matthiessen, MaryAnn
Cc: Williams, Alice O
Subject: FW: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A:
6/14/13 - FARA 3927045


Carrie A. Von Hoff, JD, SCLA

Zurich North America

Environmental Claims Specialist

Pollution Group

1400 American Lane, T2/F7

Schaumburg, Illinois 60196

847-413-5465

E-mail: Carrie Von Hoff <carrie.von.hoff@zurichna.com>



Jerry Lawrence, Senior Vice President

South Central Partnership Claims Leader

Marsh USA Inc.

1000 Main Street, Suite 3000, Houston, Texas 77002, USA

+1 713 276 8432 | Mobile +1 713 319 6585 | Fax +1 713 276 8777 |
jerry.w.lawrence@marsh.com

Assistant: Alice Williams | +1 713 276 8438 | alice.o.williams@marsh.com


This document and any recommendations, analysis, or advice provided by Marsh
(collectively, the ûMarsh Analysisú) are intended solely for the entity identified
as the recipient herein (ûyouú). This document contains proprietary, confidential
information of Marsh and may not be shared with any third party, including other
insurance producers, without Marshüs prior written consent. Any statements
concerning actuarial, tax, accounting, or legal matters are based solely on our
experience as insurance brokers and risk consultants and are not to be relied upon
as actuarial, accounting, tax, or legal advice, for which you should consult your
own professional advisors. Any modeling, analytics, or projections are subject to

Certified Document Number: 67238734 - Page 127 of 141

inherent uncertainty, and the Marsh Analysis could be materially affected if any underlying assumptions, conditions, information, or factors are inaccurate or incomplete or should change. The information contained herein is based on sources we believe reliable, but we make no representation or warranty as to its accuracy. Except as may be set forth in an agreement between you and Marsh, Marsh shall have no obligation to update the Marsh Analysis and shall have no liability to you or any other party with regard to the Marsh Analysis or to any services provided by a third party to you or Marsh. Marsh makes no representation or warranty concerning the application of policy wordings or the financial condition or solvency of insurers or reinsurers. Marsh makes no assurances regarding the availability, cost, or terms of insurance coverage.

From: Williams, Alice O
Sent: Tuesday, July 09, 2013 12:54 PM
To: Lawrence, Jerry W
Subject: Re: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A: 6/14/13 - FARA 3927045

FYI

From: Matthiessen, MaryAnn [mailto:MaryAnn.Matthiessen@FARA.com]
Sent: Tuesday, July 09, 2013 12:43 PM
To: Williams, Alice O
Cc: martha.balogh@denbury.com
Subject: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A: 6/14/13 - FARA 3927045

Good Afternoon Alice,

I have obtained a copy of the American Guarantee & Liability Insurance Company (Zurich) controlling policy form, but I am still seeking the name of the primary adjuster who is handling this loss.

Do you have the details of the adjuster for Zurich so that I may contact them?

Ironshore wishes to discuss this matter this afternoon and I would like some more details regarding this matter.

Thank you.

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

</xmp>

---

Date   : 07/09/2013          Type: General
By     : Mary Ann Matthiessen
Subject: TC and EM to Alice Williams

<xmp>Placed a call today to Alice Williams
MCP Claim Advisor
Marsh USA , Inc
1000 Main Street
Suite 3000
Houston, TX 77002-5008
(713) 276-8438  Fax (713) 276-8777

Certified Document Number: 67238734 - Page 128 of 141

Alice.O.Williams@marsh.com

She was not in, so I followed with an email.
...........................................................
From: Matthiessen, MaryAnn
Sent: Tue 7/9/2013 1:43 PM
To: Williams, Alice O
Cc: martha.balogh@denbury.com
Subject: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A:
6/14/13 - FARA 3927045


Good Afternoon Alice,

I have obtained  a copy of the American Guarantee & Liability Insurance Company
(Zurich)  controlling policy form, but I am still seeking the name of the primary
adjuster who is handling this loss.
Do you have the details of the adjuster for Zurich so that I may contact them?

Ironshore wishes to discuss this matter this afternoon and I would like some more
details regarding this matter.

Thank you.

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


--------------------------------------------------------------------------------
From: Matthiessen, MaryAnn
Sent: Mon 7/8/2013 12:51 PM
To: Williams, Alice O
Cc: martha.balogh@denbury.com
Subject: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A:
6/14/13 - South Delhi Field Incident Cost Tracking


Hello Alice,

Thank you for the updated report.
I think I might be missing something, do you have the initial notice of loss that
tells the exact location and the size of the spill? I see reports of remediation,
but I don't see the initial incident report advising of the most basic
information, i.e.: location, well owner, size of spill.

We are trying to determine just how large was this spill and from what location
did it originate.

Can you please provide a copy of the American Guarantee & Liability Insurance
Company (Zurich)  controlling policy form #  AUC 9242673-01, and any contact
information for the adjuster.



I have corrected my file number to 3927045 for the Ironshore claim. I apologize
for any confusion.


Thank you.

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

</xmp>

_____
Date    : 07/09/2013           Type: General
By      : Mary Ann Matthiessen
Subject: Lead Umbrella Policy -info

Certified Document Number: 67238734 - Page 129 of 141

FARA004071

<xmp>From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Tue 7/9/2013 1:33 PM
To: Matthiessen, MaryAnn
Cc: Ronzello, Ronald
Subject: Re: Denbury Spill Claim FARA 3927045


MaryAnn,
I agree and look forward to discussing later in the afternoon

Sandy


Sanford Oster, VP
Casualty Claims
Ironshore
One State Street Plaza
New York, NY 10004
646 826-4944-Office
347 759-1976-Cell
Sanford.oster@ironshore.com

.......................................................
From: Matthiessen, MaryAnn
Sent: Tue 7/9/2013 1:04 PM
To: Sanford Oster
Cc: Ronzello, Ronald
Subject: RE: Denbury Spill Claim FARA 3927045


Hi Sandy,

Thank you for the Zurich policy.

I took a look and I see the Blended Pollution Exclusion which gives back some
pollution coverage, particularly since there doesn't appear to be separate
pollution coverage, according to the prior emails.

I don't think we have enough facts right now to determine if there are coverage
concerns. We don't know all the details surrounding the loss, nor do we know the
area that is being remediate, i.e.: is it Denbury controlled property or property
of neighboring parties.  I will press Zurich for this information. I am waiting on
the name of their adjuster.

I think maybe we should wait to see Zurich's position and interpretation of the
policy. We can use their opinion as a starting point for Ironshore. I think this
would be prudent to avoid a potential conflict in position between the two
carriers. At that time, then if we don't agree with their position, then
definitely we would want coverage counsel to take a look.

We can discuss more this afternoon.

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


-------------------------------------------------------------------------------
From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Tue 7/9/2013 10:52 AM
To: Matthiessen, MaryAnn
Cc: Ronzello, Ronald
Subject: FW: Denbury Spill Claim FARA 3927045


MaryAnn,

Please see attached lead umbrella for your review.

Let me know if you want coverage counsel to review.

Sandy


SANFORD OSTER

Vice President

IRONSHORE SPECIALTY CASUALTY CLAIMS

Certified Document Number: 67238734 - Page 130 of 141

FARA004072

ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004

Office: 646.826.4944| Mobile: 347.759.1976| VCARD

From: Tim McAuliffe
Sent: Tuesday, July 09, 2013 9:49 AM
To: Sanford Oster; Ron Gleason
Cc: Jordan Gantz
Subject: FW: Denbury Spill Claim FARA 3927045

Sandy see attachedå.do we have any other description of facts/circumstances around
this oneå.we looked online and saw nothing regarding a major spill etcå

From: Ron Gleason
Sent: Tuesday, July 09, 2013 9:45 AM
To: Jordan Gantz; Charles Schraeder
Cc: Paul Garrot; Tim McAuliffe; Ben Beauvais
Subject: RE: Denbury Spill Claim FARA 3927045

Copy of the lead umbrella from Zurich is attached.

Marsh has confirmed that Denbury does not buy stand alone Environmental cover.

Ronald A. Gleason

Ironshore Insurance

Regional Executive

One Riverway, Suite 1025

Houston, TX  77056

Office:  713 343-8956

Cell:  281 389-3293

ron.gleason@ironshore.com

From: Jordan Gantz
Sent: Monday, July 08, 2013 2:20 PM
To: Charles Schraeder; Ron Gleason
Cc: Paul Garrot; Tim McAuliffe; Ben Beauvais
Subject: FW: Denbury Spill Claim FARA 3927045

Charles:

Have you received the current term Zurich lead umbrella policy?  If not, please
get a status update of its availability.

Also, please find out from the broker if this insured purchases separate
environmental coverage.  If so, what are the details of this coverage?

JORDAN M. GANTZ

Chief Underwriting Officer

Certified Document Number: 67238734 - Page 131 of 141

FARA004073

IRONSHORE SPECIALTY CASUALTY

ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004

Office: 646.826.4877| Mobile: 646.599.7122| VCARD

From: Tim McAuliffe
Sent: Monday, July 08, 2013 2:56 PM
To: Paul Garrot; Michael Gill
Cc: Jordan Gantz
Subject: Fw: Denbury Spill Claim FARA 3927045

FYI any idea on separate Environmental cover?

From: Sanford Oster
Sent: Monday, July 08, 2013 02:10 PM
To: Charles Schraeder
Cc: Tim McAuliffe
Subject: FW: Denbury Spill Claim FARA 3927045

Chuck,

Do you have the lead umbrella on Denbury. Looks like a time element pollution
coverage but there may be other limiting language.

Thanks,

SANFORD OSTER

Vice President

IRONSHORE SPECIALTY CASUALTY CLAIMS

ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004

Office: 646.826.4944| Mobile: 347.759.1976| VCARD

</xmp>

---

Date    : 07/08/2013           Type: General
By      : Mary Ann Matthiessen
Subject: EM to from Ironshore with Zurich binder

<xmp>From: Matthiessen, MaryAnn
Sent: Mon 7/8/2013 2:17 PM
To: Sanford Oster
Cc: Ronzello, Ronald
Subject: RE: Zurich Binder-Denbury

Thank you Sandy,
While this is just the binder,  I don't see pollution or site pollution noted on
the underlying.
We will have to look into this further.

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471

Certified Document Number: 67238734 - Page 132 of 141

FARA004074

From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Mon 7/8/2013 2:06 PM
To: Matthiessen, MaryAnn
Cc: Ronzello, Ronald
Subject: Zurich Binder-Denbury




</xmp>


------------------------------------------------------------------------

Date    : 07/08/2013        Type: General
By      : Mary Ann Matthiessen
Subject: EM to Marsh - Alice Williams for info

<xmp>From: Matthiessen, MaryAnn
Sent: Mon 7/8/2013 12:51 PM
To: Williams, Alice O
Cc: martha.balogh@denbury.com
Subject: Denbury Resources, Inc. - Matter: South Delhi Field, LA Spill - D/A:
6/14/13 - South Delhi Field Incident Cost Tracking


Hello Alice,

Thank you for the updated report.
I think I might be missing something, do you have the initial notice of loss that
tells the exact location and the size of the spill? I see reports of remediation,
but I don't see the initial incident report advising of the most basic
information, i.e.: location, well owner, size of spill.

We are trying to determine just how large was this spill and from what location
did it originate.

Can you please provide a copy of the American Guarantee & Liability Insurance
Company (Zurich)  controlling policy form #  AUC 9242673-01, and any contact
information for the adjuster.




I have corrected my file number to 3927045 for the Ironshore claim. I apologize
for any confusion.


Thank you.

MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


------------------------------------------------------------------------
From: Williams, Alice O [mailto:Alice.O.Williams@marsh.com]
Sent: Mon 7/8/2013 11:20 AM
To: Matthiessen, MaryAnn; pamela.mitchell@axiscapital.com;
brandy.henderson@libertymutual.com; Stefanou, Paula (PStefanou@archinsurance.com);
nokomis.lemons@alterra-us.com
Cc: martha.balogh@denbury.com; Lawrence, Jerry W
Subject: Re: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/14/13 - South Delhi Field Incident Cost Tracking




To:




Alterra Excess & Surplus Insurance Co.

Adjuster:              Nokomis Lemons

Claim Number:      MXUL25756

Arch Insurance Company

Adjuster:                Paul Stefanou, Esq.

Claim Number:          000012573230


Axis Surplus Insurance Company

Adjuster:                Pamela Mitchell

Claim Number:          Unknown  (Please provide Claim Number)


Ironshore Specialty Insurance Company/FARA

Adjuster:                Mary Ann Matthiessen

Claim Number:          FARA  3927045


Starr Surplus Lines Insurance Company/FARA

Claim Number:          FARA 3927048


Liberty Surplus Insurance Corp

Adjuster:                Brandy Henderson

Claim Number:          DALCAS0000038756


Dear Sir/Madam,


Attached is the latest cost tracking sheet on the South Delhi Field Incident.


For additional information, please contact Ms. Martha Balogh:


Ms. Martha Balogh

Risk Management Specialist

Denbury Resources Inc.

5320 Legacy Drive

Plano, Texas 75024

Office: 972-673-2076

Cell: 469-693-1132

Email: martha.balogh@denbury.com


Please acknowledge receipt at your earliest opportunity.


Sincerely,



Alice Williams

Marsh USA, Inc.

1000 Main Street, Suite 3000

Certified Document Number: 67238734 - Page 134 of 141

Houston, Texas  77002

Phone:  713-276-8438

Fax:  713-276-8777

</xmp>

---

Date    : 07/08/2013         Type: Plan To Conclude
By      : Mary Ann Matthiessen
Subject: Claim Review - Plan To Conclude

<xmp>Action Plan:
Follow for:
1.) controlling policy form and coverage evaluation if and when one is complete.
2.) further details of loss.
3.) with Sandy Oster on how Ironshore would like to proceed- ie- counsel or
outside audit company.</xmp>

---

Date    : 07/08/2013         Type: Exposure Evaluation
By      : Mary Ann Matthiessen
Subject: Claim Review - Exposure Evaluation

<xmp>Louisiana Environmental Exposure.
We still do not have the underlying controlling policy form from American
Guarantee & Liability Insurance Company- we have requested same along with
coverage positions when completed.

Damages and liability:
The cause of the spill has not yet been determined. At this time there does not
appear to be any other parties involved aside from Denbury, who is the operator of
a oil well located in Lousina involved, but this is as per Denbury and the facts
still are not developed.

The property is leased from private owners (unknown to us at this time) and is
private property.
Currently,  the incurred for remediation is  $16,047,132. They are only in the
early stages of the cleanup as this loss just occurred on June 14, 2013.

RESERVES: ███████████████████████████████████████████
███████████████████████████████████████

RECOMMENDATIONS:
███████████████████████████████████ we do not yet have a copy yet of the
controlling policy, it appears that baring any coverage questions, this loss may
breach the Ironshore excess layer. We suggest that Ironshore may seek to retain
its own attorney for monitoring of underlying erosion as well as auditing the
expenses submitted for reimbursement to Denbury as a result of the remediation
efforts if and when this matter is tendered to the Ironshore layer. Denbury has a
response team in place and provides weekly reports to all carriers of their
efforts and exposure. Initial discussions with Denbury Martha Balogh- Risk
Management Specialist
Denbury Resources Inc. indicates that Denbury will be responsible for this loss;
however, we suggest that there remains much investigation that is necessary before
this matter can be fully evaluated, as such we will be following with Denbury,
Marsh and Zurich to determine the cause.

We have requested a copy of the controlling policy as well as the name of the
adjuster handling and will also request a copy of their coverage opinion once
rendered.
</xmp>

---

Date    : 07/08/2013         Type: Subrogation
By      : Mary Ann Matthiessen
Subject: Claim Review - Subrogation and SIF

<xmp>No subrogation identifiable at this time.</xmp>

---

Date    : 07/08/2013         Type: Facts Summary
By      : Mary Ann Matthiessen
Subject: Claim Review - Summary Of Facts

<xmp>Initial report was sent to Ironshore on July 8, 2013.

THE IRONSHORE SPECIALTY ISURANCE COMPANY POLICY:
Policy Number:          000988602  RENEWAL OF: 000988601
Named Insured:      Denbury Resources Inc.
5320 Legacy Drive

Certified Document Number: 67238734 - Page 135 of 141

FARA004077

Plano, TX 75024
Policy Period:          April 01, 2013 Expiration: April 01, 2014
Limits of Liability:    $25,000,000 per occurrence and in the aggregate.


UNDERLYING:
Ironshore Provides follow form on the underlying.
Coverage: Excess Policy- not certain as to coverage afforded by controlling
underlying at this time. Controlling policy has been requested.
Underlying Insurer:      American Guarantee & Liability Insurance Company (Zurich)
Policy Number:           AUC 9242673-01
Limits:                  $25,000,000 per occurrence limit
**Defense Expenses are outside the Limits.

There is a $500k SIR and a primary Zurich policy GLO9242578-01 of $500k.
Ironshore policy is in excess of $26,000,000 in underlying.

COVERAGE ANALYSIS: We have requested the American Guarantee & Liability Insurance
Company (Zurich) controlling policy and have been advised that no coverage
analysis by the underlying has been composed as of yet.


LOSS FACTS:  **MUCH IS STILL NOT KNOWN. WE ARE UNSURE OF THE CAUSE OF THE LOSS,
THE DETAILS OF HOW MUCH PRODUCT HAS BEEN LOST AND WHO THE PROPERTY OWNERS ARE AND
THE DETAILS OF THE WELL OPERATION.

Denbury is an oil and gas company who leases and operates wells from private
landowners. At 3:10pm CT, Mr. Ryan Jacob, Denbury Onshore, LLC, received a call
from US Environmental Services ûUSESú confirming that CO2, oil, and saltwater was
present on the TransCanada Right of Way.  Large release of carbon-dioxide is a by
product of the process at the source used to extract oil and bitumen (a sludgy
form of petroleum) from the earth. Formal responsibilities for the South Delhi
Field, LA Incident were transferred from TransCanada Pipeline to Denbury Onshore,
LLC.

The cause of the spill has not yet been determined. At this time there does not
appear to be any other parties involved aside from Denbury, who is the operator of
a oil well located in northeast Louisiana. The property is leased from private
owners and is private property.

Ms. Dawn Williams Louisiana Department of Environmental Quality briefed personnel
that 17 residences had been evacuated on 6/13/2013, *(indicates prior to the June
14, date of loss as reported), which included 34 residents, (17 residences remain
evacuated). Richland and Franklin Parish off-duty Sherriffüs deputies secured the
scene, and road closures were active on Antley Road and Highway 132 in the region.

An initial air monitoring team was sent to Test Site 1 and all well location
adjacent to the release    and determined that the site was safe to access

ENVIRONMENTAL
USES personnel are monitoring chloride levels in Swamp Slough.

RECOVERY & CONTAINMENT
USES and Hancock personnel recovered, and will continue to recover, fluids from
the Swamp Slough at Burke Road Bridge using vacuum trucks.
All recovered liquids are being placed in 500-barrel frac tanks for temporary
storage.


.......................................................

Key contacts:
On 7/8/2013 at 11:15am I contacted Ms. Martha Balogh- Risk Management Specialist
Denbury Resources Inc.
5320 Legacy Drive
Plano, Texas 75024
Office: 972-673-2076 (number called)
Cell: 469-693-1132
Email: martha.balogh@denbury.com
</xmp>


_____

Date   : 07/08/2013          Type: General
By     : Mary Ann Matthiessen
Subject: TC to Marth Balough 972 673 1132- Denbury

<xmp>On 7/8/2013 at 11:15am I contacted Ms. Martha Balogh- Risk Management
Specialist
Denbury Resources Inc.
5320 Legacy Drive
Plano, Texas 75024
Office: 972-673-2076 (number called)
Cell: 469-693-1132
Email: martha.balogh@denbury.com

She informed me of the following. The cause of the spill has not yet been
determined. At this time there does not appear to be any other parties involved
aside from Denbury, who is the operator of a oil well located in Lousina.
The property is leased from private owners and is private property.

Certified Document Number: 67238734 - Page 136 of 141

FARA004078

Currently, the incurred for remediation is $16,047,132. They are only in the early stages of the cleanup as this loss just occurred on June 14, 2013.
</xmp>

---

Date    : 07/08/2013              Type: General
By      : Mary Ann Matthiessen
Subject: Initial loss report to Ironshore.

<xmp>-------------------------------------------------------------------
---
From: Matthiessen, MaryAnn
Sent: Mon 7/8/2013 1:41 PM
To: Sanford Oster; Ronzello, Ronald
Cc: John Reusch
Subject: Denbury Spill Claim FARA 3927045


Hello Sandy,

I have attached my preliminary report to you, along with Denbury's latest update. While large remediation efforts have been underway, we still have limited details as to the cause of the loss.


MaryAnn Matthiessen
Senior Environmental Adjuster

609.610.4497 office
866.675.3192 toll free
985.624.8684 fax
MaryAnn.Matthiessen@Fara.com

FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471


-------------------------------------------------------------------
From: Sanford Oster [mailto:Sanford.Oster@ironshore.com]
Sent: Mon 7/8/2013 12:57 PM
To: Ronzello, Ronald; Matthiessen, MaryAnn
Cc: John Reusch
Subject: Denbury Spill Claim


Ronnie:

Sorry I missed your call this AM

John and I are going to be at York in Parsippany tuesday for an audit and it might be a good idea to have us all on the call to discuss.

I understand Ironshore has a $25M layer xs of Zurichüs $25M lead and that remediation costs are already at $16Måsounds like a Humdinger of a claim.

Iüll assume our follow form policy has no stand alone pollution exclusions and the lead umbrella is properly applying the pollution coverage afforded on that policyå.?

Let us know when is a good time to chat? Iüm assuming the PM is better for us as weüll probably be running around meeting in the AM.

If you have any file material to forward that would be fine.

Regards,

Sandy


SANFORD OSTER

Vice President

IRONSHORE SPECIALTY CASUALTY CLAIMS

ONE STATE STREET PLAZA | 8TH FL | NEW YORK, NY 10004

Office: 646.826.4944| Mobile: 347.759.1976| VCARD

</xmp>

---

Date    : 07/08/2013              Type: General
By      : Mary Ann Matthiessen
Subject: Reserves as of 07/08/13

Certified Document Number: 67238734 - Page 137 of 141

Claim Id:                          3927045

Claimant:                          South Delhi Field, LA Spill

Accident Date:                     06/16/2013

Description:                        Excess Claim Insured had a spill of CO2,

Line Of Coverage:                  Commercial Excess Liability (Umbrella) I

Sub Line:                          Liability - Property Damage

Reserved:

Status:

---

Date   : 07/03/2013          Type: General
By     : Mary Ann Matthiessen
Subject: Contacts for Denbury

<xmp>From: Lawrence, Jerry W [mailto:Jerry.W.Lawrence@marsh.com]
Sent: Fri 6/28/2013 2:00 PM
To: Williams, Alice O
Cc: Matthiessen, MaryAnn; Martha Balogh
Subject: RE: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/16/13 - South Delhi Field Incident Action Plan

MaryAnn:


The status update is the most current information that has been provided to Marsh.
 For additional information, please contact Ms. Martha Balogh or Jack Strother.


Ms. Martha Balogh

Risk Management Specialist

Denbury Resources Inc.

Certified Document Number: 67238734 - Page 138 of 141

FARA004080

5320 Legacy Drive

Plano, Texas 75024

Office: 972-673-2076

Cell: 469-693-1132

Email: martha.balogh@denbury.com


Jack Strother

Denbury

Chief Corporate Counsel -

Litigation & Risk Management

5320 Legacy Drive

Plano, TX 75024

Office: 972.673.2617

Fax: 972-673-2460

E-mail: jack.strother@denbury.com




Jerry Lawrence, Senior Vice President

South Central Partnership Claims Leader

Marsh USA Inc.

1000 Main Street, Suite 3000, Houston, Texas 77002, USA

+1 713 276 8432 | Mobile +1 713 319 6585 | Fax +1 713 276 8777 | jerry.w.lawrence@marsh.com

Assistant: Alice Williams | +1 713 276 8438 | alice.o.williams@marsh.com


</xmp>

---

Date    : 06/27/2013            Type: General
By      : Mary Ann Matthiessen
Subject: File note

<xmp>This Ironshore claim does have potential to breach the Ironshore layer,
however the loss is very new and it is too early to tell.
I will continue to monitor on an as needed basis, within the next 3-6 months we
should have a better idea as to claim development.
Ironshore does not trigger until after 25mm of excess which is in addition to the
underlying.
We will also have to see what the underlying coverage position has been.</xmp>

---

Date    : 06/25/2013            Type: General
By      : Mary Ann Matthiessen
Subject: EM to Alice Williams of Marsh for more info

<xmp>From: Matthiessen, MaryAnn
Sent: Tue 6/25/2013 9:02 PM
To: Williams, Alice O
Subject: RE: Insured: Denbury Resources, Inc. - Matter: South Delhi Field, LA
Spill - D/A: 6/16/13 - South Delhi Field Incident Action Plan


Dear Ms. Williams,

I am handling for both Starr and Ironshore.

Please provide a brief description of exactly what happened and Denbury's role in
the incident.
I see many pages of documents, but I can't seem to understand what exactly
happened and how large the release actually was.

Certified Document Number: 67238734 - Page 139 of 141

Thank you.

MaryAnn Matthiessen
Sr.Environmental Adjuster
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471
direct: 609-610-4497
fax:985-624-8684
toll free:866-675-3192
MaryAnn.Matthiessen@fara.com

</xmp>

---

Date    : 06/18/2013              Type: General
By      : Mary Ann Matthiessen
Subject: Ack and closing notice to Denbury

<xmp>From: Matthiessen, MaryAnn
Sent: Tue 6/18/2013 1:32 PM
To: leona.maroney@denbury.com
Cc: Jerry.W.Lawrence@Marsh.com; Alice.O.Williams@marsh.com;
jack.strother@denbury.com
Subject: Ironshore- Ack of South Delhi Field spill- MARSH13HOUS096165
FARA3927045***

June 18, 2013

Ms. Leona Maroney    via email only: leona.maroney@denbury.com
Risk Management Specialist
Denbury Resources Inc.
5320 Legacy Drive
Plano, TX  75024


INSURED:   DENBURY RESOURCES, INC.
DATE OF LOSS:   06/16/2013
TYPE OF COVERAGE:       *Umbrella, & Excess Liability Coverage
LOCATION OF LOSS:   SOUTH DELHI FIELD, LA SPILL
FILE NUMBER:   MARSH 13HOUS096165  FARA 3925455


Dear Ms. Maroney;

Please be advised that FARA Insurance Services (ûFARAú) is the designated claims
adjusting service for certain matters involving Ironshore Specialty Insurance
Company, (ûIronshoreú). This letter will acknowledge report of  a June 16, 2013
spill incident in SOUTH DELHI FIELD, LA  involving Denbury Resources Inc.. FARA
has set up a file for record purposesand given this a record locator number of
FARA-3927045.

Effective for the term of April 1, 2013 to April 1, 2014, Ironshore provides
Denbury Resources Inc., under policy number 000988602 , with excess liability
coverage in the amount of $25,000,000. This excess layer would apply only after
$25,000,000 of primary and underlying insurance has been exhausted.

Based on the exposure information supplied to date, it appears unlikely that the
Ironshore policy will be implicated in this matter, and as such we are recording
this information for notice only. However, we understand that this matter recently
occurred and that claim development may be necessary to estimate the full value of
the potential losses; therefore, we would request that you notify us immediately
if there are any adverse developments. We would also request that we be notified
if the insurance layer beneath the Ironshore layer values the claim in excess of
50% of their underlying limit. If this is an aggregate policy, we request that you
advise if the aggregate has a potential to breach the underlying limit.

Because it appears that the exposure will not reach the Ironshore layer at this
time,  we have not evaluated coverage as it relates to these matters; therefore,
Ironshore expressly reserves all rights under the policy.  Any failure to cite
policy conditions or exclusions at this time shall not preclude Ironshore from
citing other policy conditions or exclusions as may be applicable to this claim.
 Should you have any questions, please don't hesitate to contact me.


Sincerely,
MaryAnn Matthiessen
Sr.Environmental Adjuster
FARA, A York Risk Services Company
1625 West Causeway Approach
Mandeville, LA 70471
direct: 609-610-4497

Certified Document Number: 67238734 - Page 140 of 141

FARA004082

fax:985-624-8684
toll free:866-675-3192
MaryAnn.Matthiessen@fara.com

</xmp>

---

Date    : 06/18/2013          Type: Initial Contact - Insured
By      : Mary Ann Matthiessen
Subject: Initial Contact With Insured

<xmp>Claim was ack. to Denbury timely on 6/18/2013.
File to be closed
</xmp>

---

Date    : 06/18/2013          Type: Initial Contact - Claimant
By      : Mary Ann Matthiessen
Subject: Initial Contact With Claimant

<xmp>High level excess coverage, not expected to breach carriers layer, contact
waived.</xmp>

---

Date    : 06/18/2013          Type: Coverage
By      : Mary Ann Matthiessen
Subject: IRONSHORE SPECIALTY - 25mm xs of 25mm

<xmp>Policy # 000988602
IRONSHORE SPECIALTY INSURANCE CO
Effective 04/01/2013 - 04/01/2014
$25,000,000 x/s $25,000,000

controlling policy:
GLO9242578-01  ZURICH AMERICAN INS CO- $500k policy primary

AUC 9242673-01 -AMERICAN GUAR & LIAB    04/01/2013 - 04/01/2014$25,000,000 x/s of
Underlying

Ironshore is next $25mm excess of $25mm.</xmp>

---

Date    : 06/18/2013          Type: General
By      : Mary Ann Matthiessen
Subject: Response to Supervisor

<xmp>Ron,
Ack. new loss for Denbury I will handle accordingly.</xmp>

---

Date    : 06/18/2013          Type: Supervisory Claim Review
By      : Ronnie Ronzello
Subject: Supervisory Review

<xmp>MaryAnn,
New loss. Excess coverage.

Email was sent to maryann.matthiessen@fara.com regarding these instructions.</xmp>

---

Date    : 06/17/2013          Type: General
By      : QRM 10
Subject: NOTICE TO ADJUSTER!

<xmp>This is for Starr Surplus Lines Insurance. Claim taken by: ES-QRM</xmp>

Certified Document Number: 67238734 - Page 141 of 141



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 22, 2015

Certified Document Number:      67238734

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

# APPENDIX OF EXHIBITS

Exhibit A – 08.05.15 Letter to Randy fwd ANR Settlement Agreements

Exhibit B – 09.09.15 Letter to Ironshore re discovery deficiencies

Exhibit C – Ironshore's objections to NOD of Ironshore

Exhibit D – Ironshore's objections to NOD of FARA

Exhibit E – Denbury's 1st Set of ROGs and RFPDs

Exhibit F – Denbury's 1st Set for RFAs

Exhibit G – Denbury's 2nd RFPD

Exhibit H – 08.20.15 Ironshore Privilege Log – FARA Claims File Documents

Exhibit I – 09.04.15 Ironshore Supplemental Privilege Log

Exhibit J – Ironshore's objections to 1st ROGs and RFPDs

Exhibit K – Ironshore's objections and response and supp answers dated 09.04.15

Exhibit L - Ironshore's objections and response and supp answers dated 09.18.15

Exhibit M – 06.16.15 Ironshore Letter denying coverage

Exhibit N – Ironshore's redacted Claims Note File

Exhibit O – Treadaway email dated 09.02.15 re blanket objections to NOD

Exhibit P – Corporate NOD of Sanford Oster of Ironshore

Exhibit Q – Corporate NOD of FARA

Exhibit R – Ironshore's Response  to NOD Requests with CVs

Exhibit S – Treadaway and Sheriden Affidavits

Exhibit T – Ironshore Amended Privilege Log

Exhibit U – Amended Production FARA3943-4083

Exhibit V – Appendix of Exhibits to Mtn to Compel and Opposition to Mtn for Protective Order

4824-0139-8313, v. 1

Certified Document Number: 67238735 - Page 1 of 1

Exhibit "V"



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 6, 2015

Certified Document Number:        67238735 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

9/29/2015 4:02:38 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 7152558
By: COOPER, LISA L
Filed: 9/29/2015 4:02:38 PM

CAUSE NO. 2015-09546

| | |
|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | IN THE DISTRICT COURT |
| Plaintiffs, | |
| v. | HARRIS COUNTY, TEXAS |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, AND MARSH USA INC. | 157th JUDICIAL DISTRICT |
| Defendants | |

## ORDER

Considering Ironshore's *Motion for Protective Order and Objections to Plaintiffs' Notice of Oral and Videotaped Deposition and Request for Documents of the Designated Corporate Representative(s) of F.A. Richard & Associates, Inc. ("FARA")*;

**IT IS HEREBY ORDERED** that Ironshore's *Motion* is **DENIED.**

_____
JUDGE RANDY WILSON

4820-9383-7609, v. 1

Certified Document Number: 67238736 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 22, 2015

Certified Document Number:        67238736

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

9/29/2015 4:02:38 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 7152558
By: COOPER, LISA L
Filed: 9/29/2015 4:02:38 PM

CAUSE NO. 2015-09546

| | |
|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | IN THE DISTRICT COURT |
| Plaintiffs, | |
| v. | HARRIS COUNTY, TEXAS |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, AND MARSH USA INC. | 157th JUDICIAL DISTRICT |
| Defendants | |

ORDER

Considering Ironshore's *Motion for Protective Order and Objections to Plaintiffs' Notice of Oral and Videotaped Deposition and Request for Documents of Sanford Oster as the Designated Corporate Representative(s) of Ironshore Specialty Insurance Company;*

**IT IS HEREBY ORDERED** that Ironshore's *Motion* is **DENIED.**

_____
JUDGE RANDY WILSON

4839-9031-8377, v. 1

Certified Document Number: 67238738 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 22, 2015

Certified Document Number:      67238738

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2015-09546

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and | § | IN THE DISTRICT COURT |
| DENBURY ONSHORE, LLC | § | |
| | § | |
| *Plaintiffs* | § | |
| VS. | § | 157th JUDICIAL DISTRICT |
| | § | |
| IRONSHORE SPECIALTY INSURANCE | § | |
| COMPANY, ALTERRA EXCESS & | § | |
| SURPLUS INSURANCE COMPANY, | § | |
| AXIS SURPLUS INSURANCE | § | HARRIS COUNTY, TEXAS |
| COMPANY, and MARSH USA INC. | § | |
| | § | |
| *Defendants* | § | |

**DEFENDANT IRONSHORE SPECIALTY INSURANCE COMPANY'S
RESPONSE TO PLAINTIFFS' MOTION FOR RULE 193.4(A) HEARING AND
MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Ironshore Specialty Insurance Company ("Ironshore") and

files this Response to Plaintiffs' Motion for Rule 193.4(a) Hearing and Motion to Compel

Complete Discovery Responses, respectfully showing this Court as follows:

**I. SUMMARY OF ARGUMENT**

This is an insurance coverage dispute arising out of a well blowout that occurred in

northeastern Louisiana. Plaintiffs Denbury Resources Inc. and Denbury Onshore, LLC

(hereinafter collectively "Plaintiffs" or "Denbury") seek a declaratory judgment that Defendants

must indemnify Denbury for costs and expenses, not recoverable under the well control policy,

and in excess of the underlying policies that Denbury incurred in responding to pollution

resulting from the blowout. In the span of less than three months, with a flurry of discovery

requests, Plaintiffs have served Ironshore with over 207 discovery requests and submitted 264

Certified Document Number: 67258521 - Page 1 of 39

corporate representative deposition topics of inquiry, of which most seek privileged, irrelevant information, in not merely an impermissible attempt to go on a fishing expedition, but rather, in an effort to dredge the lake in hopes of finding a fish. Despite Ironshore's timely responses, its production of over 3,000 pages of documents, its repeated supplementation of discovery responses and production of a privilege log, supplemental privilege log and amended privilege log, Plaintiffs continue to seek unfettered access to not only the claim file in this matter, and other unrelated matters as well, but apparently also seek to be allowed to generally peruse all evidence Ironshore may have regardless of privilege or relevancy. Plaintiffs seek irrelevant discovery beyond the policy language contained within the policies in an attempt to create ambiguity, despite a recent United States Fifth Circuit Court of Appeals decision holding the policy language at issue to be clear and unambiguous. Further, Ironshore's liability on the contract is undetermined; thus, Denbury's alleged requests to support its bad faith and claim mishandling claims are improper at this time.

Plaintiffs complain that Ironshore's production and responses are insufficient. To the contrary, after participating in a discovery conference that lasted over three (3) hours to try to resolve the issues raised by Denbury, Ironshore has produced all of its relevant, responsive, non-privileged documents as required by the Texas Rules of Civil Procedure. Consequently, Plaintiffs' Motion should be denied.

## II. BACKGROUND FACTS

Denbury is an oil and gas operator who has mineral leases in the Delhi Field in north Louisiana and in other states, including Texas. In June 2013, under its mineral leases, Denbury was performing enhanced oil recovery operations ("EOR") in the Delhi field, which is within Denbury's Holt-Bryant Unit, which involved injecting $CO_2$ through injection wells into the

2

formation under pressure and producing oil from production wells located in the field. As part of its operations, Denbury had numerous wells in the Delhi field and various surface installations to support its oil and gas operations.

On June 13, 2013, during an inspection of the Delhi field, Denbury discovered reservoir fluids on the surface of the land in the vicinity of a pipeline right of way ("ROW") that runs through the Delhi field, where Denbury was performing its EOR operations. Upon investigation, Denbury discovered a plugged and abandoned well inside the Delhi Field, the Sun 220-2 well, had blown out during its EOR operations in early June 2013 resulting in an uncontrolled release of reservoir fluids from the well. Denbury subsequently responded to the incident by drilling a well to intercept and stop the flow of fluids from the Sun 220-2 well, after which Denbury began cleaning up the surface pollution in the Delhi field.

Although discovery has just begun in this matter, the evidence will show that on April 1, 2013 when Denbury's insurance came up for renewal, Denbury elected not to purchase insurance coverage for well control or for pollution coverage for plugged and abandoned wells, or commercial pollution liability insurance. These insurance policies would have provided insurance coverage for the costs Denbury incurred to regain control of the Sun 220-2 well, to clean up pollution in the Delhi field from the well, and for any damage to the land comprising the Delhi field that resulted from the blow out. Now, as a result of Denbury's failure to obtain the proper insurance coverage to respond to this incident, Denbury seeks recovery of its clean-up and remediation expenses, and recovery for damage to the land comprising its Delhi field from its commercial general liability insurers, including Ironshore, whose policies clearly and unambiguously exclude coverage for damage to property Denbury owns, rents or occupies and

3

which unambiguously exclude coverage for cleaning up pollution on land that Denbury owns, rents or occupies.

As with any major incident, Denbury put all of its insurance carriers on notice, including layers not implicated by the event. Initially, the first excess layer, AGLIC, denied coverage for Denbury's claim under its policy. But on October 6, 2014, AGLIC tendered its $25 million policy limit to Denbury, in payment of three claims, including a $9,900,000.00 settlement Denbury entered into without Ironshore's knowledge or consent with Loutre Land and Timber Company ("Loutre") for damage to land that appears to be located within the Delhi field; an $8,755,139 settlement Denbury entered into without Ironshore's knowledge or consent with ANR Pipeline Company for alleged damage to an ANR pipeline located in the ROW that runs through Denbury's Delhi field; and for $6,344,861 in cleanup and remediation costs on property that Denbury characterized as being outside of its Delhi field/Holt-Bryant Unit, but which Denbury admits includes the ROW that runs through the Delhi field.

On September 22, 2014, shortly before AGLIC tendered its policy limits to Denbury, the United States Fifth Circuit Court of Appeals issued a decision in *Pioneer Exploration, L.L.C. v. Steadfast Co.*, 767 F.3d 503 (5th Cir. 2014), which considered the same property damage exclusion and Blended Pollution Endorsement exclusion that are contained in the excess liability policies AGLIC and Ironshore issued to Denbury. After considering the exclusions in the context of a well blow out that resulted in surface pollution, the Fifth Circuit Court of Appeals held that under Texas law remediation and containment costs within the boundaries of a mineral lease are excluded from coverage under the "owned, rented, or occupied" exclusions contained in the "Property Damage" exclusion and "Blended Pollution Endorsement" attached to the Steadfast policy. Further, those policy exclusions and their limitations on coverage were held to

4

be clear and unambiguous, limiting the policy coverage to its clear meaning—coverage for third-party damages to property or land that Denbury does not own, rent or occupy.

The dispute concerning the appropriate types of insurance Denbury **should have procured** is also contained in Denbury's lawsuit, but those issues are strictly between Denbury and its broker, Marsh. Denbury's dispute with Ironshore is a coverage dispute based solely on the interpretation of the unambiguous terms and conditions of Ironshore's policy to the facts and nothing more.

As stated in Denbury's brief, once AGLIC tendered its policy limits, Ironshore immediately asked Denbury to provide information supporting its claim, including its settlement with Loutre, its settlement with ANR, and how it allocated or identified the remediation expenses it incurred to clean up the land it leased and occupied from those expenses and/or damages outside of the land Denbury leased or occupied. Although Ironshore repeatedly requested information from Denbury about whether any timber outside of the Delhi field and/or the Holt-Bryant Unit was damaged as a result of the blow out; the value of any such damaged timber, and an accounting of the clean-up expenses Denbury incurred cleaning up any pollution outside of the Delhi field/Holt-Bryant Unit, Denbury has repeatedly refused to provide this critical information.[1] In fact, on November 11, 2014, Denbury responded to numerous requests for information from Ironshore by stating it was not "making a distinction in its claim between 'on-lease' and 'off-lease' clean-up and related pollution costs," it could not identify the amount it spent cleaning up pollution outside of the Delhi field/Holt-Bryant Unit because it did not segregate those expenses from what it spent cleaning up pollution within the field, and it was not

---

[1] *See* Exhibit M attached to Pls.' Mot. to Compel p. 1-2.

5

going to provide any further information about the Loutre settlement.[2] Finally, although Ironshore was made aware of a claim for loss of use of the ANR pipeline while the line was being repaired, in December 2014, without Ironshore's knowledge or consent and in direct violation of the voluntary payment clause contained in the Ironshore policy, Denbury entered into a $14,000,000.00 binding settlement agreement with ANR.

As a result of Denbury's repeated failure to provide information supporting its claim, on June 16, 2015, Ironshore advised Denbury that while it would continue to investigate Denbury's claim, based on the information provided by Denbury Ironshore must decline to accept, as being covered property damage, AGLIC's payment of $9,900,000.00 to Loutre as that settlement appears to be payment for damage to property that Denbury leased and occupied, which is excluded from coverage under Exclusion 8, Damage to Property, contained in the AGLIC and Ironshore policies.[3] Ironshore also advised Denbury that based on Denbury's inability to identify the amount it spent cleaning up pollution outside of the Delhi field/Holt-Bryant Unit, Ironshore must decline Denbury's demand that Ironshore accept AGLIC's payment of $6,443,636.00 in what Denbury characterized as "off unit" clean up expenses. Finally, Ironshore advised Denbury that as a result of AGLIC's payment of $16,244,861.00 in uncovered claims, the underlying AGLIC policy has not been exhausted and Ironshore's policy has not been triggered.

---

[2] *See* Plaintiffs' November 11, 2014 correspondence attached hereto as Exhibit 8. Further, it should be noted that Plaintiffs claim in their Memorandum in Support of their motion to compel that following Ironshore's October 23, 2014 request for information that "Denbury replied in earnest to each and every RFI" and filed suit thereafter on February 19, 2015 only after Ironshore refused to accept or deny coverage. *See* Pls.' Memo. In Support of Mot. to Compel p. 3. However, Denbury actually filed its first lawsuit against Ironshore and the other defendants in this matter much earlier on October 14, 2014, the same day Denbury claims it made its formal claim under Ironshore's policy. *See* Exhibit 4 attached hereto, a copy of the docket sheet, Denbury's Petition and civil process request for *Denbury Resources Inc., et al. v. Ironshore Specialty Insurance Co., et al.*, Cause No. 2014-59947, in the 157th Judicial District Court of Harris County, Texas, for the Court's ease of reference

[3] *See* Ex. M attached to Pls.' Mot. to Compel.

6

Certified Document Number: 67258521 - Page 6 of 39

There are three (3) policy limitations at the core of this insurance coverage dispute, including the **Property Damage** exclusion contained in the Ironshore policy; the **Blended Pollution Endorsement**; and the **voluntary payment clause**, which clearly, unambiguously, and respectively exclude coverage for damage to property Denbury owns, rents or occupies; coverage for remediation of pollution on land Denbury owns, rents or occupies; and which prohibit the settlement of any claims without first obtaining Ironshore's written consent. Despite the fact Ironshore has produced thousands of documents that include all of its relevant, responsive, non-privileged documents as required by the Texas Rules of Civil Procedure, Plaintiffs nonetheless seek recovery of information that is irrelevant and that will not lead to the discovery of admissible evidence, as well as information that is protected by the attorney-client and work-product privileges, which must be denied.

### III. SCOPE OF DISCOVERY

While the Texas Rules of Civil Procedure allow Denbury a broad scope of discovery, a discovery request must nonetheless be reasonably tailored to include only matters that are relevant to the case. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180-81 (Tex. 1999); *In re American Home Assurance Co.*, 88 S.W.3d 370, 373 (Tex.App.—Texarkana 2002, no pet.). A litigant may not use discovery as a weapon, or as a fishing expedition. *Id.* The court accordingly has the authority to limit discovery when the requests are unreasonably cumulative or duplicative, or obtainable from a more convenient, less burdensome or less expensive source; or when the burden or expense of the discovery outweighs its likely benefit. TEX.R.CIV.P. 192.4; *In re Chevrolet-Geo*, 997 S.W.2d at 181; *In re American*, 88 S.W.3d at 373. In general, a party may obtain discovery regarding any subject matter that is not privileged, is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking

7

discovery or the claim or defense of any other party. TEX.R.CIV.PRO. 192.3. While the scope of discovery is quite broad, it is nevertheless confined by the subject matter of the case and reasonable expectations of obtaining information that will aid resolution of the dispute. TEX.R.CIV.PRO. 192.3, cmt. 1 (citing *In re American Optical Corp.*, 988 S.W.2d 711 (Tex. 1998) (per curiam); *K-Mart v. Sanderson*, 937 S.W.2d 429 (Tex. 1996) (per curiam)).

## IV. ARGUMENT AND AUTHORITIES

Plaintiffs assert in their motion to compel that they are entitled to responses to discovery requests regarding Ironshore's underwriting, reserves, claims handling, reinsurance, claims adjustment, and other areas because "the terms and conditions of Ironshore's policy are ambiguous and/or illusory."[4] Plaintiffs, however, have never asserted that any specific policy provision, term, condition, exclusion or endorsement of Ironshore's policy is ambiguous. Instead, the only mention of ambiguity in Plaintiffs' live petition is the single sentence that claims "[e]xcess carriers and Marsh engaged in unconscionable conduct by selling insurance policies with ambiguous and/or illusory coverage."[5] There is no assertion that any specific policy language is ambiguous. To the contrary, Denbury asserts in its petition that "[t]here are no applicable policy provisions, conditions or exclusions which preclude or limit the coverage available to Denbury for these costs, or which mitigate the Excess carriers' obligations to indemnify Denbury under the Excess policies."[6]

The interpretation of a contract is governed first and foremost by the language contained within the contract. Under Texas law, a court must "ascertain the true intent of the parties as expressed in the instrument." *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520

---

[4] Pls.' Memo. In Support of Mot. to Compel at 6.
[5] Pls.' Second Supp. Am. Pet. at p. 22, ¶104.
[6] Pls.' Second Supp. Am. Pet. at p. 21, ¶93.

8

(Tex. 1995) (internal citation omitted). Extrinsic evidence is only admissible to interpret a contract if the contract language at issue is ambiguous. *Id.* Importantly, extrinsic evidence is not admissible for the purpose of creating an ambiguity. *Id.* Thus, before Denbury can colorably argue that the underwriting, reserves, claims handling, reinsurance, and claims adjustment information it seeks is reasonably calculated to lead to the discovery of admissible evidence, it must show that the Policy language at issue is ambiguous. In that regard, Denbury has failed to even allege that a specific policy terms is ambiguous. Further, the Fifth Circuit has already held the language at issue to be clear and unambiguous. *Pioneer Exploration, L.L.C.,* 767 F.3d 503. Extrinsic evidence is admissible only to resolve an ambiguity, not to manufacture one. Courts accordingly have held that discovery of such extrinsic evidence is inappropriate until there has been finding that contract language is ambiguous. For example, in *In re American Home Assurance Co.,* 88 S.W.3d at 377, the court held that a determination as to whether the disputed policy language was ambiguous must precede efforts to discover extrinsic evidence "because evidence would not be admissible that would conflict with the legal interpretation of that provision." The court further noted that "discovery undertaken with the purpose of finding an issue, rather than in support of an issue already raised by the pleadings, would constitute an impermissible 'fishing expedition.'" *Id.*

Importantly, Denbury has made no showing that the Policy is ambiguous. Instead, in one sentence, Denbury has vaguely asserted that "[e]xcess carriers and Marsh engaged in unconscionable conduct by selling insurance policies with ambiguous and/or illusory coverage."[7] Denbury's bare assertion is plainly insufficient to show the Policy is ambiguous, as case law is clear that mere dissension over the meaning of contract language does not render a contract

---

[7] Pls.' Second Supp. Am. Pet. at p. 22, ¶104.

9

ambiguous. *See Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996) (an "ambiguity does not arise simply because the parties advance conflicting interpretations of the contract"). Thus, the documents Denbury seeks are protected from discovery, and are irrelevant to this action. Accordingly, Denbury's motion to compel should be denied.

By seeking to obtain evidence or testimony related to reasons why Ironshore issued the policy or specific endorsements, Plaintiffs are attempting to use parole evidence to change the express and clear terms (and the coverages) of the policies at issue and create an ambiguity in the policies where there is none. The meaning of the policy and the intent of the parties must be determined from the policy itself, not from extrinsic evidence. *Carrabba v. Employers Cas. Co.*, 742 S.W.2d 709, 716 (Tex.App.—Houston [14th Dist.] 1987, no writ) (holding disputed facts related to the circumstances surrounding the purchase of the policy and the intent of the parties in selecting the policy were not relevant and did not preclude summary judgment). "The only relevant evidence is the actual policy." *Id.*

Ironshore will now address the specific categories of requests Denbury has identified in its motion to compel in which it seeks the Court's intervention.

## A. Denbury is Not Entitled to an Unredacted Complete Copy of the Claim File

Under Texas law, Denbury is not entitled to an unredacted and complete copy of the claim file and claim notes maintained by Ironshore's Third-Party Administrator, FARA, as it would include documentation and notes protected from disclosure by the attorney-client and work product privileges. *See* TEX.R.CIV.P. 192.5(a) and (b). Further, the Texas Rules of Civil Procedure only provide for the disclosure of the existence and contents of any applicable insurance agreement. *See* TEX.R.CIV.P. 192.3(f). In *Loftin v. Martin*, the Texas Supreme Court

10

held a request for "all notes, records, memoranda, documents and communications made that [plaintiff] contends support its allegations" was so vague, ambiguous and overbroad as to amount to "a request that [defendant] be allowed to generally peruse all evidence [plaintiff] might have." 776 S.W.2d 145, 148 (Tex. 1989). Denbury goes further here and actually requests the claim file and notes not only for the present action but also claims handling information for other unrelated claims.

Denbury requests this Court enter an order compelling Ironshore to produce a copy of "Denbury's unredacted claim file and claim notes as well as all communications by Ironshore to third-parties relative to Denbury's claim."[8] Under Texas law, however, an insurer's investigative files, such as the claim file and claim notes at issue, are not subject to discovery simply because the plaintiff alleges bad faith and breach of contract claims in the same action. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 458 (Tex. 1982). An insurer is entitled to assert a privilege in response to actions for breach of contract and bad faith, so long as the insurer's liability on the contract is undetermined. *Id.* at 457-58. Ironshore's contractual liability to Denbury has not been determined. Therefore, Ironshore is entitled to assert the attorney-client and work product privileges in response to Denbury's claims. Accordingly, Denbury is not entitled to unredacted and complete claim file or claim notes.

Regardless, upon review of the Amended Privilege Log produced by Ironshore to Denbury, it demonstrates that only irrelevant documents or privileged documents and communications remain in the file.[9] Ironshore retained counsel regarding Denbury's claim on

---

[8] Pls.' Memo. In Support of Motion to Compel at 11.
[9] *See* Ironshore's Am. Privilege Log attached hereto as Exhibit 1; *see also* Randell Treadaway's Aff. attached hereto as Exhibit 2. Also, see Ironshore's Service of Affidavits in Support of its Objections and Privileges, attached hereto as Exhibit 7, which served counsel of record with Randell Treadaway and Lee T. Sheridan's affidavits seven days prior to the hearing on Denbury's motion to compel pursuant to Texas Rules of Civil Procedure 193.4(a).

11

April 24, 2014. During the course of that representation, Ironshore's counsel developed mental impressions, prepared materials, and communicated with Ironshore regarding Denbury's claim. A review of the Amended Privilege Log reflects internal discussions regarding communication with counsel, as well as direct communications with counsel, which are protected by the work product privilege.[10] Communications and correspondence with coverage counsel and defense counsel in the instant lawsuit are protected from discovery by the attorney-client privilege.[11] Communications among Ironshore's representatives are protected by the attorney-client privilege and are not discoverable as such communications are "made for the purpose of facilitating the rendition of professional legal services to" Ironshore and are not subject to a recognized exception or otherwise waived. TEX.R.EVID. 503(b)(1)(D). There is no exception to the attorney-client privilege applicable to the communications among Ironshore personnel or with regard to communications pertaining to the instant lawsuit, nor has Ironshore waived the attorney-client privilege. The attorney-client privilege attaches to the complete communication between the attorney and the client. *In re JDN Real Estate-MckInney L.P.*, 211 S.W.3d 907, 922 (Tex.App.—Dallas 2006, pet. denied). The subject matter of the information communicated is irrelevant when determining whether the privilege applies. *Id.* The privilege attaches to legal advice *and* factual information included in the completed communications between the attorney and the client. *Id.*

Denbury seeks unfettered access to everything in the claim file and notes on this matter. Texas law has created privileges for work product and attorney-client communications which prevent Denbury's overly broad requests. However, in certain circumstances, documents that do not fall under privileges discussed above are placed in a claim file. For example, it is common

---

[10] *See* Am. Privilege Log attached as Ex. 1.
[11] *See* Randell Treadaway's Aff. attached as Ex. 2.

practice for a police report to be placed in a claim file. The act of placing a non-privileged document in a claim file does not change the document's status. Below is a list of documents that have been previously produced to Denbury in this matter in response to discovery requests, including a list of non-privileged documents that were placed in the claim file.

**07-17-15 Attachments to Ironshore's Answers and Responses to Denbury's Discovery**

1.  03-16-15 Attachment to supplement ROR—Denbury original reservation
2.  03-16-15 Ironshore supplemental ROR
3.  06-16-15 Correspondence to Nizialek re: Ironshore coverage position
4.  08-14-14 Ironshore ROR to Denbury
5.  10-06-14 Von Hoff correspondence to Denbury re: tender of payment
6.  10-23-14 Correspondence to Nizialek re: Denbury POL-RFI
7.  3927045 Lead Zurich umbrella policy 2013-2014
8.  Zurich Endorsement #14 issued 08-05-14

**07-23-15 Ironshore Supplemental Responses to Denbury 1st RFP:**

1.  Certified copy of Ironshore ExcessProtect Commercial Excess Liability Policy No. 000988602 issued to Denbury Resources, Inc. effective 04/01/13 to 04/01/14

**09-04-15 Ironshore Supplemental Responses to Denbury 1st RFP:**

1.  02-06-15 Voice message from Nizalek
2.  02-27-15 Email from Nizialek re Delhi – revised POL
3.  03-16-15 Correspondence from Nizialek re: Denbury response to revised Ironshore POL
4.  09-05-15 Correspondence to Nizialek re: Ironshore's Answers and Responses to Denbury's Int-RFP-RFA-Privilege Log Document Production
5.  3,164 pages of non-privileged claims file documents redacted, including:
    a)  All FARA correspondence to Denbury;
    b)  All correspondence FARA received from Denbury;
    c)  All proofs of loss submitted by Denbury;
    d)  Correspondence from Zurich to Denbury;
    e)  Denbury pleadings with attachments;
    f)  Denbury's discovery to Ironshore;
    g)  Ironshore's RORs and 6/16/15 coverage position issued to Denbury;
    h)  Documents produced by Denbury;
    i)  Denbury settlement agreements with ANR and Loutre Timber;
    j)  Policies issued to Denbury by Zurich, Ironshore, Alterra, AXIS and London (EED policy);
    k)  Ironshore's counsel's correspondence to Denbury's counsel;

13

l) Incident Action Plan and Cost Tracking Reports Denbury sent to FARA during incident response;

m) Maps of Incident Area Denbury sent to FARA during incident response;

n) Vendor/Invoice Lists Denbury sent to FARA during incident response;

o) Incident Organizational Chart Denbury sent to FARA;

p) LDEQ documents Denbury sent to FARA;

q) Denbury reports to state agencies pertaining to incident and incident response;

r) Photographs of incident Denbury sent to FARA;

s) All non-privileged correspondence between FARA and other carriers; and

t) All non-privileged claim notes (this is the additional 141 pages)

6. 141 pages of claims notes redacted

7. 10-23-14 Correspondence to Nizialek re: Denbury POL-RFI

8. 11-11-14 Correspondence from Nizialek re: Denbury response to Ironshore RFI

**09-04-15 Ironshore's Supplemental Responses to Denbury's 2nd RFP:**

1. Internal organizational chart of the property and casualty claims department

2. Declaration page from Policy No. KP-96708-0814 issued by Catlin Specialty Insurance Company

**09-24-15 Ironshore-FARA Response to Denbury's Deposition Document Request:**

1. Shabir Bengali ID

2. Shabir Bengali CV

3. Thomas Devine CV

4. Thomas Devine driver's license

5. Sanford Oster Resume and ID

6. Lee Sheridan ID

7. Lee Sheridan resume

**09-25-15 Ironshore Second Supplemental Responses to Denbury 1st RFP:**

1. Amended non-privileged claim notes redacted

2. Lee T. Sheridan Affidavit

3. Randell E. Treadaway Affidavit

The non-privileged documents that have not been produced are wholly irrelevant to Denbury's claims and will not lead to discoverable evidence. The remaining documents in the claim file are irrelevant invoices, correspondence between counsel and Ironshore and/or FARA, litigation materials, irrelevant reserves, defense counsel's joint defense agreement, and documents prepared in anticipation of litigation for Ironshore and Ironshore's representatives. Pursuant to

14

Certified Document Number: 67258521 - Page 14 of 39

Texas Rule of Civil Procedure, the documents are work product privilege as the documents were created in anticipation of litigation, attorney-client privilege, joint defense privilege, or irrelevant.[12]

### B. Denbury's Request for Ironshore's Entire Underwriting Files is Irrelevant and it Seeks Information Protected by the Trade Secret Privilege

Courts must "analyze disputes over insurance contracts under the well-established principles of contract construction, attempting to determine the parties' intent through the written language of the policy." *Mid-Continent Cas. Co. v. Global Enercom Mgmt., Inc.*, 323 S.W. 3d 151, 154 (Tex. 2010). If the insurance policy is not ambiguous, the court must enforce it as written. *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W. 3d 20, 23 (Tex. 2008). "Parol evidence is not admissible for the purpose of creating an ambiguity." *CBI Indus., Inc.*, 907 S.W.2d at 520.

Under the live pleadings to this case, Ironshore's underwriting files are irrelevant and non-discoverable because Denbury has not pointed out any policy terms that it contends are ambiguous. Denbury is merely seeking parole evidence to create an ambiguity. Specifically, Denbury's single argument is that the "Excess carriers and Marsh engaged in unconscionable conduct by selling insurance policies with ambiguous and/or illusory coverage."[13] Denbury has failed even to plead what terms it believes are ambiguous. Simply put, Denbury is seeking the underwriting files as an impermissible fishing expedition for an ambiguity. As evidence, take Denbury's Second Request for Production No. 51, which requests "[a]ll documents related to or

---

[12] *See* Ironshore's Am. Privilege Log attached as Ex. 1.
[13] Pls.' Second Supp. Am. Pet. p. 22, ¶104.

15

discussing how You Underwrite Energy Market insurance."[14] This request is wholly unrelated to Denbury, the policy at issue, or this litigation.

Denbury offers no justification as to the relevance of the underwriting files, other than to make a blanket statement, while citing an Illinois case, that "[u]nderwriting files have long been held to be relevant to prove the meaning of disputed policy terms and an insurer's understanding of those terms."[15] This comes after failing to specify in its petitions any terms in Ironshore's policy that Denbury contends are ambiguous and after Ironshore raised its discovery objections. Denbury's argument now is to allege that the underwriting file is relevant to prove the meaning of unspecified policy terms that are disputed. In the unlikely event this Court believes such generalizations suffice to allege ambiguity and make any portion of the underwriting file discoverable, this Court should exercise its discretion to narrowly tailor any production of the file to those portions relevant as to specific policy provisions alleged to be ambiguous and for which courts have not already held are unambiguous. *See In re American Home Assurance Co.*, 88 S.W. 3d 370.

However, notwithstanding the irrelevancy of these requests, Ironshore asserts that its underwriting of the Energy Market; underwriting for any Ironshore policy, including the one at issue; and underwriting of any Ironshore policy provision are confidential and trade secrets.[16] Texas Rule of Evidence 507 establishes a qualified privilege allowing a person to refuse to disclose and to prevent others from disclosing trade secrets, provided the exercise of the privilege will not tend to conceal fraud or otherwise work injustice. Trade secret issues are

---

[14] *See* Ironshore's Objections and Responses to Denbury's Second Request for Production No. 51 attached as Ex. K to Pls.' Mot. to Compel.

[15] *See* Pls.' Memo. In Support of Mot. to Compel at 13.

[16] *See* Lee T. Sheridan's Aff. attached hereto as Exhibit 3.

16

governed by state law. *Aroson v. Quick Point Pencil Co.*, 940 U.S. 257, 265-66 (1979). A trade secret is any formula, pattern, device or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it. *Computer Assocs. Int'l Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). When a party asserts trade secret privilege, the trial court must determine: (1) whether the information constitutes a trade secret, and (2) if so, the court must require the party seeking production to show reasonable necessity for the requested materials. *In re Union Pacific R.R. Co.*, 294 S.W.3d 589, 591 (Tex. 2009).

Ironshore's "business is underwriting and making insuring and indemnity decisions based on that information", and thus, documents related to Ironshore's underwriting of policies are trade secret.[17] The information is not public knowledge and is not known outside of Ironshore's business because "Ironshore makes every effort to safeguard and protect its underwriting files and processes from persons outside of Ironshore."[18] Ironshore considers its underwriting to be confidential and trade secret such that it would be "irreparably harmed in the marketplace by disclosing the information" because "[a]n insurance company's competitive advantage may be preserved by its trade secrets related to underwriting".[19] Denbury must show a reasonable necessity for Ironshore's underwriting files and documents in order to justify production. Which it has not done. Denbury claims in its motion to compel that Ironshore's refusal to pay Denbury's claim after AGLIC paid its $25 million policy limit justifies production of all of Ironshore's underwriting information and documentation.[20] However, as discussed in detail above, there has not been any finding of ambiguity in any Ironshore policy provision and

---

[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] Pls.' Memo. In Support of Mot. to Compel at 13-14.

Ironshore's contractual liability in this matter has not been determined. Instead, there is case law on point interpreting the relevant terms of the policies at issue in this matter. Denbury only seeks Ironshore's underwriting materials in an attempt to improperly use parol evidence to create ambiguity. Ironshore has asserted and supported is claim of trade secret privilege regarding its underwriting information and documentation, and therefore, Denbury's motion to compel in this regard should be denied.

### C. Ironshore's Reserve Information is not Discoverable or Admissible

As an initial matter, any discussion of the value of a potential legal claim likely is going to be privileged. Nevertheless, whether or not Ironshore altered its reserves is not relevant to whether Ironshore has indemnity obligations under the policy. First, such reserve information cannot be considered to construe an unambiguous policy provision. Second, to the extent a policy provision is ambiguous, reserve information does not shed any light to its interpretation. Third, reserve information is irrelevant to any bad faith claim. Rather, the relevant questions in a bad faith dispute are whether Ironshore knew it had indemnity obligations and whether Ironshore had a bona fide dispute about its liability. *See U.S. Fire Ins. Co. v. Williams*, 955 S.W. 2d 267, 268 (Tex. 1997) ("Evidence that only shows a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith.") The reserve information simply has no bearing on the outcome of whether the controlling policy had been exhausted by covered claims, whether Denbury has demonstrated a loss within Ironshore's layer of coverage, or whether exclusions apply. *See In re American Home Assurance Co.*, 88 S.W.3d at 377 (holding that a discovery order requiring documentation "regarding the setting of reserves for third-party claims against the plaintiffs is improper because the information sought is not admissible and would not lead to the discovery of admissible evidence.").

18

In *In re American Home Assurance Co.*, 88 S.W.3d 370, the court concluded discovery of reserve information was improper. Specifically, *American Home* involved a mandamus review of a discovery order compelling discovery of various information, including insurance reserves. *Id.* at 371-72. In the underlying matter, the insured brought suit against its various insurers, claiming those insurers refused to indemnify it for third-party claims made on its environmental policies. *Id.* at 374. Thereafter, the insured sued its insurers under various theories of recovery, including, among others, breach of contract, fraud, declaratory judgment and violation of the Texas Insurance Code, and the trial court compelled the insurers to produce information including insurance reserves. *Id.* Upon mandamus review, the Texarkana Court of Appeals summarily concluded:

> [R]equiring documentation... regarding the setting of reserves for third-party claims against the plaintiffs is improper because the information sought is not admissible and would not lead to the discovery of admissible evidence.

*Id.* at 377. The case instructs that discovery of such information is improper. Thus, the reserve information sought by Denbury is not discoverable under Texas law, and Denbury's motion to compel in that regard should be denied.

Further, where Texas law requires setting of reserves, such reserves are not admissions of bad faith or unfair claims handling, and thus, are not discoverable. Under Texas law, the question of whether an insurer engages in bad faith or unfair claims handling does not automatically make relevant the insurer's setting of loss or claim reserves. Indeed, in Texas, an insurer is required to maintain reserves. Tex. Ins. Code Ann. § 421.001 (Vernon 2007). The purpose of such statutes, enacted by Texas and other states, is to ensure that there is adequate money available for insurers to pay their claims, and do not constitute admissions by the insurer of any conduct, much less evaluation of liability in bad faith or unfair claims practice. *See*

19

*Heights at Issaquah Ridge Owners Ass'n v. Zurich American Ins. Co.*, No. C07-1045RSM, 2007 U.S. Dist. LEXIS 95213, at *6-7 (W.D. Wash. Dec. 13, 2007). Texas law requiring the maintenance and reporting of reserves creates obligations relevant to the financial condition and business operations of the insurer. By complying, the insurer's establishment of loss reserves is not an admission of any kind, is not a concession the insurer breached any duties owed to the insured and does not constitute evidence the company has engaged in unfair claims practices. Accordingly, the establishment of a mandatory reserve has no bearing upon an insurer's liability in an action for bad faith or unfair claims practices. Consequently, reserves information is simply irrelevant to the issues here and Denbury's motion to compel should be denied in that regard. *See In re American Home Assurance Co.*, 88 S.W.3d at 377. Texas insurers who are required to maintain loss or claim reserves as required by the Texas Department of Insurance must not be penalized for compliance with that requirement. The use of loss or claims reserves information by insureds in litigation against the insurer is improper where the setting of reserves is in no way relevant and does not constitute an admission or concession of any kind, much less an admission of bad faith or unfair claims practices.

A common misconception exists that reserves are equivalent to an admission or valuation by the insurer. In a matter of first impression determining disclosure of reserve information was improper where same was not reasonably calculated to lead to discovery of admissible evidence, the Colorado Supreme Court explained that "reserves should be not be equated with an admission or valuation by the insurer" and that reserve amounts are only partially within the insurer's control. *Silva v. Basin Western, Inc.*, 47 P.3d 1184, 1189 (Colo. 2002) (en banc). At least one legal journal instructs that a presumption exists against disclosure of reserve information. *See* Sukel & Mike F. Pipkin, *Discovery and Admissibility of Reserves*, 34 TORT &

20

INS. L. J. 191, 220 (Fall 1998). Although Denbury contends the amount of reserve set by Ironshore in this case is discoverable, Denbury has not demonstrated in any fashion that the reserve information is relevant to the claims or defenses asserted in this matter. To the contrary, the amount of reserves established by Ironshore is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence on any claim or defense in this matter. As such, Ironshore's objections to Denbury's Interrogatory No. 9; First Set of Request for Production Nos. 2 and 23; and Second Set of Request for Production Nos. 29, 30, and 31 should be sustained.

### D. Denbury's Request to Compel Reinsurance Information Should be Denied

Denbury asserts that its bad faith allegations "places additional facts at issue over and above an ordinary insurance coverage action."[21] Without citing Texas case law, it then broadly claims that "Ironshore's reinsurance information and communications are, therefore, discoverable to the extent 'the timing and content' of those documents can lead to the discovery of admissible evidence concerning Ironshore's evaluation of Denbury's claim or the validity or application of policy provisions to Denbury's claim throughout Ironshore's adjustment."[22]

However, discovery of privileged material prepared by an insurer during its investigation and evaluation of a claim is improper where the insurer's liability for the claim has not been determined. *See Blackmon*, 639 S.W.2d at 458. Ironshore asserts that its risk management through reinsurance is information that it keeps confidential and is trade secret.[23] Further, Denbury's requests are moot because Ironshore has supplemented its discovery responses to provide Denbury with a copy of the declarations page for its professional liability policy.

---

[21] *See* Pls.' Memo. In Support of Motion to Compel at 15.
[22] *Id.*
[23] *See* Lee Sheridan's Affidavit attached hereto as Exhibit 3.

Accordingly, Ironshore's objections to Denbury's Interrogatory No. 1; First Set of Request for Production Nos. 26 and 27; and Second Request for Production No. 16 should be sustained. Ironshore has supplemented its response to Second Request for Production No. 69 seeking any insurance policy that may defend or indemnify Ironshore in this litigation and produced a copy of the declarations page for professional liability insurance; therefore, this request is moot.[24]

E. **Denbury's Requests Regarding "Similar Claims" is an Overly Broad Fishing Expedition in an Attempt to Harass Ironshore Before Ironshore's Contractual Liability in This Matter is Determined**

Denbury asserts that its discovery requests Interrogatory Nos. 10 and 12; First Request for Production 4, 9, 10, 11, and 42; Second Request for Production 4-12 and 43-53; and Request for Admission 52 seek information regarding similar claims. It should be kept in mind that "...discovery is not only 'a tool for uncovering facts essential to accurate adjudication,' but also 'a weapon capable of imposing large and unjustifiable costs on one's adversary.'" *In re Alford Chevrolet – Geo*, 997 S.W.2d at 180. As set forth by the Texas Supreme Court in *Alford Chevrolet – Geo*, "...discovery may not be used as a fishing expedition or to impose unreasonable discovery expenses on the opposing party". *Id.* at 181. Plaintiffs' requests seek irrelevant and likely inadmissible information. Denbury's requests appear to be nothing more than a fishing expedition and an attempt to impose large and unjustifiable costs on Ironshore. *See In re American Optical Corp.*, 988 S.W.2d 711; *K-Mart Corp.*, 937 S.W.2d 429.

In these requests, Denbury seeks documents and information such as "[a]ll documents related to discussing how to perform Your obligations as an insurer", "[a]ll documents by and between You and any other Person related to or discussing Your failure to comply with Texas

---

[24] *See* Ex. L attached to Pls.' Motion to Compel, Ironshore's Second Supp. Objections and Responses to Denbury's Second Request for Production, with the attached, produced declarations page.

22

Insurance Code § Sec. 542.005-542.012", all complaints received by Ironshore, all documents discussing Ironshore's reporting under the Texas Insurance Code, all petitions filed against Ironshore by an Energy Market policyholder, all petitions filed by Ironshore against an Energy Market policyholder within last five years, all documents discussing how Ironshore underwrites Energy Market insurance, all documents discussing Ironshore's methods for adjusting claims, all documents related to how Ironshore selects claims adjusters, "how many times has Ironshore denied coverage for pollution cleanup costs because the policyholder owned, rented, or occupied the premises where pollution occurred", "[i]dentify each and every lawsuit in the past five (5) years in which You have been involved in which insured claimed the following with respect to the Ironshore Excess Policy…", "[a]ll manuals, directives, guidelines, procedures, training materials, checklists, policy manuals and/or company policies that describe the method You use to investigate claims…", "[a]ny and all materials, documents, statements and/or files that reflect complaints and/or lawsuits filed by Ironshore's insureds against Ironshore…", "[a] complete list of any and all cases in which Ironshore has filed and/or otherwise asserted a claim for declaratory judgment regarding its obligations to its insureds for claims under Commercial Excess Liability Policies it issued", and "[a] complete list of any and all cases initiated by Ironshore insureds against Ironshore asserting one or more violations of the Texas Insurance Code" to demonstrate a few.[25] Ironshore objected to these requests on the grounds that they were overbroad, vague, unduly burdensome, harassing, an impermissible fishing expedition, not relevant to the subject litigation nor reasonably calculated to lead to the discovery of admissible

---

[25] *See* Ironshore's Objections and Responses to Denbury's Second Set of Requests for Production, attached to Pls.' Motion to Compel as Exhibit K; *see also* Ironshore's Objections and Responses to Denbury's First Set of Interrogatories and Request for Production, attached to Pls.' Motion to Compel as Exhibit J.

23

evidence, not limited to Denbury or to any particular policy, and fails to describe the item requested with reasonable particularity.[26]

Without limitation, Denbury's discovery requests are a fishing expedition, and "fishing" for evidence is impermissible. *K Mart Corp.*, 937 S.W.2d at 431. Although the scope of discovery is broad, requests must show a reasonable expectation of obtaining information that will aid in the dispute's resolution. *In re CSX Corp.*, 124 S.W.3d at 152. Because the trial court may compel discovery only on matters that are relevant to the subject matter of the pending action, the burden to demonstrate that the requested information falls within the scope of discovery is on the party propounding the discovery. *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex.App.—Beaumont 2005, no pet.). Denbury has failed to meet its burden. It appears Denbury is using its requests simply to explore. Discovery requests relating to other policies not at issue in Denbury's petitions, other lawsuits filed by and against Ironshore, complaints received by Ironshore, and a complete list of Ironshore's declaratory judgment lawsuits are overbroad and not relevant to the subject litigation, and thus, are beyond the scope of discovery. Denbury's requests would require a file-by-file search of the potentially responsive files. Ironshore is requesting this Court to sustain its objections to these requests because on their face they are improper.

**F. Denbury is Not Entitled to Ironshore's Investigation Materials**

Only where a contract is first determined to be ambiguous may the courts consider the parties' interpretation, *see Sun Oil Co. v. Madeley*, 626 S.W.2d 726, 732 (Tex. 1981), and admit extraneous evidence to determine the true meaning of the instrument. *See R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex. 1980). As with any contract, absent

---

[26] *Id.*

24

a pleading of ambiguity, the courts will interpret the meaning and intent of an insurance policy from the four corners of the document without the aid of extrinsic evidence. *Carrabba*, 742 S.W.2d at 716 (citing *Houston Lighting & Power Co. v. Tenn-Tex Alloy & Chemical Corp.*, 400 S.W.2d 296, 300 (Tex. 1966)). Unambiguous provisions cannot be varied by parol evidence of surrounding circumstances or the parties' subjective intent. *Id.* The only relevant evidence is the actual policy. *Id.*

Denbury claims entitlement to an unredacted copy of the claim notes in this matter because it has asserted a bad faith claim against Ironshore in this lawsuit. Under Texas law, an insurer's investigative files are not subject to discovery simply because an insured alleges bad faith and breach of contract claims in the same action. *See Maryland Am. Gen Ins. Co. v. Blackmon*, 639 S.W.2d 455, 458 (Tex. 1982). There, as here, the plaintiff sued its insurer on theories of breach of contract and bad faith (including violations of the Texas Insurance Code) arising out of the insurer's denial of a third-party claim, and sought discovery of materials prepared by the insurance company in connection with its investigation and evaluation of the underlying claim. *See id.* at 456. The insurer refused to produce the materials, citing Rule 186b of the Texas Rules of Civil Procedure and the attorney-client privilege.[27] *Id.* The trial court granted the plaintiff's motion to compel and ordered the insurer to produce all documents requested by the plaintiff. *Id.* at 457. In a subsequent mandamus proceeding, the Texas Supreme Court held the trial court abused its discretion by ordering the insurer to produce the materials in question. *Id.* The court determined the materials were privileged and reasoned that "if a plaintiff attempting to prove the validity of a claim against an insurer could obtain the insurer's investigative files merely by alleging the insurer acted in bad faith, all insurance claims would

---

[27] Rule 193 of the Texas Rules of Civil Procedure embodies the subject matter of former 186b, which has been repealed. *See* TEX.R.CIV.P. 186-189, comments.

25

contain such allegations." *Id.* at 457-58. The court held an insurer is entitled to assert a privilege in response to actions for breach of contract and bad faith, so long as the insurer's liability on the contract is undetermined. *Id.* at 458. *Blackmon* is on point because Ironshore's contractual liability has not been determined. Therefore, Ironshore is entitled to assert the attorney-client and work product privileges in response to Denbury's requests for information and documents regarding the investigation of Denbury's claims. As such, Denbury is not entitled to unredacted claim notes or claim files, and Denbury's motion in this regard should be denied.

### G. Denbury is Not Entitled to Documents or Information Regarding Ironshore's Handling of Other Claims or Other Policies

Denbury seeks a litany of documents unrelated to the facts of Denbury's claim or the current litigation, and it relies on *Aztec Life Ins. Co. of Texas v. Dellana*, 667 S.W.2d 911 (Tex.App.—Austin 1984, orig. proceeding) in support of its requests for discovery of other claim files from other claims; Denbury contends these would be germane to its bad faith claim.[28] However, *Aztec* is easily distinguishable. There, the plaintiff's suit for breach of the insurance contract was tried first and the district court rendered judgment for plaintiff upon a jury verdict. *Id.* at 913. The district court specifically "reserved the balance of [plaintiff]'s [extra-contractual] claims for separate trial at such time as discovery was complete." *Id.* Accordingly, after a determination that plaintiff was entitled to insurance coverage, the court allowed discovery on plaintiff's bad faith, violation of the Texas Insurance Code, and punitive damages claims. *Id.* at 913-14. Here, there has not been a determination of Ironshore's contractual liability to Denbury. Thus, discovery of other claim files and other policies unrelated to Denbury is irrelevant and improper at this time.

---

[28] Pls.' Memo. In Support of Mot. to Compel at p. 12.

26

Certified Document Number: 67258521 - Page 26 of 39

Also, *Aztec* involved a suit by a policyholder against an insurance company for an alleged bad faith denial of an insurance claim when the insurer had a duty of good faith and fair dealing. The Third Court of Appeals ultimately allowed discovery of the defendant insurance company's files that related to claims that had been denied under the same pre-existing illness or condition under which the plaintiff's claim had been denied specifically because the plaintiff pled that Aztec's denial "evidence[d] a common scheme and design on [Aztec's] part to avoid liability." *Id.* at 913. The court's requirement of pleading the presence of a common scheme or design in a bad faith claim against an insurance company is directly stated in the court's holding: "This Court has concluded that Aztec should be ordered to produce those files… in that those files may well contain information relevant to [the plaintiff's] claim that Aztec was engaged in a course of dealing that was unfair or deceptive in the business of insurance." *Id.* at 915. "[E]vidence… that Aztec had consistently denied claims upon the basis of the exclusion without reasonable investigation… is generally admissible when the other acts are so closely connected with the act charged so as to disclose a plan or scheme." *Id.* In contrast, Denbury has not pled that Ironshore was involved in a bad faith common scheme or design that has caused Denbury injury. Instead, Denbury alleges that Ironshore failed to reasonably investigate Denbury's claims for coverage.[29]

**H. Ironshore has Produced all Relevant, Non-Privileged Documents Concerning Denbury's Policies**

In this category of discovery requests identified by Denbury, "Denbury's Policies", Denbury seeks to obtain documents from Ironshore under such requests as:

> *Second Request for Production No. 1: All Documents related to or discussing the Policies.*

---

[29] Pls.' Second Supp. Am. Pet. at p. 23.

27

*Second Request for Production No. 2: All Documents related to or discussing the Ironshore Policy.*

*Second Request for Production No. 3: All Documents related to or discussing the Blended Pollution Endorsement.*

*Second Request for Production No. 4: All Documents related to or discussing the case Aspen Ins. UK, Ltd. v. Dune Energy, Inc., 400 Fed.Appx. 960 (5th Cir. 2010).*

*Second Request for Production No. 5: All Documents related to or discussing the case Pioneer Exploration, LLC v. Steadfast Ins. Co., 2013 WL 3557541 (W.D.La. 2013).*

*Second Request for Production No. 7: All Documents related to or discussing pollution clean-up Underwriting for the Energy Market. This request is limited to the last five years.*

*Second Request for Production No. 13: All Documents related to or discussing the Underwriting of any Umbrella Policy provision You contend excludes coverage for Denbury's Claim.*

*Second Request for Production No. 22: Any invoice You sent to Denbury.*

*Second Request for Production No. 23: All Documents related to or discussing any invoice You sent to Denbury.*

*Second Request for Production No. 32: All documents related to or discussing Your compensation by Denbury.*

*Second Request for Production No. 37: All Documents related to or discussing Your interactions with Marsh related to or discussing Denbury.*

*Second Request for Production No. 41: All documents related to or discussing Your interactions with Axis related to or discussing Denbury.*

*Second Request for Production No. 59: All documents exchanged between You and any other Person related to or discussing Denbury.*

*Second Request for Production No. 62: All Documents exchanged by and between You and any other Person related to or discussing the Policies.*

Ironshore objected to most of these requests as being overbroad, vague, unlimited in time or scope, failing to describe the item with reasonable particularity, seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence, and an impermissible fishing

28

expedition. When a request is overly broad as a matter of law, the presentation of evidence is unnecessary to decide the matter. *In re Am. Optical*, 988 S.W.2d at 712. Requests must show a reasonable expectation of obtaining information that will aid in the dispute's resolution. *In re CSX Corp.*, 124 S.W.3d at 152. Thus, discovery requests must be "reasonably tailored" to include only relevant matters. *Id.* As is self-evident, the requests are overly broad on their face; they are not narrowly tailored to include only relevant matters. Because discovery is limited to matters that are relevant to the case, requests for information that are not reasonably tailored as to time, place, or subject matter amount to impermissible "fishing expeditions." *See In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995).

Further, as identified in the list of documents already produced above and as reflected in Ironshore's amended privilege log, Ironshore has produced all relevant, non-privileged documents responsive to Denbury's requests. Accordingly, Denbury's motion to compel in this regard should be denied.

## I. Ironshore's Claims Handling Procedures are Irrelevant to this Litigation and Protected by Trade Secret Privilege

In Interrogatory Numbers 13 and 21; First Request for Production 4, 13, 14, 15, 19, 41, 42 and 46; Second Request for Production 25-30, 43, 52, and 53; and Request for Admission 51 Denbury seeks to obtain from Ironshore various documents and materials concerning the training of claim representatives and adjusters to handle claims and policy and procedure manuals for guidelines provided to claim representatives in insurance claims. Denbury has not satisfied its burden to show Ironshore's claim policies and procedures are relevant and reasonably necessary such that the Court should order production despite the trade secret status of the information

29

Certified Document Number: 67258521 - Page 29 of 39

sought.[30]  Moreover, Ironshore does not have guidelines which pertain ONLY to Denbury's policy.  Ironshore does have claim policies and guidelines which relate to all its policies, which further reinforces Ironshore's argument they should be protected.

Texas Rule of Evidence 507 establishes a qualified privilege allowing a person to refuse to disclose and to prevent others from disclosing trade secrets, provided the exercise of the privilege will not tend to conceal fraud or otherwise work injustice.  Trade secret issues are governed by state law. *Aroson*, 940 U.S. at 265-66.  A trade secret is any formula, pattern, device or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it. *Computer Assocs. Int'l Inc.*, 918 S.W.2d at 455.  When a party asserts trade secret privilege, the trial court must determine: (1) whether the information constitutes a trade secret, and (2) if so, the court must require the party seeking production to show reasonable necessity for the requested materials. *In re Union Pacific R.R. Co.*, 294 S.W.3d at 591.

Ironshore's claim policies and procedures are trade secret.  The information is not public knowledge and is not known outside of Ironshore's business.[31]  Ironshore considers the claim policies and procedures to be confidential and proprietary.[32]  Courts routinely protect similar information. *See e.g., Cohen v. Metropolitan Life Ins. Co.*, No. 00CV6112, 2003 WL 1563349 (S.D.N.Y. Mar. 26, 2003) (finding the "Best Practices Manual" and "Claims Management Guidelines" of the defendant insurance company were protected); *Republic Services, Inc. v.*

---

[30] *See* Lee Sheridan's Aff. attached hereto as Ex. 3, stating that Ironshore's claim policies and procedures "have been developed to provide Ironshore's clients with claims handling services" and "[i]f those materials were disclosed in writing or by word of mouth to Ironshore's competitors, Ironshore's competitive advantage over other insurance companies, adjusting firms, and other third party administrators would be jeopardized."

[31] *See* Lee Sheridan's Aff. attached hereto as Ex. 3.
[32] *Id.*

30

*Liberty Mut. Ins. Companies*, No. 03CV494, 2006 WL 1635655 (E.D. Ky. June 9, 2006) (protecting claims handling and training manuals); *Adams v. Allstate Ins. Co.*, 189 F.R.D. 331 (E.D. Pa. 1999) (company's claims manuals and training materials were to be kept confidential). Denbury must show a reasonable necessity for the claim policies and procedures in order to justify production. Denbury claims in its motion to compel that they *may* show how Ironshore applied the ambiguous policy provisions at issue and *may* provide guidance on how adjusters should read the policy.[33] However, as discussed in detail above, Denbury has not identified a singly policy provision that it contends is ambiguous, nor has there been any finding of ambiguity. Instead, Denbury has presented merely pretextual reasons for compelling production of Ironshore's claims policies and procedures.

The Texas Supreme Court has repeatedly stated discovery requests must be reasonably tailored to include only matters relevant to the case. *In re American Optical Corp.*, 988 S.W.2d at 713; *see also Olinger v. Curry*, 926 S.W.2d 832, 835 (Tex.App.—Fort Worth, orig. proceeding) (reiterating that discovery is limited to relevant matters). Denbury asserts that "Ironshore's claim manuals may provide guidance on how adjuster should read the Policy" and these "resources may similarly contain information resolving the Policy provisions Denbury alleges to be ambiguous such as Ironshore's course of dealing related to the adjustment of claims under similar policy forms or for similarly situated energy policyholders."[34] However, again, Ironshore's contractual liability has not been determined and Denbury has not asserted a single provision to be ambiguous. Because Ironshore's claim policies and procedures are not relevant to the adjudication of the coverage issues in this lawsuit, and they are privileged, Ironshore should not be compelled to produce its claim policies and procedures.

---

[33] Pls.' Memo. In Support Mot. to Compel at 16-17.
[34] Pls.' Memo. In Support of Motion to Compel at 17.

31

## J. Denbury's Other Requests

Denbury's First Request for Production 6 and Second Request for Production 56 are moot because Ironshore has supplemented its responses and provided Denbury with an organizational chart of its property and casualty claims section.[35] Also, Interrogatory No. 2 is moot because Ironshore has supplemented its answer to provide the requested information.[36] Denbury's requests for Ironshore's advertisement and marketing materials for its Commercial Excess policies and policies for the Energy Market are wholly irrelevant to the subject litigation, overbroad, harassing, an impermissible fishing expedition, and not reasonably calculated to lead to the discovery of admissible evidence.[37] Denbury's Second Request for Production 36 seeks "All documents related to or discussing Denbury's termination of Marsh." Despite being irrelevant, overly broad, failing to describe with reasonably particularity the item requested, and not reasonably calculated to lead to the discovery of admissible evidence, Ironshore has indicated that it has produced any relevant documents.[38]

## K. Ironshore's Discovery Objections are Valid and Are Not Obscured by Unfounded Objections

Denbury complains that Ironshore's objections to various discovery requests should be overruled because its responses "are obscured by Ironshore's unfettered reliance on unfounded objections."[39] On the contrary, the objections were specific and well-founded in each case. Each objection is fully supported by the applicable Rules of Civil Procedure and previous case law

---

[35] *See* Ironshore's supplemental discovery responses attached as Ex. L to Pls.'s Mot. to Compel, which includes the attached organizational chart.

[36] *See* Ironshore's Second Supp. Objections and Answers to Denbury's First Set of Interrogatories attached as Ex. L to Pls.' Mot. to Compel at 7-9.

[37] *See* Ironshore's Objections to First Request for Prod. 12, First Interrogatory 4, and Second Request for Production 65, attached as Exhibit K to Pls.' Mot. to Compel.

[38] *See* Ironshore's Response to Denbury's Second Request for Production No. 36 attached as Ex. K to Pls.' Mot. to Compel.

[39] Pls.' Memo. In Support of Mot. to Compel at 18.

32

Certified Document Number: 67258521 - Page 32 of 39

relating to discovery objections. The following is a list of some of the objections at issue and support therefor:

(a) Not within scope of discovery – TEX.R.CIV.P. 192.3;

(b) Unduly burdensome, frivolous, oppressive and constitutes unnecessary harassment – TEX.R.CIV.P. 192.4;

(c) Materials/information equally available/obtainable from some other source – TEX.R.CIV.P. 192.4, *Crown Central Petroleum Corp. v. Garcia*, 904 S.W.2d 125 (Tex. 1995);

(d) Information is privileged and non-discoverable work product – TEX.R.CIV.P. 192.5;

(e) The discovery request constitutes nothing more than a "fishing expedition" – *Loftin v. Martin*, 776 S.W.2d 145 (Tex. 1989);

(f) Said discovery request is overly broad – *In re American Optical Corp.*, 988 S.W.2d 711 (Tex. 1998), *see* TEX.R.CIV.P. 192, cmt. 1;

(g) Request is vague, ambiguous and overbroad and fails to describe the item of which discovery is requested with reasonable particularity – TEX.R.CIV.P. 196;

(h) Trade secret privilege – TEX.R.EVID. 507, *In re Continental General Tire, Inc.*, 979 S.W.2d 609 (Tex. 1998).

(i) Attorney-client privilege – TEX.R.EVID. 503, *In re XL Specialty Ins.*, 373 S.W.3d 46 (Tex. 2012); and

(j) Joint-defense privilege – TEX.R.EVID. 503(b).

Ironshore has properly complied with the applicable Rules of Civil Procedure and propounded proper and well-founded objections to the discovery requests. Thus, said objections should be considered by this Court.

**L. Ironshore has Properly Asserted the Joint Defense Privilege ("Allied Litigant Privilege") to the Joint Defense Agreement Between Defendants' Counsel**

Denbury complains that Ironshore's privilege log and supplemental privilege log are insufficient to establish that communications were made "between a client, or the client's lawyer,

33

to another party's lawyer, not the other party itself, and (2) the communication was made 'in the context of a *pending* action.'"[40] These complaints are now moot as on September 25, 2015, Ironshore served Denbury with its Amended Privilege Log identifying privileged correspondence, including recipients and dates.[41] The privilege log identifies correspondence between defense counsel and their client, Ironshore, regarding the joint defense agreement between counsel for the other excess carriers. Texas courts "have generally applied Rule 503(b)(1)(C) to joint defense situations where multiple defendants, represented by separate counsel, work together in a common defense." *In re XL Specialty Ins.*, 373 S.W.3d at 51; *see also In re Dalco*, 186 S.W.3d 660, 666 (Tex.App.—Beaumont 2006, no pet.) ("When applicable, the joint defense privilege cloaks communications with confidentiality where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel.").

Following AGLIC's reversal of its decision to deny coverage to Denbury, and while the various lawsuits against Denbury were pending, counsel for the excess carriers entered into a Joint Defense Agreement. This agreement and the correspondence related thereto are protected by the attorney-client and work product privileges. The allied-litigant privilege is an exception to the rule that disclosure of privileged information to third parties waives the privilege.[42] *In re XL Specialty Ins.*, 373 S.W.3d at 50.

This Court should not limit the pending action requirement to this adversary proceeding. Otherwise counsel for allied counsel would be placed in the position of having to file a lawsuit

---

[40] Pls.' Memo. In Support of Mot. to Compel at 25.
[41] *See* Ironshore's Am. Privilege Log attached hereto as Exhibit 1.
[42] In *In re XL Specialty*, 373 S.W.3d at 50, 52, the Texas Supreme Court stated that although the privilege defined in TEX.R.EVID. 503(b)(1)(C) has been called many things by the courts – the "joint-client" privilege, the "joint-defense" privilege, and the "common-interest" privilege – it is most accurately described as the "allied-litigant" privilege."

34

against Denbury first without having the privilege protection of communications with allied counsel as to the underlying facts and potential strengths and weaknesses of any actions. Indeed, actions relative to this lawsuit were pending. On October 14, 2014, Denbury filed its first lawsuit against Ironshore and the other Excess Carriers in this matter in *Denbury Resources Inc., et al. v. Ironshore Specialty Insurance Co., et al.*, Cause No. 2014-59947, 157th Judicial District Court of Harris County, Texas.[43]

## M. Denbury's Request for Sanctions is Unjustified and Improper

In its memorandum in support of its motion to compel, Denbury requests sanctions against Ironshore.[44] However, pursuant to Judge Randy Wilson's court procedures, "[s]anctions should not be requested unless the opponent has violated a previous order." No such order pertaining the relevant discovery issues in this matter has been entered. Accordingly, a request for sanctions is not appropriate. Further, as detailed above, Ironshore is substantially justified in raising its tailored objections and privileges to Denbury's overbroad, irrelevant discovery requests that are not narrowly tailored to seek the discovery of non-privileged documents.

## N. Ironshore's Objections to Certain Corporate Representative Deposition Topics Listed in Denbury's Deposition Notices for Ironshore and FARA Should be Sustained

Ironshore incorporates fully herein its objections stated in its Motion for Protective Order to Plaintiffs' Deposition of Sanford Oster as the Designated Corporate Representative of Ironshore and in its Motion for Protective Order to Plaintiffs' Deposition of the Designated Corporate Representative of FARA, attached hereto as Exhibits 5 and 6, respectively. For the

---

[43] A copy of the docket sheet, Denbury's Petition and civil process request for *Denbury Resources Inc., et al. v. Ironshore Specialty Insurance Co., et al.*, Cause No. 2014-59947, in the 157th Judicial District Court of Harris County, Texas is attached hereto as Exhibit 4, for the Court's ease of reference.
[44] Pls.' Memo. In Support of Mot. Compel at 8.

reasons stated in Ironshore's motions for protective order, Ironshore's objections should be sustained.

**O. Denbury's Interrogatory Nos. 10 – 21 Exceed the Number of Interrogatories, Including Subparts, Allowed by the Texas Rules of Civil Procedure**

Denbury's Interrogatory Nos. 10 – 21 violate Rule 190 and 197 of the Texas Rules of Civil Procedure in that the number of interrogatories, including subparts, exceeds twenty-five (25), and this objection was asserted in response to these Interrogatories.[45] Rule 190.3 allows for twenty-five (25) interrogatories and then specifies "[e]ach discreet subpart of an interrogatory is considered a separate interrogatory." TEX.R.CIV.P. 190.3(b)(3). Including the subparts of Denbury's Interrogatories, Denbury has served more than twenty-five Interrogatories. Accordingly, Ironshore's objections to these Interrogatories should be sustained.

WHEREFORE, PREMISES CONSIDERED, Defendant Ironshore Specialty Insurance Company requests that the Court sustain its objections, deny Plaintiffs' motion to compel, and provide such other and further relief to which Ironshore Specialty Insurance Company may be entitled.

*[SIGNATURE BLOCK ON FOLLOWING PAGE]*

---

[45] *See* Ironshore's Objections and Answers to Denbury's First Set of Interrogatories attached as Ex. J to Pls.' Mot. to Compel.

Respectfully submitted,

**BROWN SIMS, P.C.**


By: /s/ *James D. Johnson*

Mark C. Clemer
Texas Bar No. 04372300
James D. "J.D." Johnson
Texas Bar No. 24085918
Michelle Richard
Texas Bar No. 24093037
Tenth Floor
1177 West Loop South
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
mclemer@brownsims.com
jjohnson@brownsims.com
mrichard@brownsims.com

and

Randell E. Treadaway (admitted *pro hac vice*)
LA Bar No. 01624
Brad D. Ferrand (admitted *pro hac vice*)
LA Bar No. 29860
ZAUNBRECHER TREADAWAY, L.L.C.
406 N. Florida Street, Suite 2
Covington, Louisiana 70433-2907
Telephone: (985) 871-8787
Telefax: (985) 871-8788
randy@ztlalaw.com
brad@ztlalaw.com
**COUNSEL FOR DEFENDANT IRONSHORE
SPECIALTY INSURANCE COMPANY**

37

Certified Document Number: 67258521 - Page 37 of 39

Certified Document Number: 67258521 - Page 38 of 39

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing pleading has been sent to all counsel of record via U.S. mail and/or e-mail on this the 30th day of September 2015:

Phillip D. Nizialek, T.A.
Sarah E. Stogner
Jacqueline M. Brettner
CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras St., Ste. 3100
New Orleans, LA 70163
Phone: (504) 585-3800
Fax: (504) 585-3801
nizialek@carverdarden.com
stogner@carverdarden.com
brettner@carverdarden.com
*Counsel for Plaintiffs*

Michael S. Knippen
David Rock
James M. Eastham
Kimberly Hansen Petrina
TRAUB, LIEBERMAN, STRAUS & SHREWSBERRY, LLP
303 W. Madison, Suite 1200
Chicago, Illinois 60606
Phone: (312) 332-3900
Fax: (312) 332-3908
mknippen@traublieberman.com
drock@traublieberman.com
jeastham@traublieberman.com
kpetrina@traublieberman.com
*Counsel for Defendant Axis Surplus Insurance Company*

C. Henry Kollenberg
Melinda M. Riseden
CRAIN, CATON & JAMES, P.C.
1401 McKinney Street
17th Floor, Five Houston Center
Houston, Texas 77010
Phone: (713) 658-2323
Fax: (713) 658-1921
hkollenberg@craincaton.com
mriseden@craincaton.com
*Counsel for Defendant Marsh USA, Inc.*

38

Marc J. Wojciechowski
WOJCIECHOWSKI & ASSOCIATES, P.C.
1747 Kuykendahl Road, Suite 200
Spring, Texas 77379
Phone: (281) 999-7774
Fax: (281) 999-1953
marc@wojolaw.com
      and
Michael D. Mulvaney
Christopher C. Frost
Josh B. Baker
MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
Fax: (205) 254-1999
mmulvaney@maynardcooper.com
cfrost@maynardcooper.com
jbaker@maynardcooper.com
*Counsel for Defendant Alterra Excess & Surplus Insurance Company*

/s/ *James D. Johnson*
James D. "J.D." Johnson

Certified Document Number: 67258521 - Page 39 of 39



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 22, 2015

Certified Document Number:      67258521

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and<br>DENBURY ONSHORE, LLC | § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| VS. | § § | 157th JUDICIAL DISTRICT |
| IRONSHORE SPECIALTY INSURANCE<br>COMPANY, ALTERRA EXCESS &<br>SURPLUS INSURANCE COMPANY,<br>AXIS SURPLUS INSURANCE<br>COMPANY, and MARSH USA INC. | § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants* | § § | |

### IRONSHORE SPECIALTY INSURANCE COMPANY'S
### AMENDED PRIVILEGE LOG

COMES NOW, Defendant Ironshore Specialty Insurance Company (hereinafter "Ironshore" or "Defendant"), pursuant to Rule 193.3 of the Texas Rules of Civil Procedure, and submits the following Amended Privilege Log describing information and/or material withheld from production; the date and a description of the material; and the privilege or privileges asserted:

| Item | FARA BATES | DATE | Description of Document | Privilege |
|---|---|---|---|---|
| 1 | 0001 | 08/04/15 | FARA Invoice to Ironshore | Irrelevant<br>Atty. Client |
| 2 | 0002 - 0018 | 06/30/15 | Correspondence from Defense Counsel to FARA<br>Re: Invoices | Work Product<br>Atty. Client<br>Irrelevant |
| 3 | 0019 | 07/06/15,<br>07/14/15 | Correspondence between FARA & Ironshore<br>Re: Invoices | Work Product<br>Atty. Client<br>Irrelevant |
| 4 | 0020 - 0024 | 06/24/15,<br>07/06/15,<br>07/14/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: FARA file; Defense Counsel Memorandum | Work Product<br>Atty. Client |
| 5 | 0047 - 0048 | 06/24/15 | Defense Counsel Litigation Budget to FARA & Ironshore | Work Product<br>Atty. Client<br>Irrelevant |



Certified Document Number: 67258525 - Page 2 of 12

| | | | | |
|---|---|---|---|---|
| 6 | 0049 - 0050 | 06/24/15, 07/14/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Litigation Budget | Work Product Atty. Client Irrelevant |
| 7 | 0051 - 0069 | 06/24/15 | Legal Memorandum to FARA and Ironshore | Work Product Atty. Client |
| 8 | 0076 - 0184 | Undated | Legal Memorandum prepared by Defense Counsel | Work Product |
| 9 | 0241 - 0242 | 06/24/15, 07/14/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: File Materials; Legal Memorandum | Work Product Atty. Client |
| 10 | 0243 - 0249 | 06/16/15, 07/14/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 11 | 0255 - 0259 | 06/16/15 | Legal Memorandum prepared by Defense Counsel | Work Product |
| 12 | 0260 - 0262 | 06/16/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 13 | 0267 - 0285 | 06/24/15 | Legal Memorandum prepared by Defense Counsel | Work Product Atty. Client |
| 14 | 0308 - 0309 | 06/24/15 | Defense Counsel Litigation Budget | Work Product Atty. Client Irrelevant |
| 15 | 0310 | 06/24/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Exhibits attached to Legal Memorandum | Work Product Atty. Client |
| 16 | 0311 –0329 | 06/24/15 | Legal Memorandum prepared by Defense Counsel | Work Product Atty. Client |
| 17 | 0336 –0444 | Undated | Legal Memorandum prepared by Defense Counsel | Work Product |
| 18 | 0501 - 0505 | 06/16/15, 06/24/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 19 | 0511 - 0515 | 06/16/15 | Legal Memorandum prepared by Defense Counsel | Work Product |
| 20 | 0516 | 06/09/15 | FARA Invoice to Ironshore | Irrelevant Atty. Client |
| 21 | 0517 - 0520 | 05/04/15- 05/06/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Litigation update | Work Product Atty. Client |
| 22 | 0521 - 0523 | 05/08/15 | Legal Memorandum draft prepared by Defense Counsel | Work Product |
| 23 | 0601 - 0621 | 05/11/15 | Defense Counsel Invoice to FARA | Work Product Atty. Client Irrelevant |
| 24 | 0622 - 0623 | 05/27/15 | FARA Invoice to Ironshore | Irrelevant Atty. Client |

| | | | | |
|---|---|---|---|---|
| 25 | 0624 - 0660 | 03/09/15, 04/06/15 | Defense Counsel Invoices to FARA | Work Product Atty. Client Irrelevant |
| 26 | 0661 | 05/27/15 | FARA Invoice to Ironshore | Irrelevant Atty. Client |
| 27 | 0662 | 05/22/15 | Proposed Reserves | Irrelevant |
| 28 | 0663 - 0665 | 04/02/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Draft Pleadings | Work Product Atty. Client |
| 29 | 0683 - 0684 | 03/27/15 | Correspondence from Board of Law Examiners, TX Re: Non-resident acknowledgement letter | Irrelevant |
| 30 | 0685 - 0686 | 04/01/15 | Correspondence between Defense Counsel Re: Case Strategy; Draft Pleadings | Work Product |
| 31 | 0694 - 0696 | 04/01/15 | Correspondence between Defense Counsel and Ironshore Re: Case Strategy; Draft Pleadings | Work Product Atty. Client |
| 32 | 0704 - 0706 | 04/01/15 | Correspondence between Defense Counsel and Ironshore Re: Case Strategy; Draft Pleadings | Work Product Atty. Client |
| 33 | 0707 - 0714 | Undated | Draft Pleadings prepared by Defense Counsel | Work Product |
| 34 | 0741 - 0742 | 04/02/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Draft Pleadings | Work Product Atty. Client |
| 35 | 0751 - 0752 | 04/06/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Draft Pleadings; Defense Investigation | Work Product Atty. Client |
| 36 | 0753 - 0755 | 04/06/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Draft Pleadings | Work Product Atty. Client |
| 37 | 0756 - 0768 | Undated | Draft Pleadings prepared by Defense Counsel | Work Product |
| 38 | 0769 - 0771 | 05/04/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 39 | 0773 - 0775 | 03/16/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 40 | 0844 - 0847 | 10/21/14, 10/22/14 | Corresp. between Defense Counsel, FARA & Ironshore Re: Claim Investigation | Work Product Atty. Client |
| 41 | 0866 - 0867 | 03/19/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: File Handling; Pleadings | Work Product Atty. Client |
| 42 | 0958 | 03/09/15, 03/16/15 | Correspondence between Defense Counsel and FARA Re: Invoice | Work Product Atty. Client Irrelevant |
| 43 | 0959 - 0972 | 03/09/15 | Defense Counsel Invoice to FARA | Work Product Atty. Client |

3

Certified Document Number: 67258525 - Page 4 of 12

Irrelevant

| 44 | 0973 - 0974 | 03/10/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Draft Pleadings | Work Product Atty. Client |
| 45 | 0975 - 0980 | Undated | Draft Pleadings prepared by Defense Counsel | Work Product |
| 46 | 0985 - 0986 | 03/10/15 | FARA Invoice to Ironshore | Irrelevant Atty. Client |
| 47 | 0987 - 0989 | 02/27/15, 03/03/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Case Pleadings | Work Product Atty. Client |
| 48 | 1058 - 1061 | 10/21/14, 10/22/14 | Corresp. between Defense Counsel, FARA & Ironshore Re: Claim Investigation | Work Product Atty. Client |
| 49 | 1062 - 1064 | 02/27/15, 02/28/15 | Corresp. between Defense Counsel, FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 50 | 1069 - 1070 | 03/06/15 | Corresp. between Ironshore and FARA Re: Claim investigation | Work Product |
| 51 | 1071 | 03/05/15 | Ironshore Claim Summary | Work Product Atty. Client |
| 52 | 1099 | 02/27/15 | Proposed Reserves | Irrelevant |
| 53 | 1100 - 1106 | 02/20/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 54 | 1125 - 1126 | 02/11/15 | FARA Invoice to Ironshore | Irrelevant Atty. Client |
| 55 | 1127 | 02/11/15 | Correspondence from Defense Counsel to FARA Re: Defense Counsel Invoice | Work Product Atty. Client Irrelevant |
| 56 | 1128 - 1139 | 02/09/15 | Defense Counsel Invoice to FARA | Work Product Atty. Client Irrelevant |
| 57 | 1140 | 01/12/15 | Correspondence from Defense Counsel to FARA Re: Invoice | Work Product Atty. Client Irrelevant |
| 58 | 1141 - 1145 | 01/12/15 | Defense Counsel Invoice to FARA | Work Product Atty. Client Irrelevant |
| 59 | 1146 | 01/29/15 | Proposed Reserves | Irrelevant |
| 60 | 1147 - 1148 | 11/20/14 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 61 | 1161 | 01/06/15 | FARA Invoice to Ironshore | Irrelevant |

4

Certified Document Number: 67258525 - Page 5 of 12

| 62 | 1162 | 12/09/14 | Correspondence from Defense Counsel to FARA Re: Invoice | Work Product Atty. Client Irrelevant |
|----|------|----------|--------|--------|
| 63 | 1163 - 1168 | 12/09/14 | Defense Counsel Invoice to FARA | Work Product Atty. Client Irrelevant |
| 64 | 1169 | 12/02/14 | FARA Invoice to Ironshore | Irrelevant Atty. Client |
| 65 | 1170 | 11/17/14 | Correspondence from Defense Counsel to FARA Re: Invoice | Work Product Atty. Client Irrelevant |
| 66 | 1171 - 1188 | 12/09/14 | Defense Counsel Invoice to FARA | Work Product Atty. Client Irrelevant |
| 67 | 1189 - 1191 | 11/17/14 | FARA Invoice to Ironshore | Irrelevant Atty. Client |
| 68 | 1192 - 1193 | 10/29/15 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 69 | 1208 - 1264 | 10/06/14 | Claim Presentation by Defense Counsel to Ironshore | Work Product Atty. Client |
| 70 | 1279 | 10/23/14 | Corresp. from Defense Counsel to FARA & Ironshore Re: Information Request | Work Product Atty. Client |
| 71 | 1295 - 1296 | 10/23/14 | Corresp. from Defense Counsel to FARA & Ironshore Re: Draft Legal Memorandum | Work Product Atty. Client |
| 72 | 1302 - 1303 | 10/23/14 | Draft Legal Memorandum by Defense Counsel | Work Product |
| 73 | 1304 - 1305 | 10/14/14 | Corresp. from Defense Counsel to FARA & Ironshore Re: Legal Memorandum | Work Product Atty. Client |
| 74 | 1314 | 10/14/14 | Corresp. from Defense Counsel to FARA Re: Invoice | Work Product Atty. Client Irrelevant |
| 75 | 1315 - 1322 | 10/14/14 | Defense Counsel Invoice to FARA | Work Product Atty. Client Irrelevant |
| 76 | 1323 | 09/11/14 | Corresp. from Defense Counsel to FARA Re: Invoice | Work Product Atty. Client Irrelevant |
| 77 | 1324 - 1337 | 09/10/14 | Defense Counsel Invoice to FARA | Work Product Atty. Client |

5

Certified Document Number: 67258525 - Page 6 of 12

| | | | | |
|---|---|---|---|---|
| | | | | Irrelevant |
| 78 | 1338 | 10/16/14 | Reserves | Irrelevant |
| 79 | 1339 - 1340 | 10/09/14 | FARA Invoice to Ironshore | Irrelevant<br>Atty. Client |
| 80 | 1347 - 1374 | 09/22/14 | Corresp. from Defense Counsel to FARA & Ironshore<br>Re: Legal Memorandum | Work Product<br>Atty. Client |
| 81 | 1375 - 1377 | 08/14/14 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Joint Defense Agreement; Legal Memorandum | Work Product<br>Atty. Client<br>Joint Defense |
| 82 | 1378 - 1386 | 08/14/14 | Draft of Legal Memorandum by Defense Counsel | Work Product |
| 83 | 1387 - 1397 | 08/14/14 | Joint Defense Agreement | Work Product<br>Atty. Client<br>Joint Defense<br>Irrelevant |
| 84 | 1398 - 1399 | 09/08/14 | FARA Invoice to Ironshore | Irrelevant<br>Atty. Client |
| 85 | 1401 | 08/12/14 | Corresp. from Defense Counsel to FARA & Ironshore<br>Re: Draft Legal Memorandum | Work Product<br>Atty. Client |
| 86 | 1402 - 1409 | Undated | Draft Legal Memorandum by Defense Counsel | Work Product |
| 87 | 1410 - 1412 | 08/13/14,<br>08/12/14 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Joint Defense Agreement | Work Product<br>Atty. Client<br>Joint Defense<br>Irrelevant |
| 88 | 1413 - 1420 | 08/11/14 | Joint Defense Agreement | Work Product<br>Atty. Client<br>Joint Defense<br>Irrelevant |
| 89 | 1421 | 08/12/14 | Corresp. from Defense Counsel to FARA & Ironshore<br>Re: Joint Defense Agreement | Work Product<br>Atty. Client<br>Joint Defense<br>Irrelevant |
| 90 | 1422 - 1429 | 08/11/14 | Joint Defense Agreement | Work Product<br>Atty. Client<br>Joint Defense<br>Irrelevant |
| 91 | 1430 - 1431 | 08/11/14, | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Legal Memorandum; and request for information | Work Product<br>Atty. Client |
| 92 | 1459 | 08/12/14 | Correspondence from Defense Counsel to FARA<br>Re: Invoice | Work Product<br>Atty. Client<br>Irrelevant |

| | | | | |
|---|---|---|---|---|
| 93 | 1460 - 1466 | 08/12/14 | Defense Counsel Invoice to FARA | Work Product<br>Atty. Client<br>Irrelevant |
| 94 | 1467 | 08/12/14 | Reserves | Irrelevant |
| 95 | 1468 | 08/07/14 | FARA Invoice to Ironshore | Irrelevant<br>Atty. Client |
| 96 | 1469 - 1471 | 07/09/14 | Corresp. from Defense Counsel to FARA & Ironshore<br>Re: Legal Memorandum | Work Product<br>Atty. Client |
| 97 | 1472 | 07/15/14 | Correspondence from Defense Counsel to FARA<br>Re: Invoice | Work Product<br>Atty. Client<br>Irrelevant |
| 98 | 1473 - 1484 | 07/15/14 | Defense Counsel Invoice to FARA | Work Product<br>Atty. Client<br>Irrelevant |
| 99 | 1485 | 07/17/14 | Reserves | Irrelevant |
| 100 | 1486 | 07/02/14 | FARA Invoice to Ironshore | Irrelevant<br>Atty. Client |
| 101 | 1764 | 06/10/14 | Correspondence from Defense Counsel to FARA<br>Re: Invoice | Work Product<br>Atty. Client<br>Irrelevant |
| 102 | 1765 - 1767 | 06/10/14 | Defense Counsel Invoice to FARA | Work Product<br>Atty. Client<br>Irrelevant |
| 103 | 1768 | 05/13/14 | Correspondence from Defense Counsel to FARA<br>Re: Invoice | Work Product<br>Atty. Client<br>Irrelevant |
| 104 | 1769 - 1771 | 05/12/14 | Defense Counsel Invoice to FARA | Work Product<br>Atty. Client<br>Irrelevant |
| 105 | 1772 | 06/18/14 | Reserves | Irrelevant |
| 106 | 1773 | 06/06/14 | FARA Invoice to Ironshore | Irrelevant |
| 107 | 1778 - 1780 | 03/11/14 | FARA Invoice to Ironshore | Irrelevant |
| 108 | 1781 - 1782 | 12/12/13 | Reserves | Irrelevant |

Certified Document Number: 67258525 - Page 7 of 12

| | | | | |
|---|---|---|---|---|
| 109 | 1783 | 12/11/13 | FARA Invoice to Ironshore | Irrelevant |
| 110 | 2868 - 2869 | 08/08/13 | FARA Invoice to Ironshore | Irrelevant |
| 111 | 3623 | 07/08/13 | FARA Invoice to Ironshore | Irrelevant |
| 112 | 3638 | 07/08/13 | Reserves | Irrelevant |
| 113 | 3943 - 3948 | 06/16/15-<br>07/23/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Draft Pleadings; Legal Memorandum; Budget | Work Product<br>Atty. Client |
| 114 | 3949 - 3950 | 06/22/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Invoices | Work Product<br>Atty. Client<br>Irrelevant |
| 115 | 3951 - 3952 | 06/16/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Legal Memorandum | Work Product<br>Atty. Client |
| 116 | 3952 - 3959 | 05/22/15-<br>06/22/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Invoices; Reserves | Work Product<br>Atty. Client<br>Irrelevant |
| 117 | 3954 - 3976 | 02/11/15-<br>05/29/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Legal Memorandum; Draft Pleadings and Corresp. | Work Product<br>Atty. Client |
| 118 | 3967 - 3968 | 03/16/15 | Correspondence from Defense Counsel to FARA<br>Re: Invoices | Work Product<br>Atty. Client<br>Irrelevant |
| 119 | 3971 - 3972 | 02/11/15-<br>03/06/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Invoices | Work Product<br>Atty. Client<br>Irrelevant |
| 120 | 3976 - 3979 | 02/27/15 | Correspondence between FARA and Ironshore<br>Re: Reserves | Irrelevant |
| 121 | 3979 - 4037 | 02/27/15-<br>02/24/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Legal Memo; information request; draft corresp. | Work Product<br>Atty. Client |
| 122 | 3990 - 3991 | 01/29/15 | Correspondence between FARA and Ironshore<br>Re: Reserves | Irrelevant |
| 123 | 3988 - 3991 | 01/29/15-<br>02/12/15 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Invoices | Work Product<br>Atty. Client<br>Irrelevant |
| 124 | 4012 - 4013 | 10/16/14 | Corresp. between Defense Counsel, FARA & Ironshore<br>Re: Reserves; Invoices | Work Product<br>Atty. Client<br>Irrelevant |
| 125 | 4018 | 09/05/14 | Corresp. from Defense Counsel to FARA & Ironshore | Work Product<br>Atty. Client |

8

| Item | JDA | | Description of Document | Privilege |
|---|---|---|---|---|
| 126 | 4026 - 4027 | 08/12/14 | Corresp. between Defense Counsel, FARA & Ironshore | Work Product Atty. Client Irrelevant |
| 127 | 4033 - 4034 | 07/14/14 | FARA Note Re: Reserves | Irrelevant |
| 128 | 4038 - 4039 | 06/18/14 | FARA Note Re: Reserves | Irrelevant |
| 129 | 4040 | 06/05/14 | Corresp. from FARA to Defense Counsel & Ironshore | Work Product Atty. Client |
| 130 | 4042 - 4043 | 04/24/14 | Corresp. between Defense Counsel, FARA & Ironshore | Work Product Atty. Client |
| 131 | 4044 | 02/11/14 | FARA Note Re: Reserves | Irrelevant |
| 132 | 4049 - 4050 | 12/12/13 | Correspondence between FARA and Ironshore Re: Reserves | Irrelevant |
| 133 | 4053 | 11/14/13 | FARA Note Re: Reserves | Irrelevant |
| 134 | 4058 | 08/06/13 | FARA Note Re: Reserves | Irrelevant |
| 135 | 4077 | 07/08/13 | FARA Note Re: Reserves | Irrelevant |
| 136 | 4080 | 07/08/13 | FARA Note Re: Reserves | Irrelevant |
| 137 | 4084-6608 | | Ironshore Underwriting File | Irrelevant Confidential, Proprietary, Trade Secrets |

| Item | JDA | | Description of Document | Privilege |
|---|---|---|---|---|
| 138 | 001 - 011 | | Joint Defense Agreement | Work Product Joint Defense Irrelevant |

[SIGNATURE BLOCK ON FOLLOWING PAGE]

9

Certified Document Number: 67258525 - Page 9 of 12

Respectfully submitted,

BROWN SIMS, P.C.


By: *s/Randell E. Treadaway*
Mark C. Clemer
Texas Bar No. 04372300
James D. "J.D." Johnson
Texas Bar No. 24085918
Michelle Richard
Texas Bar No. 24093037
Tenth Floor
1177 West Loop South
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
mclemer@brownsims.com
jjohnson@brownsims.com
mrichard@brownsims.com


and


Randell E. Treadaway (admitted *pro hac vice*)
LA Bar No. 01624
Brad D. Ferrand (admitted *pro hac vice*)
LA Bar No. 29860
ZAUNBRECHER TREADAWAY, L.L.C.
406 N. Florida Street, Suite 2
Covington, Louisiana 70433-2907
Telephone: (985) 871-8787
Telefax: (985) 871-8788
randy@ztlalaw.com
brad@ztlalaw.com

**COUNSEL FOR DEFENDANT IRONSHORE SPECIALTY INSURANCE COMPANY**

10

Certified Document Number: 67258525 - Page 10 of 12

<u>CERTIFICATE OF SERVICE</u>

This will certify that a true and correct copy of the foregoing pleading has been sent to all counsel of record via e-mail on this the 25th day of September, 2015:

Phillip D. Nizialek, T.A.
Sarah E. Stogner
Jacqueline M. Brettner
CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras St., Ste. 3100
New Orleans, LA 70163
Phone: (504) 585-3800
Fax: (504) 585-3801
nizialek@carverdarden.com
stogner@carverdarden.com
brettner@carverdarden.com
*Counsel for Plaintiffs*

Michael S. Knippen
Kimberly H. Petrina
David Rock
James M. Eastham
TRAUB, LIEBERMAN, STRAUS & SHREWSBERRY, LLP
303 W. Madison, Suite 1200
Chicago, Illinois 60606
Phone: (312) 332-3900
Fax: (312) 332-3908
mknippen@traublieberman.com
kpetrina@traublieberman.com
drock@traublieberman.com
jeastham@traublieberman.com
*Counsel for Defendant Axis Surplus Insurance Company*
C. Henry Kollenberg
Melinda M. Riseden
CRAIN, CATON & JAMES, P.C.
1401 McKinney Street
17th Floor, Five Houston Center
Houston, Texas 77010
Phone: (713) 658-2323
Fax: (713) 658-1921
hkollenberg@craincaton.com
mriseden@craincaton.com
*Counsel for Defendant Marsh USA, Inc.*

11

Certified Document Number: 67258525 - Page 11 of 12

Marc J. Wojciechowski
WOJCIECHOWSKI & ASSOCIATES, P.C.
1747 Kuykendahl Road, Suite 200
Spring, Texas 77379
Phone: (281) 999-7774
Fax: (281) 999-1953
marc@wojolaw.com
                and
Michael D. Mulvaney
Christopher C. Frost
Josh B. Baker
MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
Fax: (205) 254-1999
mmulvaney@maynardcooper.com
cfrost@maynardcooper.com
jbaker@maynardcooper.com
*Counsel for Defendant Alterra Excess & Surplus Insurance Company*

*s/Randell E. Treadaway*

12



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 22, 2015

Certified Document Number:        67258525

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and<br>DENBURY ONSHORE, LLC<br><br>*Plaintiffs*<br><br>VS.<br><br>IRONSHORE SPECIALTY INSURANCE<br>COMPANY, ALTERRA EXCESS &<br>SURPLUS INSURANCE COMPANY,<br>AXIS SURPLUS INSURANCE<br>COMPANY, and MARSH USA INC.<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br>157th JUDICIAL DISTRICT<br><br><br>HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF RANDELL E. TREADAWAY

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

BEFORE ME, on this day, personally came and appeared RANDELL E. TREADAWAY, who after being duly sworn by me on his Oath, stated the following:

1. My name is Randell E. Treadaway. I am over twenty-one (21) years of age, of sound mind, and capable of making this Affidavit. I have personal knowledge of the facts stated in this Affidavit because I am counsel of record representing Ironshore Specialty Insurance Company ("Ironshore"), and said facts are true and correct.

2. I am a founding member of the law firm Zaunbrecher Treadaway, LLC, and a counsel of record, being admitted *pro hac vice*, for Defendant Ironshore in Cause No. 2015-09546; *Denbury Resources Inc., et al. v. Ironshore Specialty Insurance Company, et al.*; in the 157th Judicial District Court of Harris County, Texas.

3. In response to Plaintiffs' written discovery, Defendant Ironshore issued a Privilege Log, a Supplemental Privilege Log and an Amended Privilege Log identifying several items it believes to be protected as work product under Texas Rule of Civil Procedure 192.5 and as attorney-client privilege under Texas Rules of Evidence 503. Ironshore believes the items to constitute work product because they contain information regarding material prepared by or mental impressions of counsel for Ironshore developed in anticipation of litigation by or for Ironshore; F.A. Richard & Associates, Inc. ("FARA"), which is Ironshore's Third-Party



**EXHIBIT**
**2**

Certified Document Number: 67258527 - Page 1 of 2

Admininstrator; or counsel for Ironshore, and they contain mental impressions, opinions, conclusions and/or legal theories.

4. I have reviewed and am familiar with the definitions of "client," "representative of client," "lawyer," "representative of lawyer," and "confidential" as defined in Rule 503 of the Texas Rules of Evidence. Based on my review of the documents listed in Ironshore's privilege logs, as supplemented and amended, all the documents and correspondence exchanged between Ironshore; FARA, the authorized claims administrator for Ironshore; and Ironshore's attorneys, indicate a lawyer, or representative of lawyer engaging in confidential communications with their client, Ironshore, or representative of Ironshore regarding professional legal services, or a lawyer or representative of a lawyer rendering professional legal services or performing a requested task for Ironshore, or a representative of Ironshore, involving the rendering of legal services.

5. I have read this affidavit and it is true and correct to the best of my personal knowledge.

Further Affiant sayeth not.

_____
Randell E. Treadaway

SUBSCRIBED AND SWORN TO ME by **Randell E. Treadaway** on this 25th day of September, 2015, to certify which witness my hand and official seal of office.

_____
Notary Public, State of Louisiana

My commission expires:

BRAD D. FERRAND
Notary Public
State of Louisiana
LSBA# 29860, Notary ID# 82462
My Commission Expires At Death

2

Certified Document Number: 67258527 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 22, 2015

Certified Document Number:     67258527

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | § § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| VS. | § § | 157th JUDICIAL DISTRICT |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, and MARSH USA INC. | § § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants* | § | |

## AFFIDAVIT OF LEE T. SHERIDAN

STATE OF NEW YORK    §
                           §
COUNTY OF NEW YORK   §

BEFORE ME, the undersigned authority, on this day personally appeared

### LEE T. SHERIDAN

who being duly sworn by me, upon his oath, testified as follows:

1. My name is Lee T. Sheridan. I am Assistant Vice-President of Specialty Casualty Claims at Ironshore Specialty Insurance Company ("Ironshore"). I am over twenty-one (21) years of age, of sound mind, and otherwise competent to make this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

2. I have reviewed Denbury's Second Set of Requests For Production to Ironshore Specialty Insurance Company, including Requests for Production Nos. 7, 8, 14, 15, 16 and 51, which seek documents related to or discussing pollution clean-up Underwriting for the Energy Market; Underwriting for the Ironshore Policy at issue in this litigation; Underwriting of any Ironshore Policy provision that excludes coverage for Denbury's claim; any Submission for insurance under the Policies; documents related to or discussing Ironshore's reinsurance; and all documents related to or discussing how Ironshore underwrites Energy Market insurance for the last 5 years. Responding to these requests, whether through deposition testimony or document production, would require providing proprietary information consisting of trade secrets or confidential research, development, or commercial information. Part of



EXHIBIT
3

Certified Document Number: 67258529 - Page 1 of 2

Ironshore's business is underwriting and making insuring and indemnity decisions based on that information. Plaintiffs' requests seek information regarding Ironshore's underwriting files and reinsurance, which implicitly show Ironshore's underwriting process and risk management. Ironshore makes every effort to safeguard and protect its underwriting files and processes from persons outside of Ironshore. If this information were released in this litigation or through any means outside of this litigation, Ironshore would be irreparably harmed in the marketplace by disclosing the information Plaintiffs seek because it would allow competitors to determine the reasoning behind which Ironshore decides to issue certain policies to consumers. This harm substantially outweighs the benefits or relevancy of such disclosure to Plaintiffs.

3. An insurance company's competitive advantage may be preserved by its trade secrets related to underwriting and its risk management through reinsurance.

4. I am familiar with Ironshore's claim policies and procedures involved in the lawsuit above. I am familiar with Ironshore's preparation and use of those materials. Those materials have been developed to provide Ironshore's clients with claims handling services; to identify and prevent insurance fraud; to identify and prevent frivolous litigation; to compete with other claims handling providers in the insurance industry in Texas, across the United States of America, and in other countries outside of the United State of America and to facilitate the handling of insurance claims fairly and accurately. If those materials were disclosed in writing or by word of mouth to Ironshore's competitors, Ironshore's competitive advantage over other insurance companies, adjusting firms, and other third party administrators would be jeopardized. Those materials are the result of Ironshore's experience in handling Texas insurance claims and similar claims outside of Texas.

FURTHER THE AFFIANT SAYETH NOT.

LEE T. SHERIDAN

SUBSCRIBED AND SWORN BEFORE ME on this 25ᵗʰ day of September, 2015, to certify which witness my hand and seal of office.

Adriana V. Di Stefano
Notary Public, State of New York
No. 01DI6270588
Qualified in Suffolk County
Commission Expires 10|25|16

Notary Public, State of New York

2



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 22, 2015

Certified Document Number:       67258529

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

 **201459947 - DENBURY RESOURCES INC vs. IRONSHORE SPECIALTY INSURANCE (Court 157)**

Chronological Print
History        All
*(non-financial)*

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
|---|---|---|---|---|---|---|
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

\* Note: Only non-confidential public civil/criminal documents are available to the Public. All non-confidential Civil documents are Imaged. In Family Cases, select non-confidential documents and all e-filings are available in electronic format (not every document is available for electronic viewing and a document may be filed in the case that is not viewable electronically). In Criminal Cases, select non-confidential documents are available in electronic format (not every document is available for electronic viewing and a document may be filed in the case that is not viewable electronically). If the case or Civil document you are looking for is not available and should be, please click here to notify Customer Service.
You may print and save uncertified copies of documents from the preview window.

Purchase Order
( 0 documents )

Print List

| Image No. | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|---|---|---|---|---|---|---|
| 66430540 | NOTICE OF INTENT TO DISMISS - NO ANSWER FILED | | | 07/28/2015 | 2 | Add to Basket |
| 65165510 | Motion for Admission Pro Hac Vice | | | 04/24/2015 | 4 | Add to Basket |
| -> 65165511 | Exhibit 1 | | | 04/24/2015 | 1 | Add to Basket |
| 65165532 | Philip D Nizialek's Motion In Support Of Jacqueline M Brettner's Motion For Admission Pro Hac Vice | | | 04/24/2015 | 2 | Add to Basket |
| -> 65165534 | Notice of Submission | | | 04/24/2015 | 1 | Add to Basket |
| -> 65165533 | Proposed Order | | | 04/24/2015 | 1 | Add to Basket |
| 64380798 | Notice of Intent to Dismiss-No Answer Filed | | | 02/24/2015 | 2 | Add to Basket |
| 64340786 | ORDER OF PARTIAL NONSUIT SIGNED | | | 02/20/2015 | 1 | Add to Basket |
| 64315162 | Plaintiffs Nonsuit Against Defendants | | | 02/19/2015 | 2 | Add to Basket |
| 64315163 | Proposed Order on Plaintiffs' Nonsuit | | | 02/19/2015 | 1 | Add to Basket |
| 63203944 | Civil Process Request | | | 11/17/2014 | 2 | Add to Basket |
| 62762828 | Denbury Petition | | | 10/14/2014 | 26 | Add to Basket |
| -> 62762837 | Exhibit 1 | | | 10/14/2014 | 1 | Add to Basket |
| -> 62762833 | Exhibit 2 | | | 10/14/2014 | 5 | Add to Basket |
| -> 62762834 | Exhibit 3 | | | 10/14/2014 | 2 | Add to Basket |
| -> 62762836 | Exhibit 4 | | | 10/14/2014 | 98 | Add to Basket |
| -> 62762835 | Exhibit 5 | | | 10/14/2014 | 54 | Add to Basket |
| -> 62762830 | Exhibit 6 | | | 10/14/2014 | 2 | Add to Basket |
| -> 62762831 | Exhibit 7 | | | 10/14/2014 | 23 | Add to Basket |
| -> 62762832 | Exhibit 8 | | | 10/14/2014 | 12 | Add to Basket |
| -> 62762829 | Exhibit 9 | | | 10/14/2014 | 34 | Add to Basket |

[WS6]



EXHIBIT
4

Certified Document Number: 67258530 - Page 1 of 32

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## NOTICES
No Notices found.

## SUMMARY

| CASE DETAILS | | COURT DETAILS | |
|---|---|---|---|
| File Date | 10/14/2014 | Court | 157th |
| Case (Cause) Location | Civil Intake 1st Floor | Address | 201 CAROLINE (Floor: 11) HOUSTON, TX 77002 Phone:7133686230 |
| Case (Cause) Status | Active - Civil | | |
| Case (Cause) Type | CONTRACT | JudgeName | RANDY WILSON |
| Next/Last Setting Date | N/A | Court Type | Civil |
| Jury Fee Paid Date | N/A | | |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| DENBURY RESOURCES INC | PLAINTIFF - CIVIL | | STOGNER, SARAH ELIZABETH |
| DENBURY ONSHORE LLC | PLAINTIFF - CIVIL | | STOGNER, SARAH ELIZABETH |
| AXIS SURPLUS INSURANCE COMPANY | DEFENDANT - CIVIL | | |
| IRONSHORE SPECIALTY INSURANCE COMPANY MAY BE SERVED BY SERVING | REGISTERED AGENT | | |
| ONE STATE STREET PLAZA 7TH FLOOR, NEW YORK, NY 10004 | | | |

Certified Document Number: 67258530 - Page 2 of 32

## INACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|------|------|-----------|----------|
| IRONSHORE SPECIALTY INSURANCE | DEFENDANT - CIVIL | | |
| ALTERRA EXCESS & SURPLUS INSURANCE COMPANY | DEFENDANT - CIVIL | | |
| MARSH USA INC | DEFENDANT - CIVIL | | |

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 2/20/2015 | ORDER OF PARTIAL NONSUIT SIGNED | 2/20/2015 | | 1 | | | |
| 10/14/2014 | ORIGINAL PETITION | | | 0 | | STOGNER, SARAH ELIZABETH | DENBURY RESOURCES INC |
| 10/14/2014 | ORIGINAL PETITION | | | 0 | | STOGNER, SARAH ELIZABETH | DENBURY ONSHORE LLC |

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|------|-------|-----------|-------------|--------|---------|----------|------------------|
| 3/30/2015 08:30 AM | 157 | | Another Docket | DISMISS FOR WANT OF PROSECU-MTN TO (TRCP 165A) | Re-Set | | |
| 9/14/2015 08:30 AM | 157 | | Another Docket | DISMISS FOR WANT OF PROSECU-MTN TO (TRCP 165A) | | | |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION (SECRETARY OF STATE CORPORATE NON-RESIDENT | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | IRONSHORE SPECIALTY INSURANCE COMPANY MAY BE SERVED BY SERVING | 11/17/2014 | 11/18/2014 | | | | 73078645 | ATTORNEY PICK-UP |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 66430540 | NOTICE OF INTENT TO DISMISS - NO ANSWER FILED | | 07/28/2015 | 2 |
| 65165510 | Motion for Admission Pro Hac Vice | | 04/24/2015 | 4 |
| > 65165511 | Exhibit 1 | | 04/24/2015 | 1 |
| 65165532 | Philip D Nizialek's Motion In Support Of Jacqueline M Brettner's Motion For Admission Pro Hac Vice | | 04/24/2015 | 2 |
| > 65165534 | Notice of Submission | | 04/24/2015 | 1 |

Certified Document Number: 67258530 - Page 3 of 32

| -> 65165533 | Proposed Order | 04/24/2015 | 1 |
| 64380798 | Notice of Intent to Dismiss-No Answer Filed | 02/24/2015 | 2 |
| 64340786 | ORDER OF PARTIAL NONSUIT SIGNED | 02/20/2015 | 1 |
| 64315162 | Plaintiffs Nonsuit Against Defendants | 02/19/2015 | 2 |
| 64315163 | Proposed Order on Plaintiffs' Nonsuit | 02/19/2015 | 1 |
| 63203944 | Civil Process Request | 11/17/2014 | 2 |
| 62762828 | Denbury Petition | 10/14/2014 | 26 |
| -> 62762837 | Exhibit 1 | 10/14/2014 | 1 |
| -> 62762833 | Exhibit 2 | 10/14/2014 | 5 |
| -> 62762834 | Exhibit 3 | 10/14/2014 | 2 |
| -> 62762836 | Exhibit 4 | 10/14/2014 | 98 |
| -> 62762835 | Exhibit 5 | 10/14/2014 | 54 |
| -> 62762830 | Exhibit 6 | 10/14/2014 | 2 |
| -> 62762831 | Exhibit 7 | 10/14/2014 | 23 |
| -> 62762832 | Exhibit 8 | 10/14/2014 | 12 |
| -> 62762829 | Exhibit 9 | 10/14/2014 | 34 |

Certified Document Number: 67258530 - Page 4 of 32

# CIVIL PROCESS REQUEST

11/17/2014 3:57:42 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3203836
By: Melissa Cox
Filed: 11/17/2014 11:03:57 AM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: **2014-59947**     CURRENT COURT: **157th District Court - Harris County**

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): **Original Petition**

FILE DATE OF MOTION:    **October**    **17**    **2014**
                                       Month/    Day/    Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: **Ironshore Specialty Insurance Company**

   ADDRESS: **One State Street Plaza, 7th Floor, New York, New York 10004**

   AGENT, (if applicable): **Texas Secretary of State, Corporations Section**

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- ☒ ATTORNEY PICK-UP      ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- ☐ MAIL      ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
  - Type of Publication: ☐ COURTHOUSE DOOR, or
  - ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain   **No service copies needed from Civil Intake**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. NAME: _____

   ADDRESS: _____

   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP      ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- ☐ MAIL      ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
  - Type of Publication: ☐ COURTHOUSE DOOR, or
  - ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain _____

---

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: **Sarah E. Stogner**      TEXAS BAR NO./ID NO. **24091139**

MAILING ADDRESS: **1100 Poydras Street, Suite 3100, New Orleans, Louisiana 70163**

PHONE NUMBER: **504**   **585-3845**     FAX NUMBER: **504**   **585-3801**
               area code    phone number                   area code    fax number

EMAIL ADDRESS: **stogner@carverdarden.com**

CIVC108 Revised 9/3/09

Certified Document Number: 67258530 - Page 5 of 32

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:

(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION

_____ AMENDED PETITION

_____ SUPPLEMENTAL PETITION

COUNTERCLAIM

_____ AMENDED COUNTERCLAIM

_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:

_____ AMENDED CROSS-ACTION

_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:

_____ AMENDED THIRD-PARTY PETITION

_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:

_____ AMENDED INTERVENTION

_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER

_____ AMENDED INTERPLEADER

_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:

    ORDER TO: _____

                 (specify)

    MOTION TO: _____

                 (specify)

PROCESS TYPES:

NON WRIT:

CITATION

ALIAS CITATION

PLURIES CITATION

SECRETARY OF STATE CITATION

COMMISSIONER OF INSURANCE

HIGHWAY COMMISSIONER

CITATION BY PUBLICATION

NOTICE

SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)

RULE 106 SERVICE

SUBPOENA

WRITS:

ATTACHMENT (PROPERTY)

ATACHMENT (WITNESS)

ATTACHMENT (PERSON)

CERTIORARI

EXECUTION

EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT

GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS

INJUNCTION

TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)

PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)

POSSESSION (PROPERTY)

SCIRE FACIAS

SEQUESTRATION

SUPERSEDEAS

CIVC109 Revised 9/2/00

CAUSE NO. _____

| | |
|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | IN THE DISTRICT COURT |
| Plaintiffs, | |
| v. | HARRIS COUNTY, TEXAS |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, AND MARSH USA INC. | _____ JUDICIAL DISTRICT |
| Defendants | |

## DENBURY'S PETITION

Denbury Resources Inc. and Denbury Onshore, LLC ("Denbury") bring this petition for breach of contract, declaratory judgment, statutory penalties, and bad faith against Defendants Ironshore Specialty Insurance Company ("Ironshore"), Alterra Excess & Surplus Insurance Company ("Alterra"), Axis Surplus Insurance Company ("Axis"); and for negligence, misrepresentation, breach of contract, and breach of fiduciary duty against Defendant Marsh USA Inc. ("Marsh").

## I. PARTIES

1. Denbury Resources Inc. is a Delaware corporation with its principal place of business in Plano, Texas.

2. Denbury Onshore, LLC is a wholly-owned subsidiary of Denbury Resources Inc.

Certified Document Number: 67258530 - Page 7 of 32

Unofficial Copy Office of Chris Daniel District Clerk

3. Defendant Ironshore Specialty Insurance Company is upon reasonable information and belief a surplus lines company, an Arizona corporation with its principal place of business in New York, New York.

4. Defendant Alterra Excess & Surplus Insurance Company is upon reasonable information and belief a surplus lines company, a Delaware corporation with its principal place of business in Glen Allen, Virginia.

5. Defendant Axis Surplus Insurance Company is upon reasonable information and belief a surplus lines carrier, a Georgia corporation with its principal place of business in Alpharetta, Georgia.

6. Defendant Marsh USA Inc. is upon reasonable information and belief a Delaware company with its principal place of business in New York, New York, and is a wholly-owned subsidiary of Marsh, Inc., a Delaware company with its principal place of business in New York, New York, which is a wholly-owned subsidiary of Marsh & McLennan Companies, a Delaware corporation with its principal place of business in New York, New York.

## II. DECLARATORY JUDGMENT

7. This suit is, in part, a claim for declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code § 37.004.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter as it relates to insurance policies issued to Denbury in the State of Texas. The Policies at issue were placed by Marsh & McLennan Companies in Houston, Texas, and the insurable interest at issue includes lands in Franklin, Richland, and Madison Parishes in Louisiana.

Certified Document Number: 67258530 - Page 8 of 32

Unofficial Copy Office of Chris Daniel District Clerk

9. This Court is the proper venue for this action pursuant to Tex. Civ. Prac. & Rem. Code § 15.002 (a) (1) and (a) (4), because a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas.

## IV. FACTUAL BACKGROUND

10. The Delhi Field in northeastern Louisiana includes lands in Franklin, Richland and Madison Parishes. Prospectors first discovered oil and gas there in the mid-1940s. Various operators, including Sun Oil Company and Murphy Oil Corporation, extensively developed the field shortly after its discovery. During its early development and production, operators drilled and completed approximately 450 production wells in the field, most within the first few years after the field's discovery.

11. In the late 1950s the operators unitized the field, creating the 13,636 acre Holt-Bryant Unit (the "Unit"). The Unit was created to facilitate Delhi Field production from the Tuscaloosa and Paluxy formations, which have an average producing reservoir depth of 3,250 feet. After unitization, various operators conducted drilling operations into those formations using 40-acre spacing.

12. In 2006 Denbury Onshore, LLC ("Onshore") acquired a substantial interest in the Unit and became the Unit's operator. After the acquisition, Onshore began planning development of the Unit using the Enhanced Oil Recovery ("EOR") technique of carbon dioxide ($CO_2$) injection to produce oil from the Unit's partially depleted reservoirs.

13. Onshore is a wholly-owned subsidiary of Denbury Resources Inc. (hereinafter sometimes collectively "Denbury").

Page 3 of 26

14. $CO_2$ injection is used to revitalize oil and gas production from reservoirs which have been depleted by primary and secondary production techniques. The injection of $CO_2$ both lowers the viscosity of the oil in the reservoir and re-pressurizes the producing formation, allowing production of hydrocarbons left behind from earlier production operations. Denbury produces the oil either through existing wells (sometimes referred to as "legacy" wells) which Denbury has reworked to make suitable for use as production wells, or through newly-drilled production wells.

15. Defendant Marsh became Denbury's contract risk management consultant and domestic retail insurance broker in 1999. At all times material to this matter, Denbury relied upon Marsh and its professed expertise in risk management and insurance to understand Denbury's unique EOR operations, and to consult with and assist Denbury in the procurement of specialized oil and gas insurance to shift Denbury's operational well control, pollution clean-up and other liability risks to insurers.

16. Beginning in December 2009 Denbury started developing the Unit in phases, with each phase taking approximately a year to bring into production. In 2013, after uneventfully bringing its first 3 Phases into production and conducting four years of Unit operations, Denbury began bringing Phase 4 (a/k/a Test Site 1) online.

### The Delhi Incident

17. On June 13, 2013, one of Denbury's employees, while making a routine, scheduled inspection of the wells in the Test Site 1 development, heard what to him sounded like a surface release of gas and fluids near a well located in Section 3 of Test Site 1. A map of the impacted area is attached as Exhibit 1. The employee immediately

Page 4 of 26

reported his discovery to his supervisors over his radio. When he tried to locate the actual site of the release, however, he believed he detected the smell of odorized gas; therefore, he was not able to visually confirm the release or its location.

18. The area where the employee detected the release is near several underground natural gas pipelines owned and operated by ANR Pipeline Company (hereinafter "ANR"). The pipelines are part of TransCanada's network of pipelines across North America.

19. After investigation, it was determined that the flow was likely from Denbury's Test Site 1 operations.

20. Denbury mobilized its response team to investigate and control the release, and cleanup the resultant pollution and contamination. Denbury notified Marsh to place Denbury's well control and liability insurers on notice of the incident.

21. Denbury's incident response team developed and implemented a multi-faceted plan to deal with the release. The plan focused on reporting the incident to relevant governmental agencies, ensuring public safety through air monitoring and evacuations where necessary, developing efforts to control the source of the flow, and containment and recovery of released fluids.

22. With regard to environmental protection, Denbury contractors conducted air monitoring in the area, and hired contractors to build containment levees at key locations around the crater in an effort to control the spread of fluids from the crater. Denbury also hired contractors to remove fluids from the crater and containment areas using vacuum trucks. These operations were conducted at recovery pads constructed by Denbury a safe distance from the crater, and continued throughout the event.

Certified Document Number: 67258530 - Page 11 of 32

Unofficial Copy Office of Chris Daniel District Clerk

23. As soon as field conditions permitted, Denbury identified the potential source wells. Denbury developed plans to re-enter each of the suspect wells so as to definitively identify the release well, and control the uncontrolled flow. From June 14, 2013 to approximately July 5, 2013, Denbury attempted to re-enter the suspect wells. While planning and executing the re-entries, Denbury continued to work on pollution clean-up.

24. Over the course of the incident four separate craters formed. The costs associated with bringing under control the out of control wells are not at issue in this case; however, all pollution clean-up costs and related third-party claims are at issue.

### Pollution Related to Incident

25. The area environmentally impacted as a result of this incident is located in a bottomland hardwood forest that is found along the Big Creek stream that flows through the Unit. *See* Impact Map attached as Exhibit 1. Several sloughs naturally drain water from adjacent lands across the Delhi Field into Big Creek.

26. After discovery of the release of pollutants and contaminants at the surface, Denbury hired contractors to operate the equipment and provide personnel used in the clean-up operations. At Denbury's instruction, contractors immediately began constructing dams, containment berms, and culverts to contain the fluids. Denbury personnel recovered fluids from the sloughs using vacuum trucks. The recovered fluids were placed in rented frac tanks for temporary storage.

27. Fluids in the frac tanks were allowed to settle, so that liquids and solids separated. Denbury disposed of liquids in permitted disposal wells and hauled the solids left behind to permitted solid waste disposal facilities.

Page 6 of 26

28. Denbury's environmental contractors continuously monitored contamination levels in the sloughs and Big Creek during the cleanup efforts. They also conducted air monitoring at multiple locations throughout the area.

29. Beginning in late June 2013, Denbury used vacuum trucks, marsh-operable excavators and bulldozers with vacuum units, as well as leaf blowers and wash pumps, to remove fluids and solids from all affected areas. Numerous technicians took part in the efforts. Denbury also drilled freshwater wells which provided water with which to flush containment areas, and prevent the back-up of solids and containment overflow. The freshwater wells were also used to wash areas to minimize adverse impacts to wildlife and flora.

30. Denbury also had to construct a water diversion structure to prevent natural drainage from adjacent property (a/k/a sheet flow) from flowing into the affected area.

31. Denbury hired an environmental consulting firm to perform a Natural Resource Damage Assessment, as required by law, and installed groundwater monitoring wells to monitor the Mississippi Alluvial aquifer, as required by the Louisiana Department of Environmental Quality.

32. Representatives from state and federal regulatory agencies regularly visited the incident site. Denbury took all actions required by law during the response.

33. From June 14, 2013 until October 2014, Denbury spent approximately $57.8 million in pollution response and clean-up costs related to the June 13th incident.

34. Denbury continues to incur costs associated with monitoring fresh water aquifers for contamination. It is unknown if Denbury will be required to conduct additional clean-up of any freshwater aquifers.

Page 7 of 26

## ANR Pipeline

35. As discussed above, multiple craters formed along the ANR Pipeline right-of-way. These large craters formed in several places along the right-of-way. The ANR pipelines are buried approximately 15 feet underground; therefore, the formation of the craters left the pipelines unsupported and exposed to fluid flow from the event. The pipelines suffered damage.

36. As a result of damage to the pipelines which occurred during the incident, ANR and Denbury entered into several confidential agreements for the removal and replacement of certain damaged sections of the ANR pipelines. Denbury paid ANR for its costs to cut, cap, replace and repair the pipelines. The Agreements were entered into with the knowledge and consent of American Guarantee & Liability Insurance Company ("Zurich"), Denbury's umbrella carrier.

37. As a result of damage to the pipelines which occurred during the incident, ANR also claims to have lost tariffs that would have been collected by the continued transmission of natural gas through the pipelines. These losses are a direct result of the blowout. Denbury has notified the Defendants of this pending claim.

38. Denbury has paid ANR for the pipeline damage, and will attempt to resolve the tariff claims.

## Loutre Land Lawsuit

39. Loutre Land and Timber ("Loutre") sued Denbury for damages sustained to its property adjacent to the Delhi Field. Denbury settled that lawsuit with the payment

of a confidential settlement. This settlement was entered into with the knowledge and consent of Zurich, Denbury's Umbrella carrier.

## Outstanding Third Party Claims

40. Denbury has paid and will continue to incur defense costs responding to a lawsuit filed by adjacent landowners in the case captioned *Sunflower Cemetery, Inc. et al v. Denbury Onshore, LLC et al*, Docket No. C-43629A. That suit currently pending in Franklin Parish Louisiana, seeks money damages from Denbury for alleged third-party property damage sustained as a result of the pollution.

41. Denbury has also received a demand from the local parishes for the damages allegedly sustained to parish roads during Denbury's pollution response efforts. Denbury is currently evaluating this claim, which if incurred would be a direct result of the property damage sustained during the blowout.

## Denbury's 2013-2014 Insurance Negotiations

42. From approximately 1999 until late 2013, Marsh acted as Denbury's insurance broker and risk management consultants. Denbury relied on Marsh to provide all of its insurance and risk management functions, including but not limited to selecting the proper insurance lines, terms and conditions, and policy limits necessary to protect Denbury from insurable operations risks.

43. Each fall during Marsh's tenure, Marsh would put on a renewal meeting with Denbury to discuss Denbury's insurance needs for the upcoming insurance renewal, which renewal occurred on April 1st of the following year.

44. The renewal meeting for the insurance policies at issue in this case took place on or about October 25, 2012 (the "2013 renewal meeting").

Page 9 of 26

45. During the 2013 renewal meeting, Marsh personnel met with Denbury to learn about Denbury's upcoming operations during the 2013-2014 insurance year, provide information on the state of the insurance market, and advise Denbury on the types and limits of insurance it should procure.

46. As a result of that 2013 renewal meeting, and based upon Marsh's recommendations, Denbury selected the umbrella insurance policies at issue in this proceeding.

47. As a consequence of the counsel provided in its meetings with Marsh, Denbury reasonably believed it had purchased insurance from Defendants to cover losses such as those Denbury experienced in the Delhi Incident.

48. Marsh failed to advise Denbury that the policy provisions that the umbrella policy underwriters have cited in denying and/or failing to provide coverage for the Delhi incident could potentially preclude coverage for events Denbury intended to insure.

**Denbury's Risk Management and Broker Agreement With Marsh**

49. On April 19, 2013, Denbury and Marsh executed a brokerage/risk management agreement (the "2013 risk management Agreement"), effective April 1, 2013, a copy of which is attached as Exhibit 2 and incorporated here for all purposes.

50. On or about April 26, 2012, Denbury and Marsh executed a brokerage/risk management agreement (the "2012 risk management Agreement"), effective April 1, 2012 substantively identical to the 2013 agreement, effective April 1, 2012. A copy of the communication memorializing the 2012 risk management Agreement is attached as Exhibit 3 and incorporated here for all purposes.

51. The 2012 and 2013 risk management Agreements (collectively the "Agreements") are substantively identical. They provide that, for an annual fee of $220,000, Marsh

Page 10 of 26

contracted to deliver placement and claims-related services for all of Denbury's insurance, including the umbrella policies at issue in this case.

52. Under the Agreements, Marsh's insurance placement obligations included, but were not limited to: 1) advising Denbury in assessing risks Denbury may want to insure; 2) developing insurance specifications that Marsh would submit to insurers; 3) recommending potential insurers; 4) soliciting quotes from insurers; 5) negotiating on Denbury's behalf with insurers; 6) assisting Denbury in evaluating the options received from insurers; 7) reviewing policies and endorsements for conformity with agreed terms and coverages; and 8) providing coverage summaries.

53. Under the Agreements, Marsh's claims-related obligations included, but were not limited to: 1) evaluating coverage on all Marsh-placed policies; 2) assisting Denbury in the development of claim settlement strategies; 3) assisting Denbury in negotiations with its insurers; and 4) assisting Denbury with litigation management issues that impact claim settlements.

54. The disclaimer and limitation of liability clause of the risk management Agreement provides:

> Marsh does not speak for any insurer, is not bound to utilize any particular insurer and is not authorized to make binding commitments on behalf of any insurer, except under special circumstances which Marsh shall endeavor to make known to you. Marsh shall not be responsible for the solvency of any insurer or its ability or willingness to pay claims, return premiums or other financial obligations. Marsh does not guarantee or make any representation or warranty that insurance can be placed on terms acceptable to you. Marsh will not take any action to replace your insurers unless you instruct Marsh to do so. You acknowledge that, in performing Services, Marsh and affiliates are not acting as a fiduciary for you, except to the extent required by applicable law. Any reports or advice provided by Marsh should not be relied upon as accounting, legal, regulatory or tax advice. In all instances, Marsh recommends that you seek your own

Page 11 of 26

advice on such matters from professional accounting, legal, regulatory and tax advisors.

55. Denbury was required by the Agreements to provide Marsh with accurate information and review all policy documents. Denbury did so, and was therefore justified in relying on Marsh's expertise to analyze Denbury's potential risks, select the proper lines of insurance, select the proper terms and conditions, and to review the actual forms, terms, and conditions contained in the policies to ensure Denbury's risks were adequately covered by the policies issued.

56. Denbury provided Marsh with all information requested by Marsh throughout the 2013 renewal process. Upon reasonable information and belief, Marsh would take the information Denbury supplied and create insurance applications on behalf of Denbury, which it would then submit to various insurers to quote and bind coverage which Denbury intended to cover operational risks of loss, including but not limited to the very risks which resulted in the Delhi Incident.

### The Primary Commercial General Liability Policy

57. At all times material here, Denbury had in force a commercial general liability policy, No. 9242578-00 (the "CGL" policy) with effective dates of April 1, 2013 to April 1, 2014, which provides coverage to Denbury for certain first party and third party expenses subject to the terms and conditions of that CGL policy. A copy of the CGL policy is attached as Exhibit 4 and fully incorporated herein.

58. Denbury, relying on the guidance of Marsh USA, Inc., its risk management consultants and broker, purchased the CGL policy that was issued by Zurich American Insurance Company, and paid $407,811.00 in premiums.

Page 12 of 26

59. The CGL policy, under Coverage 1, provides coverage for "those sums that the insured becomes obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

60. The main body of the CGL policy contains an "absolute" pollution exclusion under ¶2(f); however, the "Time Element Pollution Liability Endorsement" ("CGL pollution endorsement") replaces the policy's ¶2(f) exclusion and provides coverage for "bodily injury" or "property damage" caused by a "pollution incident" that meets the following requirements:

    i.   The "pollution incident" must be neither expected nor intended from the standpoint of an insured;

    ii.  The "pollution incident" must have first commenced during the policy period;

    iii. The "pollution incident" must be discovered by the insured within [30 days] of commencement . . .

    iv.  The "pollution incident" must be reported to us in writing, within [90 days] from the date of commencement. . . and

    v.   Any "claim" because of "bodily injury" or "property damage" caused by a "pollution incident" must be reported to us in writing as soon as practicable, and in no event any later than three (3) years after the policy has expired. . .

61. The CGL pollution endorsement is subject to numerous exclusions, including an exclusion for a "pollution incident" arising out of a "well out of control," which is defined as "an uncontrolled and continuous flow of gas, oil or other substances from an oil or gas well."

62. Denbury's loss from the June 13, 2013 Delhi incident was caused by an uncontrolled and continuous flow of gas, oil and other substances from several of its "oil or gas

Certified Document Number: 67258530 - Page 19 of 32

Unofficial Copy Office of Chris Daniel District Clerk

well[s]." As a result, Zurich has denied coverage under the CGL policy. Denbury is not contesting that denial at this time.

Unofficial Copy Office of Chris Daniel District Clerk

## The Umbrella Policy

63. At all times material here, Denbury had in force a commercial umbrella liability policy, No. AUC 924673-00 (the "Umbrella" policy) with effective dates of April 1, 2013 to April 1, 2014 which, subject to its terms and conditions, provides to Denbury coverage in excess of and in addition to the CGL policy for certain first party and third party expenses. A copy of the umbrella policy is attached as Exhibit 5 and incorporated herein for all purposes.

64. Denbury, relying on the guidance of Marsh, purchased the umbrella policy and paid $600,000 in deposit premiums subject to additional premiums being paid following a post expiry audit.

65. The umbrella policy provides for two different types of coverage: Coverage A – excess follow form liability insurance, and Coverage B – umbrella liability insurance. Denbury is entitled to coverage under Coverage B for the Delhi Incident.

66. Coverage A provides excess coverage when the underlying CGL policy is exhausted; however, there is no coverage under A here, because the CGL underwriters have denied coverage and the well control policy is not listed or scheduled as an underlying policy to the umbrella policy.

67. Coverage B provides as follows:

Under Coverage B, we will pay on behalf of the insured those damages the insured becomes legally obligated to pay by reason of liability:

1. Imposed by law because of bodily injury, property damage, or personal and advertising injury; or

Page 14 of 26

2. Assumed under an insured contract because of bodily injury or property damage;

covered by this insurance but only if the injury damage or occurrence arises out of your business, takes place during the policy period of this policy and is caused by an occurrence happening anywhere. We will pay such damages in excess of the Retained Limit specified in Item 5. of the Declarations or the amount payable by other insurance, whichever is greater.

Coverage B does not apply to any loss, claim or suit for which insurance is afforded under underlying insurance or would have been afforded except for the exhaustion of the Limits of Insurance of underlying insurance.

68. Because Zurich claims coverage is excluded by the CGL policy and Denbury is not contesting that denial at this time, and the well control policy is not an underlying policy, any pollution losses incurred by Denbury as a result of the Delhi incident are recoverable under Coverage B of the umbrella policy subject to resolution of any "other insurance" issues.

69. "Property damage" is defined under the umbrella policy as:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the occurrence that caused it.

70. Exclusion C.6. in the main body of the umbrella policy is an "absolute" pollution exclusion, which is deleted and replaced by the "Blended Pollution Endorsement" form U-UMB-200-A CW. The Endorsement provides coverage for "bodily injury" and "property damage" subject to a $1,000,000 retained limit, for "any liability, damage, loss, cost or expense:"

c. Directly caused by any discharge, dispersal, seepage, migration, release or escape of pollutants that:

    (1) Is instantaneous and demonstrable as having first commenced at a specific time and day during the policy period of this policy;

    (2) Is accidental and neither expected nor intended from the standpoint of any insured;

    (3) Is first discovered by any insured within Thirty (30) days of its first commencement; and

    (4) Is reported to us by you no later than Ninety (90) days following the first discovery by any insured.

71. As of this filing, Denbury has incurred approximately $91.6 million in costs for cleanup and related property damage as a result of the Delhi incident, of which $76.4 million has already been paid by Denbury.

72. This incident was accidental and neither expected nor intended by Denbury.

73. On September 29, 2014, after payment by Denbury of the $1 million retained limit under Coverage B of the Umbrella Policy, Denbury submitted a final proof of loss to Zurich for payment under the Umbrella policy. A Copy of that proof of loss is attached as Exhibit 6 and fully incorporated herein.

74. On October 8, 2014, Denbury received from Zurich a $25 million payment exhausting the Umbrella policy limits.

**THE UPPER LAYER EXCESS POLICIES**

75. At all times material here, Denbury had in force a commercial excess liability policy issued by Defendant Ironshore Specialty Insurance Company, No. 000988602 (the "Ironshore" policy) with effective dates of April 1, 2013 to April 1, 2014. The Ironshore Policy provides $25 million follow-form coverage excess of Denbury's

Page 16 of 26

Umbrella policy limits for total cumulative limits of $51 million. A copy of the Ironshore policy is attached as Exhibit 7 and fully incorporated herein.

76. At all times material here, Denbury had in force a commercial excess liability policy issued by Defendant Alterra Excess & Surplus Insurance Company, No. MAX6XL0000443 (the "Alterra" policy) with effective dates of April 1, 2013 to April 1, 2014. The Alterra policy provides $25 million follow-form coverage excess of Ironshore's policy limits, up to a cumulative limit of $76 million. A copy of the Alterra policy is attached as Exhibit 9 and fully incorporated herein.

77. At all times material here, Denbury had in force a commercial excess liability policy issued by Defendant Axis Surplus Insurance Company, No. EAU766369/01/2013 (the "Axis" policy) with effective dates of April 1, 2013 to April 1, 2014. The Axis policy provides $25 million follow-form coverage excess of Alterra's policy limits, up to a cumulative limit of $101 million. A copy of the Axis policy is attached as Exhibit 9 and fully incorporated herein.

78. On October 14, 2014, Denbury submitted its proof of loss to Ironshore, Alterra, and Axis, and demanded payment of the full limit of liability of each of those Policies as indemnity for Denbury's covered pollution and contamination clean-up costs, and related third-party claims.

79. As of this filing, Ironshore, Alterra, or Axis policies (referred to collectively as the "Excess" policies) have either denied coverage for, or failed to pay, Denbury the amounts owed under the respective Excess policies.

## V. REQUEST FOR DECLARATORY JUDGMENT

80. Denbury re-alleges, re-avers, and incorporates each of the foregoing paragraphs into this section of its Demand.

81. Denbury has fulfilled all conditions precedent to coverage under the Excess policies, and requests a declaratory judgment that Underwriters must indemnify Denbury for all costs and expenses, not recoverable under the well control policy, and excess of the underlying policies that Denbury incurred in responding to the pollution resulting from Delhi incident.

## VI. BREACH OF CONTRACT – EXCESS POLICY

82. Denbury re-alleges, re-avers, and incorporates each of the foregoing paragraphs into this section of its Demand.

83. Pursuant to the terms and conditions of the umbrella policy, the Excess carriers have an obligation to indemnify Denbury for the costs it incurred as a result of pollution and related third-party claims caused by the Delhi incident up to the full Policy limits excess of the underlying policies.

84. Denbury is a proper party to sue for breach of contract.

85. Denbury has performed all of its contractual obligations under the Excess policies.

86. There are no applicable policy provisions, conditions or exclusions which preclude or limit the coverage available to Denbury for these costs, or which mitigate the Excess carriers' obligations to indemnify Denbury under the Excess policies. The Excess carriers' refusal to fully indemnify Denbury for the costs set forth above is a material breach of the Excess carriers' contractual obligations under the Excess policies.

Page 18 of 26

87. As a result of the Excess carriers' breach of their contractual obligations under the Excess policies, Denbury has been forced to incur extensive costs for property damage incurred in the Delhi Field, including pollution clean-up costs and costs to repair and replace the ANR pipelines and parish roads. Denbury continues to sustain damages as a result of Excess Carriers' wrongful refusal to fully indemnify it for the costs incurred to date.

## VII.   LATE PAYMENT OF CLAIMS

88. Denbury re-alleges, re-avers, and incorporates each of the foregoing paragraphs into this section of its Demand.

89. Excess carriers have both failed to timely notify Denbury of their respective claim rejections and/or to timely pay Denbury's claims under Texas Insurance Code Chapter 542.

90. In addition to its claim amounts, Denbury is entitled to eighteen percent (18%) per annum of the amount of the claims, as well as attorney fees as provided in Texas Insurance Code Chapter 542.

## VIII.   TEXAS INSURANCE CODE & UNFAIR OR DECEPTIVE TRADE PRACTICES

91.  Denbury re-alleges, re-avers, and incorporates each of the foregoing paragraphs into this section of its Demand.

92. Denbury is a person as defined by Texas Insurance Code § 541.002(2).

93. Excess carriers and Marsh are each persons as defined by Texas Insurance Code § 541.002(2).

94. Excess carriers and Marsh have misrepresented the terms and/or benefits of the well control, CGL, and umbrella policies in violation of Texas Insurance Code Chapter 541, including but not limited to § 541.051.

95. Excess carriers and Marsh have engaged in unfair or deceptive insurance practices that violated § 541.060, and these acts have caused actual damages to Denbury in an amount to be proven at trial.

96. If the Court finds no coverage under Excess policies, Denbury has a cause of action under the Texas Insurance Code, including for unfair or deceptive insurance practices, to the extent Excess carriers and/or Marsh misrepresented material policy provisions in the CGL, Umbrella, and Excess policies, as well as the benefits or advantages promised by the policies, including misrepresenting the scope and/or existence of coverage under these policies.

97. Excess carriers and Marsh engaged in unconscionable conduct by selling insurance policies with ambiguous and/or illusory coverage.

## IX. BAD FAITH

98. Denbury re-alleges, re-avers, and incorporates each of the foregoing paragraphs into this section of its Demand.

99. Excess carriers bound the Excess policies, which created insurance contracts between Denbury and each Excess carrier and established a duty of good faith and fair dealing.

100. Pursuant to the terms and conditions of the Excess policies, the Excess carriers are required to pay Denbury's claim for costs incurred responding to property damage from the Delhi incident.

101. The Excess carriers failed to reasonably investigate Denbury's claims for coverage under their respective policies before wrongfully denying coverage.

102. The Excess carriers knew or should have known that coverage of Denbury's claim under each policy is reasonably clear, but have still denied and/or delayed payment.

103. The Excess carriers have breached their duty of good faith and fair dealing because they failed to reasonably investigate Denbury's claim before denying coverage, and because they refused and continue to refuse to pay Denbury's valid claims.

104. There is no reasonable basis for the Excess carriers' refusals to pay Denbury's entire claim; the Excess carriers have failed and refused to perform an adequate investigation, and/or the Excess carriers have not fairly dealt in good faith with Denbury.

105. The Excess carriers' refusals to pay the recommended and valid claim are the direct and proximate cause of harm to Denbury, which has resulted in damages in an amount to be proven at trial.

106. Denbury has incurred damages as a result of the Excess carriers' bad faith, including but not limited to increased business expenses, loss of business opportunities, and other consequential economic damages to be proven at the trial of this matter.

## X. MARSH'S NEGLIGENCE, BREACH OF CONTRACT, & VIOLATION OF STATUTORY DUTIES

107. Denbury re-alleges, re-avers, and incorporates each of the foregoing paragraphs into this section of its Demand.

Page 21 of 26

108. Marsh, as Denbury's insurance broker and risk management consultant, owed a duty to use reasonable diligence in attempting to place the requested insurance and to inform Denbury if it was unable to do so.

109. Denbury reasonably relied on Marsh's promise to procure the requested insurance, which was selected by Denbury based on Marsh's expertise in placing comprehensive insurance coverage for oil and gas operators.

110. Denbury reasonably relied on Marsh's representation, to its detriment, that the insurance policies recommended, and ultimately placed by Marsh, insured Denbury against the risks that caused the losses incurred from the Delhi incident.

111. Denbury also relied on Marsh to review available policies and advise Denbury on the terms included in those policies. Upon reasonable information and belief, Marsh misrepresented to Denbury the terms included in the CGL, Umbrella, and Excess policies at issue here.

112. Marsh, while acting on behalf of Denbury in compiling its application for insurance, failed to explain the application or the terms of coverage being applied for.

113. Over Denbury's thirteen year relationship with Marsh, Denbury relied on Marsh to perform its risk management functions, including but not limited to negotiating with the insurers directly when both acquiring policies as well as handling claims that arose during the relevant policy period.

114. Marsh is liable to Denbury for its failure to procure the proper insurance policies with adequate coverage for Denbury's operations, including the Delhi incident. Marsh:

a. failed to properly procure insurance for Denbury;

Page 22 of 26

Certified Document Number: 67258530 - Page 29 of 32

b. failed to act as a reasonable and prudent broker would have under the same or similar circumstances;

c. failed to ensure that Denbury would have proper insurance coverage afforded for a pollution liability loss arising out of its operations;

d. allowed the policy coverage requested by Denbury, and which Denbury intended to cover losses arising out of an incident such as the Delhi Incident, to differ from those proposed and explained to Denbury during the renewal discussions without advising Denbury;

e. failed to disclose that the CGL, Umbrella, and Excess policies may not include coverage for Denbury's operations in the Delhi field;

f. failed to properly explain the terms and conditions of the CGL, Umbrella, and Excess insurance policies;

g. failed to provide the standard of care required of an insurance broker and risk management consultant under the terms of the Agreements and applicable law;

h. failed to advise, explain, or disclose the coverages within the CGL, Umbrella, and Excess policies;

i. failed to provide insurance coverage for Denbury's operations;

j. failed to investigate and understand the operations and insurance needs of Denbury;

k. failed to fully and accurately fill out the insurance application and convey to the insurers the necessary information to protect the needs of Denbury;

l. failed to maintain information provided to Denbury in such a way as to be able to use that information to accurately present Denbury to insurers in soliciting coverage;

m. failed to use information in their possession to select proper insurance for Denbury;

n. failing to know or understand that certain provision(s) of the CGL, Umbrella, and/or Excess policies excluded coverage for Denbury's operations, and failing to disclose to Denbury the impact of those provisions as a reasonable and prudent insurance broker and risk management consultant would have; and

o. failing to disclose to Denbury that it believed coverage under the CGL, Umbrella, and/or Excess policies to be ambiguous or illusory.

115. Marsh is liable to Denbury for breach of the risk management Agreements.

116. Marsh is liable to Denbury for breach of the fiduciary duty created by the confidential relationship between Denbury and Marsh in which Denbury was guided by the judgment and advice of Marsh, and Denbury was justified in placing confidence in the belief that Marsh would act in Denbury's best interest.

## XI. ATTORNEYS' FEES

117. Denbury re-alleges, re-avers, and incorporates each of the foregoing paragraphs into this section of its Demand.

118. In addition to the damages set forth above, Denbury seeks from Excess carriers and Marsh recovery of all costs and attorneys' fees incurred in the defense of this action and the prosecution of this Demand pursuant to relevant Texas statutes.

## XII. PRAYER

WHEREFORE, Denbury demands a trial by jury and requests that the Court render judgment as follows:

1. That pursuant to the insuring conditions of the Excess policies, the Court declare that Defendants have an obligation to indemnify Denbury for its costs incurred in property damage as a result of the Delhi incident covered under the Excess policies.

2. That Excess Carriers breached their duties to indemnify Denbury under the Excess policies' terms for costs incurred in property damage as a result of the Delhi incident covered under the Excess policies.

3. That the Court award Denbury all actual and proximate damages by Excess carriers' bad faith breach of the Excess policies, and all statutory penalties consistent with Texas law.

4. That Excess Carriers have failed to timely investigate and pay the claims under Texas Insurance Code Chapter 542.

5. That Marsh breached its fiduciary duty to Denbury, breached the risk management Agreements, and negligently performed its insurance brokerage and risk management duties owed to Denbury.

6. That Excess Carriers and Marsh have engaged in unfair or deceptive trade practices under Texas Insurance Code Chapter 541.

7. That the Court award Denbury its costs and attorneys' fees incurred in the prosecution of this Demand.

8. That the Court grant to Denbury any and all other relief, at law or in equity, to which it is entitled.

Page 25 of 26

Certified Document Number: 67258530 - Page 31 of 32

Unofficial Copy Office of Chris Daniel District Clerk

Respectfully submitted,

Philip D. Nizialek, T.A. (# 15045250)
Sarah E. Stogner (#24091139)
Jacqueline M. Brettner (pending *pro hac vice*)
Carver, Darden, Koretzky, Tessier,
 Finn, Blossman & Areaux, LLC
1100 Poydras St., Ste. 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Facsimile: (504) 585-3801
Email: NIZIALEK@CARVERDARDEN.COM
       STOGNER@CARVERDARDEN.COM
       BRETTNER@CARVERDARDEN.COM

Attorneys for Denbury Resources Inc. and
Denbury Onshore, LLC

<u>PLEASE WITHHOLD SERVICE AT THIS TIME</u>

4830-3378-4095, v. 1-0757-9934, v. 2

Page 26 of 26



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 22, 2015

Certified Document Number:       67258530

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2015-09546

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| VS. | § § | 157th JUDICIAL DISTRICT |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, and MARSH USA INC. | § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants* | § § | |

### IRONSHORE SPECIALTY INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO PLAINTIFFS' NOTICE OF ORAL AND VIDEOTAPED DEPOSITION AND REQUEST FOR DOCUMENTS OF SANFORD OSTER AS THE DESIGNATED CORPORATE REPRESENTATIVE(S) OF <u>IRONSHORE SPECIALTY INSURANCE COMPANY</u>

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Defendant, Ironshore Specialty Insurance Company (hereinafter "Defendant" or "Ironshore"), appearing by and through the assistance of undersigned counsel of record, and files this Motion for Protective Order and Objections to Plaintiffs' Notice of Oral and Videotaped Deposition and Request for Documents of Sanford Oster as the Designated Corporate Representative(s) of Ironshore Specialty Insurance Company and in support thereof will show unto the Court the following:

I.

This is an insurance coverage dispute arising out of a well blowout that occurred in northeastern Louisiana on or about June 13, 2013. In their current live pleading, Plaintiffs Denbury Resources Inc. and Denbury Onshore, LLC (hereinafter "Plaintiffs" or "Denbury") assert they selected umbrella insurance policies, based on insurance broker Marsh USA, Inc.'s



**EXHIBIT**

**5**

Certified Document Number: 67258531 - Page 1 of 35

recommendations, to cover such losses as those Denbury experienced as a result of the well blowout in northeastern Louisiana, known as the Delhi Incident. Plaintiffs seek a declaratory judgment that Ironshore, Alterra Excess & Surplus Insurance Company, and AXIS Surplus Insurance Company must indemnify Denbury for costs and expenses, not recoverable under the well control policy, and in excess of the underlying policies that Denbury incurred in responding to the pollution resulting from the Delhi Incident. Plaintiffs also assert claims for breach of contract, Texas Insurance Code violations and bad faith.

On September 2, 2015, Plaintiffs noticed the oral and videotaped deposition of the corporate representative of Ironshore, previously identified Sanford Oster, for the agreed upon date and time of October 20, 2015 at 9:00 a.m. at the law offices of Pillsbury Winthrop Shaw Pittman, LLP, 1540 Broadway Avenue, New York, New York 10036. A copy of the Notice of Oral and Videotaped Deposition and Request for Documents of Sanford Oster as the Designated Corporate Representative(s) of Ironshore Specialty Insurance Company is attached hereto as Exhibit "A".

The parties have agreed to a date, time and location; however, the parties are unable to agree to the scope of the deposition. Counsel for Ironshore and Denbury have in good faith attempted to resolve this matter by correspondence as well as personal discussions, but are unable to resolve all of the issues. Ironshore's counsel presented Denbury's counsel with draft objections to certain examination topics out of the 110 served topics on September 10, 2015, and counsel held a telephonic conference on September 15, 2015 in an attempt to resolve specific issues and objections to certain topics. Ironshore now files this Motion for Protective Order and Objections regarding those examination topics that could not be resolved.

2

Certified Document Number: 67258531 - Page 2 of 35

Ironshore objects to Examination Topic Numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 21, 22, 23, 24, 25, 26, 27, 28, 29, 34, 36, 37, 38, 39, 40, 41, 43, 61, 74, 77, 78, 81, 82, 83, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, and 110 listed in Denbury's deposition notice attached hereto as Exhibit "A" on the following grounds:

1.    Denbury.

   **RESPONSE**: Ironshore objects to this topic on the grounds that it is overbroad and not limited in scope to the issues made the basis of this lawsuit. Ironshore further objects pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as the topic does not describe with reasonable particularity the matter on which examination is requested.

2.    Denbury's operations.

   **RESPONSE**: Ironshore objects to this topic on the grounds that it is overbroad and not limited in scope to the issues made the basis of this lawsuit. Ironshore further objects pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as the topic does not describe with reasonable particularity the matter on which examination is requested.

3.    The risks presented by Denbury's operations.

   **RESPONSE**: Ironshore objects to this topic on the grounds that it is overbroad and not limited in scope to the issues made the basis of this lawsuit. Ironshore further objects pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as the topic does not describe with reasonable particularity the matter on which examination is requested.

4.    The Delhi Incident.

   **RESPONSE**: Ironshore objects to this topic pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested.

5.    The Policies.

   **RESPONSE**: Ironshore objects to this topic pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested.

3

6.   Reserves under the Policies.

RESPONSE:   Ironshore objects to this topic on the grounds that it seeks information that is not relevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.   Further, the topic is overbroad and, pursuant to Rule 199.2 of the Texas Rules of Civil Procedure, it does not describe with reasonable particularity the matter on which examination is requested.

7.   The Blended Pollution Endorsement.

RESPONSE:  Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested.

8.   The case *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010).

RESPONSE: Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law.

9.   The case *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013).

RESPONSE: Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law.

10.   The case *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014).

RESPONSE: Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law.

11.   Ironshore's application of the *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010) decision to its liability policies.

RESPONSE: Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law and its application to policies not at issue in the present lawsuit.  Therefore, this topics is not relevant to the subject matter at hand.

12.   Ironshore's application of the *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013) decision to its liability policies.

RESPONSE: Ironshore objects to this topic on the grounds that it is overly broad

4

and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law and its application to policies not at issue in the present lawsuit. Therefore, this topic is not relevant to the subject matter at hand.

13. Ironshore's application of the *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) decision to its liability policies.

RESPONSE: Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law and its application to policies not at issue in the present lawsuit. Therefore, this topic is not relevant to the subject matter at hand.

14. Ironshore's relationship with Denbury's Insurers.

RESPONSE: Ironshore objects to this topic pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the joint defense privilege.

15. Ironshore's Communications with Denbury's Insurers.

RESPONSE: Ironshore objects because this examination topic seeks information that is protected by the joint defense privilege.

21. All Documents exchanged between Ironshore and any Person related to Denbury.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

22. All Documents exchanged between Ironshore and any Person related to Denbury's Claim.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

23. All Documents exchanged between Ironshore and any Person related to the Delhi Incident.

5

Certified Document Number: 67258531 - Page 6 of 35

RESPONSE: Ironshore objects to this topic pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

24.    All Documents exchanged between Ironshore and any Person related to the Policies.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

25.    All Documents exchanged between Ironshore and any Person related to the Litigation.

RESPONSE: Ironshore objects to this topic pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

26.    Ironshore's Underwriting.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as the topic does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects that this examination topic is not limited to the coverage issues in this lawsuit particular to Denbury's claims for coverage under the Ironshore policy at issue and therefore seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

27.    Ironshore's Underwriting of Denbury.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects that this examination topic is not limited to the coverage issues in this lawsuit particular to Denbury's claims for coverage under the Ironshore policy at issue and therefore seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

28.    Ironshore's Underwriting for the Energy Market.

Certified Document Number: 67258531 - Page 7 of 35

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects that this examination topic is not limited to the coverage issues in this lawsuit particular to Denbury's claims for coverage under the Ironshore policy at issue and therefore seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

29. Ironshore's Underwriting of the Ironshore Policy forms.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects that this examination topic is not limited to the coverage issues in this lawsuit particular to Denbury's claims for coverage under the Ironshore policy at issue and therefore seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

34. Ironshore's Adjustment of Claims under its liability policies.

RESPONSE: Ironshore objects that this examination topic is not limited to the coverage issues in this lawsuit particular to Denbury's claims for coverage under the Ironshore policy at issue and therefore seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

36. Ironshore's review of any Submission for the Policies.

RESPONSE: Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

37. Ironshore's Reinsurance of Energy Market risks.

RESPONSE: Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

38. Ironshore's Reinsurance of the Ironshore Policy.

RESPONSE: Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

39. Ironshore's selection of Claims Adjusters.

7

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

40. Ironshore's training of Claims Adjusters.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

41. Ironshore's selection of Claims Adjusters for Denbury's Claim.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

43. FARA.

**RESPONSE:** Ironshore objects to this topic on the grounds that it is overbroad and not limited in scope to the issues made the basis of this lawsuit. Ironshore further objects pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as the topic does not describe with reasonable particularity the matter on which examination is requested.

61. Ironshore's Adjustment of On-Lease costs claimed by other Energy Market policyholders against Other Liability Policies.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

74. All Documents Denbury produced in support of Denbury's Claim.

**RESPONSE:** Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested.

77. Ironshore's Communications with any Person regarding Denbury's Claim.

**RESPONSE:** Ironshore objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege.

78. Ironshore's Communications with any Person regarding the Delhi Incident.

8

Certified Document Number: 67258531 - Page 9 of 35

**RESPONSE:** Ironshore objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege.

81.    Ironshore's Reserves for Denbury's Claim.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

82.    Ironshore's marketing of the Ironshore Policy forms to the Energy Market.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

83.    Ironshore's documentation of Claims.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

86.    Ironshore's reporting of complaints under Tex. Ins. Code Sec. 542.006 *et seq.* over the last five years.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

87.    Ironshore's compliance with Texas Ins. Code Sec. 542.005 – 542.012 over the last five years.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

88.    All complaints filed against Ironshore under Texas Ins. Code Sec. 542.005 over the last five years.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

9

89.   All petitions filed against Ironshore in any Texas state or federal court by an Energy Market policyholder within the last five years.

RESPONSE: Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

90.   All petitions filed by Ironshore in any Texas state or federal court against an Energy Market policyholder within the last five years.

RESPONSE: Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

91.   All petitions filed against Ironshore in any Louisiana state or federal court by an Energy Market policyholder within the last five years.

RESPONSE: Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

92.   All petitions filed by Ironshore in any Louisiana state or federal court against an Energy Market policyholder within the last five years.

RESPONSE: Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

93.   Denbury's payments of premium to Ironshore.

RESPONSE: Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

94.   Ironshore's premium invoices to Denbury.

RESPONSE: Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

10

95.     Ironshore's payments to any Person related to the Policies.

RESPONSE: Ironshore objects to this topic on the grounds that it concerns matters irrelevant to the subject matter of the pending action and seeks testimony that is not reasonably calculated to lead to the discovery of admissible evidence. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client privilege.

96.     Any agreements between Ironshore and any Person related to Denbury's Claim.

RESPONSE: Ironshore objects to this topic on the grounds that it concerns matters irrelevant to the subject matter of the pending action and seeks testimony that is not reasonably calculated to lead to the discovery of admissible evidence. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege.

97.     Any agreements between Ironshore and any Person related to the Litigation.

RESPONSE: Ironshore objects to this topic on the grounds that it concerns matters irrelevant to the subject matter of the pending action and seeks testimony that is not reasonably calculated to lead to the discovery of admissible evidence. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege.

98.     Any agreements between Ironshore and any Person related to the Delhi Incident.

RESPONSE: Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege.

99.     Any insurance policy that may defend or indemnify Ironshore in the Litgation.

RESPONSE: Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant will provide a witness to testify as to this topic.

110.    All Documents responsive to each and every written discovery request Denbury has served on Ironshore in this Litigation.

RESPONSE: Ironshore objects to the extent this topics seeks testimony as to documents that have been objected to and not produced in response to written discovery requests from Denbury.

11

Ironshore also objects to the following Examination Topics as redundant and constituting harassment:

85. Ironshore's obligations as an Insurer under Texas law.
101. Ironshore's performance of its obligations as an insurer under Texas law.
102. Ironshore's performance of its obligations to Denbury.

*See* Ex. A, p. 16-17. These topics are repetitive and should be combined and/or withdrawn.

Ironshore further objects to Request for Documents No. 4. contained within Denbury's deposition notice: "All Documents responsive to Denbury's First and Second Sets of Requests for Production served on May 18, 2015 and August 5, 2015." *See* Ex. A, p. 12. Ironshore objects to the production of any document that was objected to and not produced in response to a request for production of documents. Ironshore served its Responses and Objections to Denbury's First Set of Requests for Production on July 17, 2015 and to Denbury's Second Set of Requests for Production on September 4, 2015. Accordingly, this request for documents is duplicative and harassing.

### III.

Under Texas Rules of Civil Procedure 192.6(b), the Court can issue a protective order in the interest of justice "to protect the movant from undue burden, harassment, [and] annoyance."[1] If necessary, the Court can order that "the requested discovery not be sought."[2] Rule 176.7 also requires the Court to protect Ironshore's corporate representative from any undue burden or hardship that its proposed deposition would cause.[3] The Court may prohibit the party seeking

---

[1] Tex. R. Civ. P. 192.6(b).
[2] Tex. R. Civ. P. 192.6(b)(1).
[3] Tex. R. Civ. P. 176.7.

12

discovery from proceeding with the request, limit the extent or subject of the request, or otherwise set the terms and conditions under which the party may proceed.[4]

Plaintiffs' deposition notice includes 110 topics that range from Denbury's operations to Ironshore's underwriting and claims adjusting of other insurance policies and claims wholly unrelated to the present lawsuit. As identified above, certain areas of Plaintiffs' inquiry are objectionable for several reasons. Ironshore objects to the above noted examination topics and moves that the Court strike the objectionable topics from the notice.

WHEREFORE, PREMISES CONSIDERED, Defendant, Ironshore Specialty Insurance Company prays that this Motion for Protective Order and Objections to Plaintiffs' Notice of Oral and Videotaped Deposition and Request for Documents of Sanford Oster as the Designated Corporate Representative(s) of Ironshore Specialty Insurance Company in all things be granted, that Ironshore's objections to Plaintiffs' proposed Examination Topics be sustained, that Plaintiffs be ordered to not inquire into these subject matters, and Defendant requests all other relief to which it may be entitled.

Respectfully submitted,

**BROWN SIMS, P.C.**

By: /s/ *James D. Johnson*
Mark C. Clemer
Texas Bar No. 04372300
James D. "J.D." Johnson
Texas Bar No. 24085918
Michelle Richard
Texas Bar No. 24093037
Tenth Floor
1177 West Loop South

---

[4] Tex. R. Civ. P. 192.6(b).

13

Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
mclemer@brownsims.com
jjohnson@brownsims.com
mrichard@brownsims.com

and

Randell E. Treadaway (admitted *pro hac vice*)
LA Bar No. 01624
Brad D. Ferrand (admitted *pro hac vice*)
LA Bar No. 29860
ZAUNBRECHER TREADAWAY, L.L.C.
406 N. Florida Street, Suite 2
Covington, Louisiana 70433-2907
Telephone: (985) 871-8787
Telefax: (985) 871-8788
randy@ztlalaw.com
brad@ztlalaw.com
**COUNSEL FOR DEFENDANT IRONSHORE**
**SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF CONFERENCE

This will certify that counsel for Ironshore and counsel for Denbury have discussed, by telephone, limiting the topics for this deposition. To date, no agreement has been reached on all of the aforementioned issues, so the matter is presented to the Court.

*/s/ James D. Johnson*
James D. "J.D." Johnson

14

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing pleading has been sent to all counsel of record via U.S. regular mail and/or e-mail on this the 18th day of September 2015:

Phillip D. Nizialek, T.A.
Sarah E. Stogner
Jacqueline M. Brettner
CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras St., Ste. 3100
New Orleans, LA 70163
Phone: (504) 585-3800
Fax: (504) 585-3801
nizialek@carverdarden.com
stogner@carverdarden.com
brettner@carverdarden.com
*Counsel for Plaintiffs*

Michael S. Knippen
David Rock
James M. Eastham
TRAUB, LIEBERMAN, STRAUS & SHREWSBERRY, LLP
303 W. Madison, Suite 1200
Chicago, Illinois 60606
Phone: (312) 332-3900
Fax: (312) 332-3908
mknippen@traublieberman.com
drock@traublieberman.com
jeastham@traublieberman.com
*Counsel for Defendant Axis Surplus Insurance Company*

C. Henry Kollenberg
Melinda M. Riseden
CRAIN, CATON & JAMES, P.C.
1401 McKinney Street
17th Floor, Five Houston Center
Houston, Texas 77010
Phone: (713) 658-2323
Fax: (713) 658-1921
hkollenberg@craincaton.com
mriseden@craincaton.com
*Counsel for Defendant Marsh USA, Inc.*

15

Marc J. Wojciechowski
WOJCIECHOWSKI & ASSOCIATES, P.C.
1747 Kuykendahl Road, Suite 200
Spring, Texas 77379
Phone: (281) 999-7774
Fax: (281) 999-1953
marc@wojolaw.com
          and
Michael D. Mulvaney
Christopher C. Frost
Josh B. Baker
MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
Fax: (205) 254-1999
mmulvaney@maynardcooper.com
cfrost@maynardcooper.com
jbaker@maynardcooper.com
*Counsel for Defendant Alterra Excess & Surplus Insurance Company*

*/s/ James D. Johnson*
James D. "J.D." Johnson

16

CAUSE NO. 2015-09546

| | |
|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | IN THE DISTRICT COURT |
| Plaintiffs, | |
| v. | HARRIS COUNTY, TEXAS |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, AND MARSH USA INC. | 157th JUDICIAL DISTRICT |
| Defendants | |

NOTICE OF ORAL AND VIDEOTAPED DEPOSITION AND REQUEST FOR DOCUMENTS OF SANFORD OSTER AS THE DESIGNATED CORPORATE REPRESENTATIVE(S) OF IRONSHORE SPECIALTY INSURANCE COMPANY

TO:    Ironshore Specialty Insurance Company
       through its attorneys of record,
       Mark C. Clemer
       James D. Johnson
       Brown Sims, P.C.
       1177 West Loop South
       Tenth Floor
       Houston, Texas 77027
-And-
       Randell E. Treadaway
       Brad D. Ferrand
       Michelle O'Daniels
       Zaunbrecher Treadaway, LLC
       406 N. Florida Street, Suite 2
       Covington, Louisiana 70443

I.

PLEASE TAKE NOTICE that, pursuant to Texas Rule of Civil Procedure 199.2(b)(1) and



Certified Document Number: 67258531 - Page 17 of 35

199.2(b)(5), Denbury Resources Inc. and Denbury Onshore, LLC, will take the oral and videotaped deposition of the Mr. Sanford Oster as the designated Corporate Representative of Ironshore Specialty Insurance Company ("Ironshore"), on October 20, 2015, commencing at 9:00 a.m. at the law offices of Pillsbury Winthrop Shaw Pittman, LLP, 1540 Broadway Avenue, New York, New York 10036, by agreement of the parties.

II.

Ironshore's designee(s) is further directed to produce responsive documents to the requests listed in *Exhibit "A"* within thirty (30) days of service of this notice.

III.

The deposition will continue from day to day until completed.

IV.

The deposition will be recorded stenographically and on videotape. The stenographic and video recordings will be conducted by Kay E. Donelly & Associates.

Respectfully submitted,

PHILIP D. NIZIALEK, T.A. (#15045250)
SARAH E. STOGNER (#24091139)
JACQUELINE M. BRETTNER (*pro hac vice*)
Carver, Darden, Koretzky, Tessier, Finn,
Blossman, & Areaux, L.L.C.
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3800
Facsimile: (504) 585-3801
Email: nizialek@carverdarden.com
        stogner@carverdarden.com
        brettner@carverdarden.com
*Counsel for Plaintiffs*

Page 2 of 18

Certified Document Number: 67258531 - Page 19 of 35

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Denbury's Notice of Oral and Videotaped Deposition of Corporate Representative(s) of Ironshore Specialty Insurance Company has been served on the following:

Mr. Randell E. Treadaway
Ms. Michelle O'Daniels
Mr. Brad D. Ferrand
*Zaunbrecher Treadaway, LLC*
406 N. Florida Street, Suite 2
Covington, LA 70433
randy@ztlalaw.com
modlegal@gmail.com
brad@ztlalaw.com

Mr. Christopher C. Frost
Mr. Michael Mulvaney
Mr. Joshua B. Baker
*Maynard, Cooper, Gale*
1901 Sixth Avenue, Suite 2400
Birmingham, AL 35203
cfrost@maynardcooper.com
mmulvaney@mayndardcooper.com
jbaker@maynardcooper.com

Mr. Michael Knippen
Mr. David Rock
Mr. James M. Eastham
*Traub Lieberman Straus & Shrewsberry, LLP*
303 West Madison St., Ste. 1200
Chicago, IL 60606
mknippen@traublieberman.com
jeastham@traublieberman.com
drock@traublieberman.com

Mr. Mark C. Clemer
Mr. James Johnson
*Brown Sims*
1177 West Loop South, 10th Floor
Houston, Texas 77027
mclemer@brownsims.com
jjohnson@brownsims.com

Ms. Mindy Riseden
Mr. Henry Kollenberg
*Crain, Caton & James*
Five Houston Center
1401 McKinney Street, Suite 1700
Houston, TX 77010
mriseden@craincaton.com
hkollenberg@craincaton.com

Mr. Marc J. Wojciechowski
*Wojciechowski & Associates, PC*
17447 Kuykendahl Rd. Ste. 200
Spring, Texas 77379
marc@wojolaw.com

via U.S. Mail and/or electronic service on September 2, 2015 at or before 5:00 p.m., and the electronic transmission was reported as complete.

PHILIP D. NIZIALEK

## EXHIBIT "A"

I. Instructions

1.    You are requested to produce all documents electronically. Pursuant to Rule 196.4, You are requested to produce electronic data responsive to these Requests in tiff or pdf searchable format, including e-mail.

2.    Answer each request for documents separately by listing the documents and including in each response information that identifies the document and its bates number.

3.    For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a.    When identifying the document, you must state the following:

        i.    The nature of the document (e.g. letter, handwritten note).

        ii.    The title or heading that appears on the document.

        iii.    The date of the document and the date of each addendum, supplement, or other addition or change.

        iv.    The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    b.    When identifying the Person, you must state the following:

        i.    The full name.

Certified Document Number: 67258531 - Page 20 of 35

Certified Document Number: 67258531 - Page 21 of 35

ii.     The present or last known residential address and telephone number.

iii.    The present or last known office address and telephone number.

iv.     The present occupation, job title, employer, and employer's address.

4.   If You claim all or part of any responsive document or communication is privileged, then You are requested to provide the appropriate information regarding such assertion of privilege, as set forth in Tex. R. Civ. P. § 193.3.

## II. Definitions

a.   "Ironshore," "You" and "Your", as used herein, shall refer to Ironshore Specialty Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

b.   "Marsh" shall refer to Marsh USA, Inc. and shall include, without limitation, any and all of its parents, subsidiaries, employees, agents, broker, and attorneys.

c.   "Zurich" shall refer to Zurich American Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

d.   "AGLIC" shall refer to American Guarantee & Liability Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

e.   "Alterra" shall refer to Alterra Excess & Surplus Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

f.     "Axis" shall refer to Axis Surplus Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

g.     "Denbury" shall refer to Denbury Resources Inc. and Denbury Onshore, LLC, or any other Denbury entity for which Marsh procured insurance.

h.     "FARA" shall refer to FARA Insurance Services, and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

i.     "CGL Policy" shall refer to the commercial general liability policy number 9242578-00, issued to Denbury by Zurich American Insurance Company, with the effective dates of April 1, 2013 to April 1, 2014.

j.     "Umbrella Policy" shall refer to policy number AUC 924673-00, issued to Denbury by AGLIC, with effective dates of April 1, 2013 to April 1, 2014.

k.     "Ironshore Policy" shall refer to policy number 000988602, issued to Denbury by Ironshore, with the effective dates of April 1, 2013 to April 1, 2014.

l.     "Alterra Policy" shall refer to policy number MAX6XL0000443, issued to Denbury Alterra, with the effective dates of April 1, 2013 to April 1, 2014.

m.     "Axis Policy" shall refer to policy number EAU766369/01/2013, issued to Denbury by Axis, with the effective dates of April 1, 2013 to April 1, 2014.

n.     "Policies" shall collectively refer to the CGL Policy, the Umbrella Policy, the Ironshore Policy, the Alterra Policy and the Axis Policy, as defined above, and shall include any and all policy registers, policy logs, schedules, forms, and endorsements.

Certified Document Number: 67258531 - Page 22 of 35

o.     "Other Insurance" shall mean any other insurance policy issued to Denbury other than the Policies.

p.     ."Litigation" shall mean *Denbury Resources Inc. et al v. Ironshore Specialty Ins. Co., et al.* Case No. 2015-09546 currently pending in the 157th Judicial District Court in Harris County, Texas.

q.     "Delhi Incident" shall mean the control of well and pollution incident commencing on or about June 13, 2013 in the Delhi Field Unit located in the state of Louisiana.

r.     "Denbury's Claim" shall mean all insurance claims, notices, demands for defense, indemnity, or any other claim for insurance coverage related to the Delhi Incident.

s.     "Blended Pollution Endorsement" shall refer to endorsements bearing the form number U-UMB-200-A CW (7/99) and/or form number U-EXS-200-A-CW (4/99) that were included in and made a part of the Umbrella Policy.

t.     "Insurers" shall collectively refer to Zurich American Insurance Company, American Guarantee & Liability Insurance Company, Ironshore Specialty Insurance Company, Alterra Excess & Surplus Insurance Company, and Axis Surplus Insurance Company.

u.     "Underwriting" or "Underwrites" shall mean the process of determining the acceptability of a particular submission for insurance through evaluation and analysis of the nature and extent of the risk presented, and of determining the amount, price, and conditions under which the submission is acceptable. Underwriting and Underwrites shall further mean the process of drafting an insurance policy to cover the accepted submission.

v.     "Submission" shall mean a proposal for insurance, including but not limited to an application, submitted for Underwriting.

w. "Adjusting" or "Adjust" or "Adjustment" shall mean administration, handling, evaluation, analysis, investigation, review, quantification, interpretation, verification, expert consultation, negotiation, or assessment of coverage, damages, quantum, exclusions, warranties, or conditions related to any Claim by any Person, including but not limited to third party administrators.

x. "On-Lease" shall refer to any surface location covered by a mineral lease where an Energy Market policyholder is a lessee.

y. "Claim" shall mean demand to recover, under a policy of insurance, for loss that may come within the coverage provided by that policy, including but not limited to demands for defense, demands for indemnity, or any other request for insurance coverage under any insurance policy. "Claim" shall also refer to the meaning of "claim" contemplated by Texas Insurance Code § 542.051.

z. "Claims Adjuster" shall mean any Person who performs Adjusting of a Claim, and includes Your employees and the employees of any third parties performing Adjusting of a Claim for You .

aa. "Reserve" shall mean an estimate of the value of a Claim or group of Claims not yet paid, including but not limited to an estimate of the amount for which a particular Claim will ultimately be settled or adjudicated.

bb. "Reinsurance" shall mean a transaction in which one party, the "reinsurer," in consideration of a premium paid to it, agrees to indemnify another party, the "reinsured," for part or all of the liability assumed by the reinsured under a policy of insurance that it has issued.

cc. "Energy Market" shall mean Your policyholders or potential policyholders engaged in oil, gas, and petroleum exploration and production operations.

Certified Document Number: 67258531 - Page 24 of 35

dd.   "Good Faith and Fair Dealing" shall mean the duties imposed by Texas Insurance Code Chapters 541 and 542.

ee.   "Original Proof of Loss" shall refer to Denbury's October 14, 2014 correspondence addressed to Ironshore's attorney, Randell E. Treadaway, and all accompanying attachments thereto including Denbury's Sworn Proof of Loss to AGLIC executed September 29, 2014, Zurich's October 6, 2014 correspondence to Denbury tendering payment of its $25 million policy limits, and Denbury's Sworn Proof of Loss to Ironshore executed October 14, 2014.

ff.   "Roberts Litigation" shall refer to the lawsuit captioned *Sunflower Cemetery, Inc., et al. v. Denbury Onshore, LLC, et al.*, identified with Civil Action No. 43629A, pending in the 5th Judicial District Court for the Parish of Franklin, Louisiana.

gg.   "Voluntary Payment Clause" shall refer to the provision in Ironshore's Policy that states "The Insured shall not, except at its own expense, settle any claim or suit or incur any defense costs for any an amount to which this Policy applies without the Insurer's written consent."

hh.   "Updated Proof of Loss" shall refer to Denbury's February 27, 2015 correspondence addressed to Ironshore's attorney, Randell E. Treadaway, and all accompanying attachments thereto including Denbury's updated Sworn Proof of Loss to Ironshore executed February 27, 2015.

ii.   "Owned, Rented, or Occupied Exclusion" shall refer to the provision within the Blended Pollution Endorsement of the Umbrella Policy stating "Clean up, removal, containment, treatment, detoxification or neutralization of "pollutants" existing at, or under or within the boundaries of any premises, site or location owned, rented or occupied by any insured."

Certified Document Number: 67258531 - Page 25 of 35

jj. "ANR" shall refer to ANR Pipeline Company, and shall include, without limitation, any and all of its parents, subsidiaries, employees, agents and attorneys.

kk. "ANR Initial Costs Settlement" shall refer to the Agreement between ANR and Denbury dated December 11, 2013 and identified as DRI-SD-5525-5534.

ll. "ANR Cut and Cap Settlement" shall refer to the Agreement between ANR and Denbury dated September 25, 2013 and identified as DRI-SD-5535-5545.

mm. "ANR Tariff Settlement" shall refer to shall refer to the Agreement between ANR and Denbury dated February 9, 2015 and identified as DRI-SD-5717-5726.

nn. "Loutre Land Settlement" shall refer to the Agreement between Loutre Land and Timber Company and Denbury dated June 3, 2014 and identified as DRI-SD-5593-5612.

oo. "Impacted Areas" shall refer to any premises, site or location with any discharge, dispersal, seepage, migration, release or escape of any man-made or naturally occurring solid, liquid, gaseous or thermal irritant or contaminant, including but not limited to: smoke; vapor; soot; fumes; acids; alkalis; chemicals; and waste.

pp. "Communications" shall mean the transmission, sending, and/or receipt of information of any kind by and/or through any means, whether face-to-face or otherwise, including, but not limited to, speech, writings, language (machine, foreign, or otherwise), or recording.

qq. "Document" means all written, typed, or printed matter and all electronic, magnetic, digital, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you. "Document" includes, but is not limited to, the

following: Communications, policies, schedules, calendars, spreadsheets, letters, reports, charts, diagrams, correspondence, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, intraoffice communications, e-mail, voicemail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, recordings, computer printouts, drafts, résumés, logs, and worksheets.

rr. "Electronic" or "magnetic" data means electronic or digital information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, thumb drive), microfiche, or punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

Certified Document Number: 67258531 - Page 28 of 35

ss.    "E-mail" or "Electronic Mail" shall mean any method of electronic messaging, including any text message and instant-messaging method or service.

tt.    The term "each" includes the word "every" and "every" includes the word "each."

uu.    The term "and" includes the word "or" and "or" includes the word "and."

vv.    The term "including" shall be construed as broadly as possible and shall mean "without limitation."

ww.    "Person" shall mean any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, governmental agency, or any other organization, business, or legal entity, and all predecessors or successors in interest.

xx.    The phrase "related to or discussing," as used herein, shall mean all information and all facts and/or Documents that directly, indirectly or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which a request is being made.

## DOCUMENTS

1.    A copy of deponent's current résumé or curriculum vitae;

2.    A copy of deponent's current driver's license or government-issued photo identification;

3.    A copy of each and every document reviewed in preparation for Your testimony at the scheduled deposition; and

4.    All Documents responsive to Denbury's First and Second Sets of Requests for Production served on May 18, 2015 and August 5, 2015; and

5.    All Documents responsive to the Examination Topics listed below.

## EXAMINATION TOPICS

1.    Denbury.

2.    Denbury's operations.

3. The risks presented by Denbury's operations.

4. The Delhi Incident.

5. The Policies.

6. Reserves under the Policies.

7. The Blended Pollution Endorsement.

8. The case *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010).

9. The case *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013).

10. The case *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014).

11. Ironshore's application of the *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010) decision to its liability policies.

12. Ironshore's application of the *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013) decision to its liability policies.

13. Ironshore's application of the *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) decision to its liability policies.

14. Ironshore's relationship with Denbury's Insurers.

15. Ironshore's Communications with Denbury's Insurers.

16. Ironshore's review of any Adjustment of Denbury's Claim.

17. Ironshore's relationship with Marsh.

18. Ironshore's Communications with Marsh.

19. Ironshore's relationship with Denbury.

20. Ironshore's Communications with Denbury.

21. All Documents exchanged between Ironshore and any Person related to Denbury.

22. All Documents exchanged between Ironshore and any Person related to Denbury's Claim.

23. All Documents exchanged between Ironshore and any Person related to the Delhi Incident.

Page 13 of 18

24. All Documents exchanged between Ironshore and any Person related to the Policies.

25. All Documents exchanged between Ironshore and any Person related to the Litigation.

26. Ironshore's Underwriting.

27. Ironshore's Underwriting of Denbury.

28. Ironshore's Underwriting for the Energy Market.

29. Ironshore's Underwriting of the Ironshore Policy forms.

30. Ironshore's understanding of AGLIC's Underwriting of the Umbrella Policy.

31. All Communications between Ironshore and AGLIC regarding AGLIC's Underwriting of the Umbrella Policy

32. Ironshore's understanding of Blended Pollution Endorsement Form U-UMB-200-A CW (7/99).

33. Ironshore's understanding of Blended Pollution Endorsement Form U-EXS-200-A-CW (4/99).

34. Ironshore's Adjustment of Claims under its liability policies.

35. Ironshore's Adjustment of Denbury's Claim.

36. Ironshore's review of any Submission for the Policies.

37. Ironshore's Reinsurance of Energy Market risks.

38. Ironshore's Reinsurance of the Ironshore Policy.

39. Ironshore's selection of Claims Adjusters.

40. Ironshore's training of Claims Adjusters.

41. Ironshore's selection of Claims Adjusters for Denbury's Claim.

42. Ironshore's denial of Denbury's Claim.

43. FARA.

44. Ironshore's employment of FARA relative to Denbury's Claim.

45.  Denbury's Original Proof of Loss.

46.  Denbury's Updated Proof of Loss.

47.  Ironshore's evaluation of Denbury's Original Proof of Loss.

48.  Ironshore's evaluation of Denbury's Updated Proof of Loss.

49.  The Roberts Litigation.

50.  Ironshore's evaluation of the Roberts Litigation.

51.  Ironshore's decision to deny Denbury defense and indemnity for the Roberts Litigation.

52.  The ANR Initial Costs Settlement.

53.  Ironshore's evaluation of the ANR Initial Costs Settlement.

54.  Ironshore's determination that AGLIC's payment of the ANR Initial Costs Settlement does not erode the limits of the Umbrella Policy.

55.  The ANR Cut and Cap Settlement.

56.  Ironshore's evaluation of the ANR Cut and Cap Settlement.

57.  Ironshore's determination that AGLIC's payment of the ANR Cut and Cap Settlement does not erode the limits of the Umbrella Policy.

58.  The ANR Tariff Settlement.

59.  Ironshore's evaluation of the ANR Tariff Settlement.

60.  Ironshore's decision to deny coverage for the ANR Tariff Settlement.

61.  Ironshore's Adjustment of On-Lease costs claimed by other Energy Market policyholders against Other Liability Policies.

62.  Ironshore's Adjustment of On-Lease costs in Denbury's Claim.

63.  All Documents relied upon by Ironshore in its Adjustment of Denbury's Claim.

64.  All Persons consulted by Ironshore in its Adjustment of Denbury's Claim.

65.  The Loutre Land Settlement.

66.  Ironshore's evaluation of the Loutre Land Settlement.



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 22, 2015

Certified Document Number:        67258531

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

9/18/2015 4:49:41 PM
Chris Daniel - District Clerk Harris County
Envelope No. 7001862
By: KATINA WILLIAMS
Filed: 9/18/2015 4:49:41 PM

CAUSE NO. 2015-09546

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and | § | IN THE DISTRICT COURT |
| DENBURY ONSHORE, LLC | § | |
| | § | |
| *Plaintiffs* | § | |
| VS. | § | 157th JUDICIAL DISTRICT |
| | § | |
| IRONSHORE SPECIALTY INSURANCE | § | |
| COMPANY, ALTERRA EXCESS & | § | |
| SURPLUS INSURANCE COMPANY, | § | |
| AXIS SURPLUS INSURANCE | § | HARRIS COUNTY, TEXAS |
| COMPANY, and MARSH USA INC. | § | |
| | § | |
| *Defendants* | § | |

### IRONSHORE SPECIALTY INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO PLAINTIFFS' NOTICE OF ORAL AND VIDEOTAPED DEPOSITION AND REQUEST FOR DOCUMENTS OF THE DESIGNATED CORPORATE REPRESENTATIVE(S) OF F.A. RICHARD & ASSOCIATES, INC. ("FARA")

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Defendant, Ironshore Specialty Insurance Company (hereinafter "Defendant" or "Ironshore"), appearing by and through the assistance of undersigned counsel of record, and files this Motion for Protective Order and Objections to Plaintiffs' Notice of Oral and Videotaped Deposition and Request for Documents of the Designated Corporate Representative(s) of F.A. Richard & Associates, Inc. ("FARA") and in support thereof will show unto the Court the following:

I.

This is an insurance coverage dispute arising out of a well blowout that occurred in northeastern Louisiana on or about June 13, 2013. In their current live pleading, Plaintiffs Denbury Resources Inc. and Denbury Onshore, LLC (hereinafter "Plaintiffs" or "Denbury") assert they selected umbrella insurance policies, based on insurance broker Marsh USA, Inc.'s

1


EXHIBIT
6

Certified Document Number: 67258532 - Page 1 of 41

recommendations, to cover such losses as those Denbury experienced as a result of the well blowout in northeastern Louisiana, known as the Delhi Incident. Plaintiffs seek a declaratory judgment that Ironshore, Alterra Excess & Surplus Insurance Company, and AXIS Surplus Insurance Company must indemnify Denbury for costs and expenses, not recoverable under the well control policy, and in excess of the underlying policies that Denbury incurred in responding to the pollution resulting from the Delhi Incident. Plaintiffs also assert claims for breach of contract, Texas Insurance Code violations and bad faith.

On September 3, 2015, Plaintiffs noticed the oral and videotaped deposition of the corporate representative of F.A. Richard & Associates, Inc. ("FARA") for the agreed upon date and time of October 21, 2015 at 1:00 p.m. at the law offices of Pillsbury Winthrop Shaw Pittman, LLP, 1540 Broadway Avenue, New York, New York 10036. A copy of the Notice of Oral and Videotaped Deposition and Request for Documents of the Designated Corporate Representative(s) of F.A. Richard & Associates, Inc. ("FARA") is attached hereto as Exhibit "A".

The parties have agreed to a date, time and location; however, the parties are unable to agree to the scope of the deposition. Counsel for Ironshore and Denbury have in good faith attempted to resolve this matter by correspondence as well as personal discussions, but are unable to resolve all of the issues. Ironshore's counsel presented Denbury's counsel with draft objections to certain examination topics out of the 154 served topics on September 10, 2015, and counsel held a telephonic conference on September 15, 2015 in an attempt to resolve specific issues and objections to certain topics. Ironshore now files this Motion for Protective Order and Objections regarding those examination topics that could not be resolved.

2

II.

Ironshore objects to Examination Topic Numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 44, 46, 48, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 81, 84, 100, 101, 102, 103, 107, 108, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, and 154 listed in Denbury's deposition notice attached hereto as Exhibit "A" on the following grounds:

1. Denbury.

    **RESPONSE:** Ironshore objects to this topic on the grounds that it is overbroad and not limited in scope to the issues made the basis of this lawsuit. Ironshore further objects pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as the topic does not describe with reasonable particularity the matter on which examination is requested.

2. Denbury's operations.

    **RESPONSE:** Ironshore objects to this topic on the grounds that it is overbroad and not limited in scope to the issues made the basis of this lawsuit. Ironshore further objects pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as the topic does not describe with reasonable particularity the matter on which examination is requested.

3. The risks presented by Denbury's operations.

    **RESPONSE:** Ironshore objects to this topic on the grounds that it is overbroad and not limited in scope to the issues made the basis of this lawsuit. Ironshore further objects pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as the topic does not describe with reasonable particularity the matter on which examination is requested.

4. The Delhi Incident.

    **RESPONSE:** Ironshore objects to this topic pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested.

5. The Policies.

3

Certified Document Number: 67258532 - Page 3 of 41

Certified Document Number: 67258532 - Page 4 of 41

**RESPONSE:** Ironshore objects to this topic pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested.

6. Reserves under the Policies.

**RESPONSE:** Ironshore objects to this topic on the grounds that it seeks information that is not relevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Further, the topic is overbroad and, pursuant to Rule 199.2 of the Texas Rules of Civil Procedure, it does not describe with reasonable particularity the matter on which examination is requested.

7. The Blended Pollution Endorsement.

**RESPONSE:** Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested.

8. The case *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010).

**RESPONSE:** Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law.

9. The case *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013).

**RESPONSE:** Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law.

10. The case *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014).

**RESPONSE:** Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law.

11. FARA's application of the *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010) decision to the Ironshore Policy.

**RESPONSE:** Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law.

12. FARA's application of the *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010) decision to Other Liability Policies.

4

Certified Document Number: 67258532 - Page 5 of 41

**RESPONSE:** Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law and its application to policies not at issue in the present lawsuit. Therefore, this topic is not relevant to the subject matter at hand.

13. FARA's application of the *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013) decision to the Ironshore Policy.

    **RESPONSE:** Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law.

14. FARA's application of the *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013) decision to Other Liability Policies.

    **RESPONSE:** Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law and its application to policies not at issue in the present lawsuit. Therefore, this topic is not relevant to the subject matter at hand.

15. FARA's application of the *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) decision to the Ironshore Policy.

    **RESPONSE:** Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law.

16. FARA's application of the *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) decision to the Other Liability Policies.

    **RESPONSE:** Ironshore objects to this topic on the grounds that it is overly broad and exceeds the scope of discovery as it calls for a legal conclusion from a corporate representative concerning case law and its application to policies not at issue in the present lawsuit. Therefore, this topic is not relevant to the subject matter at hand.

17. FARA's relationship with Denbury's Insurers.

    **RESPONSE:** Ironshore objects to this topic pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the joint defense privilege.

18. FARA's Communications with Denbury's Insurers.

    **RESPONSE:** Ironshore objects because this examination topic seeks information that is protected by the joint defense privilege.

5

Certified Document Number: 67258532 - Page 6 of 41

28. All Documents exchanged between Ironshore and any Person related to Denbury.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

29. All Documents exchanged between Ironshore and any Person related to Denbury's Claim.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

30. All Documents exchanged between Ironshore and any Person related to the Delhi Incident.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

31. All Documents exchanged between Ironshore and any Person related to the Policies.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

32. All Documents exchanged between Ironshore and any Person related to the Litigation.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

33. All Documents exchanged between FARA and any Person related to Denbury.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

34. All Documents exchanged between FARA and any Person related to Denbury's Claim.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

35. All Documents exchanged between FARA and any Person related to the Delhi Incident.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

36. All Documents exchanged between FARA and any Person related to the Policies.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

37. All Documents exchanged between FARA and any Person related to the Litigation.

RESPONSE: Ironshore objects to this topic on the grounds that it is overbroad and pursuant to Rule 199.2 of the Texas Rules of Civil Procedure as it does not describe with reasonable particularity the matter on which examination is requested. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client and work product privileges and the joint defense privilege.

7

38. FARA's communications with Ironshore regarding the Underwriting of the Umbrella Policy.

**RESPONSE: Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.**

39. Ironshore's understanding of Blended Pollution Endorsement Form U-UMB-200-A CW (7/99).

**RESPONSE: Ironshore objects to this topic on the grounds that it calls for speculation from FARA's corporate representative on Ironshore's understanding of an endorsement.**

40. Ironshore's understanding of Blended Pollution Endorsement Form U-EXS-200-A-CW (4/99).

**RESPONSE: Ironshore objects to this topic on the grounds that it calls for speculation from FARA's corporate representative on Ironshore's understanding of an endorsement. Ironshore also objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This Blended Pollution Endorsement Form U-EXS-200-A-CW (4/99) is not contained in the controlling underlying policy. The correct form is Blended Pollution Endorsement Form U-UMB-200-A CW (7/99).**

44. Ironshore's direction of the Adjustment of Claims under its liability policies.

**RESPONSE: Ironshore objects that this examination topic is not limited to the coverage issues in this lawsuit particular to Denbury's claims for coverage under the Ironshore policy at issue and therefore seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.**

46. Ironshore's Adjustment of Claims under its liability policies.

**RESPONSE: Ironshore objects that this examination topic is not limited to the coverage issues in this lawsuit particular to Denbury's claims for coverage under the Ironshore policy at issue and therefore seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.**

48. FARA's Adjustment of Claims under Other Liability Policies.

**RESPONSE: Ironshore objects that this examination topic is not limited to the coverage issues in this lawsuit particular to Denbury's claims for coverage under the Ironshore policy at issue and therefore seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.**

8

Certified Document Number: 67258532 - Page 8 of 41

Certified Document Number: 67258532 - Page 9 of 41

50. Ironshore's review of any Submission for the Policies.

    **RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

51. FARA's review of any Submission for the Policies.

    **RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

52. Ironshore's Reinsurance of Energy Market risks.

    **RESPONSE:** Ironshore objects to this topic on the grounds that it calls for speculation from FARA's corporate representative on Ironshore's reinsurance. Ironshore also objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, after conducting a reasonable investigation no employee of FARA is familiar with this topic.

53. Ironshore's Reinsurance of the Ironshore Policy.

    **RESPONSE:** Ironshore objects to this topic on the grounds that it calls for speculation from FARA's corporate representative on Ironshore's reinsurance. Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, after conducting a reasonable investigation no employee of FARA is familiar with this topic.

54. Ironshore's selection of Claims Adjusters.

    **RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

55. Ironshore's training of Claims Adjusters.

    **RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

56. Ironshore's selection of Claims Adjusters for Denbury's Claim.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

57. FARA's selection of Claims Adjusters.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

58. FARA's training of Claims Adjusters.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

59. FARA's selection of Claims Adjusters for Denbury's Claim.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

81. FARA's Adjustment of On-Lease costs claimed by other Energy Market policyholders against Other Liability Policies.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

84. All Persons consulted by FARA in its Adjustment of Denbury's Claim.

**RESPONSE:** Ironshore objects because this examination topic seeks information that is protected by the attorney-client and work product privileges. Subject to and without waiving the foregoing objections, Defendant will provide a witness to testify as to non-privileged information pertaining to this topic.

100. Ironshore's Communications with any Person regarding Denbury's Claim.

**RESPONSE:** Ironshore objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege. Subject to and without waiving the foregoing objections, Defendant will provide a witness to testify as to non-privileged information pertaining to this topic.

101. Ironshore's Communications with any Person regarding the Delhi Incident.

10

**RESPONSE:** Ironshore objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege. Subject to and without waiving the foregoing objections, Defendant will provide a witness to testify as to non-privileged information pertaining to this topic.

102. FARA's Communications with any Person regarding Denbury's Claim.

**RESPONSE:** Ironshore objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege. Subject to and without waiving the foregoing objections, Defendant will provide a witness to testify as to non-privileged information pertaining to this topic.

103. FARA's Communications with any Person regarding the Delhi Incident.

**RESPONSE:** Ironshore objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege. Subject to and without waiving the foregoing objections, Defendant will provide a witness to testify as to non-privileged information pertaining to this topic.

107. Ironshore's Reserves for Denbury's Claim.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

108. Ironshore's marketing of the Ironshore Policy forms to the Energy Market.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

114. Texas requirements for third-party administrators.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

115. Federal requirements for third-party administrators.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

116. Ironshore's reporting of complaints under Tex. Ins. Code Sec. 542.006 *et seq.* over the last five years.

Certified Document Number: 67258532 - Page 11 of 41

Certified Document Number: 67258532 - Page 12 of 41

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

117.    Ironshore's compliance with Texas Ins. Code Sec. 542.005 – 542.012 over the last five years.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

118.    All complaints filed against Ironshore under Texas Ins. Code Sec. 542.005 over the last five years.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

119.    All complaints filed against other insurers under Texas Ins. Code Sec. 542.005 relating to or discussing FARA's Adjustment of a Claim over the last five years.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

120.    All petitions filed against Ironshore in any Texas state of federal court by an Energy Market policyholder within the last five years.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

121.    All petitions filed by Ironshore in any Texas state or federal court against an Energy Market policyholder within the last five years.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

12

Certified Document Number: 67258532 - Page 13 of 41

122. All petitions filed against Ironshore in any Louisiana state or federal court by an Energy Market policyholder within the last five years.

   **RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

123. All petitions filed by Ironshore in any Louisiana state or federal court against an Energy Market policyholder within the last five years.

   **RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

124. All petitions filed against FARA in any Texas state or federal court by an Energy Market policyholder within the last five years.

   **RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

125. All petitions filed against FARA in any Louisiana state or federal court by an Energy Market policyholder within the last five years.

   **RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. This topic is tantamount to a fishing expedition, which is expressly prohibited by the Texas Rules of Civil Procedure.

126. Ironshore's payments to FARA.

   **RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

127. FARA's invoices to Ironshore.

   **RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence.

128. Ironshore's payments to any Person related to the Policies.

13

Certified Document Number: 67258532 - Page 14 of 41

**RESPONSE:** Ironshore objects to this topic on the grounds that it concerns matters irrelevant to the subject matter of the pending action and seeks testimony that is not reasonably calculated to lead to the discovery of admissible evidence. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client privilege.

129. FARA's payments from any Person related to the Policies.

   **RESPONSE:** Ironshore objects to this topic on the grounds that it concerns matters irrelevant to the subject matter of the pending action and seeks testimony that is not reasonably calculated to lead to the discovery of admissible evidence. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client privilege.

130. FARA's payments to any Person related to the Policies.

   **RESPONSE:** Ironshore objects to this topic on the grounds that it concerns matters irrelevant to the subject matter of the pending action and seeks testimony that is not reasonably calculated to lead to the discovery of admissible evidence. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client privilege.

131. Any agreements between Ironshore and any Person related to Denbury's Claim.

   **RESPONSE:** Ironshore objects to this topic on the grounds that it concerns matters irrelevant to the subject matter of the pending action and seeks testimony that is not reasonably calculated to lead to the discovery of admissible evidence. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege.

132. Any agreements between Ironshore and any Person related to the Litigation.

   **RESPONSE:** Ironshore objects to this topic on the grounds that it concerns matters irrelevant to the subject matter of the pending action and seeks testimony that is not reasonably calculated to lead to the discovery of admissible evidence. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege.

133. Any agreements between Ironshore and any Person related to the Delhi Incident.

   **RESPONSE:** Ironshore objects to this topic on the grounds that it concerns matters irrelevant to the subject matter of the pending action and seeks testimony that is not reasonably calculated to lead to the discovery of admissible evidence. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege.

14

134. Any insurance policy that may defend or indemnify Ironshore in the Litigation.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, after conducting a reasonable investigation no employee of FARA is familiar with this topic.

135. Any agreements between FARA and any Person related to Denbury's Claim.

**RESPONSE:** Ironshore objects to this topic on the grounds that it concerns matters irrelevant to the subject matter of the pending action and seeks testimony that is not reasonably calculated to lead to the discovery of admissible evidence. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege.

136. Any agreements between FARA and any Person related to the Litigation.

**RESPONSE:** Ironshore objects to this topic on the grounds that it concerns matters irrelevant to the subject matter of the pending action and seeks testimony that is not reasonably calculated to lead to the discovery of admissible evidence. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege.

137. Any agreements between FARA and any Person related to the Delhi Incident.

**RESPONSE:** Ironshore objects to this topic on the grounds that it concerns matters irrelevant to the subject matter of the pending action and seeks testimony that is not reasonably calculated to lead to the discovery of admissible evidence. Ironshore further objects because this examination topic seeks information that is protected by the attorney-client privilege and the joint defense privilege.

138. Any insurance policy that may defend or indemnify FARA in the Litigation.

**RESPONSE:** Ironshore objects to this topic on the grounds that the information sought is not relevant to the subject matter at hand, nor is it reasonably calculated to lead to the discovery of admissible evidence. FARA is not a party to this lawsuit.

154. All Documents responsive to each and every written discovery request Denbury has served on Ironshore in this Litigation.

**RESPONSE:** Ironshore objects to the extent this topic seeks testimony as to documents that have been objected to and not produced in response to written discovery requests from Denbury.

15

Ironshore also objects to the following Examination Topics as redundant and constituting harassment:

112. Ironshore's obligations as an Insurer under Texas law.
113. FARA's duties under Texas law.
140. Ironshore's obligations under Texas law.
141. Ironshore's performance of its obligations to Denbury.

*See* Ex. A., p. 18-19. These topics are repetitive and should be combined and/or withdrawn.

Ironshore further objects to Request for Documents No. 4. contained within Denbury's deposition notice: "All Documents responsive to Denbury's First and Second Sets of Requests for Production served on May 18, 2015 and August 5, 2015." *See* Ex. A, p. 12. Ironshore objects to the production of any document that was objected to and not produced in response to a request for production of documents. Ironshore served its Responses and Objections to Denbury's First Set of Requests for Production on July 17, 2015 and to Denbury's Second Set of Requests for Production on September 4, 2015. Accordingly, this request for documents is duplicative and harassing.

### III.

Under Texas Rules of Civil Procedure 192.6(b), the Court can issue a protective order in the interest of justice "to protect the movant from undue burden, harassment, [and] annoyance."[1] If necessary, the Court can order that "the requested discovery not be sought."[2] Rule 176.7 also requires the Court to protect Ironshore's corporate representative from any undue burden or hardship that its proposed deposition would cause.[3] The Court may prohibit the party seeking

---

[1] Tex. R. Civ. P. 192.6(b).
[2] Tex. R. Civ. P. 192.6(b)(1).
[3] Tex. R. Civ. P. 176.7.

16

discovery from proceeding with the request, limit the extent or subject of the request, or otherwise set the terms and conditions under which the party may proceed.[4]

Plaintiffs' deposition notice includes 154 topics that range from policy reserves and Denbury's operations to petitions filed against FARA and FARA's invoices to Ironshore. As identified above, certain areas of Plaintiffs' inquiry are objectionable for several reasons. Ironshore objects to the above noted examination topics and moves that the Court strike the objectionable topics from the notice.

WHEREFORE, PREMISES CONSIDERED, Defendant, Ironshore Specialty Insurance Company prays that this Motion for Protective Order and Objections to Plaintiffs' Notice of Oral and Videotaped Deposition and Request for Documents of the Designated Corporate Representative(s) of F.A. Richard & Associates, Inc. ("FARA") in all things be granted, that Ironshore's objections to Plaintiffs' proposed Examination Topics be sustained, that Plaintiffs be ordered to not inquire into these subject matters, and Defendant requests all other relief to which it may be entitled.

Respectfully submitted,

**BROWN SIMS, P.C.**

By: */s/ James D. Johnson*
Mark C. Clemer
Texas Bar No. 04372300
James D. "J.D." Johnson
Texas Bar No. 24085918
Michelle Richard
Texas Bar No. 24093037
Tenth Floor
1177 West Loop South
Houston, Texas 77027-9007

---

[4] Tex. R. Civ. P. 192.6(b).

17

Certified Document Number: 67258532 - Page 18 of 41

Telephone: (713) 629-1580
Facsimile: (713) 629-5027
mclemer@brownsims.com
jjohnson@brownsims.com
mrichard@brownsims.com

and

Randell E. Treadaway (admitted *pro hac vice*)
LA Bar No. 01624
Brad D. Ferrand (admitted *pro hac vice*)
LA Bar No. 29860
ZAUNBRECHER TREADAWAY, L.L.C.
406 N. Florida Street, Suite 2
Covington, Louisiana 70433-2907
Telephone: (985) 871-8787
Telefax: (985) 871-8788
randy@ztlalaw.com
brad@ztlalaw.com
**COUNSEL FOR DEFENDANT IRONSHORE
SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF CONFERENCE

This will certify that counsel for Ironshore and counsel for Denbury have discussed, by telephone, limiting the topics for this deposition. To date, no agreement has been reached on all of the aforementioned issues, so the matter is presented to the Court.

/s/ *James D. Johnson*
James D. "J.D." Johnson

18

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing pleading has been sent to all counsel of record via U.S. regular mail and/or e-mail on this the 18th day of September 2015:

Phillip D. Nizialek, T.A.
Sarah E. Stogner
Jacqueline M. Brettner
CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras St., Ste. 3100
New Orleans, LA 70163
Phone: (504) 585-3800
Fax: (504) 585-3801
nizialek@carverdarden.com
stogner@carverdarden.com
brettner@carverdarden.com
*Counsel for Plaintiffs*

Michael S. Knippen
David Rock
James M. Eastham
TRAUB, LIEBERMAN, STRAUS & SHREWSBERRY, LLP
303 W. Madison, Suite 1200
Chicago, Illinois 60606
Phone: (312) 332-3900
Fax: (312) 332-3908
mknippen@traublieberman.com
drock@traublieberman.com
jeastham@traublieberman.com
*Counsel for Defendant Axis Surplus Insurance Company*

C. Henry Kollenberg
Melinda M. Riseden
CRAIN, CATON & JAMES, P.C.
1401 McKinney Street
17th Floor, Five Houston Center
Houston, Texas 77010
Phone: (713) 658-2323
Fax: (713) 658-1921
hkollenberg@craincaton.com
mriseden@craincaton.com
*Counsel for Defendant Marsh USA, Inc.*

19

Certified Document Number: 67258532 - Page 19 of 41

Certified Document Number: 67258532 - Page 20 of 41

Marc J. Wojciechowski
WOJCIECHOWSKI & ASSOCIATES, P.C.
1747 Kuykendahl Road, Suite 200
Spring, Texas 77379
Phone: (281) 999-7774
Fax: (281) 999-1953
marc@wojolaw.com
      and
Michael D. Mulvaney
Christopher C. Frost
Josh B. Baker
MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
Fax: (205) 254-1999
mmulvaney@maynardcooper.com
cfrost@maynardcooper.com
jbaker@maynardcooper.com
*Counsel for Defendant Alterra Excess & Surplus Insurance Company*

                        */s/ James D. Johnson*
                        James D. "J.D." Johnson

Certified Document Number: 67258532 - Page 21 of 41

CAUSE NO. 2015-09546

| | |
|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | IN THE DISTRICT COURT |
| Plaintiffs, | |
| v. | HARRIS COUNTY, TEXAS |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, AND MARSH USA INC. | 157th JUDICIAL DISTRICT |
| Defendants | |

NOTICE OF ORAL AND VIDEOTAPED DEPOSITION AND REQUEST FOR DOCUMENTS OF THE DESIGNATED CORPORATE REPRESENTATIVE(S) OF F.A. RICHARD & ASSOCIATES, INC. ("FARA")

TO:   F.A. Richard & Associates, Inc.
through its attorneys of record,
Mark C. Clemer
James D. Johnson
Brown Sims, P.C.
1177 West Loop South
Tenth Floor
Houston, Texas 77027

-And-

Randell E. Treadaway
Brad D. Ferrand
Michelle O'Daniels
Zaunbrecher Treadaway, LLC
406 N. Florida Street, Suite 2
Covington, Louisiana 70443

I.

PLEASE TAKE NOTICE that, pursuant to Texas Rule of Civil Procedure 199.2(b)(1) and

199.2(b)(5), Denbury Resources Inc. and Denbury Onshore, LLC, will take the oral and videotaped



deposition of the designated Corporate Representative of F.A. Richard & Associates, Inc. ("FARA"), on **October 21, 2015**, commencing at **1:00 p.m.** at the law offices of Pillsbury Winthrop Shaw Pittman, LLP, 1540 Broadway Avenue, New York, New York 10036, by agreement of the parties.

II.

FARA's designee(s) is further directed to produce responsive documents to the requests listed in *Exhibit "A"* within thirty (30) days of service of this notice.

III.

The deposition will continue from day to day until completed.

IV.

The deposition will be recorded stenographically and on videotape. The stenographic and video recordings will be conducted by Kay E. Donelly & Associates.

Respectfully submitted,

PHILIP D. NIZIALEK, T.A. (#15045250)
SARAH E. STOGNER (#24091139)
JACQUELINE M. BRETTNER (*pro hac vice*)
Carver, Darden, Koretzky, Tessier, Finn,
Blossman, & Areaux, L.L.C.
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3800
Facsimile: (504) 585-3801
Email: nizialek@carverdarden.com
        stogner@carverdarden.com
        brettner@carverdarden.com
*Counsel for Plaintiffs*

Certified Document Number: 67258532 - Page 22 of 41

Certified Document Number: 67258532 - Page 23 of 41

## CERTIFICATE OF SERVICE

'I HEREBY CERTIFY that a copy of the Denbury's Notice of Oral and Videotaped Deposition of Corporate Representative(s) of F.A. Richard & Associates, Inc. has been served on the following:

| | | |
|---|---|---|
| Mr. Randell E. Treadaway<br>Ms. Michelle O'Daniels<br>Mr. Brad D. Ferrand<br>*Zaunbrecher Treadaway, LLC*<br>406 N. Florida Street, Suite 2<br>Covington, LA 70433<br>randy@ztlalaw.com<br>modlegal@gmail.com<br>brad@ztlalaw.com | Mr. Christopher C. Frost<br>Mr. Michael Mulvaney<br>Mr. Joshua B. Baker<br>*Maynard, Cooper, Gale*<br>1901 Sixth Avenue, Suite 2400<br>Birmingham, AL 35203<br>cfrost@maynardcooper.com<br>mmulvaney@mayndardcooper.com<br>jbaker@maynardcooper.com | Mr. Michael Knippen<br>Mr. David Rock<br>Mr. James M. Eastham<br>*Traub Lieberman Straus &*<br>*Shrewsberry, LLP*<br>303 West Madison St., Ste. 1200<br>Chicago, IL 60606<br>mknippen@traublieberman.com<br>jeastham@traublieberman.com<br>drock@traublieberman.com |
| Mr. Mark C. Clemer<br>Mr. James Johnson<br>*Brown Sims*<br>1177 West Loop South, 10th Floor<br>Houston, Texas 77027<br>mclemer@brownsims.com<br>jjohnson@brownsims.com | Ms. Mindy Riseden<br>Mr. Henry Kollenberg<br>*Crain, Caton & James*<br>Five Houston Center<br>1401 McKinney Street, Suite 1700<br>Houston, TX 77010<br>mriseden@craincaton.com<br>hkollenberg@craincaton.com | Mr. Marc J. Wojciechowski<br>*Wojciechowski & Associates, PC*<br>17447 Kuykendahl Rd. Ste. 200<br>Spring, Texas 77379<br>marc@wojolaw.com |

via U.S. Mail and/or electronic service on September 3, 2015 at or before 5:00 p.m., and the electronic transmission was reported as complete.

_____
PHILIP D. NIZIALEK

Page 3 of 20

I. **Instructions**

1. You are requested to produce all documents electronically. Pursuant to Rule 196.4, You are requested to produce electronic data responsive to these Requests in tiff or pdf searchable format, including e-mail.

2. Answer each request for documents separately by listing the documents and including in each response information that identifies the document and its bates number.

3. For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a. When identifying the document, you must state the following:

        i. The nature of the document (e.g. letter, handwritten note).

        ii. The title or heading that appears on the document.

        iii. The date of the document and the date of each addendum, supplement, or other addition or change.

        iv. The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    b. When identifying the Person, you must state the following:

        i. The full name.

Certified Document Number: 67258532 - Page 24 of 41

ii. The present or last known residential address and telephone number.

iii. The present or last known office address and telephone number.

iv. The present occupation, job title, employer, and employer's address.

4. If You claim all or part of any responsive document or communication is privileged, then You are requested to provide the appropriate information regarding such assertion of privilege, as set forth in Tex. R. Civ. P. § 193.3.

II. **Definitions**

a. "FARA," "You" and "Your", as used herein, shall refer to F.A. Richard & Associates, Inc. and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

b. "Marsh" shall refer to Marsh USA, Inc. and shall include, without limitation, any and all of its parents, subsidiaries, employees, agents, broker, and attorneys.

c. "Zurich" shall refer to Zurich American Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

d. "AGLIC" shall refer to American Guarantee & Liability Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

e. "Alterra" shall refer to Alterra Excess & Surplus Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

Certified Document Number: 67258532 - Page 25 of 41

f. "Axis" shall refer to Axis Surplus Insurance Company and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

g. "Denbury" shall refer to Denbury Resources Inc. and Denbury Onshore, LLC, or any other Denbury entity for which Marsh procured insurance.

h. "Ironshore" shall refer to Ironshore Specialty Insurance Company, and shall include, without limitation, any and all of its parents, subsidiaries, employees, Underwriters, Adjusters, agents and attorneys.

i. "CGL Policy" shall refer to the commercial general liability policy number 9242578-00, issued to Denbury by Zurich American Insurance Company, with the effective dates of April 1, 2013 to April 1, 2014.

j. "Umbrella Policy" shall refer to policy number AUC 924673-00, issued to Denbury by AGLIC, with effective dates of April 1, 2013 to April 1, 2014.

k. "Ironshore Policy" shall refer to policy number 000988602, issued to Denbury by Ironshore, with the effective dates of April 1, 2013 to April 1, 2014.

l. "Alterra Policy" shall refer to policy number MAX6XL0000443, issued to Denbury Alterra, with the effective dates of April 1, 2013 to April 1, 2014.

m. "Axis Policy" shall refer to policy number EAU766369/01/2013, issued to Denbury by Axis, with the effective dates of April 1, 2013 to April 1, 2014.

n. "Policies" shall collectively refer to the CGL Policy, the Umbrella Policy, the Ironshore Policy, the Alterra Policy and the Axis Policy, as defined above, and shall include any and all policy registers, policy logs, schedules, forms, and endorsements.

Certified Document Number: 67258532 - Page 26 of 41

o.      "Other Insurance" shall mean any other insurance policy issued to Denbury other than the Policies.

p.      "Litigation" shall mean *Denbury Resources Inc. et al v. Ironshore Specialty Ins. Co., et al.* Case No. 2015-09546 currently pending in the 157th Judicial District Court in Harris County, Texas.

q.      "Delhi Incident" shall mean the control of well and pollution incident commencing on or about June 13, 2013 in the Delhi Field Unit located in the state of Louisiana.

r.      "Denbury's Claim" shall mean all insurance claims, notices, demands for defense, indemnity, or any other claim for insurance coverage related to the Delhi Incident.

s.      "Blended Pollution Endorsement" shall refer to endorsements bearing the form number U-UMB-200-A CW (7/99) and/or form number U-EXS-200-A-CW (4/99) that were included in and made a part of the Umbrella Policy.

t.      "Insurers" shall collectively refer to Zurich American Insurance Company, American Guarantee & Liability Insurance Company, Ironshore Specialty Insurance Company, Alterra Excess & Surplus Insurance Company, and Axis Surplus Insurance Company.

u.      "Underwriting" or "Underwrites" shall mean the process of determining the acceptability of a particular submission for insurance through evaluation and analysis of the nature and extent of the risk presented, and of determining the amount, price, and conditions under which the submission is acceptable. Underwriting and Underwrites shall further mean the process of drafting an insurance policy to cover the accepted submission.

v.      "Submission" shall mean a proposal for insurance, including but not limited to an application, submitted for Underwriting.

Certified Document Number: 67258532 - Page 27 of 41

w.    "Adjusting" or "Adjust" or "Adjustment" shall mean administration, handling, evaluation, analysis, investigation, review, quantification, interpretation, verification, expert consultation, negotiation, or assessment of coverage, damages, quantum, exclusions, warranties, or conditions related to any Claim by any Person, including but not limited to third party administrators.

x.    "On-Lease" shall refer to any surface location covered by a mineral lease where an Energy Market policyholder is a lessee.

y.    "Claim" shall mean demand to recover, under a policy of insurance, for loss that may come within the coverage provided by that policy, including but not limited to demands for defense, demands for indemnity, or any other request for insurance coverage under any insurance policy. "Claim" shall also refer tothe meaning of "claim" contemplated by Texas Insurance Code § 542.051.

z.    "Claims Adjuster" shall mean any Person who performs Adjusting of a Claim, and includes Your employees and the employees of any third parties performing Adjusting of a Claim for You .

aa.    "Reserve" shall mean an estimate of the value of a Claim or group of Claims not yet paid, including but not limited to an estimate of the amount for which a particular Claim will ultimately be settled or adjudicated.

bb.    "Reinsurance" shall mean a transaction in which one party, the "reinsurer," in consideration of a premium paid to it, agrees to indemnify another party, the "reinsured," for part or all of the liability assumed by the reinsured under a policy of insurance that it has issued.

cc.    "Energy Market" shall mean Your policyholders or potential policyholders engaged in oil, gas, and petroleum exploration and production operations.

dd. "Good Faith and Fair Dealing" shall mean the duties imposed by Texas Insurance Code Chapters 541 and 542.

ee. "Original Proof of Loss" shall refer to Denbury's October 14, 2014 correspondence addressed to Ironshore's attorney, Randell E. Treadaway, and all accompanying attachments thereto including Denbury's Sworn Proof of Loss to AGLIC executed September 29, 2014, Zurich's October 6, 2014 correspondence to Denbury tendering payment of its $25 million policy limits, and Denbury's Sworn Proof of Loss to Ironshore executed October 14, 2014.

ff. "Roberts Litigation" shall refer to the lawsuit captioned *Sunflower Cemetery, Inc., et al. v. Denbury Onshore, LLC, et al.*, identified with Civil Action No. 43629A, pending in the 5th Judicial District Court for the Parish of Franklin, Louisiana.

gg. "Voluntary Payment Clause" shall refer to the provision in Ironshore's Policy that states "The Insured shall not, except at its own expense, settle any claim or suit or incur any defense costs for any an amount to which this Policy applies without the Insurer's written consent."

hh. "Updated Proof of Loss" shall refer to Denbury's February 27, 2015 correspondence addressed to Ironshore's attorney, Randell E. Treadaway, and all accompanying attachments thereto including Denbury's updated Sworn Proof of Loss to Ironshore executed February 27, 2015.

ii. "Owned, Rented, or Occupied Exclusion" shall refer to the provision within the Blended Pollution Endorsement of the Umbrella Policy stating "Clean up, removal, containment, treatment, detoxification or neutralization, of "pollutants" existing at, or under or within the boundaries of any premises, site or location owned, rented or occupied by any insured."

Certified Document Number: 67258532 - Page 29 of 41

Certified Document Number: 67258532 - Page 30 of 41

jj.   "ANR" shall refer to ANR Pipeline Company, and shall include, without limitation, any and all of its parents, subsidiaries, employees, agents and attorneys.

kk.   "ANR Initial Costs Settlement" shall refer to the Agreement between ANR and Denbury dated December 11, 2013 and identified as DRI-SD-5525-5534.

ll.   "ANR Cut and Cap Settlement" shall refer to the Agreement between ANR and Denbury dated September 25, 2013 and identified as DRI-SD-5535-5545.

mm.   "ANR Tariff Settlement" shall refer to shall refer to the Agreement between ANR and Denbury dated February 9, 2015 and identified as DRI-SD-5717-5726.

nn.   "Loutre Land Settlement" shall refer to the Agreement between Loutre Land and Timber Company and Denbury dated June 3, 2014 and identified as DRI-SD-5593-5612.

oo.   "Impacted Areas" shall refer to any premises, site or location with any discharge, dispersal, seepage, migration, release or escape of any man-made or naturally occurring solid, liquid, gaseous or thermal irritant or contaminant, including but not limited to: smoke; vapor; soot; fumes; acids; alkalis; chemicals; and waste.

pp.   "Communications" shall mean the transmission, sending, and/or receipt of information of any kind by and/or through any means, whether face-to-face or otherwise, including, but not limited to, speech, writings, language (machine, foreign, or otherwise), or recording.

qq.   "Document" means all written, typed, or printed matter and all electronic, magnetic, digital, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you. "Document" includes, but is not limited to, the

following: Communications, policies, schedules, calendars, spreadsheets, letters, reports, charts, diagrams, correspondence, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, intraoffice communications, e-mail, voicemail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, recordings, computer printouts, drafts, résumés, logs, and worksheets.

rr. "Electronic" or "magnetic" data means electronic or digital information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, thumb drive), microfiche, or punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

Certified Document Number: 67258532 - Page 31 of 41

ss.     "E-mail" or "Electronic Mail" shall mean any method of electronic messaging, including any text message and instant-messaging method or service.

tt.     The term "each" includes the word "every" and "every" includes the word "each."

uu.     The term "and" includes the word "or" and "or" includes the word "and."

vv.     The term "including" shall be construed as broadly as possible and shall mean "without limitation."

ww.     "Person" shall mean any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, governmental agency, or any other organization, business, or legal entity, and all predecessors or successors in interest.

xx.     The phrase "related to or discussing," as used herein, shall mean all information and all facts and/or Documents that directly, indirectly or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which a request is being made.

## DOCUMENTS

1.     A copy of deponent's current résumé or curriculum vitae;

2.     A copy of deponent's current driver's license or government-issued photo identification;

3.     A copy of each and every document reviewed in preparation for Your testimony at the scheduled deposition;

4.     All Documents responsive to Denbury's First and Second Sets of Requests for Production served on May 18, 2015 and August 5, 2015; and

5.     All Documents related to or discussing the Examination Topics listed below.

## EXAMINATION TOPICS

1.     Denbury.

2.     Denbury's operations.

3. The risks presented by Denbury's operations.

4. The Delhi Incident.

5. The Policies.

6. Reserves under the Policies.

7. The Blended Pollution Endorsement.

8. The case *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010).

9. The case *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013).

10. The case *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014).

11. FARA's application of the *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010) decision to the Ironshore Policy.

12. FARA's application of the *Aspen Ins. UK, Ltd. v. Dune Energy, Inc.*, 400 Fed. Appx. 960 (5th Cir. 2010) decision to Other Liability Policies.

13. FARA's application of the *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013) decision to the Ironshore Policy.

14. FARA's application of the *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2013 WL 3557541 (W.D. La. 2013) decision to Other Liability Policies.

15. FARA's application of the *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) decision to the Ironshore Policy.

16. FARA's application of the *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) decision to the Other Liability Policies.

17. FARA's relationship with Denbury's Insurers.

18. FARA's Communications with Denbury's Insurers.

19. FARA's review of any Adjustment of Denbury's Claim.

20. Ironshore's relationship with Marsh.

21. Ironshore's Communications with Marsh.

22. FARA's relationship with Marsh.

Page 13 of 20

23. FARA's Communications with Marsh.

24. Ironshore's relationship with Denbury.

25. Ironshore's Communications with Denbury.

26. FARA's relationship with Denbury.

27. FARA's Communications with Denbury.

28. All Documents exchanged between Ironshore and any Person related to Denbury.

29. All Documents exchanged between Ironshore and any Person related to Denbury's Claim.

30. All Documents exchanged between Ironshore and any Person related to the Delhi Incident.

31. All Documents exchanged between Ironshore and any Person related to the Policies.

32. All Documents exchanged between Ironshore and any Person related to the Litigation.

33. All Documents exchanged between FARA and any Person related to Denbury.

34. All Documents exchanged between FARA and any Person related to Denbury's Claim.

35. All Documents exchanged between FARA and any Person related to the Delhi Incident.

36. All Documents exchanged between FARA and any Person related to the Policies.

37. All Documents exchanged between FARA and any Person related to the Litigation.

38. FARA's communications with Ironshore regarding the Underwriting of the Umbrella Policy.

39. Ironshore's understanding of Blended Pollution Endorsement Form U-UMB-200-A CW (7/99).

40. Ironshore's understanding of Blended Pollution Endorsement Form U-EXS-200-A-CW (4/99).

41. FARA's understanding of AGLIC's Underwriting of the Umbrella Policy.

42. FARA's understanding of Blended Pollution Endorsement Form U-UMB-200-A CW (7/99).

Certified Document Number: 67258532 - Page 34 of 41

43. FARA's understanding of Blended Pollution Endorsement Form U-EXS-200-A-CW (4/99).

44. Ironshore's direction of the Adjustment of Claims under its liability policies.

45. Ironshore's direction of the Adjustment of Denbury's Claim.

46. Ironshore's Adjustment of Claims under its liability policies.

47. Ironshore's Adjustment of Denbury's Claim.

48. FARA's Adjustment of Claims under Other Liability Policies.

49. FARA's Adjustment of Denbury's Claim.

50. Ironshore's review of any Submission for the Policies.

51. FARA's review of any Submission for the Policies.

52. Ironshore's Reinsurance of Energy Market risks.

53. Ironshore's Reinsurance of the Ironshore Policy.

54. Ironshore's selection of Claims Adjusters.

55. Ironshore's training of Claims Adjusters.

56. Ironshore's selection of Claims Adjusters for Denbury's Claim.

57. FARA's selection of Claims Adjusters.

58. FARA's training of Claims Adjusters.

59. FARA's selection of Claims Adjusters for Denbury's Claim.

60. Ironshore's denial of Denbury's Claim.

61. FARA's recommendations to Ironshore relating to or discussing Denbury's Claim.

62. Ironshore's employment of FARA relative to Denbury's Claim.

63. Denbury's Original Proof of Loss.

64. Denbury's Updated Proof of Loss.

65. Ironshore's evaluation of Denbury's Original Proof of Loss.

Page 15 of 20

66. Ironshore's evaluation of Denbury's Updated Proof of Loss.

67. FARA's evaluation of Denbury's Original Proof of Loss.

68. FARA's evaluation of Denbury's Updated Proof of Loss.

69. The Roberts Litigation.

70. Ironshore's evaluation of the Roberts Litigation.

71. Ironshore's decision to deny Denbury defense and indemnity for the Roberts Litigation.

72. The ANR Initial Costs Settlement.

73. Ironshore's evaluation of the ANR Initial Costs Settlement.

74. Ironshore's determination that AGLIC's payment of the ANR Initial Costs Settlement does not erode the limits of the Umbrella Policy.

75. The ANR Cut and Cap Settlement.

76. Ironshore's evaluation of the ANR Cut and Cap Settlement.

77. Ironshore's determination that AGLIC's payment of the ANR Cut and Cap Settlement does not erode the limits of the Umbrella Policy.

78. The ANR Tariff Settlement.

79. Ironshore's evaluation of the ANR Tariff Settlement.

80. Ironshore's decision to deny coverage for the ANR Tariff Settlement.

81. FARA's Adjustment of On-Lease costs claimed by other Energy Market policyholders against Other Liability Policies.

82. FARA's Adjustment of On-Lease costs in Denbury's Claim.

83. All Documents relied upon by FARA in its Adjustment of Denbury's Claim.

84. All Persons consulted by FARA in its Adjustment of Denbury's Claim.

85. The Loutre Land Settlement.

86. Ironshore's evaluation of the Loutre Land Settlement.

87. Ironshore's determination that AGLIC's payment of the Loutre Land Settlement does not erode the limits of Umbrella Policy.

88. The Impacted Areas related to the Delhi Incident.

89. Ironshore's notice of Denbury's Claim.

90. Ironshore's notice of AGLIC's tender of the policy limits of the Umbrella Policy.

91. The costs Denbury incurred as a result of the Delhi Incident.

92. Ironshore's efforts to communicate with AGLIC regarding Denbury's Claim.

93. Ironshore's efforts to communicate with AGLIC regarding the Delhi Incident.

94. FARA's efforts to communicate with AGLIC regarding Denbury's Claim.

95. FARA's efforts to communicate with AGLIC regarding the Delhi Incident.

96. All Documents Denbury produced in support of Denbury's Claim.

97. Ironshore's requests for information to Denbury.

98. FARA's requests for information to Denbury.

99. FARA's understanding of the status of Denbury's Claim against the Policies.

100. Ironshore's Communications with any Person regarding Denbury's Claim.

101. Ironshore's Communications with any Person regarding the Delhi Incident.

102. FARA's Communications with any Person regarding Denbury's Claim.

103. FARA's Communications with any Person regarding the Delhi Incident.

104. Ironshore's affirmative defenses in this Litigation.

105. Ironshore's objections and responses to discovery requests in this Litigation.

106. Factual bases for all FARA objections and responses to this Notice.

107. Ironshore's Reserves for Denbury's Claim.

108. Ironshore's marketing of the Ironshore Policy forms to the Energy Market.

109. Ironshore's documentation of Claims.

110. FARA's documentation of Claims.

111. FARA's documentation of Denbury's Claim.

112. Ironshore's obligations as an Insurer under Texas law.

113. FARA's duties under Texas law.

114. Texas requirements for third-party administrators.

115. Federal requirements for third-party administrators.

116. Ironshore's reporting of complaints under Tex. Ins. Code Sec. 542.006 *et seq.* over the last five years.

117. Ironshore's compliance with Texas Ins. Code Sec. 542.005 – 542.012 over the last five years.

118. All complaints filed against Ironshore under Texas Ins. Code Sec. 542.005 over the last five years.

119. All complaints filed against other insurers under Texas Ins. Code Sec. 542.005 relating to or discussing FARA's Adjustment of a Claim over the last five years.

120. All petitions filed against Ironshore in any Texas state or federal court by an Energy Market policyholder within the last five years.

121. All petitions filed by Ironshore in any Texas state or federal court against an Energy Market policyholder within the last five years.

122. All petitions filed against Ironshore in any Louisiana state or federal court by an Energy Market policyholder within the last five years.

123. All petitions filed by Ironshore in any Louisiana state or federal court against an Energy Market policyholder within the last five years.

124. All petitions filed against FARA in any Texas state or federal court by an Energy Market policyholder within the last five years.

125. All petitions filed against FARA in any Louisiana state or federal court by an Energy Market policyholder within the last five years.

126. Ironshore's payments to FARA.

127. FARA's invoices to Ironshore.

128. Ironshore's payments to any Person related to the Policies.

129. FARA's payments from any Person related to the Policies.

130. FARA's payments to any Person related to the Policies.

131. Any agreements between Ironshore and any Person related to Denbury's Claim.

132. Any agreements between Ironshore and any Person related to the Litigation.

133. Any agreements between Ironshore and any Person related to the Delhi Incident.

134. Any insurance policy that may defend or indemnify Ironshore in the Litigation.

135. Any agreements between FARA and any Person related to Denbury's Claim.

136. Any agreements between FARA and any Person related to the Litigation.

137. Any agreements between FARA and any Person related to the Delhi Incident.

138. Any insurance policy that may defend or indemnify FARA in the Litigation.

139. Denbury's termination of Marsh.

140. Ironshore's performance of its obligations as an insurer under Texas law.

141. Ironshore's performance of its obligations to Denbury.

142. Ironshore's organizational structure.

143. FARA's organizational structure.

144. The identity of all Ironshore employees with knowledge of the Ironshore Policy.

145. The identity of all Ironshore employees with knowledge of Denbury's Claim.

146. The identity of all Ironshore employees with knowledge of the Delhi Incident.

147. The identity of all Ironshore employees with knowledge of the Litigation.

148. The identity of all FARA employees with knowledge of the Ironshore Policy.

149. The identity of all FARA employees with knowledge of Denbury's Claim.

150. The identity of all FARA employees with knowledge of the Delhi Incident.

Page 19 of 20

151. The identity of all FARA employees with knowledge of the Litigation.

152. Denbury's written discovery requests in this Litigation.

153. Ironshore's initial disclosures in this Litigation.

154. All Documents responsive to each and every written discovery request Denbury has served on Ironshore in this Litigation.

4848-2916-8424, v. 1

Certified Document Number: 67258532 - Page 41 of 41

CAUSE NO. 2015-09546

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and | § | IN THE DISTRICT COURT |
| DENBURY ONSHORE, LLC | § | |
| | § | |
| *Plaintiffs* | § | |
| VS. | § | 157th JUDICIAL DISTRICT |
| | § | |
| IRONSHORE SPECIALTY INSURANCE | § | |
| COMPANY, ALTERRA EXCESS & | § | |
| SURPLUS INSURANCE COMPANY, | § | |
| AXIS SURPLUS INSURANCE | § | HARRIS COUNTY, TEXAS |
| COMPANY, and MARSH USA INC. | § | |
| | § | |
| *Defendants* | § | |

**ORDER**

On this day the Court considered the Defendant Ironshore Specialty Insurance Company's Motion for Protective Order and Objections regarding Plaintiffs' Notice of Oral and Videotaped Deposition and Request for Documents of the Designated Corporate Representative(s) of F.A. Richard & Associates, Inc. ("FARA"), and the Court after considering the motion, the pleadings on file, arguments of counsel and other matters agrees with the request and GRANTS the motion.

**IT IS THEREFORE ORDERED** that the following examination topics are stricken from Plaintiffs' proposed list of deposition topics for FARA's designated corporate representative(s): _____

_____.

Signed and Ordered entered this _____ day of _____, 2015.

_____
DISTRICT JUDGE RANDY WILSON



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 22, 2015

Certified Document Number:      67258532

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| VS. | § § | 157th JUDICIAL DISTRICT |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, and MARSH USA INC. | § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants* | § § | |

## AFFIDAVITS IN SUPPORT OF DEFENDANT IRONSHORE SPECIALTY INSURANCE COMPANY'S OBJECTIONS AND PRIVILEGES

To:   Plaintiffs, Denbury Resources Inc. and Denbury Onshore, LLC, by and through their attorneys of record, Philip D. Nizialek, Sarah E. Stogner, and Jacqueline M. Brettner, CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC, 1100 Poydras Street, Suite 3100, New Orleans, LA 70163.

COMES NOW, Defendant Ironshore Specialty Insurance Company and serves its Affidavits in Support of its Objections and Privileges to Plaintiffs' discovery requests.

Attached hereto are the affidavits of Lee Sheridan and Randell E. Treadaway to be used as evidentiary support to Defendant Ironshore's Specialty Insurance Company's asserted and raised objections and privileges to Plaintiffs' discovery requests and all other purposes.

*[Signature block on next page]*



EXHIBIT
7

Certified Document Number: 67258533 - Page 1 of 8

Respectfully submitted,

**BROWN SIMS, P.C.**


By: */s/Randell E. Treadawawy*
Mark C. Clemer
Texas Bar No. 04372300
James D. "J.D." Johnson
Texas Bar No. 24085918
Michelle Richard
Texas Bar No. 24093037
Tenth Floor
1177 West Loop South
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
mclemer@brownsims.com
jjohnson@brownsims.com
mrichard@brownsims.com

and

Randell E. Treadaway (admitted *pro hac vice*)
LA Bar No. 01624
Brad D. Ferrand (admitted *pro hac vice*)
LA Bar No. 29860
ZAUNBRECHER TREADAWAY, L.L.C.
406 N. Florida Street, Suite 2
Covington, Louisiana 70433-2907
Telephone: (985) 871-8787
Telefax: (985) 871-8788
randy@ztlalaw.com
brad@ztlalaw.com
**COUNSEL FOR DEFENDANT IRONSHORE
SPECIALTY INSURANCE COMPANY**

Certified Document Number: 67258533 - Page 2 of 8

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing pleading has been sent to all counsel of record via e-mail on this the 25th day of September 2015:

Phillip D. Nizialek, T.A.
Sarah E. Stogner
Jacqueline M. Brettner
CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras St., Ste. 3100
New Orleans, LA 70163
Phone: (504) 585-3800
Fax: (504) 585-3801
nizialek@carverdarden.com
stogner@carverdarden.com
brettner@carverdarden.com
*Counsel for Plaintiffs*

Michael S. Knippen
David Rock
James M. Eastham
Kimberly Hansen Petrina
TRAUB, LIEBERMAN, STRAUS & SHREWSBERRY, LLP
303 W. Madison, Suite 1200
Chicago, Illinois 60606
Phone: (312) 332-3900
Fax: (312) 332-3908
mknippen@traublieberman.com
drock@traublieberman.com
jeastham@traublieberman.com
kpetrina@traublieberman.com
*Counsel for Defendant Axis Surplus Insurance Company*

C. Henry Kollenberg
Melinda M. Riseden
CRAIN, CATON & JAMES, P.C.
1401 McKinney Street
17th Floor, Five Houston Center
Houston, Texas 77010
Phone: (713) 658-2323
Fax: (713) 658-1921
hkollenberg@craincaton.com
mriseden@craincaton.com
*Counsel for Defendant Marsh USA, Inc.*

Certified Document Number: 67258533 - Page 3 of 8

Marc J. Wojciechowski
WOJCIECHOWSKI & ASSOCIATES, P.C.
1747 Kuykendahl Road, Suite 200
Spring, Texas 77379
Phone: (281) 999-7774
Fax: (281) 999-1953
marc@wojolaw.com
            and
Michael D. Mulvaney
Christopher C. Frost
Josh B. Baker
MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
Fax: (205) 254-1999
mmulvaney@maynardcooper.com
cfrost@maynardcooper.com
jbaker@maynardcooper.com
*Counsel for Defendant Alterra Excess & Surplus Insurance Company*

*/s/Randell E. Treadaway*
Randell E. Treadaway

Certified Document Number: 67258533 - Page 4 of 8

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| VS. | § § | 157th JUDICIAL DISTRICT |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, and MARSH USA INC. | § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants* | § | |

## AFFIDAVIT OF LEE T. SHERIDAN

| | |
|---|---|
| STATE OF NEW YORK | § |
| | § |
| COUNTY OF NEW YORK | § |

BEFORE ME, the undersigned authority, on this day personally appeared

## LEE T. SHERIDAN

who being duly sworn by me, upon his oath, testified as follows:

1. My name is Lee T. Sheridan. I am Assistant Vice-President of Specialty Casualty Claims at Ironshore Specialty Insurance Company ("Ironshore"). I am over twenty-one (21) years of age, of sound mind, and otherwise competent to make this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

2. I have reviewed Denbury's Second Set of Requests For Production to Ironshore Specialty Insurance Company, including Requests for Production Nos. 7, 8, 14, 15, 16 and 51, which seek documents related to or discussing pollution clean-up Underwriting for the Energy Market; Underwriting for the Ironshore Policy at issue in this litigation; Underwriting of any Ironshore Policy provision that excludes coverage for Denbury's claim; any Submission for insurance under the Policies; documents related to or discussing Ironshore's reinsurance; and all documents related to or discussing how Ironshore underwrites Energy Market insurance for the last 5 years. Responding to these requests, whether through deposition testimony or document production, would require providing proprietary information consisting of trade secrets or confidential research, development, or commercial information. Part of

Ironshore's business is underwriting and making insuring and indemnity decisions based on that information. Plaintiffs' requests seek information regarding Ironshore's underwriting files and reinsurance, which implicitly show Ironshore's underwriting process and risk management. Ironshore makes every effort to safeguard and protect its underwriting files and processes from persons outside of Ironshore. If this information were released in this litigation or through any means outside of this litigation, Ironshore would be irreparably harmed in the marketplace by disclosing the information Plaintiffs seek because it would allow competitors to determine the reasoning behind which Ironshore decides to issue certain policies to consumers. This harm substantially outweighs the benefits or relevancy of such disclosure to Plaintiffs.

3. An insurance company's competitive advantage may be preserved by its trade secrets related to underwriting and its risk management through reinsurance.

4. I am familiar with Ironshore's claim policies and procedures involved in the lawsuit above. I am familiar with Ironshore's preparation and use of those materials. Those materials have been developed to provide Ironshore's clients with claims handling services; to identify and prevent insurance fraud; to identify and prevent frivolous litigation; to compete with other claims handling providers in the insurance industry in Texas, across the United States of America, and in other countries outside of the United State of America and to facilitate the handling of insurance claims fairly and accurately. If those materials were disclosed in writing or by word of mouth to Ironshore's competitors, Ironshore's competitive advantage over other insurance companies, adjusting firms, and other third party administrators would be jeopardized. Those materials are the result of Ironshore's experience in handling Texas insurance claims and similar claims outside of Texas.

FURTHER THE AFFIANT SAYETH NOT.

_____
LEE T. SHERIDAN

SUBSCRIBED AND SWORN BEFORE ME on this 25th day of September, 2015, to certify which witness my hand and seal of office.

Adriana V. Di Stefano
Notary Public, State of New York
No. 01DI6270588
Qualified in Suffolk County
Commission Expires 10/22/16

Notary Public, State of New York

2

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| VS. | § § | 157th JUDICIAL DISTRICT |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, and MARSH USA INC. | § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants* | § | |

## AFFIDAVIT OF RANDELL E. TREADAWAY

**STATE OF LOUISIANA**

**PARISH OF ST. TAMMANY**

**BEFORE ME,** on this day, personally came and appeared **RANDELL E. TREADAWAY,** who after being duly sworn by me on his Oath, stated the following:

1. My name is Randell E. Treadaway. I am over twenty-one (21) years of age, of sound mind, and capable of making this Affidavit. I have personal knowledge of the facts stated in this Affidavit because I am counsel of record representing Ironshore Specialty Insurance Company ("Ironshore"), and said facts are true and correct.

2. I am a founding member of the law firm Zaunbrecher Treadaway, LLC, and a counsel of record, being admitted *pro hac vice*, for Defendant Ironshore in Cause No. 2015-09546; *Denbury Resources Inc., et al. v. Ironshore Specialty Insurance Company, et al.*; in the 157th Judicial District Court of Harris County, Texas.

3. In response to Plaintiffs' written discovery, Defendant Ironshore issued a Privilege Log, a Supplemental Privilege Log and an Amended Privilege Log identifying several items it believes to be protected as work product under Texas Rule of Civil Procedure 192.5 and as attorney-client privilege under Texas Rules of Evidence 503. Ironshore believes the items to constitute work product because they contain information regarding material prepared by or mental impressions of counsel for Ironshore developed in anticipation of litigation by or for Ironshore; F.A. Richard & Associates, Inc. ("FARA"), which is Ironshore's Third-Party

Admininstrator; or counsel for Ironshore, and they contain mental impressions, opinions, conclusions and/or legal theories.

4. I have reviewed and am familiar with the definitions of "client," "representative of client," "lawyer," "representative of lawyer," and "confidential" as defined in Rule 503 of the Texas Rules of Evidence. Based on my review of the documents listed in Ironshore's privilege logs, as supplemented and amended, all the documents and correspondence exchanged between Ironshore; FARA, the authorized claims administrator for Ironshore; and Ironshore's attorneys, indicate a lawyer, or representative of lawyer engaging in confidential communications with their client, Ironshore, or representative of Ironshore regarding professional legal services, or a lawyer or representative of a lawyer rendering professional legal services or performing a requested task for Ironshore, or a representative of Ironshore, involving the rendering of legal services.

5. I have read this affidavit and it is true and correct to the best of my personal knowledge.

Further Affiant sayeth not.

Randell E. Treadaway

SUBSCRIBED AND SWORN TO ME by **Randell E. Treadaway** on this 25th day of September, 2015, to certify which witness my hand and official seal of office.

Notary Public, State of Louisiana

My commission expires:



BRAD D. FERRAND
Notary Public
State of Louisiana
LSBA# 29860, Notary ID# 82462
My Commission Expires At Death

2



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 22, 2015

Certified Document Number:      67258533

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

# CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX LLC

PHILIP D. NIZIALEK

(504) 585-3820
nizialek@carverdarden.com

November 11, 2014

***Via Federal Express***
Mr. Randell E. Treadaway, Esq.
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, Louisiana 70433
randy@ztlalaw.com

> Re: Your File No.: 14-114/RET
> Delhi Field Blowout; Pollution and contamination excess claim
> Date of Loss: June 13, 2013
> Carrier: Ironshore Specialty Insurance Company
> Insured: Denbury Resources Inc.
> Ironshore Policy No.: 00988602

Dear Randy:

Thanks for your letter of October 23, 2014. Denbury appreciates your acknowledgment of the Proof of Loss submitted in support of its $25 million excess pollution liability claim against Ironshore.

You correctly state in your letter that Denbury did not provide, with this Proof of Loss, an itemization of the costs Denbury incurred for clean-up and related pollution costs in connection with the blowout of the Sun 220-2 well for which Denbury seeks payment under the Ironshore Policy. That being said, Denbury has provided you, and all the upper layer excess carriers, with detailed documentation of its costs incurred and claimed under not only the Ironshore Policy, but those policies which sit above Ironshore's Policy in Denbury's excess liability tower. On July 7, 2014, Denbury provided Ironshore, and its other excess carriers, with detailed spreadsheets summarizing all of the costs Denbury claims for clean-up of the pollution event arising out of the blowout. Attached to those spreadsheets were all of the invoices and proof of payment for each vendor paid by Denbury during the course of the clean-up operations. Denbury believes no further itemization of the costs it incurred and is claiming under the Ironshore Policy is needed to substantiate its policy limit claim.



ENERGY CENTRE • 110 **EXHIBIT 8** • NEW ORLEANS, LA 70163
TELEPHONE (504) 585-3801

Certified Document Number: 67258534 - Page 1 of 5

We note, in reviewing your request for additional documents, that many of the areas into which you inquire touch upon a separation of Denbury's damages between so-called "on lease" and "off lease" clean-up and related pollution liability costs. To be clear, Denbury is not making a distinction in its claim against Ironshore for "on lease" and "off lease" costs. Rather, Denbury is making claim against Ironshore for all of the costs Denbury incurred in cleaning up the pollution from the 220-2 blowout, and for resolving the claims of third parties. That being said, Denbury is aware of the recent ruling of the United States Fifth Circuit Court of Appeals in the *Pioneer v. Steadfast* matter. As we pointed out in our meeting with you and representatives of the other excess carriers, Denbury believes that both the Fifth Circuit and District Court opinions are incorrect *Erie* guesses of Texas law with regard to the issue of whether the Zurich umbrella policy provides coverage to Denbury for pollution costs incurred on property it does not occupy within its mineral leases. For example, the recent Fifth Circuit opinion fails to even acknowledge the fact that it is interpreting an exclusion in the policy at issue. Under Texas law, exclusionary language is to be strictly construed, and in favor of coverage. The Fifth Circuit's holding that the use of the word "occupied" in an exclusion precludes coverage for vast expanses of land over which an insured only has a "right to occupy" flies in the face of Texas insurance jurisprudence interpreting exclusionary language. Moreover, at least one of the carriers which is currently providing oilfield operator pollution liability coverage under similar terms and conditions to that as were found in the Zurich policy has modified its policies to repudiate the *Pioneer* and *Aspen* decisions. The Fifth Circuit Court of Appeals did not have before it evidence of the intent of the parties to these insuring agreements. Denbury believes that such evidence of intent will be very persuasive to Texas courts deciding this issue.

In a nutshell, to Denbury, the "on lease" versus "off lease" distinction of damages is immaterial for the claim it is making against Ironshore. To the extent that distinction does become material at some point in the future, Denbury expects Ironshore to follow the lead of Zurich in its determination of "off lease" clean-up costs. In this regard, Denbury did not, during the clean-up, develop separate AFEs or any other cost accounting basis for segregating clean-up of lands on the lease or off the lease and on the right-of-way. That distinction was immaterial to Denbury in its efforts to fulfill its obligations to deal with the pollution that arose from the event. Thus, there is no practical way for Denbury to provide you with the documents requested in requests 9, 11, 12, 13 and 14.

We now address each of your fifty-two requests for documents individually:

1. Attached as DRI-SD-3609-5007.

2. See response to 1.

Certified Document Number: 67258534 - Page 2 of 5

3. Denbury has the capability, and regularly does, create new maps of its active fields, such as the Delhi Field. However, it has previously produced a map depicting the Holt-Bryant Unit in the Delhi Field. It is impracticable to produce "any and all Unit maps, field maps, site maps or other maps" since there are likely hundreds currently in Denbury's possession with new maps created regularly.

4. All currently known have previously been produced.

5. All aerial photos which Denbury will release to Ironshore have been produced.

6. See response to 5.

7. See various FC&E documents within Final LDNR Compliance Order Response Letter and Attachments, as DRI-SD-1093-2989.

8. See objection discussed above in letter and response 5.

9. See objection discussed above in letter.

10. Denbury is not making claim for the blowout of the only relief well drilled during the incident, the 228-9 well. Denbury is making claim for pollution costs related to the 228-9 in excess of the Well Control Policy's limits of liability, which were included in Denbury's earlier production.

11. See response to 10.

12. See objection discussed above in letter.

13. See objection discussed above in letter.

14. See objection discussed above in letter.

15. See response to 3.

16. See objection discussed above in letter.

17. See response to 3.

18. See responses to 3 and 5.

19. See objection discussed above in letter.

20. See objection discussed above in letter.

Certified Document Number: 67258534 - Page 3 of 5

21. See responses to 3 and 5, and 22.

22. Denbury has previously produced all information it believes is relevant to support its claims under the Policy. AGLIC has approved and paid these claims.

23. See response to 22.

24. See response to 22.

25. See response to 22.

26. See response to 22.

27. See response to 22.

28. See response to 22.

29. See objection discussed above in letter.

30. See objection discussed above in letter.

31. Denbury has previously produced all information it believes is relevant to support its claims under the Policy. AGLIC has approved and paid these claims.

32. See response to 31.

33. See response to 31.

34. See response to 31.

35. See response to 31.

36. See response to 31.

37. See response to 31.

38. See demand from parishes previously produced.

39. See response to 38.

40. See lawsuit filed against Denbury previously produced.

41. See response to 40.

Certified Document Number: 67258534 - Page 4 of 5

42. All documents and information provided to AGLIC have previously been produced to Ironshore.

43. See response to 42.

44. Please see attached initial denial letter (DRI-SD-5224 - 5236) and withdrawal of denial letter (DRI-SD-5237 - 5240).

45. Denbury has previously produced all documents, invoices, or other writings that it believes support and/or itemizes the sums claimed under the proof of loss submitted October 14, 2014.

46. See objection discussed above in letter and response to 45.

47. See objection discussed above in letter.

48. See objection discussed above in letter.

49. Attached is a copy of the Proof of Loss submitted to Alterra (DRI-SD-5241 - 5242), as well as a copy of leases (DRI-SD-3609-5007) requested by Alterra after Denbury's initial production. All other documents and information provided to Alterra have previously been produced to Ironshore.

50. See response to 49.

51. See objection discussed above in letter and response to 49.

52. See objection discussed above in letter and response to 49.

Kind Regards,

Philip/D. Nizialek

PDN/daj
Enclosures

cc:     Jack Strother
        Sarah Stogner
        Jackie Brettner

4830-6560-5920, v. 2

Certified Document Number: 67258534 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 22, 2015

Certified Document Number:      67258534

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

9/30/2015 4:24:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 7174347
By: COOPER, LISA L
Filed: 9/30/2015 4:24:00 PM

CAUSE NO. 2015-09546

| | | |
|---|---|---|
| DENBURY RESOURCES INC. and DENBURY ONSHORE, LLC | § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| VS. | § § | 157th JUDICIAL DISTRICT |
| IRONSHORE SPECIALTY INSURANCE COMPANY, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, and MARSH USA INC. | § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants* | § § | |

## ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

On this day the Court considered the Plaintiffs Denbury Resources Inc. and Denbury Onshore, LLC's Motion for Rule 193.4(a) Hearing and Motion to Compel Complete Discovery Responses, and the Court after considering the motion, the pleadings on file, arguments of counsel and other matters is of the opinion that the motion should be DENIED.

**IT IS THEREFORE ORDERED** that Defendant Ironshore Specialty Insurance Company's objections to Plaintiffs' Interrogatory Numbers 1, 2, 4, 5, 7, 9, 10, 12, 13, 21, 29, 30 and 31 are sustained.

**IT IS FURTHER ORDERED** that Defendant Ironshore Specialty Insurance Company's objections to Plaintiffs' First Set of Requests for Production Numbers 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 48, 49, 50, 52, 53, 57, 58, 59, 60 and 61 are sustained.

**IT IS FURTHER ORDERED** that Defendant Ironshore Specialty Insurance Company's objections to Plaintiffs' Second Set of Requests for Production Numbers 3, 4, 5, 6, 7, 8, 9, 10,

Certified Document Number: 67258535 - Page 1 of 2

11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, and 70 are sustained.

**IT IS FURTHER ORDERED** that Defendant Ironshore Specialty Insurance Company's objections to Plaintiffs' First Set of Requests for Admissions Numbers 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 17, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 45, 46, 50, 52 and 54 are sustained.

**IT IS FURTHER ORDERED** that the following examination topics are stricken from Plaintiffs' proposed list of deposition topics for FARA's designated corporate representative(s): 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 44, 46, 48, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 81, 84, 100, 101, 102, 103, 107, 108, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, and 154.

**IT IS FURTHER ORDERED** that the following examination topics are stricken from Plaintiffs' proposed list of deposition topics for Ironshore's designated corporate representative(s): 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 21, 22, 23, 24, 25, 26, 27, 28, 29, 34, 36, 37, 38, 39, 40, 41, 43, 61, 74, 77, 78, 81, 82, 83, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, and 110.

**IT IS SO ORDERED**, this _____ day of _____, 2015.

_____
DISTRICT JUDGE RANDY WILSON

Certified Document Number: 67258535 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 22, 2015

Certified Document Number:      67258535

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**